

ORIGINAL

1  Roderick M. Thompson (State Bar No. 96192)
   Robert C. Holtzapple (State Bar No. 145954)
2  Helen Dutton (State Bar No. 235558)
   Diego F. Acevedo (State Bar No. 244693)
3  Farella Braun & Martel LLP
   235 Montgomery Street, 17th Floor
4  San Francisco, CA 94104
   Telephone: (415) 954-4400
5  Facsimile: (415) 954-4480

6  Attorneys for Plaintiff
   VISA U.S.A. INC.
7

E-filing

8  IN THE UNITED STATES DISTRICT COURT

BZ

9  FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

CV 07   5585

11 VISA U.S.A. INC.,                       Case No. _____

12              Plaintiff,                 COMPLAINT TO COMPEL
                                           ARBITRATION OR, IN THE
13         vs.                             ALTERNATIVE, TO RECOVER
                                           FOR BREACH OF CONTRACT AND
14 MARITZ INC., d/b/a MARITZ               NEGLIGENCE; AND EITHER IN AID
   LOYALTY MARKETING,                      OF THE ARBITRATION OR, IN THE
15                                         ALTERNATIVE, ON THE CLAIMS,
                Defendant.                 FOR INJUNCTIVE RELIEF
16

17

18         Visa U.S.A. Inc. ("Visa") respectfully requests the Court to order Maritz, Inc. d/b/a Maritz

19 Loyalty Marketing ("Maritz") to arbitrate all disputes set forth herein, as required by a binding

20 agreement entered into by the parties. Alternatively, if the Court denies Visa's request that its

21 disputes with Maritz be submitted to binding arbitration, Visa requests that this Court award Visa

22 the relief requested below. Visa alleges as follows:

23                          I.    **INTRODUCTION**

24         1.     A dispute arose between Visa and Maritz over Maritz's failure to perform as

25 required by several related contracts the parties entered into in 2006 (collectively referred to as

26 the "underlying contract"). To mitigate escalating damages, Visa rightfully terminated the

27 underlying contract with Maritz in April 2007.

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

21823\1376525.1

COMPLAINT TO COMPEL ARBITRATION

2.  On or about July 9, 2007, while the parties were discussing how to resolve their respective claims, Maritz and Visa entered a binding letter agreement committing to resolve their disputes pursuant to a three stage alternative dispute resolution procedure (the "Letter Agreement"). A true and correct copy of the Letter Agreement is attached hereto as Exhibit A.

3.  The Letter Agreement requires that the parties participate in direct negotiations. If the dispute is not resolved at that first stage, the Letter Agreement contemplated that the parties would work out further details of the dispute resolution procedure. If "they are unable to agree on any aspect of the procedure," the disagreement will be resolved by the rules and procedures of the American Arbitration Association ("AAA"). In the Letter Agreement, Maritz and Visa also agreed that if the first two stages of the process failed, the parties would submit all of their claims to binding arbitration before the AAA.

4.  The first stage – direct negotiations – was not successful.

5.  Visa has asked Maritz to discuss the procedures through which the disputes regarding the parties' claims arising from and related to the underlying contract would be arbitrated. Maritz has refused. Maritz now contends that the Letter Agreement is somehow invalid.

6.  Visa respectfully requests that this Court issue an order compelling Maritz to submit to arbitration the determination of the procedures that will govern the arbitration as well as all claims regarding the validity of the Letter Agreement. Once the arbitration procedures are established, all claims related to the underlying contract will be submitted to that binding arbitration procedure.

7.  In the alternative, and only if the Court does not compel arbitration of the parties' claims arising from and related to the underlying contract, Visa seeks an award for the damages it suffered as a result of Maritz's breaches of its obligations contained in the underlying contract and Maritz's negligence in performing the work specified in the underlying contract (the "Alternative Claims"). Visa also seeks injunctive relief as necessary to compel Maritz to abide by certain archive and escrow obligations that Maritz is currently violating. Injunctive relief will take the form of either an order enforcing an arbitrator's grant of injunctive relief or, in the

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

- 2 -                                    21823\1376525.1

COMPLAINT TO COMPEL ARBITRATION

alternative, a direct grant of injunctive relief compelling Maritz to abide by the aforementioned obligations.

