Roderick M. Thompson (State Bar No. 96192)
rthompson@fbm.com
Robert C. Holtzapple (State Bar No. 145954)
bholtzapple@fbm.com
Helen Dutton (State Bar No. 235558)
hdutton@fbm.com
Diego F. Acevedo (State Bar No. 244693)
dacevedo@fbm.com
Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Plaintiff
VISA U.S.A. INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISA U.S.A. INC., <br><br> Plaintiff, <br><br> vs. <br><br> MARITZ INC., d/b/a MARITZ LOYALTY MARKETING, <br><br> Defendant. | Case No. CV-07-5585 BZ <br><br> **DECLARATION OF RODERICK M. THOMPSON IN SUPPORT OF PETITION TO COMPEL ARBITRATION** <br><br> Date: January 2, 2008 <br> Time: 10:00 a.m. <br> Courtroom: G (15th Floor) |

I, Roderick M. Thompson, declare as follows:

1. I am an attorney licensed to practice law in the State of California, and a partner with the law firm of Farella Braun + Martel LLP, counsel for Plaintiff Visa U.S.A. Inc. ("Visa") in this action. I have first hand knowledge of the following facts; if called as a witness, I would testify to the same.

2. By letter dated April 20, 2007, Visa terminated the contract it had with Defendant Maritz Inc. ("Maritz"), explicitly reserving all of its rights. A true and correct copy of this letter is attached hereto as Exhibit A.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

21823\1390246.1

THOMPSON DECL ISO MOTION TO COMPEL ARBITRATION

3. In a letter dated May 7, 2007, Maritz responded, claiming that it was owed more than $5 million by Visa, and stating that Maritz was reserving its rights as Visa had. A true and correct copy of this letter is attached hereto as Exhibit B.

4. In a letter dated June 5, 2007, Visa responded stating that it anticipated providing additional information to Maritz as to the nature and amount of Visa's claims at the appropriate time, and suggesting that the parties discuss "a process for resolving our" claims. A true and correct copy of this letter is attached as Exhibit C.

5. In early July, I received a call from Steve Gallant, VP and Associate General Counsel of Maritz. We discussed our clients' shared goal of an efficient resolution of their respective claims and agreed to a three step (negotiation, mediation and arbitration) dispute resolution process set forth in the attached Letter Agreement. A true and correct copy of this letter is attached as Exhibit D. Mr. Gallant suggested the 30-60-90 day time increments for the three stages as an efficient way to structure a tiered ADR procedure.

6. On July 10, Mr. Gallant signed the Letter Agreement, transmitting it to me via the following email:

> Rod - attached is an executed agreement outlining the procedures **for resolving any differences that may exist between Visa and Maritz.** It is my understanding that the first direct negotiation meeting will take place on or about July 24, 2007 and there will then be 30 days to reach a resolution. **In the event we are unable to reach agreement, we will then escalate to mediation and arbitration as set forth in the letter.** Please call me should you have any questions.

See Gallant Email dated July 10, 2007 (emphasis added). A true and correct copy of this email is attached as Exhibit E.

7. The Letter Agreement stated as its second sentence, "We agreed that our clients' **respective claims for damages** resulting from alleged breaches of the [underlying contract] **and related claims** will all be resolved outside of court." Exhibit D, Letter Agreement (emphasis added). While the Letter Agreement noted that details regarding the arbitration procedure still needed to be worked out, Maritz unequivocally stated "our clients intend to be bound by this

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

- 2 -

21823\1390246.1

THOMPSON DECL ISO MOTION TO COMPEL ARBITRATION

agreement to resolve all disputes outside of court." Accordingly, "to the extent that [our clients] are unable to agree on any aspect of the procedure," it would be resolved by the AAA. *See* Exhibit D, Letter Agreement.

8. Mr. Gallant called me on or about July 23. He asked whether Visa was making a claim for payment for Maritz breaches of the underlying contract and, if so, how much it was. I told him that Visa's claim was considerable, in the range of tens of millions of dollars. I read the language of the agreement to Mr. Gallant stating that it would resolve both parties' "**respective claims for damages**." *See* Exhibit D, Letter Agreement (emphasis added). Mr. Gallant said he was surprised and upset by the magnitude of Visa's claim, but that nothing I had said in our conversations had been inaccurate and he was not accusing me of trying to deceive him. He said that Maritz would engage outside counsel, and that Maritz might or might not agree to proceed with arbitration.

9. On November 2, 2007, Visa filed a demand for arbitration with the American Arbitration Association ("AAA") in San Francisco, which I served on Charles Weiss, counsel for Maritz, the same day. A true and correct copy of this letter is attached hereto as Exhibit F.

10. On November 16, 2007 Mr. Weiss wrote to the AAA, stating that "It is Maritz's position that there is no valid and enforceable arbitration agreement between Maritz and Visa" and that "Maritz objects to any arbitration occurring." A true and correct copy of Mr. Weiss's letter is attached hereto as Exhibit G.

11. Visa submitted to the AAA a response to Mr. Weiss's letter on November 20, 2007. A true and correct copy of Visa's response is attached hereto as Exhibit H.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 21, 2007, at San Francisco, California.

_____
Roderick M. Thompson

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

- 3 -

21823\1390246.1

THOMPSON DECL ISO MOTION TO COMPEL ARBITRATION