**Exhibit E
to the
Declaration of Ryan S. Hilbert In Support Of
Maritz's Motion To Stay Arbitration Pending
Determination Of Arbitrability**

**FARELLA BRAUN + MARTEL LLP**
Attorneys At Law

Russ Building / 235 Montgomery Street
San Francisco / CA 94104

T 415.954.4400 / F 415.954.4480
www.fbm.com

RODERICK M. THOMPSON
rthompson@fbm.com
D 415.954.4445

July 19, 2007

*Via Fax and E-Mail*
Fax: 636-827-5485

Steven M. Gallant
Associate General Counsel
Maritz Inc.
1375 N. Highway Dr.
Fenton, MO 63099

Re: Master Services Agreement dated April 17, 2006 (the "Agreement") between Visa U.S.A. Inc. and Maritz Inc., d/b/a Maritz Loyalty Marketing

Dear Steve:

Pursuant to our letter agreement of July 9, 2007, I enclose a proposed Alternative Dispute Resolution Protocol, which specifies in more detail the three stages of dispute resolution to be followed by our clients.

Note that paragraph 1 defines the direct business negotiations which are to begin on July 24, 2007 in St. Louis as the beginning of the mediation process so that both sides will have the confidentiality protections of California Evidence Code section 1115 *et seq*. For that reason, this protocol should be signed by the parties before the negotiations commenced.

My transactional partner Jonathan Lemberg will be attending the meeting along with our client representatives. (I will be more directly involved should the dispute not be resolved during the first stage.) Please let Jonathan or me know should you have any questions or suggested changes to the attached. If not, please have the document signed and faxed back to me.

Very truly yours,

Roderick M. Thompson

RMT:avd
Enclosure
cc: Jonathan Lemberg
21823\1299354.1

## ALTERNATIVE DISPUTE RESOLUTION PROTOCOL

Visa U.S.A., Inc. and Maritz Inc., d/b/a Maritz Loyalty Marketing (the "Parties") dispute certain matters arising from, and relating to the Master Services Agreements the Parties entered into on April 17, 2006 (the "Agreement"). Each Party claims the other should make a payment to resolve the dispute. The Parties have agreed to resolve their disputes by the following three tiered, binding Alternative Dispute Resolution ("ADR") scheme:

1. The Parties will engage in direct business negotiations for a period of up to 30 days beginning July 24, 2007. The Parties may be represented by counsel at any in person negotiation. Anything said or done during negotiations shall not be admissible or used for any purpose in any subsequent ADR proceeding. If the matter has not been resolved within thirty (30) days, either Party may initiate mediation within five business days as provided under subsection (2) directly below. The Parties stipulate and agree that these negotiations shall be considered the beginning of the mediation process and shall be fully protected as if a mediation by Section 1115 et. seq., of the California Evidence Code.

2. On or after August 23, 2007, and no later than September 15, 2007, either Party may request mediation by providing prompt written notice to the other via email and facsimile to the addresses listed below. If so requested, the parties shall participate in person in a nonbinding mediation in attempt to resolve their disputes to be completed no later than October 22, 2007. Mediation will be conducted before a mutually acceptable mediator at a location agreed to by the Parties. If the Parties are unable to agree on a mediator within ten days after a request for mediation is served, they shall ask the American Arbitration Association ("AAA") to appoint a mediator to conduct the mediation pursuant to this Protocol. If the parties are unable to agree on a location for the mediation, the mediator will select a neutral location in the United States (in neither the San Francisco nor St. Louis metropolitan areas). The mediation shall continue to be fully protected until its end as defined in Section 1125 of the California Evidence Code.

