**Exhibit H
to the
Declaration of Ryan S. Hilbert In Support Of
Maritz's Motion To Stay Arbitration Pending
Determination Of Arbitrability**

# FARELLA BRAUN + MARTEL LLP
Attorneys At Law

Russ Building / 235 Montgomery Street
San Francisco / CA 94104

T 415.954.4400 / F 415.954.4480
www.fbm.com

RODERICK M. THOMPSON
rthompson@fbm.com
D 415.954.4445

November 20, 2007

*Via E-mail and Facsimile*
cantun@adr.org; (559-490-1919)

Norma Cantu
American Arbitration Association
6795 North Palm Ave., 2nd Floor
Fresno, CA 93704

    Re: <u>74 117 01325 07 NOCA *Visa USA v. Maritz*</u>

Dear Ms. Cantu:

    This responds to Mr. Weiss' letter to you of November 16, 2007 (sent by U.S. mail) responding to your letter to the parties dated November 9, 2007 (posted on the AAA Webfile and available to the parties on that date, and apparently faxed to Mr. Weiss at his request on November 15) concerning the captioned arbitration.

    Mr. Weiss is mistaken in asserting that by filing a lawsuit to compel arbitration in U.S. district court in San Francisco that Visa "has elected" to have the Court determine arbitrability. Visa's complaint requests the Court to compel respondent Maritz Inc. to participate in the arbitration. While Mr. Weiss' client, respondent Maritz Inc., has taken the "position that there is no valid and enforceable" agreement, that issue is subject to arbitration by the appointed panel. *See Buckeye Check Cashing Inc. v. Cardegna* (2006), 546 U.S. 440, 449. Further, because the parties agreed to resolve their disputes under the "applicable rules and procedures of the American Arbitration Association," they agreed that the arbitrator would determine all questions of arbitrability. *See e.g., Contec Corp. v. Remote Solution Co., Ltd.*, 398 F.3d 205, 208 (2d Cir. 2005) (finding that incorporation of the American Arbitration Association Rules "serves as clear and unmistakable evidence of the parties' intent to delegate such issues to an arbitrator").

    Visa will shortly ask the Court to compel arbitration and to allow the arbitrator to rule on Maritz jurisdiction challenge.

    In any event, we are aware of no authority by which Maritz may unilaterally stop the arbitration process. We therefore respectfully request that the American Arbitration Association proceed with the process of appointing a panel in accordance with its rules, with or without the participation of respondent Maritz.



Norma Cantu
November 20, 2007
Page 2

      We appreciate your courtesy and attention. Please let me know should you have any questions.

                                    Very truly yours,

                                    Roderick M. Thompson

RMT:avd

cc:    Charles A. Weiss

21823\1388734.1