**Exhibit I**
to the
**Declaration of Ryan S. Hilbert In Support Of**
**Maritz's Motion To Stay Arbitration Pending**
**Determination Of Arbitrability**

**BRYAN CAVE**

Charles A. Weiss
Direct: 314-259-2215
cweiss@bryancave.com

November 26, 2007

Ms. Norma Cantu
American Arbitration Association
6795 North Palm Ave., 2nd Floor
Fresno, CA 93704

Bryan Cave LLP

One Metropolitan Square

211 North Broadway

Suite 3600

St. Louis, MO 63102-2750

Tel (314) 259-2000

Fax (314) 259-2020

www.bryancave.com

Re:     Visa USA/Maritz

Dear Ms. Cantu:

This is to respond to Mr. Thompson's November 20, 2007 letter to you and to again advise you that it is Maritz's position that the American Arbitration Association has no jurisdiction over this dispute.

As we previously informed you, Visa has elected to have the determination of whether or not the parties agreed to arbitrate Visa's claim to be determined by the Federal District Court in San Francisco. For your information, I am enclosing a copy of the lawsuit filed by Visa. While Maritz has not yet filed an answer or counter-claim in that suit, Maritz intends to do so.

It is Maritz's position that the arbitration clause in the July 9 letter is invalid and unenforceable in that it was induced by Mr. Thompson and Visa's fraudulent conduct and deceit. Visa intentionally failed to disclose its     million-plus claim against Maritz (a material fact) prior to the time that Mr. Gallant signed the letter of July 9, 2007. In April 2007, Visa, for its own convenience, terminated its contract with Maritz but did not at that time advise Maritz that it had a     million claim against Maritz. There was no reason for Maritz to know that Visa had such a claim against Maritz. When Visa terminated its contract with Maritz, it did not terminate the contract for material breach or for default. Under the contract, Maritz was then entitled to submit its bill for all unpaid work. Maritz then submitted its claim for unpaid compensation in excess of $5 million. Although Visa now claims it had a claim against Maritz going as far back as the fall of 2006, at no time in September, October, November or December 2006 or January, February, March, April, May or June 2007, did Visa ever assert that it had a     million claim against Maritz. Indeed, it was not until two weeks after the July 9, 2007 letter that Mr. Thompson first disclosed to Maritz that Visa was going to assert a     million claim against Maritz. It is obvious that Visa and its attorney, Mr. Thompson, intentionally and deliberately withheld this material fact from Maritz until they were able to get Mr. Gallant to agree to the arbitration clause in the July 9, 2007 letter. Such conduct does not meet the standards of ABA Model Rule 4.1 and does not comply with the law of the

Chicago

Hong Kong

Irvine

Jefferson City

Kansas City

Kuwait

Los Angeles

New York

Phoenix

Shanghai

St. Louis

Washington, DC

*And Bryan Cave,*
*A Multinational Partnership,*

London

Ms. Norma Cantu
November 26, 2007
Page 2

Bryan Cave LLP

jurisdiction in which Ms. Thompson practices: "the law is clear that a duty is owed by an attorney not to defraud another even if that other is an attorney negotiating at arm's length." Cicone v. URS Corporation et. al, 183 Cal. App. 3d 194, 202 (1986).

Upon being advised of the         million claim, Mr. Gallant immediately informed Mr. Thompson that Maritz had not agreed to arbitrate that claim. I have also personally told Mr. Thompson that it is Maritz's position that Maritz did not agree to arbitrate the claim by Visa first presented to Maritz after the July 9, 2007 letter, and that we believe that Mr. Thompson and Visa was deceitful in intentionally concealing Visa's        million claim from Maritz. As you will see in the enclosed Visa's complaint, Visa misleadingly alleges that "Maritz contends that the letter agreement is somehow invalid," feigning ignorance of the reason Maritz says the arbitration clause is unenforceable. Maritz has repeatedly advised Visa the reasons why the arbitration provisions of the letter agreement are invalid and unenforceable.

This matter is now before the Federal District Court in San Francisco, and Visa and Mr. Thompson's deceitful conduct and the consequences of such conduct will be determined by that court. Mr. Thompson has cited no case which holds that Visa has "not elected" to have the court determine arbitrability by filing suit in Federal District Court.

It is up to the Federal District Court, not the American Arbitration Association at this point, to determine the facts and the law in this dispute. As our Supreme Court has instructed, a "court should not assume that the parties agreed to arbitrate arbitrability unless there is 'clea[r] and unmistakeabl[e]' evidence that they did so." First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938 (1995). The Buckeye case referenced in Mr. Thompson's letter is not applicable here. The Supreme Court in that case reaffirmed its decision in Prima Paint Corp. v. Flood & Clonklin Mfg. Co., 388 U.S. 395, 402 (1967), in which it held that "if the claim is fraud in the inducement of the arbitration clause itself -- an issue that goes to the making of the agreement to arbitrate -- the federal court may proceed to adjudicate it." Here, it is Maritz's position that the arbitration provision in the letter agreement itself was induced by Mr. Thompson and Visa's fraudulent conduct, and thus, as our Supreme Court said in both the Buckeye and the Prima Paint Corporation cases, it is up to the federal court to adjudicate the issue.

We also point out that although Visa is requesting arbitration of its claim of some         million-plus, Visa has paid the AAA an initial filing fee of only $3,250.00. Based upon its claim of         million-plus, Visa is required to pay the AAA an initial filing fee of        . plus a case service fee of according to the AAA's fee schedule. Thus, we do not believe that Visa has properly complied with AAA's rules concerning payment of a required initial fee, and for this additional reason, the AAA does not properly have jurisdiction over Visa's claims.

22741659.3

Ms. Norma Cantu
November 26, 2007
Page 3

Bryan Cave LLP

If you need any additional information, please let me know.

Very truly yours,

*[signature]*

Charles A. Weiss

CAW

cc: Roderick A. Thompson



Charles A. Weiss
Direct: 314-259-2215
cweiss@bryancave.com

December 7, 2007

Bryan Cave LLP
One Metropolitan Square
211 North Broadway
Suite 3600
St. Louis, MO 63102-2750
Tel (314) 259-2000
Fax (314) 259-2020
www.bryancave.com

Chicago
Hong Kong
Irvine
Jefferson City
Kansas City
Kuwait
Los Angeles
New York
Phoenix
Shanghai
St. Louis
Washington, DC

And Bryan Cave,
A Multinational Partnership,

London

**VIA EMAIL, FACSIMILE AND FED EX**

Ms. Norma Cantu
American Arbitration Association
6795 North Palm Ave., 2nd Floor
Fresno, CA  93704

Re:    74 117 01325 07 NOCA *Visa USA v. Maritz*

Dear Ms. Cantu:

This is in response to Mr. Thompson's letter to you dated December 4, 2007.  Please forward this letter to the AAA's general counsel for review.

First, contrary to the suggestion contained in Mr. Thompson's letter, my letter to you dated November 26, 2007, in fact was sent to you on November 26, not December 3, 2007.  On December 3, 2007, I sent you a copy of what had been previously sent on November 26.

Second, Mr. Thompson misstates the applicable law regarding the issue of arbitrability.  Visa in bad faith deceived and fraudulently induced Maritz into agreeing to an arbitration provision.  The United States Supreme Court has made clear that where, as here, a party is claiming that the arbitration provision itself was fraudulently induced, the issue of arbitrability is for the court to decide, not the arbitrator.  See, e.g., Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395 (1967); Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440 (2006); see also Nagrampa v. Mailcoups, Inc., 469 F.3d 1257, 1264 (9th Cir. 2006) ("When the crux of the complaint is not the invalidity of the contract as a whole, but rather the arbitration provision itself, then the federal courts must determine whether the arbitration provision is invalid and unenforceable"); Downer v. Siegel, 489 F.3d 623, 627 (5th Cir. 2007) ("the arbitration clause is enforceable unless the plaintiffs were fraudulently induced into agreeing to the arbitration clause itself"); Doctor's Associates, Inc. v. Distajo, 66 F.3d 438, 457 (2d Cir. 1995) (if the arbitration clause was induced by fraud, there can be no arbitration).  See also Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 2, 4.

In Prima Paint, the Supreme Court stated that under Section 4 of the Federal Arbitration Act ("FAA"), "if the claim is fraud in the inducement of the arbitration clause itself – an issue which goes to the 'making' of the agreement to arbitrate – the

Ms. Norma Cantu                                                    **Bryan Cave LLP**
December 7, 2007
Page 2

federal court may proceed to adjudicate it." 388 U.S. at 403-04. <u>See also</u> <u>Buckeye Check Cashing</u>, 546
U.S. at 445 (quoting and approving <u>Prima Paint</u>). Maritz's challenge is directed at the arbitration
clause itself, and that issue must be decided by the Court, not the arbitrator.

The pertinent provisions of the FAA include the following:

> "Section 2.    Validity, irrevocability, and enforcement of agreements to
> arbitrate
>
> A written provision in … a contract evidencing a transaction involving
> commerce to settle by arbitration a controversy thereafter arising out of such
> contract or transaction, or the refusal to perform the whole or any part
> thereof, <u>**or an agreement in writing to submit to arbitration an existing**</u>
> <u>**controversy**</u> arising out of such a contract, transaction, or refusal, <u>**shall be**</u>
> <u>**valid**</u>, irrevocable, and enforceable, <u>**save upon such grounds as exist at**</u>
> <u>**law or in equity for the revocation of any contract.**</u>
>
> ….
>
> Section 4.    Failure to arbitrate under agreement; petition to United States
> court having jurisdiction for order to compel arbitration; notice and service
> thereof; hearing and determination
>
> A party aggrieved by the alleged failure, neglect, or refusal of another to
> arbitrate under a written agreement for arbitration may petition any United
> States district court which, save for such agreement, would have jurisdiction
> under Title 28, in a civil action … arising out of the controversy between the
> parties, for an order directing that such arbitration proceed in the manner
> provided for in such agreement. … <u>**The court**</u> shall hear the parties, and
> <u>**upon being satisfied that the making of the agreement for arbitration**</u>
> … <u>**is not in issue**</u>, the court shall make an order directing the parties to
> proceed to arbitration in accordance with the terms of the agreement. … <u>**If**</u>
> <u>**the making of the arbitration agreement … be in issue, the court shall**</u>
> <u>**proceed summarily to the trial thereof.**</u> … <u>**Where such an issue is**</u>
> <u>**raised, the party alleged to be in default may … demand a jury trial of**</u>
> <u>**such issue, and upon such demand the court shall make an order**</u>
> <u>**referring the issue or issues to a jury in the manner provided by the**</u>
> <u>**Federal Rules of Civil Procedure, or may specially call a jury for that**</u>
> <u>**purpose.** …</u>" (emphasis added)

Third, Mr. Thompson's December 4 letter to you distorts and misstates what I said in my
November 26 letter. Mr. Thompson's letter misleadingly states that I asserted that "the July 9 letter
is invalid and unenforceable …." In fact, my letter states in pertinent part that:

Ms. Norma Cantu                                              **Bryan Cave LLP**
December 7, 2007
Page 3

> "It is Maritz's position **that the arbitration clause in the July 9 letter** is invalid and
> unenforceable in that it was induced by Mr. Thompson and Visa's fraudulent
> conduct and deceit. ...
>
> Upon being advised of the          million claim, Mr. Gallant immediately informed
> Mr. Thompson that Maritz had not agreed to arbitrate that claim. ... Maritz has
> repeatedly advised Visa the reasons why **the arbitration provisions** of the letter
> agreement are invalid and unenforceable.
>
> . . .
>
> It is up to the Federal District Court, not the American Arbitration Association at
> this point, to determine the facts and the law in this dispute. ... **Here, it is Maritz's
> position that the arbitration provision** in the letter agreement itself **was induced
> by Mr. Thompson and Visa's fraudulent conduct**, and thus, as our Supreme
> Court said in both the <u>Buckeye</u> and the <u>Prima Paint Corporation</u> cases, it is up to the
> federal court to adjudicate the issue." (emphasis added)

My November 26 letter thus makes clear that it is Maritz's position **that the arbitration provision**
**in the July 9 letter was induced by Visa's fraudulent conduct** and that the Federal District Court
therefore has to adjudicate the issue of arbitrability.

