MANATT, PHELPS & PHILLIPS, LLP
RONALD S. KATZ (California Bar No. 085713)
E-mail: rkatz@manatt.com
RYAN S. HILBERT (California Bar No. 210549)
E-mail: rhilbert@manatt.com
1001 Page Mill Road, Building 2
Palo Alto, CA 94304-1006
Telephone: (650) 812-1300
Facsimile: (650) 213-0260

Attorneys for Defendant and Counter-Claimant
MARITZ INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VISA U.S.A. INC., <br><br> Plaintiff, <br><br> vs. <br><br> MARITZ INC. d/b/a MARITZ LOYALTY MARKETING, <br><br> Defendant. | CIVIL ACTION NO. C07-5585 JSW <br><br> *EX PARTE* APPLICATION BY MARITZ INC. FOR AN ORDER SHORTENING TIME OR, IN THE ALTERNATIVE, FOR AN ORDER TEMPORARILY STAYING ARBITRATION |
| AND RELATED COUNTERCLAIMS | |

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

*EX PARTE* APPLICATION FOR ORDER
SHORTENING TIME OR STAYING ARBITRATION
CASE NO. C07-5585 JSW

Pursuant to Civil Local Rules 6-3, 7-10 and 7-11, Defendant and Counterclaimant Maritz Inc. d/b/a Maritz Loyalty Marketing ("Maritz") hereby applies *ex parte* for an Order expediting this matter so that a hearing can occur by no later than next Friday, January 11, 2008, or, in the alternative, for an Order temporarily staying the arbitration proceeding instituted by Plaintiff and Counterclaim Defendant Visa USA Inc. ("Visa") until the Court has had an opportunity to rule on Maritz's currently-pending Motion to Stay Arbitration Pending Determination of Arbitrability ("Motion" or "Motion to Stay").  Otherwise, the Court's jurisdiction will be usurped, at least temporarily, and Maritz will be greatly prejudiced.

Maritz filed its Motion on December 20, and the Court issued an Order setting forth the briefing schedule for the Motion on December 21.  Rather than await the Court's decision on this matter, Visa has continued to urge the American Arbitration Association ("AAA") to move forward with the arbitration, even going so far as to object to Maritz's recent request for an extension of the deadline by which Maritz must select an arbitrator.  Because Visa has indicated that it intends to proceed with the arbitration as expeditiously as possible, and because Maritz will be prejudiced unless this Court can hear Maritz's Motion on or before the January 11, 2008 deadline by which Maritz must select an arbitrator, Maritz respectfully requests that the Court expedite the briefing schedule and hearing for Maritz's Motion.  In the alternative, in order not to unduly compress the time for the Court to deliberate, Maritz respectfully requests that the Court temporarily stay the arbitration at least until it can rule on Maritz's pending Motion to Stay.

**I.    BACKGROUND FACTS**

On November 2, 2007, Visa filed a demand for arbitration with the AAA.  That same day, Visa commenced this action against Maritz seeking tens of millions of dollars in damages as a result of Maritz's alleged breach of the parties' April 2006 Master Services Agreement ("MSA"), and related claims.  Visa has since insisted that the parties arbitrate their respective claims despite the allegation that Maritz was fraudulently induced to agree to arbitrate in the first place, an allegation which must be adjudicated by this Court.

In the two-week period between November 26, 2007 and December 10, 2007, Maritz sent four letters to the AAA – including one to the AAA's General Counsel – urging it to suspend the

1  arbitration until this Court has had an opportunity to determine the threshold issue of
2  arbitrability. In these letters, Maritz informed the AAA of the fraudulent behavior of Visa in
3  inducing Maritz to agree to arbitrate. Maritz also provided the AAA with black-letter law making
4  clear that, where there is a challenge to the arbitration provision on the grounds that it was
5  fraudulently induced, the threshold issue of arbitrability must be adjudicated by the courts, not by
6  the AAA. These four letters, dated November 26, December 7 (two) and December 10, are
7  collectively attached as Exhibit A to the Declaration of Ryan S. Hilbert ("Hilbert Declaration").

8  Notwithstanding Maritz's numerous letters, the AAA wrote to the parties on December
9  13, 2007 and informed them that "in the absence [of] the agreement of the parties or a court order
10 staying this matter, the Association will proceed with administration pursuant to the Rules [of the
11 AAA]." This letter is attached as Exhibit B to the Hilbert Declaration. Visa steadfastly refused
12 (and continues to refuse) to stay the arbitration. Accordingly, in response to the AAA's
13 December 13 letter, Maritz filed its Motion to Stay on December 20, and noticed the hearing for
14 February 8, the first available date on the Court's calendar.

