IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISA U.S.A. INC.,<br><br>            Plaintiff,<br><br>     vs.<br><br>MARITZ INC., d/b/a MARITZ LOYALTY MARKETING,<br><br>            Defendant. | Case No. CV-07-5585 JSW<br><br>**[PROPOSED] ORDER GRANTING VISA U.S.A INC.'S MOTION TO STAY ACTION AND TO COMPEL ARBITRATION**<br><br>Date:  February 8, 2008<br>Time:  9:00 a.m.<br>Courtroom:  2 (17th Floor)<br>Hon. Jeffrey S. White |

Now before the Court is Plaintiff, Visa U.S.A. Inc's ("Visa's") motion to stay the above-captioned case and to compel Defendant Maritz Inc. d/b/a Maritz Loyalty Marketing ("Maritz") to arbitrate the claims arising from the Parties' underlying contract. Having carefully reviewed the submissions of the Parties, and considered the arguments of counsel, and the relevant legal authority, and good cause appearing, Plaintiff's motion is hereby GRANTED.

**BACKGROUND**

The Parties entered into a software-related agreement in April 2006, under which Maritz was obligated to provide a software product to Visa. Certain disputes arose between the parties regarding their respective performance pursuant to this April 2006 agreement. In April 2007, Visa terminated Maritz. The Parties entered into a Letter Agreement in July 2007, in which they

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

[PROPOSED] ORDER GRANTING VISA U.S.A INC.'S MOTION TO
STAY ACTION AND TO COMPEL ARBITRATION
Case No. CV-07-5585 JSW

21823\1419332.1

1  agreed to engage in a three-tiered dispute resolution process consisting of negotiation, mediation,
2  and binding arbitration. After the parties signed the dispute resolution agreement, however,
3  Maritz claimed that the Letter Agreement was invalid and unenforceable, because Visa did not
4  disclose the magnitude of its claims prior to the execution of the Letter Agreement.

5  On November 2, 2007, Visa filed the present action requesting the Court to compel Maritz
6  to arbitrate or, in the alternative, to issue a ruling on the merits of its underlying breach of
7  contract claims. In response, Maritz filed an answer and counterclaims against Visa. Visa's
8  present motion before the Court seeks to stay both its claims and Maritz's counterclaims pending
9  arbitration. Visa further requests the Court to compel Maritz to submit to arbitration on the
10 ground that United States Supreme Court precedent and the Letter Agreement itself provide that
11 any invalidity challenges should be heard by the arbitrator. For the reasons stated below, this
12 Court agrees.

## ANALYSIS

Under the Federal Arbitration Act, an agreement to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Where a party challenges the validity of the underlying contract as a basis for refusing to arbitrate, that challenge must go to the arbitrator. *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 449 (2006). Where a party asserts that the arbitration provision itself is invalid, however, the Court must decide the issue of enforceability. *Id.*

Visa asserts that Maritz's invalidity challenge is to the entire Letter Agreement. Maritz counters that it only disputes the validity of the arbitration provision in the Letter Agreement. Although Maritz has styled its argument as a challenge solely to the arbitration provision of the Letter Agreement, the contemporaneous correspondence between Maritz and Visa demonstrates that Maritz's invalidity challenge is directed to the Letter Agreement in its entirety. For this reason, this Court finds that pursuant to *Buckeye Check Cashing,* the determination as to the Letter Agreement's validity is a question for the arbitrator.

The Court further finds that Visa's motion is supported by the Parties' incorporation of

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

[PROPOSED] ORDER GRANTING VISA U.S.A INC.'S MOTION TO
STAY ACTION AND TO COMPEL ARBITRATION     2
Case No. CV-07-5585 JSW

21823\1419332.1

AAA rules in the Letter Agreement. The weight of authority in both this district and Circuit Courts of Appeal hold that incorporation of the AAA Commercial Rules into an agreement constitutes clear and unmistakable evidence that the parties intended to submit arbitrability issues, including invalidity challenges, to the arbitrator. *See Contec Corp. v. Remote Solution Co., Ltd.*, 398 F.3d 205, 207 (2d Cir. 2005). *See also Packeteer Inc. v. Valencia Sys. Inc.*, 2007 WL 707501 at *2 (N.D. Cal. March 2007) (Whyte, J.) (finding "that because it incorporates the rules of the American Arbitration Association, the agreement to arbitrate is sufficiently broad as to give the arbitrator the authority to determine arbitrability of issues"). The Letter Agreement in question twice incorporates the AAA rules. Accordingly, the Court is persuaded by the prevailing rule and finds the incorporation of the AAA rules constitutes clear and unmistakable evidence of the Parties' intent to submit arbitrability issues to the arbitrator.

Accordingly, the Court Orders as follows:

1. This action is STAYED pending the conclusion of the Parties' arbitration.

2. The Motion To Compel Arbitration in accordance with the Parties' July 2007 Letter Agreement is hereby GRANTED.

IT IS SO ORDERED.

DATED: _____

Honorable Jeffrey S. White
UNITED STATES JUDGE FOR THE NORTHERN DISTRICT OF CALIFORNIA

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

[PROPOSED] ORDER GRANTING VISA U.S.A INC.'S MOTION TO STAY ACTION AND TO COMPEL ARBITRATION
Case No. CV-07-5585 JSW

3

21823\1419332.1