# <u>EXHIBIT A</u>

# Declaration of Roderick M. Thompson In Support of Motion to Stay Action and To Compel Arbitration

[EXECUTION COPY]

# MASTER SERVICES AGREEMENT

between

**VISA U.S.A. INC.,**
**a Delaware corporation**

and

**MARITZ INC.**
**d/b/a Maritz Loyalty Marketing,**
**a Missouri corporation**

**Dated April 17, 2006**

shall be deemed to have been work undertaken pursuant to this Agreement. This Agreement may only be changed or altered by a written instrument signed by the Party or Parties against which enforcement of any waiver, change, modification, extension or discharge is sought, and such written instrument must expressly reference this Agreement and state that it is a waiver, change, modification, extension or discharge of rights or obligations under this Agreement. In the case of any conflict between the terms of this Agreement and any duly incorporated Exhibit, the terms of the Agreement will prevail.

**P.     Further Assurances.** The Parties agree that each will, from time to time, execute, acknowledge, and deliver, or cause to be executed, acknowledged, and delivered, such amendments and supplements hereto and such further instruments as the Parties mutually agree are reasonably required or appropriate to further express the intention of the Parties or to facilitate the performance of this Agreement.

**Q.     Binding Effect; Members as Beneficiaries.** This Agreement shall be binding upon and inure to the benefit of Visa and Maritz and their respective successors and permitted assigns and, to the extent set forth in Section XVII, to Members participating in the Rewards Program.

**R.     Time of the Essence; Liquidated Damages.** Time is of the essence of this Agreement. The Parties agree that failure by Maritz to release the Phase I-A Software, to migrate existing Cardholder accounts from the existing Visa rewards program to the Rewards Platform and to commence commercial operations of the Rewards Program on or before the Phase I-A Launch Date will result in damages to Visa and/or Visa Members participating in the Rewards Program or the existing rewards program, which damages are difficult to quantify. The Parties agree that $70,000 is a good faith estimate of the damages likely to be suffered by Visa in the event of a delay in commencement of commercial operations. However, as an accommodation to Maritz, the Parties agree that Maritz shall pay liquidated damages in the amount of $10,000 per day for each day that the Launch is delayed beyond the Phase I-A Launch Date up to a maximum of fourteen (14) days after the Phase I-A Launch Date, in the amount of $35,000 per day for each day that the Launch is delayed beyond the end of such fourteen day period up to a maximum of seven (7) days after the end of such fourteen day period,and thereafter in the amount of $70,000 per day until the Launch takes place. Such amounts may be deducted from and set off against any amounts retained by Visa from payments for Deliverables pursuant to the Pricing Schedule for payment after the Phase I-A Launch Date, the Phase I-B Launch Date or the Phase I-C Launch Date, as the case may be. Notwithstanding anything to the contrary, no liquidated damages payments shall be owed by Maritz in the event the Launch is delayed beyond the Phase I-A Launch Date solely as a result of non-compliance with the Security Procedures; provided, however, that Maritz is not in material breach of Section VI.C above. In addition, the dates for calculating liquidated damages hereunder shall be suspended on a day for day basis (i) to the extent that Maritz's performance is delayed for reasons described in Section XXIII.I, or (ii) to the extent agreed upon by the Parties through the Change Control Process. With respect to any day from and after the Phase I-A Launch Date for which a delay in the Phase I-A Launch Date is caused in whole or in part by a failure by Visa, a third party with respect to which Visa exercises control, or Visa's existing service provider (collectively, the "Visa Related Parties") to

