# <u>EXHIBIT I</u>

# Declaration of Roderick  M. Thompson In Support of Motion to Stay Action and To Compel Arbitration

-----Original Message-----
**From:** Gallant, Steve [mailto:Steve.Gallant@maritz.com]
**Sent:** Wednesday, August 08, 2007 9:53 AM
**To:** Thompson, Rod (27) x4445
**Cc:** caweiss@bryancave.com; Lemberg, Jonathan (28) x4452
**Subject:** RE: ADR Protocol

Charlie is on a plane now so I do not know his availability for either of those times but I can tell you that 4 will be better for me and as such will pencil it into my calendar.

As to the attorneys eyes only designation I will let Charlie weigh in.

As to comments to the ADR Protocol, I will remind you that Maritz originally agreed to arbitrate without **ANY** understanding of the magnitude of Visa's purported claims and as I have said to you repeatedly there was no meeting of the minds between Maritz and Visa with respect to the circumstances surrounding Maritz' agreement to mediate. What we are committed to is seeking to determine if there is a business resolution to this matter that might include arbitration and will be more than happy to discuss that on the 16th.

I recognize that there have been some unavoidable delays due to the various twists of this matter; however, I am hopeful that we will be able to find a swift resolution once everyone is back in town next week.

Steve

**From:** RThompson@fbm.com [mailto:RThompson@fbm.com]
**Sent:** Wednesday, August 08, 2007 11:36 AM
**To:** Gallant, Steve
**Cc:** caweiss@bryancave.com; jlemberg@fbm.com
**Subject:** ADR Protocol

Steve, Jonathan and I cold do a call at 1 or 4 CDT on the 16th.   We will get you the additional information shortly.  To speed things along, it would be helpful if you and Charlie could provide some response to the attached draft in advance of that call.

As to the Attorneys' Eyes only procedure, we will need your agreement to limit disclosure until Visa consents to allow others to see specific information.  The idea is to get something to you and Charlie now so that we can agree on the process.  We realize additional disclosure may well be needed later.

Rod

-----Original Message-----
**From:** Gallant, Steve [mailto:Steve.Gallant@maritz.com]
**Sent:** Wednesday, August 08, 2007 9:18 AM
**To:** Thompson, Rod (27) x4445
**Cc:** caweiss@bryancave.com
**Subject:** RE: ltr to gallant

Rod - I just spoke with my counsel and he will be in meetings all week at the ABA and will be unable to meet with you. I would like to propose that we set up at least a conference call among you, Jonathan, Charlie and me for the 16th. At present I am available all afternoon that day. I am willing to designate the info attorney's eyes only; however, there will be a point that I may need to share the information with my business people so if you have a suggestion as to how to do it "at the outset" I am happy to listen.

Steve

---

**From:** RThompson@fbm.com [mailto:RThompson@fbm.com]
**Sent:** Tuesday, August 07, 2007 7:34 PM
**To:** Gallant, Steve
**Subject:** RE: ltr to gallant

Steve, as you and I discussed last week, my firm is preparing a spreadsheet summary showing more detail that lies behind the Visa damages numbers included in the PowerPoint presented to Maritz. I hope to have that finalized in the next day or two. To expedite the process, because there will be some confidential numbers (e.g., the difference between the Maritz and Carlson pricing), I would like your commitment that the spreadsheet will be treated as "Attorneys' Eyes Only" at least at the outset. This should allow you and outside counsel to have ample information about Visa's claims to complete our negotiations over the ADR process. If, at some later point, you believe that it is necessary to share the document with others, you agree to seek Visa's consent. (If the dispute proceeds to arbitration, we will need to agree on a suitable protective order.)

We also discussed setting up a conference call (or perhaps even an in person meeting) this week to discuss the further details of our agreed process for resolving our clients respective claims. Let me know what works for you and your outside counsel. I am out of the office from August 12-14 and would like to have the discussion this week if at all possible. Thanks.


