1  Roderick M. Thompson (State Bar No. 96192)
   rthompson@fbm.com
2  Robert C. Holtzapple (State Bar No. 145954)
   bholtzapple@fbm.com
3  Helen Dutton (State Bar No. 235558)
   hdutton@fbm.com
4  Diego F. Acevedo (State Bar No. 244693)
   dacevedo@fbm.com
5  Farella Braun & Martel LLP
   235 Montgomery Street, 17th Floor
6  San Francisco, CA  94104
   Telephone:  (415) 954-4400
7  Facsimile:  (415) 954-4480

8  Attorneys for Plaintiff
   VISA U.S.A. INC.
9

10              IN THE UNITED STATES DISTRICT COURT

11           FOR THE NORTHERN DISTRICT OF CALIFORNIA

12

13  VISA U.S.A. INC.,                    Case No. CV-07-5585 JSW

14              Plaintiff,               **PLAINTIFF VISA U.S.A. INC.'S
                                         OPPOSITION TO DEFENDANT MARITZ'S**
15      vs.                              ***EX PARTE*** **APPLICATION FOR AN ORDER
                                         SHORTENING TIME OR IN THE
16  MARITZ INC., d/b/a MARITZ            ALTERNATIVE FOR A TEMPORARY
    LOYALTY MARKETING,                   STAY OF THE ARBITRATION**
17
                Defendant.
18

19

20

21

22

23

24

25

26

27

28

Visa U.S.A. Inc.'s Opp. to Ex Parte App. for Order Shortening
Time or for Temporary Stay of Arbitration
Case No. CV-07-5585 JSW

21823\1416688.2

1    Plaintiff Visa U.S.A. Inc. ("Visa") opposes Defendant Maritz Inc.'s ("Maritz") *ex parte*

2   application for an order shortening time for the hearing on its motion to stay arbitration or in the

3   alternative for an order temporarily staying the arbitration. Maritz will suffer no cognizable

4   prejudice by conforming to the Court's previously established briefing and hearing schedule.

5   Maritz's assertion that it will be prejudiced by having to proceed with arbitrator selection before

6   the hearing on its motion is illogical and unsupportable. Proceeding with the process of arbitrator

7   selection will neither prejudice Maritz nor "usurp" the Court of jurisdiction. On the other hand,

8   moving the hearing up to January 11, the same day as Visa's opposition memorandum will be

9   filed, would obviously prejudice Visa and the Court. Further, granting Maritz the very relief

10  sought by its motion to stay without any consideration of the merits of the motion would be

11  unprecedented. Maritz's ill-advised *ex parte* application should be denied.

12  **I.     SUMMARY OF FACTS**

13   This action and the related AAA arbitration arise out of Maritz's breaches of its

14  contractual obligation to develop and deliver a time-critical rewards program to Visa. After six

15  months of delays, Visa terminated Maritz in April 2007, and disputes arose regarding the parties'

16  respective claims under that contract. On July 9, 2007, Visa and Maritz entered a written Letter

17  Agreement to resolve their "respective claims for damages resulting from alleged breaches" of

18  that contract and all "related claims" outside of Court, utilizing negotiation, followed by

19  mediation and culminating in "binding arbitration pursuant to AAA Commercial Rules." (*See*

20  Declaration of Ryan S. Hilbert In Support of Maritz's Motion To Stay Arbitration Pending

21  Determination Of Arbitrability ("Hilbert Motion To Stay Decl."), Ex. D.)

22   On November 2, 2007, Visa filed a demand for arbitration with the American Arbitration

23  Association ("AAA") and this action to compel arbitration. Maritz has responded with a series of

24  letters to the AAA arguing that the arbitration should not proceed, asserting that the AAA lacks

25  jurisdiction. (*See* Hilbert Motion To Stay Decl., Exs. G and I). On November 30, the AAA

26  informed the parties that, after carefully reviewing the parties' positions, it had determined that