## II. JURISDICTION

8. This Court has jurisdiction over this controversy pursuant to 28 U.S.C. § 1332(a). There is complete diversity of citizenship among the parties, and the amount in controversy exceeds $75,000 exclusive of interests and costs. Visa is a Delaware corporation. Visa's principal place of business is in Foster City, California; it also has offices in San Francisco, California. Maritz Inc. d/b/a Maritz Loyalty Marketing is a Missouri corporation with its principal place of business in Fenton, Missouri. The underlying contract provides for the application of California law.

## III. INTRADISTRICT ASSIGNMENT

9. This action is properly filed in the San Francisco Division of this Court. Visa has also filed an arbitration demand with AAA in San Francisco. Thus, a substantial part of the contemplated performance of the Letter Agreement is to take place in San Francisco. With respect to the Alternative Claims, a substantial part of the contemplated performance of the underlying contract was to take place in San Francisco.

## IV. VENUE

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) and (c). The events and omissions giving rise to this claim occurred substantially in this District. In particular, Visa has filed an arbitration demand with AAA in San Francisco, California seeking to arbitrate Visa's claims arising from and related to the underlying contract. Similarly, with respect to the Alternative Claims, not only was Maritz's delivery of the contracted-for product to take place in this District, but many other aspects of the performance of that contract, as well as the negotiations that led to the creation of that contract, occurred here.

11. Venue is also proper in this District because Visa seeks injunctive relief with respect to Maritz's failure to archive and escrow data that Visa may be required to maintain by regulators (the Archive Dispute). Visa will seek injunctive relief from this Court as necessary regardless of whether the Archive Dispute is decided by arbitration of the Court. The underlying

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

- 3 -

21823\1376525.1

COMPLAINT TO COMPEL ARBITRATION

1  contract expressly provides that any claim for injunctive relief shall be brought in state court in San Francisco or the "District Court for the Northern District of California, which shall have exclusive jurisdiction over any action for such injunctive relief."

12. In addition, venue is proper pursuant to 28 U.S.C. § 1391(a)(3) in that Maritz is subject to the personal jurisdiction of this Court. Maritz is licensed to do business in the State of California, has appointed an agent for service of process in the state, and has engaged in general and specific acts establishing the minimum contacts necessary for this Court to exercise personal jurisdiction over Maritz.

## V.  PARTIES

13. Visa is a wholly owned subsidiary of Visa Inc. Visa is part of the world's largest retail electronic payments network and is one of the most recognized global financial services brands. Visa offers a range of branded payment product platforms which its financial institution clients in the United States use to develop and offer credit, charge, deferred debit, prepaid and cash access programs to cardholders.

14. Maritz provides full-service customer loyalty programs intended to increase customer retention and satisfaction. Maritz markets itself as the nation's largest provider in customer loyalty programs and cites its main directive as developing, designing, implementing and operating customized customer retention programs designed to develop long term relationships with an entity's most important customers.

## VI.  GENERAL ALLEGATIONS

15. Visa and Maritz entered into the underlying contract in April 2006. Pursuant to the underlying contract, Maritz agreed to provide Visa with a complex customer loyalty program that Visa and its financial institution members could use to run a customizable points based rewards system. The program included development and implementation of a complex software platform that would allow Visa and its members to individually award points, track and reconcile qualifying purchases and points based transactions. The underlying contract also called for Maritz to provide ongoing services including actual redemption of rewards, maintenance and operation of the program, and customer service.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

- 4 -

21823\1376525.1

COMPLAINT TO COMPEL ARBITRATION

16. The underlying contract included a number of critical milestone deadlines. Primary amongst these was the Phase I-A Launch Date, the agreed upon date on which Maritz would launch commercial operations of the program.

17. Pursuant to the underlying contract, Maritz promised that the platform and overall program would meet an extensive set of business requirements that Visa delivered to Maritz before the parties signed the final agreement. Visa, in turn, agreed to compensate Maritz for developing and maintaining the rewards program for a period of three years.