3. If the Parties do not resolve the dispute through mediation by October 22, 2007, either Party may initiate arbitration proceedings by providing written notice to the other Party, via email and facsimile to the addresses listed below, of its request to have all remaining disputes resolved through arbitration.

    a. The arbitration proceedings shall be conducted pursuant to the AAA Commercial Rules, except where this Protocol conflicts with those Rules in which case the terms of this Protocol shall control.

b. The arbitration will be conducted by a panel of three neutral arbitrators (each an "Arbitrator," and collectively the "Arbitration Panel"), each of whom has available to serve on the schedule provided in this Protocol and at least one of whom is qualified to be the Chairperson as set forth below. The three Arbitrators shall be practicing attorneys or retired judges with significant prior experience as arbitrators. If the Parties cannot agree on three Arbitrators within five business days of receipt of a demand for arbitration, the AAA shall appoint the remaining Arbitrator(s) as promptly as possible. The Parties shall attempt to select one of the Arbitrators to be the chairperson of the Arbitration Panel (the "Chairperson"); if the Parties cannot agree upon a Chairperson within three business days after the appointment of the final member of the Arbitration Panel, the AAA shall select the Chairperson. The Chairperson shall have previously served as chairperson in at least two previous arbitrations in which a final award issued.

c. The Parties agree that discovery should be minimized. The Parties shall exchange all documents on which they intend to rely within 20 business days after service of the request for arbitration. Each Party shall be entitled to no more than two nonexpert witness depositions of no more than seven hours each. In addition, each Party shall be given an opportunity to depose any expert witnesses to be called by the other Party.

   i. Any and all discovery disputes that may arise during the course of Arbitration shall be decided by the Chairperson of the Arbitration Panel consistent with the Parties' objective of minimizing burden and cost and obtaining a binding award within the time periods specified in this Protocol.

   ii. The Parties agree that all fact discovery shall be completed ten business days before the arbitration hearing begins.

d. The Parties intend that the arbitration hearing shall begin no later than January 20, 2008 and shall be completed no later than March 15, 2008. Extensions of this schedule may be allowed only (i) if necessary to accommodate the calendars of the Arbitrators, (ii) if, at the request of a Party, the Arbitrators find extraordinary and unanticipated good

        cause, or (iii) if mutually agreed upon in writing by the Parties.

e. The arbitration hearing will be held at the same neutral location as the mediation (unless otherwise agreed) or, if no mediation has taken place, at a neutral location in the United States chosen by the Arbitration Panel.

f. At least seven (7) days prior to the hearing, each Party shall submit the following to the other Party and the Arbitration Panel:

    i. A copy of all exhibits on which such Party intends to rely in any oral or written presentation to the Arbitration Panel;

    ii. A list of all witnesses such Party intends to call at the hearing, and a short summary of the anticipated testimony of each witness; and

    iii. An optional brief not to exceed twenty five (25).

g. The hearing shall take no more than a total of eight hearing days and will be governed by the AAA Commercial Rules as modified by this Protocol (or further written agreement of the Parties.) The Parties agree that the hearing time shall be split evenly between them.

h. The Arbitrators shall rule within fourteen (14) days following completion of the hearing. The award of the Arbitrators shall provide for a payment by one Party to the other and shall include an explanation of the reasons therefor. (In the event that the Arbitrators determine that each Party has an obligation to pay the other money, the Arbitrators shall net those amounts so that the award calls for a single payment from one Party to the other.)

i. The award shall be final and binding on all Parties and may be confirmed by any court of competent jurisdiction; provided, however, that the award may be vacated or corrected for any of the reasons permitted under and pursuant to California law.

j. The fees of the three Arbitrators and all costs of the arbitration (but not attorneys' fees or other costs) shall be paid by the Party who is required by the award to make a payment to the other Party. Any award issued by the Arbitrators without a final determination of the amount of

the fees and costs of the Arbitration shall be considered an interim award and the Arbitrators will retain jurisdiction solely for the purpose of determining the amount of such fees and costs to be included in the final award.

4. Except to the extent specifically set forth herein, all terms of the Agreement which survived the termination of the Agreement shall continue in full force and effect.

Dated: _____, 2007          VISA U.S.A. INC.

                                      By: _____

Dated: _____, 2007          MARITZ INC.

                                      By: _____