Maritz has already engaged in the first two stages referenced in the July 9 letter – the direct
negotiations between parties and the subsequent mediation. Maritz thus is challenging only the
enforceability of the arbitration clause and not the entire July 9 letter. Again, this is precisely the
type of challenge which the United States Supreme Court has made clear in <u>Prima Paint</u> must be
decided by the court rather than the arbitrator.

Mr. Thompson also argues that Visa has paid an appropriate filing fee because it supposedly is
arbitrating at this point only to determine the validity of the agreement to arbitrate and to determine
the procedures to be used in the arbitration. According to Mr. Thompson, once the arbitration
procedures are established, Visa will then submit its claim for damages to be arbitrated. Assuming
<u>arguendo</u> that the arbitration provision was enforceable – and it is not, as discussed above – then the
arbitration could only be initiated by demand to arbitrate Visa's claim for damages. The very
arbitration provision, if it were valid and enforceable, which Visa relies upon in the July 9, 2007
letter purports to provide for binding arbitration pursuant to AAA Commercial Rules (among other
things) of the "clients' respective <u>claims for damages</u> resulting from alleged breaches of the
agreement and related claims . . . ." The arbitration provision upon which Visa relies does not
provide for arbitration of nonmonetary claims. We are aware of no procedure or rule that allows
Visa to file a separate arbitration demand related solely to determining arbitrability and the
procedures to be followed without also filing a demand for arbitration of its damage claims.
Although Rule R-7 provides in some circumstances that the arbitrators may determine the
arbitrability of the demand for arbitration, such determination is only incidental to a proper demand
for arbitration in the first place. Accordingly, Visa should be required to pay the full filing fee based

Ms. Norma Cantu                                                    Bryan Cave LLP
December 7, 2007
Page 4

upon the dollar amount of its claims. Obviously, Visa is attempting to avoid paying the required fee for initiating the arbitration of its claim for damages, but it cannot appropriately proceed before the AAA without filing a demand for arbitration of its claims for damages.

Mr. Thompson also makes the odd complaint that Maritz should not mention the amount of Visa's claim. Visa's position is meritless. The amount of Visa's claim was never considered confidential in any respect and the rules of the AAA require the amount of any claim to be stated by the claimant to the AAA. Indeed, it is the amount of the claim that determines the fees that the claimant must pay in order to commence an arbitration, and it also determines whether the procedures for large, Complex Commercial Disputes shall apply, which in turn determines the number of arbitrators (See Rule R-1(c); L-2; Administrative Fees). In any event, Mr. Thompson told Maritz on July 23, 2007, the day <u>before</u> Maritz signed Visa's July 24 letter referencing the California Evidence Code § 1119, that Visa had a claim of tens of millions of dollars and that its claim was between $10 million and $110 million. Visa therefore cannot contend that its alleged       : million damage claim is somehow "confidential."

Thus, the alleged arbitration provision upon which Visa relies provides for arbitration of the parties' respective <u>claims for damages</u>. Without filing a demand for arbitration of Visa's claim for damages, Visa has no basis for invoking the AAA's jurisdiction in this matter.

To reiterate: Maritz objects to any arbitration. Under the FAA and controlling precedent from both the United States Supreme Court and other courts, the issue of whether or not the arbitration provision in the July 9 letter is enforceable is an issue that must be resolved in the federal district court in light of Maritz's claim that Visa deceived and fraudulently induced Maritz into agreeing to the arbitration clause. Further, Visa has failed to file a proper demand for arbitration for "claims for damages" and has failed to pay the required filing fees.

Maritz therefore demands that no further action be taken in the arbitration until after the Court has determined whether or not the arbitration provision in the July 9 letter is enforceable. Please let me know whether the AAA will comply with this demand so that Maritz will know whether it has to take this matter up with Judge White of the Federal Court in the Northern District of California.

Sincerely,

Charles A. Weiss

CAW/db

cc:    Eric P. Tuchmann
       General Counsel, AAA
       Rod Thompson

42750469



Charles A. Weiss
Direct: (314) 259-2215
cweiss@bryancave.com

December 7, 2007

**VIA FEDEX**

Mr. Eric P. Tuchmann
General Counsel and Corporate
Secretary
American Arbitration Association
1633 Broadway, 13th Floor
New York, NY 10019-6708

Dear Mr. Tuchmann:

I am writing you to call to your attention a matter relating to the jurisdiction of the American Arbitration Association to proceed with an improper and invalid arbitration demand by Visa USA against Maritz Inc. We represent Maritz.

Because this is a serious and significant issue, we are calling this to your attention.

For your information, I am enclosing a letter dated today to Ms. Cantu as well as previous correspondence. As you can see, this matter was initiated by Visa in the Federal district court in San Francisco, and that court will determine whether or not the parties will have to arbitrate Visa's claims. The AAA should not proceed in this matter until the issue of whether or not the arbitration provision in the July 9, 2007 letter is enforceable and determined in the litigation before Federal district court.

In addition, Visa has attempted to submit the matter to the AAA without submitting a demand for arbitration of its claims and has failed to pay the required initial filing fees.

We hope you will review the applicable law and will direct the Fresno office not to proceed with this arbitration until the issue of arbitrability is determined in the Federal district court case.

Bryan Cave LLP
One Metropolitan Square
211 North Broadway
Suite 3600
St. Louis, MO 63102-2750
Tel (314) 259-2000
Fax (314) 259-2020
www.bryancave.com

Chicago
Hong Kong
Irvine
Jefferson City
Kansas City
Kuwait
Los Angeles
New York
Phoenix
Shanghai
St. Louis
Washington, DC

And Bryan Cave,
A Multinational Partnership,

London

Bryan Cave LLP

Mr. Eric P. Tuchmann
December 7, 2007
Page 2

If you have any questions whatsoever, please let me know.

Sincerely,

Charles A. Weiss
Attorney for Maritz, Inc.

cc:     Rod Thompson



Charles A. Weiss
Direct: 314-259-2215
cweiss@bryancave.com

December 7, 2007

**VIA EMAIL, FACSIMILE AND FED EX**

Ms. Norma Cantu
American Arbitration Association
6795 North Palm Ave., 2nd Floor
Fresno, CA 93704

Re:    74 117 01325 07 NOCA *Visa USA v. Maritz*

Dear Ms. Cantu:

This is in response to Mr. Thompson's letter to you dated December 4, 2007. Please forward this letter to the AAA's general counsel for review.

First, contrary to the suggestion contained in Mr. Thompson's letter, my letter to you dated November 26, 2007, in fact was sent to you on November 26, not December 3, 2007. On December 3, 2007, I sent you a copy of what had been previously sent on November 26.

Second, Mr. Thompson misstates the applicable law regarding the issue of arbitrability. Visa in bad faith deceived and fraudulently induced Maritz into agreeing to an arbitration provision. The United States Supreme Court has made clear that where, as here, a party is claiming that the arbitration provision itself was fraudulently induced, the issue of arbitrability is for the court to decide, not the arbitrator. See, e.g., Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395 (1967); Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440 (2006); see also Nagrampa v. Mailcoups, Inc., 469 F.3d 1257, 1264 (9th Cir. 2006) ("When the crux of the complaint is not the invalidity of the contract as a whole, but rather the arbitration provision itself, then the federal courts must determine whether the arbitration provision is invalid and unenforceable"); Downer v. Siegel, 489 F.3d 623, 627 (5th Cir. 2007) ("the arbitration clause is enforceable unless the plaintiffs were fraudulently induced into agreeing to the arbitration clause itself"); Doctor's Associates, Inc. v. Distajo, 66 F.3d 438, 457 (2d Cir. 1995) (if the arbitration clause was induced by fraud, there can be no arbitration). See also Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 2, 4.

In Prima Paint, the Supreme Court stated that under Section 4 of the Federal Arbitration Act ("FAA"), "if the claim is fraud in the inducement of the arbitration clause itself – an issue which goes to the 'making' of the agreement to arbitrate – the

Bryan Cave LLP
One Metropolitan Square
211 North Broadway
Suite 3600
St. Louis, MO 63102-2750
Tel (314) 259-2000
Fax (314) 259-2020
www.bryancave.com

Chicago
Hong Kong
Irvine
Jefferson City
Kansas City
Kuwait
Los Angeles
New York
Phoenix
Shanghai
St. Louis
Washington, DC

And Bryan Cave,
A Multinational Partnership,

London

Ms. Norma Cantu
December 7, 2007
Page 2

federal court may proceed to adjudicate it." 388 U.S. at 403-04. See also Buckeye Check Cashing, 546 U.S. at 445 (quoting and approving Prima Paint). Maritz's challenge is directed at the arbitration clause itself, and that issue must be decided by the Court, not the arbitrator.