15 The same day that Maritz filed its Motion to Stay, December 20, the AAA informed the
16 parties that the hearing for the arbitration would occur in San Francisco, California, where Visa is
17 located. The AAA also instructed the parties to select an arbitrator by January 4, 2008. This
18 letter is attached as Exhibit C to the Hilbert Declaration.

19 Since receiving the AAA's December 20 letter, Maritz has worked diligently to forestall
20 the deadline by which it must select an arbitrator so that it will not be prejudiced. On December
21 26, Maritz responded to the AAA's December 20 letter and informed the AAA of Maritz's then-
22 pending Motion to Stay and this Court's briefing schedule (a copy of which was provided).
23 Because it would be prejudicial for Maritz to be forced to select an arbitrator for an arbitration it
24 does not believe should occur in the first place, Maritz also asked the AAA to stay the arbitration
25 at least until this Court has had an opportunity to rule on Maritz's Motion to Stay. This letter is
26 attached as Exhibit D to the Hilbert Declaration.

27 On December 27, Visa responded to Maritz's December 26 letter and urged the AAA to
28 disregard Maritz's letter. Visa disingenuously and baselessly suggested that Maritz filed its

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

2

*EX PARTE* APPLICATION FOR ORDER
SHORTENING TIME OR STAYING ARBITRATION
CASE NO. C07-5585 JSW

1  Motion only as retaliation to the AAA's decision to hold the arbitration hearing in San Francisco.
2  Visa also falsely suggested that Maritz was trying to delay the proceedings by noticing its Motion
3  for February 8 instead of the standard 35-day notice period, even though Visa knew that this
4  Court was unavailable on January 25 and February 1.  Unsurprisingly, Visa once again urged the
5  AAA to move forward with the arbitration.  Visa's December 27 letter is attached as Exhibit E to
6  the Hilbert Declaration

7  On December 28, Maritz sent a follow-up letter to the AAA asking that it extend the
8  deadline by which Maritz must select an arbitrator pursuant to Rule 38 of the AAA's Commercial
9  rules.  Rule 38 states in relevant part: "The AAA or the arbitrator may for good cause extend any
10 period of time established by these rules, except the time for making the award."  Later that same
11 day, Visa responded to Maritz's letter by instructing the AAA to disregard even Maritz's request
12 for an extension of time.  The parties' December 28 letters are attached collectively as Exhibit F
13 to the Hilbert Declaration.

14 In an e-mail dated December 31, 2007, attached as Exhibit G to the Hilbert Declaration,
15 counsel for Maritz informed counsel for Visa that this *ex parte* application would be filed today.

16 On January 2, 2008, the AAA finally responded to Maritz's request for a stay, or, in the
17 alternative, for an extension of time.  Counsel for Maritz was told over the phone by the AAA
18 that it could not issue a stay absent an Order from this Court, but that the deadline for Maritz to
19 select an arbitrator would be moved from January 4 to January 11, 2008.  The AAA was willing
20 to give Maritz additional time, but counsel for Visa refused to agree to any more time.  Even
21 though this extension – which is far less than what Maritz originally asked for – affords Maritz
22 temporary relief, Maritz is still required to select an arbitrator by no later than next Friday and
23 approximately one month before its Motion to Stay will even be heard.

24 **II.    ARGUMENT**

25 **A.    Good Cause Exists for Maritz's Request.**

26 Maritz has been informing the AAA since at least as early as November 16, 2007 that any
27 alleged agreement to arbitrate between Visa and Maritz was procured by fraud, and that the AAA
28 does not have jurisdiction to arbitrate this matter.  As explained in Maritz's Motion to Stay,

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

3

*EX PARTE* APPLICATION FOR ORDER
SHORTENING TIME OR STAYING ARBITRATION
CASE NO. C07-5585 JSW

overwhelming precedent – including the recent Supreme Court case of *Buckeye Check Cashing Inc. v. Cardegna,* 546 U.S. 440, 445 (2006) – requires that this Court first adjudicate Maritz's fraud claim regarding the arbitration before this matter can proceed to arbitration. In fact, only after the Court makes this threshold determination can it (not the arbitrator) determine whether there exists "clear and unmistakable" evidence that the parties intended for the arbitrator to determine arbitrability.