34

perform its obligations under this Agreement or the Related Agreements, the amount of liquidated damages payable for such date shall be apportioned between Visa and Maritz in accordance with their respective fault with respect to such delay, provided that such apportionment shall only be made in the event that the Visa Related Parties are more than 50% at fault for such delay. Maritz shall have the burden of proving that any delay has been caused in whole or in part by the Visa Related Parties and the degree of fault of such parties for such delay. The Parties agree that the amounts set forth in this Section XXIII.R are good faith estimates of the damages likely to be suffered by Visa in the event of such delays (subject to the accommodation set forth above) and not a penalty. Visa shall be available during each day subsequent to the Phase I-A Launch Date until Launch of the Phase I-A Software has occurred to assist Maritz in reducing any delay. Visa shall also use reasonable commercial efforts to cause any third party over whom it exercises control as well as its current service provider to also be available during each day subsequent to the Phase I-A Launch Date until Launch of the Phase I-A Software has occurred in order to assist Maritz in reducing any delay. If further delays are caused solely by the failure of Visa, such third parties or Visa's current service provider to be available on any particular day, liquidated damages shall not accrue for such day.

### ACCEPTED AND AGREED:

**MARITZ INC., d/b/a Maritz**              VISA U.S.A. INC.
**Loyalty Marketing ("Maritz")**           ("Visa")


By _____        By _____


Name _____        Name _____


Title _____       Title _____


Date _____        Date _____

17529\895193.18

**3.8    Error Correction.**

Maritz will document any and all known material Program Errors with the submission of each Deliverable. Maritz shall promptly investigate and correct, free of charge, any Program Errors, whether discovered by Visa or Maritz, during the Term of the Master Services Agreement.

**3.9    Changes.**

Visa may request a modification to the Specifications and/or the Milestone Schedules at any time by communicating such request to Maritz in writing, in the form of a Change Request specifying the changes desired (a "**Change Request**"). The Parties will proceed to process the Change Request in accordance with the Change Control Procedures set out in Schedule H - Change Control Process. Maritz and Visa shall negotiate in good faith with respect to adjusting the Milestone Schedule and corresponding Milestone payments, if any, to the extent required to reflect the change in Maritz's charges or costs and/or change in Maritz's time of performance, as required by the Change Request; however, Maritz shall make a reasonable, good faith attempt to accommodate the requested modification at no additional cost or delay to Visa.

**3.10    Delays.**

Maritz acknowledges that the successful completion of each Deliverable in accordance with the Milestone Schedule is critical to the commercial viability of the Rewards Program. Maritz shall mitigate any potential damages to Visa by notifying Visa as soon as it is aware of any potential or anticipated delay. For delays caused by Visa, Maritz shall be entitled to a day-for-day extension as its sole and exclusive remedy, unless, however, it would be manifestly unreasonable for such delay caused by Visa to be limited to only a day to day extension in which event such extension will be the minimum extension feasible, using Maritz's best commercial efforts, which will, in all events, be subject to Visa's reasonable agreement. Any such extension shall be reflected in a formal amendment to the Milestone Schedule. If Maritz is late with the delivery of any Milestone, Visa shall reduce the payment due for that Milestone as provided in Section XXIII.R of the Master Services Agreement, except to the extent, and only to the extent, Maritz is late with the delivery because of Visa's delay in performing its obligations; directions from Visa outside the contemplated scope of the project such as material changes in the scope of the development project beyond that set forth in the Specifications or Design Documents; or the excuse conditions set forth in Section XXIII.I of the Master Services Agreement. Furthermore, if any Milestone delivery is more than two (2) weeks overdue (other than for delays caused by Visa), Visa may terminate this Development Agreement immediately pursuant to Section XII of the Master Services Agreement. Visa's continued performance hereunder shall not waive any of Visa's legal rights or claims with respect to any delay, including any applicable reductions in the purchase price or the accrual of liquidated damages as set forth in the Pricing Schedule and the Master Services Agreement.