**Roderick M. Thompson**
Attorney at Law

---

**Farella Braun + Martel LLP**

RUSS BUILDING

235 MONTGOMERY STREET

SAN FRANCISCO / CA 94104

---

T 415.954.4400

D 415.954.4445

F 415.954.4480

www.fbm.com

-----Original Message-----
**From:** Gallant, Steve [mailto:Steve.Gallant@maritz.com]
**Sent:** Tuesday, July 10, 2007 1:18 PM
**To:** Thompson, Rod (27) x4445
**Cc:** Taylor, Kelvin; Peterman, Mark
**Subject:** RE: ltr to gallant

Rod - attached is an executed agreement outlining the procedures for resolving any differences that may exist between Visa and Maritz. It is my understanding that the first direct negotiation meeting will take place on or about July 24, 2007 and there will then be 30 days to reach a resolution. In the event we are unable to reach agreement, we will then escalate to mediation and arbitration as set forth in the letter. Please call me should you have any questions.

Steve

Steven M. Gallant
Vice President, Associate General Counsel
Maritz Inc.
1375 N. Highway Drive
Fenton, MO 63099
636.827.4290 (office)
314.614.2656 (mobile)
636.827.3708 (fax)

---

**From:** RThompson@fbm.com [mailto:RThompson@fbm.com]
**Sent:** Tuesday, July 10, 2007 11:55 AM
**To:** Gallant, Steve
**Subject:** FW: ltr to gallant

Steve, resending to be sure you have this.
**Roderick M. Thompson**
Attorney at Law

---

**Farella Braun + Martel LLP**

RUSS BUILDING

235 MONTGOMERY STREET

SAN FRANCISCO / CA 94104

T 415.954.4400
D 415.954.4445
F 415.954.4480
www.fbm.com

-----Original Message-----
**From:**   Dugan, Angelica (27) x3503
**Sent:**   Monday, July 09, 2007 5:42 PM
**To:**     Thompson, Rod (27) x4445
**Subject:**      ltr to gallant

<<2752_001.pdf>>

This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and
privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you
are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the
original message. Thank you.

Farella Braun + Martel LLP

Confidentiality Warning: This e-mail contains information intended only for the use of the individual or entity named
above. If the reader of this e-mail is not the intended recipient or the employee or agent responsible for delivering it
to the intended recipient, any dissemination, publication or copying of this e-mail is strictly prohibited. The sender
does not accept any responsibility for any loss, disruption or damage to your data or computer system that may
occur while using data contained in, or transmitted with, this e-mail.

If you have received this e-mail in error, please immediately notify us by return e-mail. Thank you.

# <u>EXHIBIT J</u>

# Declaration of Roderick  M. Thompson In Support of Motion to Stay Action and To Compel Arbitration

**From:**    Gallant, Steve [Steve.Gallant@maritz.com]
**Sent:**    Wednesday, August 22, 2007 10:06 AM
**To:**      Thompson, Rod (27) x4445; caweiss@bryancave.com
**Cc:**      Lemberg, Jonathan (28) x4452
**Subject:** RE: Visa--Maritz disupute

we will do that.  415.954.4445??

Charlie - i will call you first and then we will loop Rod in.

Steve

---

**From:** RThompson@fbm.com [mailto:RThompson@fbm.com]
**Sent:** Wednesday, August 22, 2007 12:04 PM
**To:** Gallant, Steve; caweiss@bryancave.com
**Cc:** jlemberg@fbm.com
**Subject:** RE: Visa--Maritz disupute

Steve, lets talk @ 2:00 PDT (4:00 CDT) today.  Jonathan and I will be in my office if you
want to call us (as opposed to setting up a call in #).

**Roderick M. Thompson**
Attorney at Law

---

**Farella Braun + Martel LLP**
RUSS BUILDING
235 MONTGOMERY STREET
SAN FRANCISCO / CA 94104

---

T 415.954.4400
D 415.954.4445
F 415.954.4480
www.fbm.com

    -----Original Message-----
    **From:** Gallant, Steve [mailto:Steve.Gallant@maritz.com]
    **Sent:** Wednesday, August 22, 2007 9:17 AM
    **To:** Thompson, Rod (27) x4445; caweiss@bryancave.com
    **Cc:** Lemberg, Jonathan (28) x4452
    **Subject:** RE: Visa--Maritz disupute