27  the filing requirements had been met; with that November 30 letter, the AAA provided the parties

28  with a list of potential arbitrators and directed that each party submit its Arbitrator Selection Lists,

Farella Braun & Martel LLP
Russ Building, 17th Floor
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

Visa U.S.A. Inc.'s Opp. to Ex Parte App. for Order Shortening    - 1 -                                    21823\1416688.2
Time or for Temporary Stay of Arbitration
Case No. CV-07-5585 JSW

1   ranking and striking candidates, by no later than December 17, 2007.[1]  On December 13, after

2   Maritz sent several more letters to the AAA (including to its General Counsel in New York),

3   repeating the same jurisdictional arguments, the AAA again advised that it had considered all of

4   the correspondence and would proceed with the arbitration according to its Rules.  (Hilbert

5   Motion to Stay Decl., Ex. K)

6        On December 20, 2007 the AAA rejected Maritz's contentions that the arbitration be

7   moved from San Francisco to St. Louis and directed the parties to proceed with arbitrator

8   selection by no later than January 4, 2008.  (*See* Declaration Of Ryan S. Hilbert In Support Of *Ex*

9   *Parte* Application By Maritz Inc. For An Order Shortening Time Or, In The Alternative,

10   Temporarily Staying Arbitration ("Hilbert *Ex Parte* Decl."), Ex. C.)  On the same day (December

11   20), after it learned that the arbitration would not proceed in its preferred (St. Louis) venue,

12   Maritz filed with this Court its Motion to Stay Arbitration Pending Determination of Arbitrability

13   and a 40-page Answer and Counterclaim.  The Court issued its scheduling order the next day

14   (D.E. #22), setting Maritz's motion for hearing (if necessary) on February 8, and fixing January

15   11, 2008 as the date for Visa's opposition and January 18 for Maritz's reply.

16        On December 26, 2007, Maritz sent another letter to the AAA, attaching the Court's Order

17   and arguing that the mere pendency of its motion to stay justified the same relief—a stay of the

18   arbitration proceeding—that the AAA had already twice rejected.  (*See* Hilbert *Ex Parte* Decl.,

19   Ex. D.)  In a separate letter dated December 28, 2007, Maritz made a request to further extend the

20   time to submit the arbitrator selection lists until February 18, 2008, ten days after the potential

21   February 8 hearing.  (*Id*., Ex. F.)  On January 2, 2008 the AAA for a third time rejected Maritz's

22   request for a stay, but did extend the date for submission of the arbitrator selection by another

23   week until January 11, 2008.  (Thompson Decl., Ex. B.)  Maritz filed its *ex parte* application later

24   that evening.

25

26

---

27   [1]  Although Maritz attached the voluminous correspondence with the AAA to the declaration supporting its

28   motion to stay, it omitted this November 30 letter that commenced the arbitration selection process.  A true
  and correct copy of the AAA's November 30, 2007 letter is attached as Ex. A to the Declaration of
  Roderick M. Thompson ("Thompson Decl.").

Farella Braun & Martel LLP
Russ Building, 17th Floor
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

Visa U.S.A. Inc.'s Opp. to Ex Parte App. for Order Shortening
Time or for Temporary Stay of Arbitration
Case No. CV-07-5585 JSW

- 2 -

21823\1416688.2

1    II.    **ARGUMENT**

2        A.    **Maritz's *Ex Parte* Application Should Be Denied Both Because Maritz Cannot
3            Show That It Will Suffer Any Prejudice And Because Maritz Has Delayed In
            Making Its Request.**

4        Preliminarily, Maritz's *ex parte* motion seeking to "temporarily stay the arbitration

5    proceeding" is procedurally defective.  Local Rule 7-10 both states that an *ex parte* motion may

6    be filed "**only** if a statute, Federal Rule, local rule or Standing Order authorizes the filing of an ex

7    parte motion" and requires that the motion "**must** include a citation to the statute, rule or order

8    which permits the use of an ex parte motion to obtain the relief sought."  (Emphasis added.)