18. In the fall of 2006, Maritz indicated that its newly developed system was ready to be launched. Unfortunately, it was not ready. Maritz's system did not work. After several weeks of intense triage during the holiday season failed to fix the Maritz system, Visa was forced to reengage its previous vendor and restart that vendor's platform at considerable additional expense to Visa.

19. Maritz's breach remained uncured in 2007. Finally, in April 2007, Visa realized that it could not overcome Maritz's continued breaches of the contract. Thus, on April 20, 2007, Visa terminated the underlying contract, effective May 20, 2007.

20. Following the termination of the underlying contract, Maritz and Visa discussed how to resolve their claims arising from and related to the underlying contract.

21. On July 9, 2007, Visa's counsel discussed with Maritz's counsel the use of a staged alternative dispute resolution process. After some negotiation, the parties agreed that they would submit all disputes to a three stage process. Pursuant to the Letter Agreement, Visa and Maritz agreed that their "respective claims for damages resulting from alleged breaches of the [underlying] Agreement and related claims would be resolved outside of court." The Letter Agreement states that, if direct negotiations and mediation failed to resolve those disputes, the parties would participate in "Binding Arbitration pursuant to AAA Commercial Rules." The Letter Agreement also states, in part, that although the parties understood that the some of the procedures still needed to be worked out, Visa and Maritz "intend to be bound by this agreement to resolve all disputes outside of court. To the extent [Visa and Maritz] are unable to agree on

1  any aspect of the procedure, such disagreement will be resolved by the applicable rules and
2  procedures of the" AAA.

3      22.    After executing the Letter Agreement, however, Maritz denied that the arbitration
4  agreement was enforceable.

5      23.    Maritz has also refused to comply with its obligations regarding escrowing and
6  archiving data that Visa may be required to maintain by regulators. Pursuant to a compulsory
7  license and related obligations arising from the underlying contract, Maritz was required to turn
8  over all such data, as well as the software Visa would need to meaningfully access the data.
9  Preservation of this data is critical as it may implicate a regulatory duty. Maritz has refused to
10 comply with these requirements.

11     24.    Visa has filed a demand with the American Arbitration Association in San
12 Francisco for arbitration of the arbitration procedures dispute, the Alternative Claims and the
13 Archive Dispute.

14     25.    Visa now seeks an order compelling Maritz to arbitrate in accordance with the
15 Letter Agreement. In the alternative, if Visa's request for arbitration is denied, Visa seeks
16 adjudication on the merits of the Alternative Claims and the Archive Dispute. Visa also seeks
17 injunctive relief either to aid the arbitration or, in the alternative, to compel Maritz to archive and
18 escrow the data in question.

**FIRST CAUSE OF ACTION**
**(Enforcement Of Arbitration Agreement)**

21     26.    Visa incorporates by reference, as if fully set forth herein, the allegations
22 contained in paragraphs 1 through 25 above.

23     27.    This Court has authority under the Federal Arbitration Act, 9 U.S.C. § 4, to
24 enforce an arbitration agreement involving a contract in interstate commerce. The Letter
25 Agreement is subject to the provisions of the Federal Arbitration Act.

26     28.    The Letter Agreement states in part that the parties agreed that their clients'
27 respective claims would all be resolved outside of court. The parties agreed that the dispute
28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

- 6 -

21823\1376525.1

COMPLAINT TO COMPEL ARBITRATION

1  resolution framework would include a final and binding arbitration pursuant to the AAA
2  Commercial Rules.

3      29.    Maritz contends that the Letter Agreement is somehow invalid and has refused to
4  discuss the procedures of the arbitration with Visa.

5      30.    Visa has submitted a demand for arbitration with the American Arbitration
6  Association in San Francisco requesting that the disputes regarding both the validity of the Letter
7  Agreement and the procedures for the arbitration be resolved by binding arbitration.

8  Wherefore, Visa respectfully requests an order compelling Maritz to arbitrate in
9  accordance with the Letter Agreement.