The pertinent provisions of the FAA include the following:

> "Section 2. Validity, irrevocability, and enforcement of agreements to arbitrate
>
> A written provision in … a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, **or an agreement in writing to submit to arbitration an existing controversy** arising out of such a contract, transaction, or refusal, **shall be valid**, irrevocable, and enforceable, **save upon such grounds as exist at law or in equity for the revocation of any contract.**
>
> ....
>
> Section 4. Failure to arbitrate under agreement; petition to United States court having jurisdiction for order to compel arbitration; notice and service thereof; hearing and determination
>
> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action … arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement. … **The court** shall hear the parties, and **upon being satisfied that the making of the agreement for arbitration … is not in issue,** the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. … **If the making of the arbitration agreement … be in issue, the court shall proceed summarily to the trial thereof. … Where such an issue is raised, the party alleged to be in default may … demand a jury trial of such issue, and upon such demand the court shall make an order referring the issue or issues to a jury in the manner provided by the Federal Rules of Civil Procedure, or may specially call a jury for that purpose.** …" (emphasis added)

Third, Mr. Thompson's December 4 letter to you distorts and misstates what I said in my November 26 letter. Mr. Thompson's letter misleadingly states that I asserted that "the July 9 letter is invalid and unenforceable …." In fact, my letter states in pertinent part that:

Ms. Norma Cantu
December 7, 2007
Page 3

Bryan Cave LLP

> "It is Maritz's position **that the arbitration clause in the July 9 letter** is invalid and unenforceable in that it was induced by Mr. Thompson and Visa's fraudulent conduct and deceit. ...
>
> Upon being advised of the ___ million claim, Mr. Gallant immediately informed Mr. Thompson that Maritz had not agreed to arbitrate that claim. ... Maritz has repeatedly advised Visa the reasons why **the arbitration provisions** of the letter agreement are invalid and unenforceable.
>
> . . .
>
> It is up to the Federal District Court, not the American Arbitration Association at this point, to determine the facts and the law in this dispute. ... **Here, it is Maritz's position that the arbitration provision** in the letter agreement itself **was induced by Mr. Thompson and Visa's fraudulent conduct**, and thus, as our Supreme Court said in both the Buckeye and the Prima Paint Corporation cases, it is up to the federal court to adjudicate the issue." (emphasis added)

My November 26 letter thus makes clear that it is Maritz's position **that the arbitration provision** in the July 9 letter was induced by Visa's fraudulent conduct and that the Federal District Court therefore has to adjudicate the issue of arbitrability.

Maritz has already engaged in the first two stages referenced in the July 9 letter — the direct negotiations between parties and the subsequent mediation. Maritz thus is challenging only the enforceability of the arbitration clause and not the entire July 9 letter. Again, this is precisely the type of challenge which the United States Supreme Court has made clear in Prima Paint must be decided by the court rather than the arbitrator.

Mr. Thompson also argues that Visa has paid an appropriate filing fee because it supposedly is arbitrating at this point only to determine the validity of the agreement to arbitrate and to determine the procedures to be used in the arbitration. According to Mr. Thompson, once the arbitration procedures are established, Visa will then submit its claim for damages to be arbitrated. Assuming arguendo that the arbitration provision was enforceable – and it is not, as discussed above – then the arbitration could only be initiated by demand to arbitrate Visa's claim for damages. The very arbitration provision, if it were valid and enforceable, which Visa relies upon in the July 9, 2007 letter purports to provide for binding arbitration pursuant to AAA Commercial Rules (among other things) of the "clients' respective claims for damages resulting from alleged breaches of the agreement and related claims . . . ." The arbitration provision upon which Visa relies does not provide for arbitration of nonmonetary claims. We are aware of no procedure or rule that allows Visa to file a separate arbitration demand related solely to determining arbitrability and the procedures to be followed without also filing a demand for arbitration of its damage claims. Although Rule R-7 provides in some circumstances that the arbitrators may determine the arbitrability of the demand for arbitration, such determination is only incidental to a proper demand for arbitration in the first place. Accordingly, Visa should be required to pay the full filing fee based

Ms. Norma Cantu                                                                    Bryan Cave LLP
December 7, 2007
Page 4

upon the dollar amount of its claims. Obviously, Visa is attempting to avoid paying the required fee
for initiating the arbitration of its claim for damages, but it cannot appropriately proceed before the
AAA without filing a demand for arbitration of its claims for damages.

Mr. Thompson also makes the odd complaint that Maritz should not mention the amount of Visa's
claim. Visa's position is meritless. The amount of Visa's claim was never considered confidential in
any respect and the rules of the AAA require the amount of any claim to be stated by the claimant to
the AAA. Indeed, it is the amount of the claim that determines the fees that the claimant must pay
in order to commence an arbitration, and it also determines whether the procedures for large,
Complex Commercial Disputes shall apply, which in turn determines the number of arbitrators (See
Rule R-1(c); L-2; Administrative Fees). In any event, Mr. Thompson told Maritz on July 23, 2007,
the day <u>before</u> Maritz signed Visa's July 24 letter referencing the California Evidence Code § 1119,
that Visa had a claim of tens of millions of dollars and that its claim was between $10 million and
$110 million. Visa therefore cannot contend that its alleged          million damage claim is somehow
"confidential."

Thus, the alleged arbitration provision upon which Visa relies provides for arbitration of the parties'
respective <u>claims for damages</u>. Without filing a demand for arbitration of Visa's claim for damages,
Visa has no basis for invoking the AAA's jurisdiction in this matter.

To reiterate: Maritz objects to any arbitration. Under the FAA and controlling precedent from both
the United States Supreme Court and other courts, the issue of whether or not the arbitration
provision in the July 9 letter is enforceable is an issue that must be resolved in the federal district
court in light of Maritz's claim that Visa deceived and fraudulently induced Maritz into agreeing to
the arbitration clause. Further, Visa has failed to file a proper demand for arbitration for "claims for
damages" and has failed to pay the required filing fees.

Maritz therefore demands that no further action be taken in the arbitration until after the Court has
determined whether or not the arbitration provision in the July 9 letter is enforceable. Please let me
know whether the AAA will comply with this demand so that Maritz will know whether it has to
take this matter up with Judge White of the Federal Court in the Northern District of California.

Sincerely,

Charles A. Weiss

CAW/db

cc:    Eric P. Tuchmann
       General Counsel, AAA
       Rod Thompson

# FARELLA BRAUN + MARTEL LLP

Attorneys At Law

Russ Building / 235 Montgomery Street
San Francisco / CA 94104

T 415.954.4400 / F 415.954.4480
www.fbm.com

**RODERICK M. THOMPSON**
rthompson@fbm.com
D 415.954.4445

December 4, 2007

*Via AAA Webfile, E-mail and Facsimile*
*cantun@adr.org (559-490-1919)*

Norma Cantu
American Arbitration Association
6795 North Palm Ave., 2nd Floor
Fresno, CA  93704

Re: 74 117 01325 07 NOCA *Visa USA v. Maritz*

Dear Ms. Cantu:

This responds to Mr. Weiss' letter to you dated November 26, 2007 but apparently not sent (and then only by email) until December 3, 2007 concerning the above-captioned arbitration.

Mr. Weiss repeats the incorrect assertion made in his letter dated November 16--that by filing a lawsuit to compel arbitration in U.S. district court in San Francisco, Visa "has elected" to have the Court determine arbitrability. As explained previously in my letter of November 20, Visa's complaint requests the Court to compel respondent Maritz Inc. to participate in the arbitration. Mr. Weiss' letter does not respond to the controlling case law holding that where as here the parties agreed to resolve their disputes under the "applicable rules and procedures of the American Arbitration Association," they agreed that the arbitrator would determine all questions of arbitrability. *See e.g., Contec Corp. v. Remote Solution Co., Ltd.*, 398 F.3d 205, 208 (2d Cir. 2005) (finding incorporation of American Arbitration Association Rules "serves as clear and unmistakable evidence of the parties' intent to delegate such issues to an arbitrator").

Instead, Mr. Weiss' letter launches into an unfortunate (and entirely inaccurate) attack on me and my client. Preliminarily, Visa (and I) vehemently deny Mr. Weiss' allegations -- what happened here was nothing more than two sophisticated parties negotiating a binding arbitration agreement through their respective counsel. More importantly, however, the allegations made in Mr. Weiss' letter that "the July 9 letter is invalid and unenforceable" are precisely the types of questions that the parties expressly agreed to present to the arbitrator when they signed the July 9 Letter Agreement; that Letter Agreement states both that the parties' disputes shall be resolved



Norma Cantu
December 4, 2007
Page 2

through "[b]inding arbitration pursuant to the AAA Commercial Rules," and that "[t]o the extent
[the parties] are unable to agree on any aspect of the procedure, such disagreement will be
resolved by the applicable rules and procedures of the American Arbitration Association
('AAA')." July 9 Letter Agreement. In relevant part, the AAA Commercial Rules provide:
"The arbitrator shall have the power to rule on his or her own jurisdiction, including any
objections with respect to the existence, scope or *validity* of the arbitration agreement." AAA
Commercial Rule R-7(a) (emphasis added). As you correctly concluded in your letter to the
parties of November 30, Maritz may raise any alleged "fraud" in the inducement arguments to
the Panel. Maritz may not unilaterally stop the arbitration process pursuant to a contract
undeniably entered by its Assistant General Counsel.

    Most unfortunate is the letter's violation of California Evidence Code 1119, by repeated
reliance on assertions made by Visa under the protections of the mediation privilege (e.g., a "___
million claim" by Visa). On July 24, Maritz, also through Mr. Gallant, entered a separate letter
agreement stipulating that the mediation process had them commenced. (A copy of that July 24
letter is attached.) Thereafter, the parties participated in a structured negotiation and mediation
(before Bill Hartgering of JAMS in Chicago) all expressly pursuant to the protections of section
1119. During that process Visa revealed the specifics of its damages claims cited by Mr. Weiss
in his letter. Section 1119 explicitly states both that "no evidence of anything said or any
admission made for the purpose of, or in the course of, or pursuant to, a mediation or a mediation
consultation is admissible" for any purpose and that "all communications, negotiations or
settlement discussions by and between participants in the course of a mediation or mediation
consultation shall remain confidential." Maritz's blatant misuse of the information provided
under the protections of Section 1119 is regrettable and entirely inappropriate.

    Mr. Weiss' final argument is that AAA does not have jurisdiction over this dispute
because Visa paid an initial filing fee of $3,250. Not only is this argument predicated on
statements Visa made during the mediation (and thus entirely inappropriate), but it also is
predicated on a misunderstanding of Visa's arbitration demand. Visa's arbitration demand states
that Visa is seeking:

> "Determination of the validity of agreement to arbitrate dispute
> over software contract and related claims, and determination of
> procedures to be used in arbitration. Once arbitration procedures
> are established, Visa will submit its amount of claim on the merits
> to be arbitrated."

Visa's demand did not specify any amount of damages claimed, because Visa is currently
seeking only the relief described in its demand. Said differently, Visa has paid the appropriate
filing fee, and the AAA has properly concluded that "claimant has met the filing requirements of
the rules." November 30 Letter. Even assuming arguendo, however, that Visa had not paid the
appropriate fee, that would not mean that AAA does not have jurisdiction over the arbitration



Norma Cantu
December 4, 2007
Page 3

demand.  AAA Commercial Rule R-54 provides, in part, "If arbitrator compensation or
administrative charges have not been paid in full, the AAA may so inform the parties in order
that one of them may advance the required payment."  No such notice has been provided by
AAA.

    We therefore respectfully request that the American Arbitration Association reiterate its
decision set forth in your November 30 letter and proceed with the process of appointing a panel
in accordance with its rules.

    We appreciate your courtesy and attention.  Please let me know should you have any
questions.