The more the AAA proceeds with the arbitration absent the Court's ruling on arbitrability, the more the AAA not only prejudices Maritz, but also risks needlessly multiplying the proceedings and creating inconsistent rulings on gateway issues expressly reserved for this Court. Maritz has already filed a Motion to Stay the arbitration proceedings in order to prevent this from happening. However, given the AAA's and Visa's continued insistence on moving forward with the arbitration despite this Motion, and in light of the rapid rate at which the proceedings are moving, it is quite possible that an arbitrator will be selected and will improperly issue a ruling on the arbitrability of the parties' dispute – an issue which the Supreme Court has said must be decided by this Court, not an arbitrator – before Maritz's Motion to Stay can even be heard. The only way to effectively stop this from occurring and to preserve the status quo is for this Court to expedite Maritz's Motion or temporarily stay the arbitration pending resolution of Maritz's Motion.

**B.    Maritz Is And Will Continue To Be Prejudiced Until The Arbitration Proceeding Is Stayed.**

Despite Maritz's numerous letters to the AAA and Visa, the AAA has already determined that the location of the arbitration will be San Francisco, California where Visa is located. (Even though Maritz informed the AAA that it was premature to determine a location in light of the issues above, Maritz was forced to submit a letter to the AAA on this issue lest it waive its rights.) Moreover, on December 20, the AAA instructed the parties to agree on an arbitrator by no later than January 4, 2008 (since orally moved to January 11), or to exclude possible names so that the AAA could decide. Each day the arbitration proceeding is allowed to proceed notwithstanding Maritz's pending Motion to Stay is another day Maritz risks having the AAA make an irrevocable

1  decision on important procedural matters. Indeed, unless the Court agrees to expedite this matter
2  so that it can be heard by no later than next Friday, January 11, Maritz will be prejudiced by
3  having to select an arbitrator for an arbitration it claims and is entitled to show is invalid. Maritz
4  should not have to expend valuable time and resources participating in what this Court may
5  ultimately agree is an invalid arbitration proceeding. On the other hand, if Maritz does not
6  participate in the arbitration while awaiting the Court's decision, Maritz risks waiving its rights.

        **C.**    **Visa Would Not Be Prejudiced If Maritz's Motion Was Expedited Or The Arbitration Proceeding Was Temporarily Stayed.**

Unlike Maritz, Visa will not be prejudiced if the Court was to expedite Maritz's Motion or temporarily stay the arbitration pending a resolution on Maritz's Motion to Stay. Visa has already dealt with similar issues in the Motion to Compel Arbitration it filed when this case was pending before Magistrate Judge Zimmerman. Moreover, Visa has not and cannot set forth a plausible basis as to why the arbitration of a commercial dispute over money damages must occur immediately or, in any event, before Maritz's Motion to Stay has been resolved. On the contrary, expeditious treatment of Maritz's Motion would actually *benefit* Visa by allowing the parties to resolve the stay issue once and for all as soon as possible. Even a temporary stay of the arbitration would benefit Visa as it would allow Visa to conserve time and resources it would otherwise spend on an arbitration that may or may not occur in the long run. A temporary stay would even allow Visa to focus its attention on its matters pending before this Court on the current schedule, including Visa's January 11, 2008 Opposition to Maritz's Motion and Visa's response to Maritz's Counterclaim against Visa.

**III.   CONCLUSION**

Visa's actions are intended to and will cause this Court's jurisdiction to be usurped, at least temporarily, and cause Maritz to be prejudiced. There is absolutely no reason why the already-reasonable briefing schedule of this Court should be pre-empted by a commercial arbitration for damages that has been alleged to have been fraudulently induced. Unless this Court can expedite Maritz's Motion substantially, a temporary stay of the arbitration is the most effective method to preserve the Court's jurisdiction and to prevent Maritz from being prejudiced.

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

5

*EX PARTE* APPLICATION FOR ORDER
SHORTENING TIME OR STAYING ARBITRATION
CASE NO. C07-5585 JSW

| | | |
|---|---|---|
| 1 | Dated: January 2, 2008 | MANATT, PHELPS & PHILLIPS, LLP |
| 2 | | |
| 3 | | By: /s/ Ryan S. Hilbert |
| | | Ronald S. Katz (SBN 085713) |
| | | Ryan S. Hilbert (SBN 210549) |
| 4 | | MANATT, PHELPS & PHILLIPS, LLP |
| | | 1001 Page Mill Road, Building 2 |
| 5 | | Palo Alto, CA 94304-1006 |
| | | Telephone:     (650) 812-1300 |
| 6 | | Facsimile:     (650) 213-0260 |
| | | *Attorneys for Defendant and Counter-Claimant* |

20194467.1

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

6

*EX PARTE* APPLICATION FOR ORDER
SHORTENING TIME OR STAYING ARBITRATION
CASE NO. C07-5585 JSW