**3.11    Customizations; Agreement on Rates.**

Any customizations requested by Visa after acceptance and Launch of the Phase I-A Software for the Rewards Program, or by participating Members with respect to the implementation of the Rewards Program for such Member's Cardholders, shall be administered

A-13

# <u>EXHIBIT B</u>

# Declaration of Roderick  M. Thompson In Support of Motion to Stay Action and To Compel Arbitration

**VISA**

April 20, 2007

*Via Fax & Certified Mail—Return Receipt Requested*

Kelvin Taylor
Maritz Inc.
Attention: President Maritz Loyalty Marketing
1375 N. Highway Dr.
Fenton, MO 63099
Fax: (636) 827-5485

Re:    **Notice of Termination of Master Services Agreement dated April 17, 2006
(the "Agreement") between Visa U.S.A. Inc. and Maritz Inc., d/b/a Maritz
Loyalty Marketing**

Dear Mr. Taylor:

Visa has determined to implement the Visa Extras Rewards Program through a different outside vendor. We therefore hereby terminate the Agreement pursuant to section XII.A.2(b), effective thirty (30) days from the date of this notice. We reserve all rights relating to or arising out of the Agreement and any Related Agreement, including, without limitation, claims Visa has against Maritz for Maritz's breaches of the Agreement (including any Related Agreement), Maritz's non performance or delay in performing any obligations due under the Agreement (including any Related Agreement), and Visa's right to liquidated damages pursuant to section XXIII.R of the Agreement.

The terms of the Transition Services Agreement become effective upon the termination of the Agreement. Until then, Maritz shall continue to provide Program Services pursuant to the terms of the Agreement. Thereafter, Maritz has a continuing obligation under the Transition Services Agreement to provide ongoing Program Services for up to six months, as determined by Visa, and to assist Visa and/or a designated vendor in replacing Maritz by providing services, support and data necessary to transition the Rewards Platform.

Please direct any inquiries regarding the termination of the Agreement to me at the address below.

Visa U.S.A. Inc.
P.O. Box 8999
San Francisco, CA 94128-8999
U.S.A.

Capitalized terms are used in this letter as defined in the Agreement.

Sincerely,

Elizabeth L. Buse
Executive Vice President
Product Development and Management

cc:    Maritz Inc.
       1375 N. Highway Dr.
       Fenton, MO 63099
       Attention: Law Department
       Fax: (636) 827-3708

2

# <u>EXHIBIT C</u>

## Declaration of Roderick  M. Thompson In Support of Motion to Stay Action and To Compel Arbitration

**Maritz**®

Maritz Loyalty Marketing
1400 South Highway Drive
Fenton, Missouri 63099
Office 636.827.1234
Fax 636.827.5485
www.maritz.com

*cc: Tad*
*Tim*
*EC*

May 7, 2007

Elizabeth L. Buse
Executive Vice President
Product Development and Management
Visa U.S.A. Inc.
P.O. Box 8999
San Francisco, CA 94128-8999

Re: Notice of Termination of Master Services Agreement dated April 17, 2006 (the "Agreement") between Visa U.S.A. Inc. ("Visa") and Maritz Inc., d/b/a Maritz Loyalty Marketing ("Maritz")

Dear Ms. Buse:

We are in receipt of your letter dated April 20, 2007 pursuant to which Visa has elected to terminate the Agreement in accordance with Section XII.A.2(b) thereof (the "Termination Notice"). Although we are disappointed with Visa's determination to terminate the Agreement, we want to assure you that we will continue to fulfill our obligations pursuant to the Agreement both during the notice period as well as under the Transition Services Agreement.

In addition to any issued but unpaid invoices existing as of the date hereof, please be advised that at as of the date hereof we estimate the amount due and owing to Maritz by Visa is $5,228,136. This amount consists of (i) the provision of Program Services since the completion of the last Milestone, (ii) the provision of completed Program Services with respect to which Maritz has not yet issued an invoice, (iii) costs incurred by Maritz, with the knowledge and consent of Visa, based on the understanding that such amounts would be recouped over the course of the term of the Agreement, (iv) certificates purchased at Visa's direction specifically for the Rewards Program and (v) equipment acquired by Maritz specifically for the Rewards Program.