    Gentlemen - Charlie and I are available from 2:00 on today EXCEPT 2:30 - 3:30 and tomorrow from 2:00
    on (all times being CDT).  Our assumption is that the purpose of the call is to discuss logistics of the
    meeting and mediation.  In order to make the call a bit more productive, we would like to propose the

following for your consideration.  We would first have a meeting with all relevant business people plus one previously uninvolved senior member of each entity (in our case, possibly our CFO).  The meeting would be structured in some fashion such that each side would be able to present their facts and there would then be opportunity for discussion.  The purpose of the senior person would be several fold.  As "disinterested" persons they would act as facilitators for the meeting, they would be free to ask questions and of course they might then be able to have an intelligent conversation between themselves in order to find a resolution to our dispute.  In the event the meeting did not result in resolution, we would then proceed to mediation.  We would further propose that the meeting be held in either St. Louis or San Francisco and that the mediation be held in the other city, obviously subject to figuring out how to agree.  Although I suppose it goes without saying, we do disagree with your view of the binding effect of the letter you attached.  I have typed these thoughts quickly so I apologize if they are incomplete but they are merely meant to be a thought starter for our conversation.

thanks, and I look forward to hearing back from you.

Steve

---

**From:** RThompson@fbm.com [mailto:RThompson@fbm.com]
**Sent:** Tuesday, August 21, 2007 8:14 PM
**To:** Gallant, Steve; caweiss@bryancave.com
**Cc:** jlemberg@fbm.com
**Subject:** Visa--Maritz disupute

Steve and Charlie:

We have discussed with Visa the proposal you made in our call last week.  Visa disagrees with Maritz' position that the attached July 9, 2007 letter agreement is not enforceable.  Visa is willing, however, to accept Maritz' proposal that the parties proceed with the first two stages of the dispute resolution process as outlined in the letter agreement, negotiation and mediation, while reserving their respective positions on the third stage, arbitration.  This will require cooperation and coordination to stay on the agreed schedule.

Jonathan and I are generally available Wednesday  through Friday of this week to discuss next steps during a conference call.  Why don't you suggest two slots that work for both of you and we will make one of them work for us.   Thanks.
Rod

-----Original Message-----
**From:** Gallant, Steve [mailto:Steve.Gallant@maritz.com]
**Sent:** Tuesday, July 10, 2007 1:18 PM
**To:** Thompson, Rod (27) x4445
**Cc:** Taylor, Kelvin; Peterman, Mark
**Subject:** RE: ltr to gallant

Rod - attached is an executed agreement outlining the procedures for resolving any differences that may exist between Visa and Maritz.  It is my understanding that the first direct negotiation meeting will take place on or about July 24, 2007 and there will then be 30 days to reach a resolution.  In the event we are unable to reach agreement, we will then escalate to mediation and arbitration as set forth in the letter.

Please call me should you have any questions.

Steve

Steven M. Gallant
Vice President, Associate General Counsel
Maritz Inc.
1375 N. Highway Drive
Fenton, MO 63099
636.827.4290 (office)
314.614.2656 (mobile)
636.827.3708 (fax)

---

**From:** RThompson@fbm.com [mailto:RThompson@fbm.com]
**Sent:** Tuesday, July 10, 2007 11:55 AM
**To:** Gallant, Steve
**Subject:** FW: ltr to gallant

**Steve, resending to be sure you have this.**
**Roderick M. Thompson**
Attorney at Law

---

**Farella Braun + Martel LLP**
RUSS BUILDING
235 MONTGOMERY STREET
SAN FRANCISCO / CA 94104

---

T 415.954.4400
D 415.954.4445
F 415.954.4480
www.fbm.com

-----Original Message-----
**From:**  Dugan, Angelica (27) x3503
**Sent:**  Monday, July 09, 2007 5:42 PM
**To:**  Thompson, Rod (27) x4445
**Subject:**  ltr to gallant

<<2752_001.pdf>>

---

This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

Farella Braun + Martel LLP

Confidentiality Warning: This e-mail contains information intended only for the use of the individual or entity named above. If the reader of this e-mail is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, any dissemination, publication or copying of this e-mail is strictly prohibited. The sender does not accept any responsibility for any loss, disruption or damage to your data or computer system that may occur while using data contained in, or transmitted with, this e-mail.