9    Maritz fails to cite any such statute, rule or order which permits the use of an ex parte motion to

10    obtain the temporary stay relief sought as required by Civil L. R. 7-10. [2]  Its *ex parte* application

11    should be denied on that basis.  See *In re Intermagnetics Am.,* 101 B.R. 191, 192 (C.D. Cal. 1989)

12    (Ex parte applications "are nearly always improper").

13        In any event, Maritz cannot meet the requisite standard to prevail on an *ex parte*

14    application,

15            First, the evidence must show that the moving party's cause will be
            irreparably prejudiced if the underlying motion is heard according to
16            regular noticed motion procedures. Second, it must be established that
            the moving party is without fault in creating the crisis that requires ex
17            parte relief, or that the crisis occurred as a result of excusable neglect.

18    *Mission Power Eng'g Co. v. Continental Cas. Co*., 883 F.Supp. 488, 492 (C.D. Cal. 1995).

19    Maritz has failed to satisfy either requirement.

20            1.    Maritz Has Not – And Cannot – Demonstrate That It Will Suffer Any
                Prejudice If The Motion Is Heard On February 8

21        Maritz has asked the Court either to reset the hearing on Maritz's motion to stay to no later

22    than January 11, 2008,  or to order a temporary stay of the arbitration until Maritz's motion to

23    stay is heard.  Maritz claims that action is necessary because it will be prejudiced if forced to

24    proceed with arbitrator selection in the interim.  Maritz does not show how or why it would be

25    prejudiced if the Court does not grant *ex parte* relief.

26    ───────────────────

27    [2]  Maritz states that its *ex parte* motion is brought "pursuant to Civil Local Rules 6-3, 7-10 and 7-11."
    Local Rule 6-3 applies only to motions to enlarge or shorten time while Local Rule 7-11 applies only to
28    "miscellaneous administrative matters."  Neither provides any basis for Maritz's extraordinary demand
    that the Court stay, based upon Maritz's ex parte application, the pending arbitration.

Farella Braun & Martel LLP
Russ Building, 17th Floor
235 Montgomery Street
San Francisco, CA  94104
(415) 954-4400

Visa U.S.A. Inc.'s Opp. to Ex Parte App. for Order Shortening        - 3 -                    21823\1416688.2
Time or for Temporary Stay of Arbitration
Case No. CV-07-5585 JSW

1    Maritz argues vaguely that "each day the arbitration proceeding is allowed to proceed . . .

2 is another day Maritz risks having the AAA make an irrevocable decision on important

3 procedural matters." (*See* Maritz's *Ex Parte* Application for Order Shortening Time or Staying

4 Arbitration "Maritz *Ex Parte* Application", pp. 4:26-5:1.) Yet Maritz does not identify how the

5 AAA arbitrator selection process would harm Maritz in any way between now and when the

6 Court rules on Maritz's motion to stay. Far from showing that it would be "irreparably

7 prejudiced" if the pending motion is not heard until February 8, Maritz has made no showing of

8 any prejudice whatsoever.

9    Maritz first received notice of the selection procedure and the resumes for the ten potential

10 arbitrators on November 30. (Thompson Decl., Ex. A.) Under the AAA Rules, "each party to the

11 dispute shall have 15 days from the transmittal date in which to strike names objected to, number

12 the remaining names in order of preference, and return the list to the AAA." (Thompson Decl.,

13 Ex. C, Rule 11). Accordingly, the November 30 letter initially set December 17 as the response

14 date. Maritz's many letters and complaints to the AAA have delayed this date until January 11,

15 2008. The result is that Maritz already will have had 44 days, almost three times the normal 15-

16 day period to submit its strikes. It has had more than ample time to evaluate the candidates, and

17 will suffer no conceivable prejudice from proceeding to pick an arbitrator.