## SECOND CAUSE OF ACTION
### (Breach of Contract)

12      31.    Visa incorporates by reference the allegations contained in paragraphs 1 through
13  30 as though fully set forth herein. Visa brings this claim for breach of contract alternatively and
14  only if Visa's request that the Letter Agreement be enforced is denied.

15      32.    The underlying contract was entered on or about April 17, 2006.

16      33.    During the relevant time frame, Visa performed all of its obligations arising from
17  the underlying contract, except for those that were excused as a result of Maritz's breaches of the
18  underlying contract.

19      34.    Maritz failed to deliver a functioning product by the agreed upon launch date as
20  required by the underlying contract. Maritz's failure to launch commercial operations by the
21  launch date constituted a material breach of the underlying contract.

22      35.    As a separate breach, Maritz failed to ever provide a product that met the
23  underlying contract's requirements.

24      36.    Maritz breaches of the underlying contract are not excused.

25      37.    As a direct result of Maritz's breaches of the underlying contract, Visa has
26  incurred substantial damages in an amount to be proven at trial but far in excess of this Court's
27  jurisdictional limit.

28  WHEREFORE, Visa prays for relief as set forth below.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

- 7 -

21823\1376525.1

COMPLAINT TO COMPEL ARBITRATION

### THIRD CAUSE OF ACTION
### (Negligence)

38. Visa incorporates by reference the allegations contained in paragraphs 1 through 37 as though fully set forth herein. Visa brings this claim for negligence alternatively and only if Visa's request that the Letter Agreement be enforced is denied.

39. At all times relevant to this dispute, Maritz was obligated to abide by a certain standard of care in that Maritz held itself out to Visa as an expert in the relevant field and Visa relied upon and trusted in Maritz's represented expertise and ability.

40. Maritz breached this duty of care. These breaches include, but are not limited to the following:

   a. Maritz failed to inform Visa of any issues that could or would prevent Maritz from successfully launching commercial operations on the agreed upon launch date;

   b. Maritz incorrectly and negligently represented that it would be able to develop and launch a product that satisfied Visa's business requirements on or before the agreed upon launch date;

   c. Maritz negligently failed to comply with industry standards regarding software development;

   d. Maritz negligently failed to test its product adequately before releasing it for launch.

41. As a direct and proximate result of Maritz's gross negligence, Visa has suffered significant damages in an amount to be proven at trial, but in any event, far in excess of $75,000.

WHEREFORE, Visa prays for damages in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION
### (Injunctive Relief)

42. Visa incorporates by reference the allegations of paragraphs 1 through 41 as though fully set forth herein.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

- 8 -

21823\1376525.1

COMPLAINT TO COMPEL ARBITRATION

43. Pursuant to the underlying contract, Maritz has a duty to archive and escrow data that Visa may be required to maintain by regulators.

44. Visa has requested that Maritz honor its obligations with respect to archiving, purging and escrowing the data Visa may be required to maintain.

45. Although Maritz has refused to confirm that it will honor those obligations, Visa is informed and believes and thereon alleges that Maritz continues to possess the data in breach of its obligations in the underlying agreement.

46. Maritz's failure to honor its obligations to escrow and archive the data threatens to cause irreparable harm to Visa, insofar as Visa may have a regulatory duty with respect to such information.

47. The potential damages that could result if Maritz continues to breach its obligations to escrow and archive the data would be difficult if not impossible to assess. Thus, monetary damages would likely be inadequate to address the harm Visa may suffer from such a failure.

48. Therefore the only remedy that will preserve Visa's rights is an order from this Court providing for injunctive relief enforcing an arbitration award, or in the alternative, an order of the Court that will preserve Visa's rights and compel Maritz to carry out its obligations to escrow and archive the data in question.

WHEREFORE, Visa prays for relief as set forth below.

## **PRAYER FOR RELIEF**

Visa requests the following relief:

On the First Cause of Action:

49. For an Order compelling Maritz to arbitrate pursuant to the Letter Agreement.

On the Second and Third Causes of Action:

These claims are asserted in the alternative to the First Cause of Action and only if Visa's request that Maritz be compelled to arbitrate pursuant to the Letter Agreement is denied.