                              Very truly yours,

                              Roderick M. Thompson

RMT:avd
21823\1397659.1
Enclosure

cc:    Charles A. Weiss

RODERICK M. THOMPSON
rthompson@fbm.com
D 415.954.4445

July 24, 2007

*Via E-Mail*

Steven M. Gallant
Associate General Counsel
Maritz Inc.
1375 N. Highway Dr.
Fenton, MO 63099

Re:    **Master Services Agreement dated April 17, 2006 (the "Agreement") between**
       **Visa U.S.A. Inc. and Maritz Inc., d/b/a Maritz Loyalty Marketing**

Dear Steve:

This confirms our telephone discussion of today. Our clients agree that the direct business negotiations, which will today by teleconference, are the beginning of the mediation process so that both sides will have the confidentiality protections of California Evidence Code section 1115 *et seq.*  Please have this letter counter-signed and emailed (or faxed) back to me. Thank you

Very truly yours,

Roderick M. Thompson

SO AGREED.

By: _____
On behalf of Maritz Inc.

Dated:  July 24, 2007

RMT:avd
cc:  Jonathan Lemberg
21823\1303103.1

32

 **American Arbitration Association**

*Dispute Resolution Services Worldwide*

6795 North Palm Ave, 2nd Floor, Fresno, CA 93704
telephone: 877-528-0880 facsimile: 559-490-1919
http://www.adr.org

| | |
|---|---|
| DATE | 12/03/2007 8:12:18 PM |
| TO | Charles A. Weiss Esq. |
| COMPANY | Bryan Cave, LLP |
| ADDRESS | 314-259-2020 |
| FROM | Norma Cantu |
| NUMBER OF PAGES | 3 (Including cover page) |
| RE | Case number: 74 117 01325 07 |
| RECIPIENTS | Charles A. Weiss Esq.; Rodrick M. Thompson, Esq. |

NOTES:

THIS FAX TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE PERSON TO WHOM IT IS ADDRESSED. IT MAY CONTAIN INFORMATION THAT IS CONFIDENTIAL, PRIVILEGED OR OTHERWISE EXEMPT FROM DISCLOSURE. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE PERSON AUTHORIZED TO DELIVER THIS FAX TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION OF THIS FAX IS PROHIBITED. IF YOU HAVE RECEIVED THIS FAX IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE (COLLECT) AND RETURN THE ORIGINAL FAX TO US BY FIRST CLASS MAIL AT THE ABOVE ADDRESS.

2007 DEC -4 A 8: 21

 **American Arbitration Association**
*Dispute Resolution Services Worldwide*

*Western Case Management Center*
John M. Bishop
Vice President
Jeffrey Garcia
Assistant Vice President

6795 North Palm Ave, 2nd Floor, Fresno, CA 93704
telephone: 877-528-0880 facsimile: 559-490-1919
internet: http://www.adr.org/

December 3, 2007

AAAWEBFILE & FACSIMILE

Roderick M. Thompson
235 Montgomery Street
17th Floor
San Francisco, CA  94104

Charles A. Weiss, Esq.
Bryan Cave, LLP
One Metropolitan Square
211 N. Broadway, Suite 3300
St. Louis, MO  63102-2750

Re: 74 117 01325 07 NOCA
    VISA U.S.A. Inc.
    VS
    Maritz, Inc. dba Maritz Loyalty Marketing


Dear Parties:

Respondent has notified the Association of its objection to the locale requested by Claimant by letter
dated November 16, 2007, a copy of which has been exchanged with the other party.  This document is
available via *AAAWebFile.*

In accordance with the Rules, the Association is authorized to fix the locale if the parties are unable to
agree.  A brief explanation regarding the Association's locale determination process can be found on our
web site at www.adr.org.

In order for the Association to make its locale determination as soon as possible, we request that each
party fax their locale contentions, no longer than five (5) pages in length, to the undersigned's attention
on or before **December 10, 2007,** copying the other side.  For your information and guidance, the
Association considers the following factors, among any others the parties may wish to raise, as significant
in determining locale:

        1) Location of parties
        2) Location of witnesses and documents
        3) Location of site or place or materials
        4) Consideration of relative cost to the parties
        5) Place of performance of contract
        6) Laws applicable to the contract
        7) Place of previous court actions
        8) Necessity of an on-site inspection of the project
        9) Any other reasonable arguments that might affect the locale
        determination.

Please make sure that your locale contentions are complete as possible since the Association's locale
determination is final and binding.

American Arbitration 12/3/2007 8:24 PM  PAGE  3/003  Fax Server

You may also share and manage correspondence through AAA's WebFile. The Case Manager will determine who should receive viewing privileges and grant access accordingly.

This will acknowledge receipt of a letter dated November 26, 2007, from Respondent. This document is also available via *AAAWebFile.*

Please do not hesitate to contact me should you have a question.

Sincerely,


/s/
Norma Cantu
Case Manager
559-490-1896
cantun@adr.org

*Supervisor Information: Lupe Gonzalez-Baca, 559 650 8019, Gonzalezl@adr.org*

 **American Arbitration Association**

*Dispute Resolution Services Worldwide*

6795 North Palm Ave, 2nd Floor, Fresno, CA 93704
telephone: 877-528-0880 facsimile: 559-490-1919
http://www.adr.org

| | |
|---|---|
| DATE | 12/03/2007 8:12:18 PM |
| TO | Charles A. Weiss Esq. |
| COMPANY | Bryan Cave, LLP |
| ADDRESS | 314-259-2020 |
| FROM | Norma Cantu |
| NUMBER OF PAGES | 3 (Including cover page) |
| RE | Case number: 74 117 01325 07 |
| RECIPIENTS | Charles A. Weiss Esq.; Rodrick M. Thompson, Esq. |

NOTES:

THIS FAX TRANSMISSION IS INTENDED ONLY FOR THE USE OF THE PERSON TO WHOM IT IS ADDRESSED. IT MAY CONTAIN INFORMATION THAT IS CONFIDENTIAL, PRIVILEGED OR OTHERWISE EXEMPT FROM DISCLOSURE. IF YOU ARE NOT THE INTENDED RECIPIENT OR THE PERSON AUTHORIZED TO DELIVER THIS FAX TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION OF THIS FAX IS PROHIBITED. IF YOU HAVE RECEIVED THIS FAX IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE (COLLECT) AND RETURN THE ORIGINAL FAX TO US BY FIRST CLASS MAIL AT THE ABOVE ADDRESS.

2007 DEC -4 A 8: 21

**Weiss, Charles**

| | |
|---|---|
| **From:** | Weiss, Charles |
| **Sent:** | Monday, December 03, 2007 6:22 PM |
| **To:** | 'cantun@adr.org' |
| **Cc:** | 'RThompson@fbm.com' |
| **Subject:** | FW: Visa/Maritz Matter |

**From:** Weiss, Charles
**Sent:** Monday, December 03, 2007 5:11 PM
**To:** 'cantun@adr.com'
**Cc:** 'Katz, Ron'; Steve.Gallant@maritz.com; Deiermann, Mark
**Subject:** Visa/Maritz Matter

Dear Ms. Cantu,

I received your phone message inquiring about the location where Maritz desired to have an arbitration conducted. As you know it is Maritz's position that there is no valid arbitration provision obligating Maritz to arbitrate. Please see my letter to you dated Nov. 26 explaining Maritz's position in more detail and enclosing a copy of Visa's complaint filed in federal court. This matter is now before a federal judge and at Visa's request the judge will determine the issue of whether the parties are required to arbitrate. In the meantime, we request that AAA not proceed until the judge determines the issue of whether the parties are required to arbitrate. If the court should determine that Maritz is required to arbitrate Visa's claims, then Maritz desires and requests that the arbitration occur in St. Louis where Maritz is located and where Maritz's performance of the contract occurred.

You will also note that in my letter of Nov. 26, we point out that Visa has failed to pay the required amount of the initial filing fee of          and the case service fee of          and thus Visa has failed to comply with the AAA rules for initiating an arbitration demand.

**Weiss, Charles**

| | |
|---|---|
| **From:** | Weiss, Charles |
| **Sent:** | Monday, December 03, 2007 6:21 PM |
| **To:** | 'cantun@adr.org' |
| **Cc:** | 'RThompson@fbm.com' |
| **Subject:** | FW: Letter to Ms. Norma Cantu_v3.DOC |
| **Attachments:** | Letter to Ms. Norma Cantu_v3.DOC |

**From:** Weiss, Charles
**Sent:** Monday, December 03, 2007 5:22 PM
**To:** 'cantun@adr.com'
**Cc:** 'Katz, Ron'; Steve.Gallant@maritz.com; Deiermann, Mark
**Subject:** Letter to Ms. Norma Cantu_v3.DOC

Norma, attached is another copy of my letter of Nov. 26 to you, but without the copy of Visa's complaint that it filed in federal court. The complaint was enclosed in the original letter I sent to you., It appears that you did not have the advantage of my letter when you wrote your Nov. 30 letter to the parties. I am sure you will want to reconsider your Nov. 30 letter in light of my Nov. 26 letter. The matter is now in the hands of the court and, as you can see from Visa's complaint, it will determine whether the parties will be required to arbitrate.

 **American Arbitration Association**
*Dispute Resolution Services Worldwide*

*Western Case Management Center*
John M. Bishop
Vice President
Jeffrey Garcia
Assistant Vice President

6795 North Palm Ave, 2nd Floor, Fresno, CA 93704
telephone: 877-528-0880 facsimile: 559-490-1919
internet: http://www.adr.org/

November 30, 2007

AAAWEBFILE & FACSIMILE

Roderick M. Thompson
235 Montgomery Street
17th Floor
San Francisco, CA 94104

Charles A. Weiss, Esq.
Bryan Cave, LLP
One Metropolitan Square
211 N. Broadway, Suite 3300
St. Louis, MO 63102-2750

Re: 74 117 01325 07 NOCA
    VISA U.S.A. Inc.
    VS
    Maritz, Inc. dba Maritz Loyalty Marketing

Dear Parties:

This will acknowledge receipt of a letter dated November 20, 2007, from Roderick M. Thompson, a copy of which has been exchanged with the other party.

The Association has carefully reviewed the positions and contentions of the parties as set forth in their correspondence. The claimant has met the filing requirements of the rules by filing a demand for arbitration providing for administration by the American Arbitration Association under its rules.

Accordingly, in the absence of an agreement by the parties or a court order staying this matter, the Association will proceed with administration pursuant to the Rules. **The parties may wish to raise this issue, upon appointment of the arbitrator.**

The AAA serves as a neutral administrative agency and does not generally appear or participate in judicial proceedings relating to arbitration. The AAA should not be named as a party-defendant. The Rules state that the AAA is not a "necessary party". The AAA will abide by an order issued by the courts and the parties are requested to keep us informed as to the outcome.