The foregoing estimated amount is exclusive of any amounts that may become due and owing to Maritz for services performed by Maritz, at Visa's request, subsequent to the date of the Termination Notice and/or services performed by Maritz pursuant to the Transition Services Agreement. Specific invoices for the services and expenditures enumerated alone will be issued in due course, accompanied by appropriate supporting documentation.

As Visa has reserved all of its rights relating to or arising out of the Agreement or any Related Agreement, Maritz does the same without reference to any particular section or sections of the Agreement or any Related Agreement. Capitalized terms used herein and not otherwise defined shall have the meaning given to such terms in the Agreement.

Sincerely yours,
Maritz Inc.
d/b/a Maritz Loyalty Marketing

By: _____
Kelvin Taylor, President

cc: General Counsel

# <u>EXHIBIT D</u>

# Declaration of Roderick M. Thompson In Support of Motion to Stay Action and To Compel Arbitration

*Maritz File*

**VISA**

June 5, 2007

*Via Fax and Certified Mail—Return Receipt Requested*

Kelvin Taylor
Maritz Inc.
Attention: President Maritz Loyalty Marketing
1375 N. Highway Dr.
Fenton, MO 63099
Fax: (636) 827-5485

       Re:    **Notice of Termination of Master Services Agreement dated April 17, 2006
               (the "Agreement") between Visa U.S.A. Inc. and Maritz Inc., d/b/a Maritz
               Loyalty Marketing**

Dear Mr. Taylor:

      I have received your letter dated May 7, 2007. As I mentioned in my letter to you of
April 20, Visa has reserved all rights relating to or arising out of the Agreement and any Related
Agreement (as defined in the Agreement) and anticipates providing additional information to
Maritz as to the nature and amount of Visa's claims at the appropriate time. Once all functions
of the Visa Extras Rewards Program have been transitioned to the new vendor we will be
prepared to discuss your letter as part of the process for resolving our claims. We will contact
you at that time to work out suitable procedures for those discussions.

               Sincerely,

               Elizabeth L. Buse
               Executive Vice President
               Product Development and Management

cc:   Maritz Inc.
      1375 N. Highway Dr.
      Fenton, MO 63099
      Attention: Law Department
      Fax: (636) 827-3708

Visa U.S.A. Inc.
P.O. Box 8999
San Francisco, CA 94128-8999
U.S.A.

# EXHIBIT E

**Declaration of Roderick  M. Thompson In Support of Motion to Stay Action and To Compel Arbitration**



July 2, 2007

*Via fax and U.S. Mail*

Kelvin Taylor
Maritz Inc.
Attention: President Maritz Loyalty Marketing
1375 N. Highway Dr.
Fenton, MO 63099
Fax: (636) 827-5485

      Re:    **Master Services Agreement dated April 17, 2006 (the "Agreement") between**
              **Visa U.S.A. Inc. and Maritz Inc., d/b/a Maritz Loyalty Marketing**

Dear Mr. Taylor:

      This follows up on our previous exchange of letters regarding resolution of all claims arising from performance under the Agreement and any Related Agreement (as defined in the Agreement). Most recently in my letter of June 8, 2007, I suggested that Visa would discuss Maritz's claims, as well as the nature and amount of Visa's claims, when all services had been transitioned back to the new vendor. It is now timely to establish a procedure for efficiently documenting, discussing and resolving all remaining claims.

      We hope that we can reach a fair resolution by negotiation between Visa and Maritz. Before starting that discussion, and to protect both parties, we believe that we should reach an understanding as to the process for resolving all claims in the event that something more than direct negotiation is required. We propose a staged process. The first stage would be direct negotiations. If the parties are unable to reach a mutually agreeable resolution through negotiation, the second stage would be non-binding mediation. Finally, if the claims are not resolved in mediation, the parties will submit the matter to confidential and binding arbitration. It is important to have this agreement on process in place before we commence negotiations so that both sides will know the alternative to a negotiated resolution.