If you have received this e-mail in error, please immediately notify us by return e-mail. Thank you.

# <u>EXHIBIT K</u>

# Declaration of Roderick  M. Thompson In Support of Motion to Stay Action and To Compel Arbitration

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

## COMMERCIAL ARBITRATION RULES
### DEMAND FOR ARBITRATION

**MEDIATION:** *If you would like the AAA to contact the other parties and attempt to arrange a mediation, please check this box.* ☐
*There is no additional administrative fee for this service.*

| | |
|---|---|
| Name of Respondent<br>Maritz Inc., d/b/a Maritz Loyalty Marketing | Name of Representative (if known)<br>Charles A. Weiss |
| Address<br>1375 N. Highway Drive | Name of Firm (if applicable)<br>Bryan Cave LLP |
| | Representative's Address<br>One Metropolitan Square, 211 North Broadway, Suite 3600 |

| City<br>Fenton | State<br>MO | Zip Code<br>63099- | City<br>St. Louis | State<br>MO | Zip Code<br>63102-2750 |
|---|---|---|---|---|---|
| Phone No. | | Fax No. | Phone No.<br>(314) 259-2215 | | Fax No.<br>(314) 552-8215 |
| Email Address: | | | Email Address:<br>casweiss@bryancave.com | | |

The named claimant, a party to an arbitration agreement dated ____July 9, 2007____, which provides for arbitration under the Commercial Arbitration Rules of the American Arbitration Association, hereby demands arbitration.

**THE NATURE OF THE DISPUTE**
Determination of the validity of agreement to arbitrate dispute over software contract and related claims, and determination of procedures to be used in arbitration. Once arbitration procedures are established, Visa will submit its amount of claim on the merits to be arbitrated.

| Dollar Amount of Claim $ | Other Relief Sought: ☐ Attorneys Fees ☒ Interest<br>☒ Arbitration Costs ☐ Punitive/ Exemplary ☐ Other _____ |
|---|---|

AMOUNT OF FILING FEE ENCLOSED WITH THIS DEMAND (please refer to the fee schedule in the rules for the appropriate fee) $3,250.00

PLEASE DESCRIBE APPROPRIATE QUALIFICATIONS FOR ARBITRATOR(S) TO BE APPOINTED TO HEAR THIS DISPUTE:

Hearing locale ___San Francisco___    (check one) ☒ Requested by Claimant ☐ Locale provision included in the contract

| Estimated time needed for hearings overall:<br>_____ hours or ___2___ days | Type of Business: Claimant ___Payment Card Provider___<br>Respondent ___Loyalty Program Provider___ |
|---|---|

Is this a dispute between a business and a consumer? ☐ Yes ☒ No  Does this dispute arise out of an employment relationship? ☐ Yes ☒ No
If this dispute arises out of an employment relationship, what was/is the employee's annual wage range? Note: This question is required by California law. ☐ Less than $100,000 ☐ $100,000 - $250,000 ☐ Over $250,000

You are hereby notified that copies of our arbitration agreement and this demand are being filed with the American Arbitration Association's Case Management Center, located in (check one) ☐ Atlanta, GA ☐ Dallas, TX ☐ East Providence, RI ☒ Fresno, CA ☐ International Centre, NY, with a request that it commence administration of the arbitration. Under the rules, you may file an answering statement within fifteen days after notice from the AAA.

| Signature (may be signed by a representative)<br>*[signature]* | Date:<br>Nov. 2nd, 2007 | Name of Representative<br>Roderick M. Thompson |
|---|---|---|
| Name of Claimant<br>VISA U.S.A. Inc. | | Name of Firm (if applicable)<br>Farella Braun + Martel LLP |
| Address (to be used in connection with this case)<br>P.O. Box 194607 | | Representative's Address<br>235 Montgomery Street |

| City<br>San Francisco | State<br>CA | Zip Code<br>94119-4607 | City<br>San Francisco | State<br>CA | Zip Code<br>94104- |
|---|---|---|---|---|---|
| Phone No. | | Fax No. | Phone No.<br>(415) 954-4445 | | Fax No.<br>(415) 954-4480 |
| Email Address: | | | Email Address:<br>rthompson@fbm.com | | |

To begin proceedings, please send two copies of this Demand and the Arbitration Agreement, along with the filing fee as provided for in the Rules, to the AAA. Send the original Demand to the Respondent.