18    Nor can Maritz show that it would suffer prejudice, or indeed any harm whatsoever,

19 assuming that an arbitrator is selected before the Court's scheduled hearing on the stay motion.

20 Selecting an arbitrator less than one month before the scheduled hearing on its motion does not

21 create a likelihood of inconsistent rulings. A few weeks is insufficient time for any ruling by the

22 arbitrator on the merits of the parties' disputes. Maritz speculation that such a ruling is "quite

23 possible" (*See* Maritz's *Ex Parte* Application, p. 4:13) is unsupported and unsupportable.

24    Visa, by contrast, would be prejudiced if Maritz's motion were heard on January 11. As

25 Maritz of course knew when it made its request, the Court's December 21 Scheduling Order set

26 that date -- this Friday, January 11 -- as the deadline for Visa to file its opposition to Maritz's

27 motion. Visa has been planning accordingly, and will demonstrate why the requested stay is not

28 procedurally or substantively supportable in its opposition to be filed that day. If Maritz wishes

Farella Braun & Martel LLP
Russ Building, 17th Floor
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

Visa U.S.A. Inc.'s Opp. to Ex Parte App. for Order Shortening      - 4 -      21823\1416688.2
Time or for Temporary Stay of Arbitration
Case No. CV-07-5585 JSW

1    to forego its reply or if the Court wishes to set an earlier hearing date, Visa would have no

2    objection.  But a hearing on or before January 11, 2008 is not practicable or justifiable.

3         Moreover, Maritz's alternative request that the Court grant as a temporary matter the very

4    relief sought by Maritz's underlying motion, a temporary stay of the arbitration, is wholly

5    unjustified.  Maritz has failed to show any prejudice it would suffer by allowing the Court to

6    consider its motion with full briefing and argument.  A stay of the arbitration process, on the other

7    hand, will further frustrate Visa's contractual entitlement to an efficient dispute resolution

8    process.

9              2.    To The Extent There Is Any "Crisis" Supporting Maritz's Request,
                    Maritz's Own Conduct Has Caused That "Crisis."
10

11        Moreover, to the extent there is any claimed "crisis" justifying Maritz's extraordinary

12   request, that "crisis" is entirely of Maritz's own making.  The arbitration began on November 2.

13   From that date until December 20 Maritz did not seek relief from this Court of any kind, despite

14   the fact that the arbitration proceeding was progressing all the while.  Maritz offers no

15   explanation for its failure to act sooner.  Indeed, that Maritz waited to file its motion to stay until

16   after the AAA ruled that the hearing will be in San Francisco, not St. Louis (*See* Hilbert *Ex Parte*

17   Decl., Ex. C), suggests that Maritz's real complaint is with the arbitral venue, not the arbitration

18   process.  Regardless, Maritz waited for two months until January 2, 2008 to seek its *ex parte*

19   relief, plainly contributing to the supposed "crisis" it now confronts.

20   **III.    CONCLUSION**

21        Maritz cannot show that it will suffer any prejudice by leaving its motion set for hearing

22   on February 8, 2008.  Visa respectfully requests that the Court deny Maritz's *ex parte* application

23   for an order shortening time or in the alternative for a temporary stay of the arbitration.

24   DATED:  January 7, 2008              FARELLA BRAUN & MARTEL LLP

25
                                         By:  /s/ Roderick M. Thompson
26                                              Roderick M. Thompson

27                                       Attorneys for Plaintiff VISA U.S.A. INC.

28

Farella Braun & Martel LLP
Russ Building, 17th Floor
235 Montgomery Street
San Francisco, CA  94104
(415) 954-4400

Visa U.S.A. Inc.'s Opp. to Ex Parte App. for Order Shortening     - 5 -                    21823\1416688.2
Time or for Temporary Stay of Arbitration
Case No. CV-07-5585 JSW