1. For damages in an amount to be proven at trial;

2. For liquidated damages pursuant to the underlying contract; and

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

- 9 -    21823\1376525.1

COMPLAINT TO COMPEL ARBITRATION

1    3.   For interest as provided by law.

     On the Fourth Cause of Action:

2

3    4.   For a preliminary and permanent injunction, either to aid in the arbitration or

4    directly, compelling Maritz to escrow and archive the data in question.

5    On all Causes of Action:

6    1.   For costs incurred in this action; and

7    2.   For such other and further relief as the Court may deem just and proper.

9    DATED: November 2, 2007                        FARELLA BRAUN & MARTEL LLP

11                                                  By: _____
                                                        Roderick M. Thompson

                                                    Attorneys for Plaintiff
13                                                  VISA U.S.A. INC.

# DEMAND FOR JURY TRIAL

In the alternative, if the motion to compel arbitration is denied in whole or in part, Plaintiff Visa U.S.A. Inc. hereby demands a trial by jury.

DATED: November 2, 2007                         FARELLA BRAUN & MARTEL LLP

By: _____
Roderick M. Thompson

Attorneys for Plaintiff
VISA U.S.A. INC.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

- 11 -                                          21823\1376525.1
COMPLAINT TO COMPEL ARBITRATION

**FARELLA BRAUN + MARTEL** LLP

Attorneys At Law

Russ Building / 235 Montgomery Street
San Francisco / CA 94104

T 415.954.4400 / F 415.954.4480
www.fbm.com

RODERICK M. THOMPSON
rthompson@fbm.com
D 415.954.4445

July 9, 2007

*Via Fax and U.S. Mail*
Fax: 636-827-5485

Steven M. Gallant
Associate General Counsel
Maritz Inc.
1375 N. Highway Dr.
Fenton, MO 63099

> Re: **Master Services Agreement dated April 17, 2006 (the "Agreement") between Visa U.S.A. Inc. and Maritz Inc., d/b/a Maritz Loyalty Marketing**

Dear Steve:

This follows up on our telephone conversation of July 5, 2007. We agreed that our clients' respective claims for damages resulting from alleged breaches of the Agreement and related claims will all be resolved outside of court. In particular, we agreed to the dispute resolution framework set out below.[1]

First Stage: Direct negotiations for a period of 30 days. For example, assuming that negotiations begin by July 30, 2007, we agreed that they would conclude on August 30, 2007. As to the tentatively scheduled July 12 meeting, Visa prefers to have counsel attend and, therefore, the meeting must be rescheduled since you cannot attend. Visa's business representatives will be in touch with their Maritz counterparts to reschedule.

Second Stage: Mediation, before a mutually acceptable mediator at a location to be agreed and to be conducted within 60 days thereafter.

Third Stage: Binding arbitration pursuant to the AAA Commercial Rules. Subject only to the schedules of the arbitrators, the hearing must be commenced within 90 days after the conclusion of the mediation process. The arbitration will allow for only limited discovery and a

---

[1] While we both understand that further details on the dispute resolution process will need to be worked out between us if the dispute is not resolved in the first stage, our clients intend to be bound by this agreement to resolve all disputes outside of court. To the extent they are unable to agree on any aspect of the procedure, such disagreement will be resolved by the applicable rules and procedures of the American Arbitration Association ("AAA").


Steven M. Gallant
July 9, 2007
Page 2

streamlined schedule. (Although we did not discuss these details, Visa would prefer three neutral arbitrators and baseball or high-low arbitration; I will send you a draft agreement for review under separate cover.)

Please confirm Maritz' agreement to the foregoing by countersigning in the space provided below. We appreciate your courtesy and cooperation.

Very truly yours,

Roderick M. Thompson

SO AGREED.

By: _____
On behalf of Maritz, Inc.

Dated: _____, 2007

RMT:avd

21823\1291499.1