Inasmuch as the Association did not receive an objection to the locale requested by the Claimant, the locale is **San Francisco, California.**

In accordance with the Rules, the Association encloses a list of names selected from our roster from which one arbitrator is to be appointed. The list of neutrals is also available via *AAAWebFile.* The parties are encouraged to agree on an arbitrator and advise the Association of their agreement. Each party shall confirm their list of neutrals, in order of preference on or before **December 17, 2007.** If the list of arbitrators is not confirmed by the date specified, the arbitrator will be appointed as authorized in the rules. The parties' lists are held confidential and not shared with opposing counsel.

Immediately upon appointment of the arbitrator, a preliminary telephone conference will be held. We will contact you by telephone as soon as the arbitrator has set this conference.

Should you have any questions or concerns please feel free to contact me.

Sincerely,

/s/
Norma Cantu
Case Manager
559-490-1896
cantun@adr.org

*Supervisor Information: Lupe Gonzalez-Baca, 559 650 8019, Gonzalezl@adr.org*

Enclosures:



Charles A. Weiss
Direct 314-259-2215
eweiss@bryancave.com

November 26, 2007

Bryan Cave LLP
One Metropolitan Square
211 North Broadway
Suite 3600
St. Louis, MO 63102-2750
Tel (314) 259-2000
Fax (314) 259-2020
www.bryancave.com

Ms. Norma Cantu
American Arbitration Association
6795 North Palm Ave., 2nd Floor
Fresno, CA  93704

Re:     Visa USA/Maritz

Dear Ms. Cantu:

This is to respond to Mr. Thompson's November 20, 2007 letter to you and to again advise you that it is Maritz's position that the American Arbitration Association has no jurisdiction over this dispute.

As we previously informed you, Visa has elected to have the determination of whether or not the parties agreed to arbitrate Visa's claim to be determined by the Federal District Court in San Francisco. For your information, I am enclosing a copy of the lawsuit filed by Visa. While Maritz has not yet filed an answer or counter-claim in that suit, Maritz intends to do so.

It is Maritz's position that the arbitration clause in the July 9 letter is invalid and unenforceable in that it was induced by Mr. Thompson and Visa's fraudulent conduct and deceit.  Visa intentionally failed to disclose its     million-plus claim against Maritz (a material fact) prior to the time that Mr. Gallant signed the letter of July 9, 2007.  In April 2007, Visa, for its own convenience, terminated its contract with Maritz but did not at that time advise Maritz that it had a     million claim against Maritz.  There was no reason for Maritz to know that Visa had such a claim against Maritz.  When Visa terminated its contract with Maritz, it did not terminate the contract for material breach or for default.  Under the contract, Maritz was then entitled to submit its bill for all unpaid work.  Maritz then submitted its claim for unpaid compensation in excess of $5 million.  Although Visa now claims it had a claim against Maritz going as far back as the fall of 2006, at no time in September, October, November or December 2006 or January, February, March, April, May or June 2007, did Visa ever assert that it had a     million claim against Maritz.  Indeed, it was not until two weeks after the July 9, 2007 letter that Mr. Thompson first disclosed to Maritz that Visa was going to assert a     million claim against Maritz.  It is obvious that Visa and its attorney, Mr. Thompson, intentionally and deliberately withheld this material fact from Maritz until they were able to get Mr. Gallant to agree to the arbitration clause in the July 9, 2007 letter.  Such conduct does not meet the standards of ABA Model Rule 4.1 and does not comply with the law of the

Chicago
Hong Kong
Irvine
Jefferson City
Kansas City
Kuwait
Los Angeles
New York
Phoenix
Shanghai
St. Louis
Washington, DC

And Bryan Cave,
A Multinational Partnership,

London

Ms. Norma Cantu    **Bryan Cave LLP**
November 26, 2007
Page 2

jurisdiction in which Ms. Thompson practices: "the law is clear that a duty is owed by an attorney not to defraud another even if that other is an attorney negotiating at arm's length." Cicone v. URS Corporation et. al, 183 Cal. App. 3d 194, 202 (1986).

Upon being advised of the        million claim, Mr. Gallant immediately informed Mr. Thompson that Maritz had not agreed to arbitrate that claim. I have also personally told Mr. Thompson that it is Maritz's position that Maritz did not agree to arbitrate the claim by Visa first presented to Maritz after the July 9, 2007 letter, and that we believe that Mr. Thompson and Visa was deceitful in intentionally concealing Visa's        million claim from Maritz. As you will see in the enclosed Visa's complaint, Visa misleadingly alleges that "Maritz contends that the letter agreement is somehow invalid," feigning ignorance of the reason Maritz says the arbitration clause is unenforceable. Maritz has repeatedly advised Visa the reasons why the arbitration provisions of the letter agreement are invalid and unenforceable.

This matter is now before the Federal District Court in San Francisco, and Visa and Mr. Thompson's deceitful conduct and the consequences of such conduct will be determined by that court. Mr. Thompson has cited no case which holds that Visa has "not elected" to have the court determine arbitrability by filing suit in Federal District Court.

It is up to the Federal District Court, not the American Arbitration Association at this point, to determine the facts and the law in this dispute. As our Supreme Court has instructed, a "court should not assume that the parties agreed to arbitrate arbitrability unless there is 'clea[r] and unmistakeabl[e]' evidence that they did so." First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938 (1995). The Buckeye case referenced in Mr. Thompson's letter is not applicable here. The Supreme Court in that case reaffirmed its decision in Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 402 (1967), in which it held that "if the claim is fraud in the inducement of the arbitration clause itself — an issue that goes to the making of the agreement to arbitrate — the federal court may proceed to adjudicate it." Here, it is Maritz's position that the arbitration provision in the letter agreement itself was induced by Mr. Thompson and Visa's fraudulent conduct, and thus, as our Supreme Court said in both the Buckeye and the Prima Paint Corporation cases, it is up to the federal court to adjudicate the issue.

We also point out that although Visa is requesting arbitration of its claim of some        million-plus, Visa has paid the AAA an initial filing fee of only $3,250.00. Based upon its claim of        million-plus, Visa is required to pay the AAA an initial filing fee of $        ) plus a case service fee of $ according to the AAA's fee schedule. Thus, we do not believe that Visa has properly complied with AAA's rules concerning payment of a required initial fee, and for this additional reason, the AAA does not properly have jurisdiction over Visa's claims.

Ms. Norma Cantu
November 26, 2007
Page 3

Bryan Cave LLP

If you need any additional information, please let me know.

Very truly yours,

Charles A. Weiss

CAW

cc:  Roderick A. Thompson

32741659.3

Case 3:07-cv-05585-JSW    Document 21-10    Filed 12/20/2007    Page 30 of 53

Nov-20-2007 01:15 PM Maritz Inc. 6368270025                                    3/31
   11/18/2007 10:07:55 AM    Farella Braun & Martel LLP    (415) 954-4480    Page 4

1   Roderick M. Thompson (State Bar No. 96192)
    Robert C. Holtzapple (State Bar No. 145954)
2   Helen Dutton (State Bar No. 235558)
    Diego F. Acevedo (State Bar No. 244693)
3   Farella Braun & Martel LLP
    235 Montgomery Street, 17th Floor
4   San Francisco, CA 94104
    Telephone: (415) 954-4400
5   Facsimile: (415) 954-4480

6   Attorneys for Plaintiff
    VISA U.S.A. INC.
7

8                   IN THE UNITED STATES DISTRICT COURT

9               FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  VISA U.S.A. INC.,                    Case CV 07 5585

12              Plaintiff,               COMPLAINT TO COMPEL
                                         ARBITRATION OR, IN THE
13       vs.                             ALTERNATIVE, TO RECOVER
                                         FOR BREACH OF CONTRACT AND
14  MARITZ INC., d/b/a MARITZ            NEGLIGENCE; AND EITHER IN AID
    LOYALTY MARKETING,                   OF THE ARBITRATION OR; IN THE
15                                       ALTERNATIVE, ON THE CLAIMS,
                Defendant.               FOR INJUNCTIVE RELIEF
16

17

18         Visa U.S.A. Inc. ("Visa") respectfully requests the Court to order Maritz, Inc. d/b/a Maritz

19  Loyalty Marketing ("Maritz") to arbitrate all disputes set forth herein, as required by a binding

20  agreement entered into by the parties. Alternatively, if the Court denies Visa's request that its

21  disputes with Maritz be submitted to binding arbitration, Visa requests that this Court award Visa

22  the relief requested below. Visa alleges as follows:

23                          I.    INTRODUCTION

24         1.    A dispute arose between Visa and Maritz over Maritz's failure to perform as

25  required by several related contracts the parties entered into in 2006 (collectively referred to as

26  the "underlying contract"). To mitigate escalating damages, Visa rightfully terminated the

27  underlying contract with Maritz in April 2007.

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

                              COMPLAINT TO COMPEL ARBITRATION                     21823\1376525.1

11619851.tif - 11/16/2007 10:15:52 AM

Page 3 of 31 received on 11/20/2007 2:15:58 PM [Eastern Standard Time] for 5528020.

2.    On or about July 9, 2007, while the parties were discussing how to resolve their respective claims, Maritz and Visa entered a binding letter agreement committing to resolve their disputes pursuant to a three stage alternative dispute resolution procedure (the "Letter Agreement"). A true and correct copy of the Letter Agreement is attached hereto as Exhibit A.

3.    The Letter Agreement requires that the parties participate in direct negotiations. If the dispute is not resolved at that first stage, the Letter Agreement contemplated that the parties would work out further details of the dispute resolution procedure. If "they are unable to agree on any aspect of the procedure," the disagreement will be resolved by the rules and procedures of the American Arbitration Association ("AAA"). In the Letter Agreement, Maritz and Visa also agreed that if the first two stages of the process failed, the parties would submit all of their claims to binding arbitration before the AAA.

4.    The first stage – direct negotiations – was not successful.

5.    Visa has asked Maritz to discuss the procedures through which the disputes regarding the parties' claims arising from and related to the underlying contract would be arbitrated. Maritz has refused. Maritz now contends that the Letter Agreement is somehow invalid.

6.    Visa respectfully requests that this Court issue an order compelling Maritz to submit to arbitration the determination of the procedures that will govern the arbitration as well as all claims regarding the validity of the Letter Agreement. Once the arbitration procedures are established, all claims related to the underlying contract will be submitted to that binding arbitration procedure.

7.    In the alternative, and only if the Court does not compel arbitration of the parties' claims arising from and related to the underlying contract, Visa seeks an award for the damages it suffered as a result of Maritz's breaches of its obligations contained in the underlying contract and Maritz's negligence in performing the work specified in the underlying contract (the "Alternative Claims"). Visa also seeks injunctive relief as necessary to compel Maritz to abide by certain archive and escrow obligations that Maritz is currently violating. Injunctive relief will take the form of either an order enforcing an arbitrator's grant of injunctive relief or, in the

-2-                                    21823\1376525.1

COMPLAINT TO COMPEL ARBITRATION

11619651.tif - 11/16/2007 10:15:52 AM

Page 4 of 31 received on 11/20/2007 2:15:58 PM [Eastern Standard Time] for 5528020.

1    alternative, a direct grant of injunctive relief compelling Maritz to abide by the aforementioned

2    obligations.