      Please have your legal counsel get in touch with Visa's legal counsel to establish a mutually acceptable procedure. Visa's outside counsel are:

              Roderick M. Thompson and Jonathan H. Lemberg
              Farella Braun + Martel LLP
              Russ Building
              235 Montgomery
              San Francisco, CA 94104
              Phone: (415) 954-4400
              Fax:    (415) 954-4480

Visa U.S.A. Inc.
P.O. Box 8999
San Francisco, CA 94128-8999
U.S.A.

We are confident that this process will lead to a fair resolution and allow us to put this situation behind us.

Sincerely,

Elizabeth L. Buse
Executive Vice President
Product Development and Management

cc:     Maritz Inc.
        1375 N. Highway Dr.
        Fenton, MO 63099
        Attention: Law Department
        Fax: (636) 827-3708

# <u>EXHIBIT F</u>

**Declaration of Roderick  M. Thompson In Support of Motion to Stay Action and To Compel Arbitration**

# FARELLA BRAUN + MARTEL LLP
Attorneys At Law

Russ Building / 235 Montgomery Street
San Francisco / CA 94104

RODERICK M. THOMPSON
rthompson@fbm.com
D 415.954.4445

T 415.954.4400 / F 415.954.4480
www.fbm.com

July 9, 2007

_Via Fax and U.S. Mail_
Fax: 636-827-5485

Steven M. Gallant
Associate General Counsel
Maritz Inc.
1375 N. Highway Dr.
Fenton, MO 63099

Re:     Master Services Agreement dated April 17, 2006 (the "Agreement") between
Visa U.S.A. Inc. and Maritz Inc., d/b/a Maritz Loyalty Marketing

Dear Steve:

This follows up on our telephone conversation of July 5, 2007. We agreed that our clients' respective claims for damages resulting from alleged breaches of the Agreement and related claims will all be resolved outside of court. In particular, we agreed to the dispute resolution framework set out below.[1]

First Stage: Direct negotiations for a period of 30 days. For example, assuming that negotiations begin by July 30, 2007, we agreed that they would conclude on August 30, 2007. As to the tentatively scheduled July 12 meeting, Visa prefers to have counsel attend and, therefore, the meeting must be rescheduled since you cannot attend. Visa's business representatives will be in touch with their Maritz counterparts to reschedule.

Second Stage: Mediation, before a mutually acceptable mediator at a location to be agreed and to be conducted within 60 days thereafter.

Third Stage: Binding arbitration pursuant to the AAA Commercial Rules. Subject only to the schedules of the arbitrators, the hearing must be commenced within 90 days after the conclusion of the mediation process. The arbitration will allow for only limited discovery and a

---

[1] While we both understand that further details on the dispute resolution process will need to be worked out between us if the dispute is not resolved in the first stage, our clients intend to be bound by this agreement to resolve all disputes outside of court. To the extent they are unable to agree on any aspect of the procedure, such disagreement will be resolved by the applicable rules and procedures of the American Arbitration Association ("AAA").

 Steven M. Gallant
July 9, 2007
Page 2

streamlined schedule.  (Although we did not discuss these details, Visa would prefer three neutral arbitrators and baseball or high-low arbitration; I will send you a draft agreement for review under separate cover.)

　　Please confirm Maritz' agreement to the foregoing by countersigning in the space provided below.  We appreciate your courtesy and cooperation.

Very truly yours,

Roderick M. Thompson

SO AGREED.

By: _____
　　On behalf of Maritz, Inc.