Please visit our website at www.adr.org if you would like to file this case online. AAA Customer Service can be reached at 800-778-7879

# <u>EXHIBIT L</u>

# Declaration of Roderick M. Thompson In Support of Motion to Stay Action and To Compel Arbitration



Charles A. Weiss
Direct: (314) 259-2215
cweiss@bryancave.com

November 16, 2007

Bryan Cave LLP
One Metropolitan Square
211 North Broadway
Suite 3600
St. Louis, MO 63102-2750
Tel (314) 259-2000
Fax (314) 259-2020
www.bryancave.com

Norma Cantu
American Arbitration Association
6795 North Palm Ave., 2nd Floor
Fresno, CA  93704

Re:    Your Letter dated November 9, 2007; Visa/Maritz matter

Dear Ms. Cantu:

This is in response to your letter dated November 9, 2007 which I received on November 15 by Fax.  It is Maritz's position that there is no valid and enforceable arbitration agreement between Visa and Maritz, and that the AAA has no jurisdiction in this matter.

Further, there is no arbitration agreement that would empower arbitrators to determine the validity or enforceability of any arbitration agreement.

For your information, Visa has filed suit in federal district court San Francisco to compel arbitration and thus has elected to have the federal district court determine the arbitrability issue.

In short, Maritz's position is there is no enforceable arbitration agreement between the Visa, and Maritz objects to any arbitration occurring and also to the locale requested by Visa.

Chicago
Hong Kong
Irvine
Jefferson City
Kansas City
Kuwait
Los Angeles
New York
Phoenix
Shanghai
St. Louis
Washington, DC

And Bryan Cave,
A Multinational Partnership,

London

Sincerely,

Charles A. Weiss

CAW/sms

cc:    Roderick Thompson

# <u>EXHIBIT M</u>

# Declaration of Roderick  M. Thompson In Support of Motion to Stay Action and To Compel Arbitration

Charles A. Weiss
Direct: 314-259-2215
cweiss@bryancave.com

November 26, 2007

Ms. Norma Cantu
American Arbitration Association
6795 North Palm Ave., 2nd Floor
Fresno, CA 93704

Re:    Visa USA/Maritz

Dear Ms. Cantu:

This is to respond to Mr. Thompson's November 20, 2007 letter to you and to again
advise you that it is Maritz's position that the American Arbitration Association has
no jurisdiction over this dispute.

As we previously informed you, Visa has elected to have the determination of
whether or not the parties agreed to arbitrate Visa's claim to be determined by the
Federal District Court in San Francisco. For your information, I am enclosing a copy
of the lawsuit filed by Visa. While Maritz has not yet filed an answer or counter-claim
in that suit, Maritz intends to do so.

It is Maritz's position that the arbitration clause in the July 9 letter is invalid and
unenforceable in that it was induced by Mr. Thompson and Visa's fraudulent conduct
and deceit. Visa intentionally failed to disclose its $66 million-plus claim against
Maritz (a material fact) prior to the time that Mr. Gallant signed the letter of July 9,
2007. In April 2007, Visa, for its own convenience, terminated its contract with
Maritz but did not at that time advise Maritz that it had a $66 million claim against
Maritz. There was no reason for Maritz to know that Visa had such a claim against
Maritz. When Visa terminated its contract with Maritz, it did not terminate the
contract for material breach or for default. Under the contract, Maritz was then
entitled to submit its bill for all unpaid work. Maritz then submitted its claim for
unpaid compensation in excess of $5 million. Although Visa now claims it had a
claim against Maritz going as far back as the fall of 2006, at no time in September,
October, November or December 2006 or January, February, March, April, May or
June 2007, did Visa ever assert that it had a $66 million claim against Maritz. Indeed,
it was not until two weeks after the July 9, 2007 letter that Mr. Thompson first
disclosed to Maritz that Visa was going to assert a $66 million claim against Maritz. It
is obvious that Visa and its attorney, Mr. Thompson, intentionally and deliberately
withheld this material fact from Maritz until they were able to get Mr. Gallant to agree
to the arbitration clause in the July 9, 2007 letter. Such conduct does not meet the
standards of ABA Model Rule 4.1 and does not comply with the law of the

2741659.3

Ms. Norma Cantu
November 26, 2007
Page 2

jurisdiction in which Ms. Thompson practices: "the law is clear that a duty is owed by an attorney not to defraud another even if that other is an attorney negotiating at arm's length." Cicone v. URS Corporation et. al, 183 Cal. App. 3d 194, 202 (1986).