### II.    JURISDICTION

4        8.    This Court has jurisdiction over this controversy pursuant to 28 U.S.C. § 1332(a).

5    There is complete diversity of citizenship among the parties, and the amount in controversy

6    exceeds $75,000 exclusive of interests and costs.    Visa is a Delaware corporation. Visa's

7    principal place of business is in Foster City, California; it also has offices in San Francisco,

8    California. Maritz Inc. d/b/a Maritz Loyalty Marketing is a Missouri corporation with its

9    principal place of business in Fenton, Missouri. The underlying contract provides for the

10   application of California law.

### III.    INTRADISTRICT ASSIGNMENT

12       9.    This action is properly filed in the San Francisco Division of this Court. Visa has

13   also filed an arbitration demand with AAA in San Francisco. Thus, a substantial part of the

14   contemplated performance of the Letter Agreement is to take place in San Francisco. With

15   respect to the Alternative Claims, a substantial part of the contemplated performance of the

16   underlying contract was to take place in San Francisco.

### IV.    VENUE

18       10.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) and (c).    The events

19   and omissions giving rise to this claim occurred substantially in this District. In particular, Visa

20   has filed an arbitration demand with AAA in San Francisco, California seeking to arbitrate Visa's

21   claims arising from and related to the underlying contract. Similarly, with respect to the

22   Alternative Claims, not only was Maritz's delivery of the contracted-for product to take place in

23   this District, but many other aspects of the performance of that contract, as well as the

24   negotiations that led to the creation of that contract, occurred here.

25       11.    Venue is also proper in this District because Visa seeks injunctive relief with

26   respect to Maritz's failure to archive and escrow data that Visa may be required to maintain by

27   regulators (the Archive Dispute).  Visa will seek injunctive relief from this Court as necessary

28   regardless of whether the Archive Dispute is decided by arbitration of the Court. The underlying

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA. 94104
(415) 954-4400

- 3 -

21823\376925.1

COMPLAINT TO COMPEL ARBITRATION

11618661.tif - 11/16/2007 10:15:52 AM

1   contract expressly provides that any claim for injunctive relief shall be brought in state court in

2   San Francisco or the "District Court for the Northern District of California, which shall have

3   exclusive jurisdiction over any action for such injunctive relief."

4       12.     In addition, venue is proper pursuant to 28 U.S.C. § 1391(a)(3) in that Maritz is

5   subject to the personal jurisdiction of this Court. Maritz is licensed to do business in the State of

6   California, has appointed an agent for service of process in the state, and has engaged in general

7   and specific acts establishing the minimum contacts necessary for this Court to exercise personal

8   jurisdiction over Maritz.

9                          V.     PARTIES

10      13.     Visa is a wholly owned subsidiary of Visa Inc. Visa is part of the world's largest

11  retail electronic payments network and is one of the most recognized global financial services

12  brands. Visa offers a range of branded payment product platforms which its financial institution

13  clients in the United States use to develop and offer credit, charge, deferred debit, prepaid and

14  cash access programs to cardholders.

15      14.     Maritz provides full-service customer loyalty programs intended to increase

16  customer retention and satisfaction. Maritz markets itself as the nation's largest provider in

17  customer loyalty programs and cites its main directive as developing, designing, implementing

18  and operating customized customer retention programs designed to develop long term

19  relationships with an entity's most important customers.

20                         VI.    GENERAL ALLEGATIONS

21      15.     Visa and Maritz entered into the underlying contract in April 2006. Pursuant to

22  the underlying contract, Maritz agreed to provide Visa with a complex customer loyalty program

23  that Visa and its financial institution members could use to run a customizable points based

24  rewards system. The program included development and implementation of a complex software

25  platform that would allow Visa and its members to individually award points, track and reconcile

26  qualifying purchases and points based transactions. The underlying contract also called for

27  Maritz to provide ongoing services including actual redemption of rewards, maintenance and

28  operation of the program, and customer service.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

- 4 -                                   21823\1376525.1

COMPLAINT TO COMPEL ARBITRATION

16.     The underlying contract included a number of critical milestone deadlines.

Primary amongst these was the Phase I-A Launch Date, the agreed upon date on which Maritz

would launch commercial operations of the program.

17.     Pursuant to the underlying contract, Maritz promised that the platform and overall

program would meet an extensive set of business requirements that Visa delivered to Maritz

before the parties signed the final agreement. Visa, in turn, agreed to compensate Maritz for

developing and maintaining the rewards program for a period of three years.

18.     In the fall of 2006, Maritz indicated that its newly developed system was ready to

be launched. Unfortunately, it was not ready. Maritz's system did not work. After several weeks

of intense triage during the holiday season failed to fix the Maritz system, Visa was forced to

reengage its previous vendor and restart that vendor's platform at considerable additional expense

to Visa.

19.     Maritz's breach remained uncured in 2007. Finally, in April 2007, Visa realized

that it could not overcome Maritz's continued breaches of the contract. Thus, on April 20, 2007,

Visa terminated the underlying contract, effective May 20, 2007.

20.     Following the termination of the underlying contract, Maritz and Visa discussed

how to resolve their claims arising from and related to the underlying contract.

21.     On July 9, 2007, Visa's counsel discussed with Maritz's counsel the use of a

staged alternative dispute resolution process. After some negotiation, the parties agreed that they

would submit all disputes to a three stage process. Pursuant to the Letter Agreement, Visa and

Maritz agreed that their "respective claims for damages resulting from alleged breaches of the

[underlying] Agreement and related claims would be resolved outside of court." The Letter

Agreement states that, if direct negotiations and mediation failed to resolve those disputes, the

parties would participate in "Binding Arbitration pursuant to AAA Commercial Rules." The

Letter Agreement also states, in part, that although the parties understood that the some of the

procedures still needed to be worked out, Visa and Maritz "intend to be bound by this agreement

to resolve all disputes outside of court. To the extent [Visa and Maritz] are unable to agree on

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

- 5 -

21823\1376525.1

COMPLAINT TO COMPEL ARBITRATION

1     any aspect of the procedure, such disagreement will be resolved by the applicable rules and

2     procedures of the" AAA.

3        22.    After executing the Letter Agreement, however, Maritz denied that the arbitration

4     agreement was enforceable.

5        23.    Maritz has also refused to comply with its obligations regarding escrowing and

6     archiving data that Visa may be required to maintain by regulators. Pursuant to a compulsory

7     license and related obligations arising from the underlying contract, Maritz was required to turn

8     over all such data, as well as the software Visa would need to meaningfully access the data.

9     Preservation of this data is critical as it may implicate a regulatory duty. Maritz has refused to

10    comply with these requirements.

11       24.    Visa has filed a demand with the American Arbitration Association in San

12    Francisco for arbitration of the arbitration procedures dispute, the Alternative Claims and the

13    Archive Dispute.

14       25.    Visa now seeks an order compelling Maritz to arbitrate in accordance with the

15    Letter Agreement. In the alternative, if Visa's request for arbitration is denied, Visa seeks

16    adjudication on the merits of the Alternative Claims and the Archive Dispute. Visa also seeks

17    injunctive relief either to aid the arbitration or, in the alternative, to compel Maritz to archive and

18    escrow the data in question.

19

20                   **FIRST CAUSE OF ACTION**
                  **(Enforcement Of Arbitration Agreement)**

21       26.    Visa incorporates by reference, as if fully set forth herein, the allegations

22    contained in paragraphs 1 through 25 above.

23       27.    This Court has authority under the Federal Arbitration Act, 9 U.S.C. § 4, to

24    enforce an arbitration agreement involving a contract in interstate commerce. The Letter

25    Agreement is subject to the provisions of the Federal Arbitration Act.

26       28.    The Letter Agreement states in part that the parties agreed that their clients'

27    respective claims would all be resolved outside of court. The parties agreed that the dispute

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400
                         - 6 -                       21823\1376525.1

                          COMPLAINT TO COMPEL ARBITRATION

1   resolution framework would include a final and binding arbitration pursuant to the AAA

2   Commercial Rules.

3       29.   Maritz contends that the Letter Agreement is somehow invalid and has refused to

4   discuss the procedures of the arbitration with Visa.

5       30.   Visa has submitted a demand for arbitration with the American Arbitration

6   Association in San Francisco requesting that the disputes regarding both the validity of the Letter

7   Agreement and the procedures for the arbitration be resolved by binding arbitration.

8       Wherefore, Visa respectfully requests an order compelling Maritz to arbitrate in

9   accordance with the Letter Agreement.

10                          **SECOND CAUSE OF ACTION**
11                               (Breach of Contract)

12      31.   Visa incorporates by reference the allegations contained in paragraphs 1 through

13  30 as though fully set forth herein.  Visa brings this claim for breach of contract alternatively and

14  only if Visa's request that the Letter Agreement be enforced is denied.

15      32.   The underlying contract was entered on or about April 17, 2006.

16      33.   During the relevant time frame, Visa performed all of its obligations arising from

17  the underlying contract, except for those that were excused as a result of Maritz's breaches of the

18  underlying contract.

19      34.   Maritz failed to deliver a functioning product by the agreed upon launch date as

20  required by the underlying contract.  Maritz's failure to launch commercial operations by the

21  launch date constituted a material breach of the underlying contract.

22      35.   As a separate breach, Maritz failed to ever provide a product that met the

23  underlying contract's requirements.

24      36.   Maritz breaches of the underlying contract are not excused.

25      37.   As a direct result of Maritz's breaches of the underlying contract, Visa has

26  incurred substantial damages in an amount to be proven at trial but far in excess of this Court's

27  jurisdictional limit.

28      WHEREFORE, Visa prays for relief as set forth below.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400                      – 7 –                    2182\1376525.1

                        COMPLAINT TO COMPEL ARBITRATION

### THIRD CAUSE OF ACTION
#### (Negligence)

38.    Visa incorporates by reference the allegations contained in paragraphs 1 through 37 as though fully set forth herein. Visa brings this claim for negligence alternatively and only if Visa's request that the Letter Agreement be enforced is denied.

39.    At all times relevant to this dispute, Maritz was obligated to abide by a certain standard of care in that Maritz held itself out to Visa as an expert in the relevant field and Visa relied upon and trusted in Maritz's represented expertise and ability.

40.    Maritz breached this duty of care.  These breaches include, but are not limited to the following:

    a.    Maritz failed to inform Visa of any issues that could or would prevent Maritz from successfully launching commercial operations on the agreed upon launch date;

    b.    Maritz incorrectly and negligently represented that it would be able to develop and launch a product that satisfied Visa's business requirements on or before the agreed upon launch date;

    c.    Maritz negligently failed to comply with industry standards regarding software development;

    d.    Maritz negligently failed to test its product adequately before releasing it for launch.

41.    As a direct and proximate result of Maritz's gross negligence, Visa has suffered significant damages in an amount to be proven at trial, but in any event, far in excess of $75,000.