Dated: _____, 2007

RMT:avd

21823\1291499.1

# EXHIBIT G

# Declaration of Roderick  M. Thompson In Support of Motion to Stay Action and To Compel Arbitration

| | |
|---|---|
| **From:** | Steve.Gallant@maritz.com |
| **Sent:** | Tuesday, July 10, 2007 1:18 PM |
| **To:** | RThompson@fbm.com |
| **Cc:** | Kelvin.Taylor@maritz.com; Mark.Peterman@maritz.com |
| **Subject:** | RE: ltr to gallant |



Document.pdf

        Rod - attached is an executed agreement outlining the procedures for resolving any differences that may exist between Visa and Maritz.  It is my understanding that the first direct negotiation meeting will take place on or about July 24, 2007 and there will then be 30 days to reach a resolution.   In the event we are unable to reach agreement, we will then escalate to mediation and arbitration as set forth in the letter. Please call me should you have any questions.

Steve

Steven M. Gallant
Vice President, Associate General Counsel
Maritz Inc.
1375 N. Highway Drive
Fenton, MO 63099
636.827.4290 (office)
314.614.2656 (mobile)
636.827.3708 (fax)

---

From: RThompson@fbm.com [mailto:RThompson@fbm.com]
Sent: Tuesday, July 10, 2007 11:55 AM
To: Gallant, Steve
Subject: FW: ltr to gallant

Steve, resending to be sure you have this.
Roderick M. Thompson
Attorney at Law

---

Farella Braun + Martel LLP
RUSS BUILDING
235 MONTGOMERY STREET
SAN FRANCISCO / CA 94104

T 415.954.4400
D 415.954.4445
F 415.954.4480
www.fbm.com <http://www.fbm.com>

-----Original Message-----
From:    Dugan, Angelica (27) x3503
Sent:    Monday, July 09, 2007 5:42 PM
To:      Thompson, Rod (27) x4445
Subject:         ltr to gallant

1

<<2752_001.pdf>>

---

This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

Farella Braun + Martel LLP


Confidentiality Warning:  This e-mail contains information intended only for the use of the individual or entity named above.  If the reader of this e-mail is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, any dissemination, publication or copying of this e-mail is strictly prohibited.  The sender does not accept any responsibility for any loss, disruption or damage to your data or computer system that may occur while using data contained in, or transmitted with, this e-mail.
If you have received this e-mail in error, please immediately notify us by return e-mail. Thank you. ▯

# <u>EXHIBIT H</u>

**Declaration of Roderick  M. Thompson In Support of Motion to Stay Action and To Compel Arbitration**

-----Original Message-----
**From:** Gallant, Steve [mailto:Steve.Gallant@maritz.com]
**Sent:** Monday, July 23, 2007 11:37 AM
**To:** Thompson, Rod (27) x4445
**Subject:** RE: Mediation Confidentiality

Rod - a couple things:  I assume California law allows us to deem this to be a mediation such that it is subject to Section 1115, et seq and I would like to make reference in here that our previous agreement is null an void but that the parties will endeavor to reach resolution on ADR procedures it in the next ten or so days.

Steve

**From:** RThompson@fbm.com [mailto:RThompson@fbm.com]
**Sent:** Monday, July 23, 2007 12:20 PM
**To:** Gallant, Steve
**Subject:** Mediation Confidentiality

**Steve, as discussed.**

<<1303103_1.DOC>>
**Roderick M. Thompson**
Attorney at Law

**Farella Braun + Martel LLP**
RUSS BUILDING
235 MONTGOMERY STREET
SAN FRANCISCO / CA 94104

T 415.954.4400
D 415.954.4445
F 415.954.4480
www.fbm.com

This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

Farella Braun + Martel LLP

Confidentiality Warning: This e-mail contains information intended only for the use of the individual or entity named above. If the reader of this e-mail is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, any dissemination, publication or copying of this e-mail is strictly prohibited. The sender does not accept any responsibility for any loss, disruption or damage to your data or computer system that may occur while using data contained in, or transmitted with, this e-mail.

If you have received this e-mail in error, please immediately notify us by return e-mail. Thank you.