Upon being advised of the $66 million claim, Mr. Gallant immediately informed Mr. Thompson that Maritz had not agreed to arbitrate that claim. I have also personally told Mr. Thompson that it is Maritz's position that Maritz did not agree to arbitrate the claim by Visa first presented to Maritz after the July 9, 2007 letter, and that we believe that Mr. Thompson and Visa was deceitful in intentionally concealing Visa's $66 million claim from Maritz. As you will see in the enclosed Visa's complaint, Visa misleadingly alleges that "Maritz contends that the letter agreement is somehow invalid," feigning ignorance of the reason Maritz says the arbitration clause is unenforceable. Maritz has repeatedly advised Visa the reasons why the arbitration provisions of the letter agreement are invalid and unenforceable.

This matter is now before the Federal District Court in San Francisco, and Visa and Mr. Thompson's deceitful conduct and the consequences of such conduct will be determined by that court. Mr. Thompson has cited no case which holds that Visa has "not elected" to have the court determine arbitrability by filing suit in Federal District Court.

It is up to the Federal District Court, not the American Arbitration Association at this point, to determine the facts and the law in this dispute. As our Supreme Court has instructed, a "court should not assume that the parties agreed to arbitrate arbitrability unless there is 'clea[r] and unmistakeabl[e]' evidence that they did so." First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938 (1995). The Buckeye case referenced in Mr. Thompson's letter is not applicable here. The Supreme Court in that case reaffirmed its decision in Prima Paint Corp. v. Flood & Clonklin Mfg. Co., 388 U.S. 395, 402 (1967), in which it held that "if the claim is fraud in the inducement of the arbitration clause itself -- an issue that goes to the making of the agreement to arbitrate -- the federal court may proceed to adjudicate it." Here, it is Maritz's position that the arbitration provision in the letter agreement itself was induced by Mr. Thompson and Visa's fraudulent conduct, and thus, as our Supreme Court said in both the Buckeye and the Prima Paint Corporation cases, it is up to the federal court to adjudicate the issue.

We also point out that although Visa is requesting arbitration of its claim of some $66 million-plus, Visa has paid the AAA an initial filing fee of only $3,250.00. Based upon its claim of $66 million-plus, Visa is required to pay the AAA an initial filing fee of $65,000 plus a case service fee of $6,000 according to the AAA's fee schedule. Thus, we do not believe that Visa has properly complied with AAA's rules concerning payment of a required initial fee, and for this additional reason, the AAA does not properly have jurisdiction over Visa's claims.

22741659.3

Ms. Norma Cantu
November 26, 2007
Page 3

If you need any additional information, please let me know.

Very truly yours,


Charles A. Weiss

CAW

cc: Roderick A. Thompson

# <u>EXHIBIT N</u>

## Declaration of Roderick M. Thompson In Support of Motion to Stay Action and To Compel Arbitration



**American Arbitration Association**
*Dispute Resolution Services Worldwide*

*Western Case Management Center*
John M. Bishop
Vice President
Jeffrey Garcia
Assistant Vice President

6795 North Palm Ave, 2nd Floor, Fresno, CA 93704
telephone: 877-528-0880 facsimile: 559-490-1919
internet: http://www.adr.org/

November 30, 2007

**AAAWEBFILE & FACSIMILE**

Roderick M. Thompson
235 Montgomery Street
17th Floor
San Francisco, CA 94104

Charles A. Weiss, Esq.
Bryan Cave, LLP
One Metropolitan Square
211 N. Broadway, Suite 3300
St. Louis, MO 63102-2750

Re: 74 117 01325 07 NOCA
VISA U.S.A. Inc.
VS
Maritz, Inc. dba Maritz Loyalty Marketing

Dear Parties:

This will acknowledge receipt of a letter dated November 20, 2007, from Roderick M. Thompson, a copy of which has been exchanged with the other party.