WHEREFORE, Visa prays for damages in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION
#### (Injunctive Relief)

42.    Visa incorporates by reference the allegations of paragraphs 1 through 41 as though fully set forth herein.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

- 8 -

21823\1376525.1

COMPLAINT TO COMPEL ARBITRATION

11619651.tif – 11/16/2007 10:15.52 AM

1    43.    Pursuant to the underlying contract, Maritz has a duty to archive and escrow data

2    that Visa may be required to maintain by regulators.

3    44.    Visa has requested that Maritz honor its obligations with respect to archiving,

4    purging and escrowing the data Visa may be required to maintain.

5    45.    Although Maritz has refused to confirm that it will honor those obligations, Visa is

6    informed and believes and thereon alleges that Maritz continues to possess the data in breach of

7    its obligations in the underlying agreement.

8    46.    Maritz's failure to honor its obligations to escrow and archive the data threatens to

9    cause irreparable harm to Visa, insofar as Visa may have a regulatory duty with respect to such

10   information.

11   47.    The potential damages that could result if Maritz continues to breach its

12   obligations to escrow and archive the data would be difficult if not impossible to assess. Thus,

13   monetary damages would likely be inadequate to address the harm Visa may suffer from such a

14   failure.

15   48.    Therefore the only remedy that will preserve Visa's rights is an order from this

16   Court providing for injunctive relief enforcing an arbitration award, or in the alternative, an order

17   of the Court that will preserve Visa's rights and compel Maritz to carry out its obligations to

18   escrow and archive the data in question.

19   WHEREFORE, Visa prays for relief as set forth below.

20                              **PRAYER FOR RELIEF**

21   Visa requests the following relief:

22   On the First Cause of Action:

23   49.    For an Order compelling Maritz to arbitrate pursuant to the Letter Agreement.

24   On the Second and Third Causes of Action:

25   These claims are asserted in the alternative to the First Cause of Action and only if Visa's

26   request that Maritz be compelled to arbitrate pursuant to the Letter Agreement is denied.

27   1.    For damages in an amount to be proven at trial;

28   2.    For liquidated damages pursuant to the underlying contract; and

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

-9-                                             21823\1376535.1

COMPLAINT TO COMPEL ARBITRATION

11519661.tif - 11/16/2007 10:16:52 AM

1      3.    For interest as provided by law.

2      On the Fourth Cause of Action:

3      4.    For a preliminary and permanent injunction, either to aid in the arbitration or

4      directly, compelling Maritz to escrow and archive the data in question.

5      On all Causes of Action:

6      1.    For costs incurred in this action; and

7      2.    For such other and further relief as the Court may deem just and proper.

8

9      DATED: November 2, 2007                    FARELLA BRAUN & MARTEL LLP

10

11                                               By: _____
                                                         Roderick M. Thompson
12
                                                 Attorneys for Plaintiff
13                                               VISA U.S.A. INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

- 10 -                                         21823\1376525.1

COMPLAINT TO COMPEL ARBITRATION

11616551.01 - 11/18/2007 10:15:52 AM

1    **DEMAND FOR JURY TRIAL**

2          In the alternative, if the motion to compel arbitration is denied in whole or in part,

3    Plaintiff Visa U.S.A. Inc. hereby demands a trial by jury.

4

5    DATED: November 2, 2007                    FARELLA BRAUN & MARTEL LLP

6

7                                              By: _____
                                                   Roderick M. Thompson
8
                                               Attorneys for Plaintiff
9                                              VISA U.S.A. INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

- 11 -                    21823\1376525.1

COMPLAINT TO COMPEL ARBITRATION

11619651.M - 11/16/2007 10:15:52 AM

# EXHIBIT A

11819851.97 - 11/18/2007 10:15:52 AM

**FARELLA BRAUN + MARTEL** LLP
Attorneys At Law

Russ Building / 235 Montgomery Street
San Francisco / CA 94104

T 415.954.4400 / F 415.954.4480
www.fbm.com

RODERICK M. THOMPSON
rthompson@fbm.com
D 415.954.4445

July 9, 2007

*Via Fax and U.S. Mail*
Fax: 636-827-5486

Steven M. Gallant
Associate General Counsel
Maritz Inc.
1375 N. Highway Dr.
Fenton, MO 63099

Re:    Master Services Agreement dated April 17, 2006 (the "Agreement") between
       Visa U.S.A. Inc. and Maritz Inc. *d/b/a* Maritz Loyalty Marketing

Dear Steve:

This follows up on our telephone conversation of July 5, 2007. We agreed that our clients' respective claims for damages resulting from alleged breaches of the Agreement and related claims will all be resolved outside of court. In particular, we agreed to the dispute resolution framework set out below.[1]

First Stage: Direct negotiations for a period of 30 days. For example, assuming that negotiations begin by July 30, 2007, we agreed that they would conclude on August 30, 2007. As to the tentatively scheduled July 12 meeting, Visa prefers to have counsel attend and, therefore, the meeting must be rescheduled since you cannot attend. Visa's business representatives will be in touch with their Maritz counterparts to reschedule.

Second Stage: Mediation, before a mutually acceptable mediator at a location to be agreed and to be conducted within 60 days thereafter.

Third Stage: Binding arbitration pursuant to the AAA Commercial Rules. Subject only to the schedules of the arbitrators, the hearing must be commenced within 90 days after the conclusion of the mediation process. The arbitration will allow for only limited discovery and a

---

[1] While we both understand that further details on the dispute resolution process will need to be worked out between us if the dispute is not resolved in the first stage, our clients intend to be bound by this agreement to resolve all disputes outside of court. To the extent they are unable to agree on any aspect of the procedure, such disagreement will be resolved by the applicable rules and procedures of the American Arbitration Association ("AAA").

11619661.fif - 11/16/2007 10:16:52 AM

Steven M. Gallant
July 9, 2007
Page 2

streamlined schedule. (Although we did not discuss these details, Visa would prefer three neutral arbitrators and baseball or high-low arbitration; I will send you a draft agreement for review under separate cover.)

Please confirm Maritz' agreement to the foregoing by countersigning in the space provided below. We appreciate your courtesy and cooperation.

Very truly yours,

Roderick M. Thompson

SO AGREED.

By:
On behalf of Maritz, Inc.

Dated: Nov 16        2007

RMT:avd

21823/1591499.1

**FARELLA BRAUN + MARTEL** LLP

Attorneys At Law

Russ Building / 235 Montgomery Street
San Francisco / CA 94104

RODERICK M. THOMPSON
rthompson@fbm.com
D 415.954.4445

T 415.954.4400 / F 415.954.4480
www.fbm.com

November 20, 2007

*Via E-mail and Facsimile*
*cantun@adr.org; (559-490-1919)*

Norma Cantu
American Arbitration Association
6795 North Palm Ave., 2nd Floor
Fresno, CA  93704

Re: 74 117 01325 07 NOCA *Visa USA v. Maritz*

Dear Ms. Cantu:

This responds to Mr. Weiss' letter to you of November 16, 2007 (sent by U.S. mail) responding to your letter to the parties dated November 9, 2007 (posted on the AAA Webfile and available to the parties on that date, and apparently faxed to Mr. Weiss at his request on November 15) concerning the captioned arbitration.

Mr. Weiss is mistaken in asserting that by filing a lawsuit to compel arbitration in U.S. district court in San Francisco that Visa "has elected" to have the Court determine arbitrability. Visa's complaint requests the Court to compel respondent Maritz Inc. to participate in the arbitration. While Mr. Weiss' client, respondent Maritz Inc., has taken the "position that there is no valid and enforceable" agreement, that issue is subject to arbitration by the appointed panel. *See Buckeye Check Cashing Inc. v. Cardegna* (2006), 546 U.S. 440, 449. Further, because the parties agreed to resolve their disputes under the "applicable rules and procedures of the American Arbitration Association," they agreed that the arbitrator would determine all questions of arbitrability. *See e.g., Contec Corp. v. Remote Solution Co., Ltd.*, 398 F.3d 205, 208 (2d Cir. 2005) (finding that incorporation of the American Arbitration Association Rules "serves as clear and unmistakable evidence of the parties' intent to delegate such issues to an arbitrator").

Visa will shortly ask the Court to compel arbitration and to allow the arbitrator to rule on Maritz jurisdiction challenge.

In any event, we are aware of no authority by which Maritz may unilaterally stop the arbitration process. We therefore respectfully request that the American Arbitration Association proceed with the process of appointing a panel in accordance with its rules, with or without the participation of respondent Maritz.



Norma Cantu
November 20, 2007
Page 2

We appreciate your courtesy and attention. Please let me know should you have any questions.

Very truly yours,

Roderick M. Thompson

RMT:avd

cc:    Charles A. Weiss

21823\1388734.1



Charles A. Weiss
Direct: (314) 259-2215
cweiss@bryancave.com

November 16, 2007

Norma Cantu
American Arbitration Association
6795 North Palm Ave., 2nd Floor
Fresno, CA  93704

Re:    Your Letter dated November 9, 2007; Visa/Maritz matter

Dear Ms. Cantu:

This is in response to your letter dated November 9, 2007 which I received on November 15 by Fax.  It is Maritz's position that there is no valid and enforceable arbitration agreement between Visa and Maritz, and that the AAA has no jurisdiction in this matter.

Further, there is no arbitration agreement that would empower arbitrators to determine the validity or enforceability of any arbitration agreement.

For your information, Visa has filed suit in federal district court San Francisco to compel arbitration and thus has elected to have the federal district court determine the arbitrability issue.

In short, Maritz's position is there is no enforceable arbitration agreement between the Visa, and Maritz objects to any arbitration occurring and also to the locale requested by Visa.

Sincerely,

Charles A. Weiss

CAW/sms

cc:    Roderick Thompson

Bryan Cave LLP
One Metropolitan Square
211 North Broadway
Suite 3600
St. Louis, MO 63102-2750
Tel (314) 259-2000
Fax (314) 259-2020
www.bryancave.com

Chicago
Hong Kong
Irvine
Jefferson City
Kansas City
Kuwait
Los Angeles
New York
Phoenix
Shanghai
St. Louis
Washington, DC

And Bryan Cave,
A Multinational Partnership,

London

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

**COMMERCIAL ARBITRATION RULES**
**DEMAND FOR ARBITRATION**

*RECEIVED NOV -- 2007 AAA-SF*

| **MEDIATION:** *If you would like the AAA to contact the other parties and attempt to arrange a mediation, please check this box.* ☐ *There is no additional administrative fee for this service.* ||||||||
|---|---|---|---|---|---|---|---|
| Name of Respondent <br> Maritz Inc., d/b/a Maritz Loyalty Marketing |||| Name of Representative (if known) <br> Charles A. Weiss ||||
| Address <br> 1375 N. Highway Drive |||| Name of Firm (if applicable) <br> Bryan Cave LLP ||||
| |||| Representative's Address <br> One Metropolitan Square, 211 North Broadway, Suite 3600 ||||
| City <br> Fenton | State <br> MO | Zip Code <br> 63099- || City <br> St. Louis | State <br> MO | Zip Code <br> 63102-2750 ||
| Phone No. | | Fax No. || Phone No. <br> (314) 259-2215 || Fax No. <br> (314) 552-8215 ||
| Email Address: ||| | Email Address: <br> casweiss@bryancave.com ||||

The named claimant, a party to an arbitration agreement dated ___July 9, 2007___, which provides for arbitration under the Commercial Arbitration Rules of the American Arbitration Association, hereby demands arbitration.