The Association has carefully reviewed the positions and contentions of the parties as set forth in their correspondence. The claimant has met the filing requirements of the rules by filing a demand for arbitration providing for administration by the American Arbitration Association under its rules.

Accordingly, in the absence of an agreement by the parties or a court order staying this matter, the Association will proceed with administration pursuant to the Rules. **The parties may wish to raise this issue, upon appointment of the arbitrator.**

The AAA serves as a neutral administrative agency and does not generally appear or participate in judicial proceedings relating to arbitration. The AAA should not be named as a party-defendant. The Rules state that the AAA is not a "necessary party". The AAA will abide by an order issued by the courts and the parties are requested to keep us informed as to the outcome.

Inasmuch as the Association did not receive an objection to the locale requested by the Claimant, the locale is **San Francisco, California.**

In accordance with the Rules, the Association encloses a list of names selected from our roster from which one arbitrator is to be appointed. The list of neutrals is also available via *AAAWebFile.* The parties are encouraged to agree on an arbitrator and advise the Association of their agreement. Each party shall confirm their list of neutrals, in order of preference on or before **December 17, 2007.** If the list of arbitrators is not confirmed by the date specified, the arbitrator will be appointed as authorized in the rules. The parties' lists are held confidential and not shared with opposing counsel.

Immediately upon appointment of the arbitrator, a preliminary telephone conference will be held. We will contact you by telephone as soon as the arbitrator has set this conference.

Should you have any questions or concerns please feel free to contact me.

Sincerely,

/s/
Norma Cantu
Case Manager
559-490-1896
cantun@adr.org

*Supervisor Information: Lupe Gonzalez-Baca, 559 650 8019, Gonzalezl@adr.org*

Enclosures:

 **American Arbitration Association**
*Dispute Resolution Services Worldwide*

Re: 74 117 01325 07 NOCA
  VISA U.S.A. Inc.
  VS
  Maritz, Inc. dba Maritz Loyalty Marketing

DATE LIST SUBMITTED: November 30, 2007
CASE MANAGER: Norma Cantu

## LIST FOR SELECTION OF ARBITRATOR
*********************************************************************************

Once you have made your strikes please indicate your order of preference by number. We will make every effort to appoint the mutually acceptable arbitrator who can hear your case promptly, please leave as many names open as possible. Biographical information about the arbitrators listed below is attached. **If your list is not received by the Association on or before December 17, 2007, all names submitted shall be deemed acceptable.** If appointment cannot be made from this list, the Association may appoint without the submission of an additional list, in accordance with the rules. The parties are to exchange copies of all correspondence except the checklist for conflicts and this arbitrator selection list. For your convenience, this form may be completed online through AAA's WebFile.

Lois W. Abraham
J. Lani Bader
Neil R. Bardack
Donald M. Carley
Matthew J. Geyer
David M. Heilbron
Randall E. Kay
Charles R. Ragan
Francis O. Spalding
Douglas W. Sullivan

*********************************************************************************

Arbitrators are compensated at the rate stated on their biographical data. The compensation is an independent obligation of the parties and it is understood that the American Arbitration Association has no liability, direct or indirect, for such payments. Each party shall promptly make such deposits with the AAA as required by the case manager, pursuant to the Rules, subject to final apportionment by the arbitrator in the award.

Party: _____

By: _____    Title: _____

# <u>EXHIBIT O</u>

# Declaration of Roderick M. Thompson In Support of Motion to Stay Action and To Compel Arbitration



**American Arbitration Association**
*Dispute Resolution Services Worldwide*

*Western Case Management Center*
John M. Bishop
Vice President
Jeffrey Garcia
Assistant Vice President

6795 North Palm Ave, 2nd Floor, Fresno, CA 93704
telephone: 877-528-0880 facsimile: 559-490-1919
internet: http://www.adr.org/

December 13, 2007

**VIA AAA WEBFILE & FACSIMILE**

Roderick M. Thompson
235 Montgomery Street
17th Floor
San Francisco, CA 94104

Charles A. Weiss, Esq.
Bryan Cave, LLP
One Metropolitan Square
211 N. Broadway, Suite 3300
St. Louis, MO 63102-2750

Re: 74 117 01325 07 NOCA
    VISA U.S.A. Inc.
    VS
    Maritz, Inc. dba Maritz Loyalty Marketing

Dear Parties:

This will acknowledge receipt of the following:

- Letter dated December 4, 2007, from Roderick M. Thompson.
- Letter dated December 7, 2007, from Charles A. Weiss.
- Letter dated December 10, 2007, from Roderick M. Thompson.
- Letter dated December 10, 2007, from Charles A. Weiss.