THE NATURE OF THE DISPUTE
Determination of the validity of agreement to arbitrate dispute over software contract and related claims, and determination of procedures to be used in arbitration. Once arbitration procedures are established, Visa will submit its amount of claim on the merits to be arbitrated.

| Dollar Amount of Claim $ | Other Relief Sought: ☐ Attorneys Fees  ☒ Interest <br> ☒ Arbitration Costs  ☐ Punitive/ Exemplary  ☐ Other ___ |
|---|---|

AMOUNT OF FILING FEE ENCLOSED WITH THIS DEMAND (please refer to the fee schedule in the rules for the appropriate fee) $3,250.00

PLEASE DESCRIBE APPROPRIATE QUALIFICATIONS FOR ARBITRATOR(S) TO BE APPOINTED TO HEAR THIS DISPUTE:

Hearing locale ___San Francisco___   (check one) ☒ Requested by Claimant   ☐ Locale provision included in the contract

| Estimated time needed for hearings overall: <br> ___ hours or __2__ days | Type of Business:  Claimant ___Payment Card Provider___ <br> Respondent ___Loyalty Program Provider___ |
|---|---|

Is this a dispute between a business and a consumer? ☐Yes ☒ No  Does this dispute arise out of an employment relationship? ☐ Yes ☒ No

If this dispute arises out of an employment relationship, what was/is the employee's annual wage range?  Note: This question is required by California law. ☐Less than $100,000  ☐ $100,000 - $250,000  ☐ Over $250,000

You are hereby notified that copies of our arbitration agreement and this demand are being filed with the American Arbitration Association's Case Management Center, located in (check one)  ☐ Atlanta, GA  ☐ Dallas, TX  ☐ East Providence, RI  ☒ Fresno, CA  ☐ International Centre, NY, with a request that it commence administration of the arbitration.  Under the rules, you may file an answering statement within fifteen days after notice from the AAA.

| Signature (may be signed by a representative)  Date: <br> *[signature]*  Nov. 2nd, 2007 | Name of Representative <br> Roderick M. Thompson |
|---|---|
| Name of Claimant <br> VISA U.S.A. Inc. | Name of Firm (if applicable) <br> Farella Braun + Martel LLP |
| Address (to be used in connection with this case) <br> P.O. Box 194607 | Representative's Address <br> 235 Montgomery Street |
| City | State | Zip Code | City | State | Zip Code |

<br>


| Name of Claimant <br> VISA U.S.A. Inc. | Name of Firm (if applicable) <br> Farella Braun + Martel LLP |
|---|---|
| Address (to be used in connection with this case) <br> P.O. Box 194607 | Representative's Address <br> 235 Montgomery Street |

| City <br> San Francisco | State <br> CA | Zip Code <br> 94119-4607 | City <br> San Francisco | State <br> CA | Zip Code <br> 94104- |
|---|---|---|---|---|---|
| Phone No. | | Fax No. | Phone No. <br> (415) 954-4445 | | Fax No. <br> (415) 954-4480 |
| Email Address: | | | Email Address: <br> rthompson@fbm.com | | |

To begin proceedings, please send two copies of this Demand and the Arbitration Agreement, along with the filing fee as provided for in the Rules, to the AAA.  Send the original Demand to the Respondent.

Please visit our website at www.adr.org if you would like to file this case online.  AAA Customer Service can be reached at 800-778-7879

 FARELLA BRAUN + MARTEL LLP

Attorneys At Law

Russ Building / 235 Montgomery Street
San Francisco / CA 94104

T 415.954.4400 / F 415.954.4480
www.fbm.com

RODERICK M. THOMPSON
rthompson@fbm.com
D 415.954.4445

July 9, 2007

*Via Fax and U.S. Mail*
Fax: 636-827-5485

Steven M. Gallant
Associate General Counsel
Maritz Inc.
1375 N. Highway Dr.
Fenton, MO 63099

Re:    Master Services Agreement dated April 17, 2006 (the "Agreement") between
       Visa U.S.A. Inc. and Maritz Inc., d/b/a Maritz Loyalty Marketing

Dear Steve:

This follows up on our telephone conversation of July 5, 2007. We agreed that our clients' respective claims for damages resulting from alleged breaches of the Agreement and related claims will all be resolved outside of court. In particular, we agreed to the dispute resolution framework set out below.[1]

First Stage:  Direct negotiations for a period of 30 days. For example, assuming that negotiations begin by July 30, 2007, we agreed that they would conclude on August 30, 2007. As to the tentatively scheduled July 12 meeting, Visa prefers to have counsel attend and, therefore, the meeting must be rescheduled since you cannot attend. Visa's business representatives will be in touch with their Maritz counterparts to reschedule.

Second Stage:  Mediation, before a mutually acceptable mediator at a location to be agreed and to be conducted within 60 days thereafter.

Third Stage:  Binding arbitration pursuant to the AAA Commercial Rules. Subject only to the schedules of the arbitrators, the hearing must be commenced within 90 days after the conclusion of the mediation process. The arbitration will allow for only limited discovery and a

---

[1] While we both understand that further details on the dispute resolution process will need to be worked out between us if the dispute is not resolved in the first stage, our clients intend to be bound by this agreement to resolve all disputes outside of court. To the extent they are unable to agree on any aspect of the procedure, such disagreement will be resolved by the applicable rules and procedures of the American Arbitration Association ("AAA").



Steven M. Gallant
July 9, 2007
Page 2

streamlined schedule.  (Although we did not discuss these details, Visa would prefer three
neutral arbitrators and baseball or high-low arbitration; I will send you a draft agreement for
review under separate cover.)

Please confirm Maritz' agreement to the foregoing by countersigning in the space
provided below.  We appreciate your courtesy and cooperation.

Very truly yours,

Roderick M. Thompson

SO AGREED.

By:

On behalf of Maritz, Inc.

Dated: _____, 2007

RMT:avd

2182A1291499.1

# FARELLA BRAUN + MARTEL LLP

Attorneys At Law

Russ Building / 235 Montgomery Street
San Francisco / CA 94104

**RODERICK M. THOMPSON**
rthompson@fbm.com
D 415.954.4445

T 415.954.4400 / F 415.954.4480
www.fbm.com

December 10, 2007

*Via Federal Express and Facsimile*

Eric P. Tuchmann
General Counsel and Corporate Secretary
American Arbitration Association
1633 Broadway, 13th Floor
New York, NY 10019-6708

      Re:    74 117 01325 07 NOCA *Visa USA v. Maritz*

Dear Mr. Tuchmann:

      We represent the claimant, Visa U.S.A. Inc. in the captioned arbitration. This responds to the ill-advised letter to you dated December 7 from counsel for Respondent, Maritz, Inc., Mr. Weiss, with lengthy (but selected) enclosures.

      Briefly, Visa instituted the arbitration on November 2, 2007, seeking a determination of the validity of a Letter Agreement to arbitrate before the American Arbitration Association ("AAA") and a determination of the procedures to be used in that arbitration. After Maritz refused to participate in the arbitration and challenged the AAA's jurisdiction, Visa was forced to file a complaint in the U.S. District Court in San Francisco on November 20, 2007, among other things, seeking to compel arbitration. In the meantime, AAA Western Case Management Center in Fresno considered the parties arguments and properly and appropriately decided to proceed with the arbitration.

      On November 30, 2007, after "carefully review[ing] the positions and contentions of the parties as set forth in their correspondence," the AAA concluded that "The claimant has met the filing requirements of the rules by filing a demand for arbitration providing for administration by the American Arbitration Association under its rules." That letter, which was curiously omitted from the lengthy attachments to Mr. Weiss' letter of December 7, 2007, considered and rejected the arguments now repeated again by Mr. Weiss. A copy of the AAA's November 30, 2007 letter to the parties, without attachments, is attached for your convenience.

      Mr. Weiss' December 7, 2007 letter, in short, is an unfortunate effort to "go over the head" of a decision reached by the Western Case Management Center. We respectfully suggest that such a "backdoor" attempt to gain reconsideration is not authorized by any AAA rules or



Eric P. Tuchmann
December 10, 2007
Page 2

procedures and must be rejected outright.  If your office decides to consider Mr. Weiss' request for reconsideration on its merits, we request an opportunity to be heard.

I regret that you have been burdened with what should have been a non-issue.  Please let me know if you have any questions

Very truly yours,

Roderick M. Thompson

RMT:avd

Enclosure

cc:    Norma Cantu, Western Case Management Center
          (w/copy of Weiss letter to Tuchmann of December 7, 2007, w/out encs.)

21823\1403017.1



Charles A. Weiss
Direct: (314) 259-2215
cweiss@bryancave.com

December 7, 2007

**VIA FEDEX**

Mr. Eric P. Tuchmann
General Counsel and Corporate
Secretary
American Arbitration Association
1633 Broadway, 13th Floor
New York, NY 10019-6708

Dear Mr. Tuchmann:

I am writing you to call to your attention a matter relating to the jurisdiction of the American Arbitration Association to proceed with an improper and invalid arbitration demand by Visa USA against Maritz Inc. We represent Maritz.

Because this is a serious and significant issue, we are calling this to your attention.

For your information, I am enclosing a letter dated today to Ms. Cantu as well as previous correspondence. As you can see, this matter was initiated by Visa in the Federal district court in San Francisco, and that court will determine whether or not the parties will have to arbitrate Visa's claims. The AAA should not proceed in this matter until the issue of whether or not the arbitration provision in the July 9, 2007 letter is enforceable and determined in the litigation before Federal district court.

In addition, Visa has attempted to submit the matter to the AAA without submitting a demand for arbitration of its claims and has failed to pay the required initial filing fees.

We hope you will review the applicable law and will direct the Fresno office not to proceed with this arbitration until the issue of arbitrability is determined in the Federal district court case.

Bryan Cave LLP
One Metropolitan Square
211 North Broadway
Suite 3600
St. Louis, MO 63102-2750
Tel (314) 259-2000
Fax (314) 259-2020
www.bryancave.com

Chicago
Hong Kong
Irvine
Jefferson City
Kansas City
Kuwait
Los Angeles
New York
Phoenix
Shanghai
St. Louis
Washington, DC

*And Bryan Cave,*
*A Multinational Partnership,*
London

Mr. Eric P. Tuchmann
December 7, 2007
Page 2

**Bryan Cave LLP**

If you have any questions whatsoever, please let me know.

Sincerely,

Charles A. Weiss
Attorney for Maritz, Inc.

cc:    Rod Thompson

2751611.1