We note the parties exchanged copies of the aforementioned correspondence.

The Association has not made a determination as to the arbitrability of the above matter, but has determined that the claimant has met the minimum filing requirements; therefore, in the absence the agreement of the parties or a court order staying this matter, the Association will proceed with administration pursuant to the Rules. **The parties may wish to raise this issue, upon appointment of the arbitrator.**

The AAA serves as a neutral administrative agency and does not generally appear or participate in judicial proceedings relating to arbitration. The AAA should not be named as a party-defendant. The Rules state that the AAA is not a "necessary party". The AAA will abide by an order issued by the courts and the parties are requested to keep us informed as to the outcome.

If you have any questions, please do not hesitate to contact me.

Sincerely,

/s/
Norma Cantu
Case Manager
559-490-1896
cantun@adr.org

*Supervisor Information: Lupe Gonzalez-Baca, 559 650 8019, Gonzalezl@adr.org*

## <u>EXHIBIT P</u>

# Declaration of Roderick  M. Thompson In Support of Motion to Stay Action and To Compel Arbitration

**FARELLA BRAUN + MARTEL** LLP

Attorneys At Law

Russ Building / 235 Montgomery Street
San Francisco / CA 94104

**RODERICK M. THOMPSON**
rthompson@fbm.com
D 415.954.4445

T 415.954.4400 / F 415.954.4480
www.fbm.com

November 20, 2007

*Via E-mail and Facsimile*
*cantun@adr.org; (559-490-1919)*

Norma Cantu
American Arbitration Association
6795 North Palm Ave., 2nd Floor
Fresno, CA 93704

     Re:  <u>74 117 01325 07 NOCA</u> *Visa USA v. Maritz*

Dear Ms. Cantu:

     This responds to Mr. Weiss' letter to you of November 16, 2007 (sent by U.S. mail) responding to your letter to the parties dated November 9, 2007 (posted on the AAA Webfile and available to the parties on that date, and apparently faxed to Mr. Weiss at his request on November 15) concerning the captioned arbitration.

     Mr. Weiss is mistaken in asserting that by filing a lawsuit to compel arbitration in U.S. district court in San Francisco that Visa "has elected" to have the Court determine arbitrability. Visa's complaint requests the Court to compel respondent Maritz Inc. to participate in the arbitration. While Mr. Weiss' client, respondent Maritz Inc., has taken the "position that there is no valid and enforceable" agreement, that issue is subject to arbitration by the appointed panel. *See Buckeye Check Cashing Inc. v. Cardegna* (2006), 546 U.S. 440, 449. Further, because the parties agreed to resolve their disputes under the "applicable rules and procedures of the American Arbitration Association," they agreed that the arbitrator would determine all questions of arbitrability. *See e.g., Contec Corp. v. Remote Solution Co., Ltd.*, 398 F.3d 205, 208 (2d Cir. 2005) (finding that incorporation of the American Arbitration Association Rules "serves as clear and unmistakable evidence of the parties' intent to delegate such issues to an arbitrator").

     Visa will shortly ask the Court to compel arbitration and to allow the arbitrator to rule on Maritz jurisdiction challenge.

     In any event, we are aware of no authority by which Maritz may unilaterally stop the arbitration process. We therefore respectfully request that the American Arbitration Association proceed with the process of appointing a panel in accordance with its rules, with or without the participation of respondent Maritz.



Norma Cantu
November 20, 2007
Page 2

We appreciate your courtesy and attention.  Please let me know should you have any questions.

Very truly yours,

Roderick M. Thompson

RMT:avd

cc:    Charles A. Weiss

21823\1388734.1