MANATT, PHELPS & PHILLIPS, LLP
RONALD S. KATZ (California Bar No. 085713)
E-mail: rkatz@manatt.com
RYAN S. HILBERT (California Bar No. 210549)
E-mail: rhilbert@manatt.com
1001 Page Mill Road, Building 2
Palo Alto, CA  94304-1006
Telephone:  (650) 812-1300
Facsimile:  (650) 213-0260

Attorneys for Defendant and Counter-Claimant
MARITZ INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VISA U.S.A. INC.,<br><br>                    Plaintiff,<br><br>vs.<br><br>MARITZ INC. d/b/a MARITZ LOYALTY MARKETING,<br><br>                    Defendant. | CIVIL ACTION NO. C07-5585 JSW<br><br>MARITZ INC.'S MISCELLANEOUS ADMINISTRATIVE REQUEST TO CONTINUE THE HEARING DATE ON VISA U.S.A. INC'S MOTION TO COMPEL ARBITRATION; AND *EX PARTE* APPLICATION FOR DISCOVERY |
| AND RELATED COUNTERCLAIMS | |

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

1

*EX PARTE* APPLICATION FOR
EXPEDITED DISCOVERY
CASE NO. C07-5585 JSW

Defendant and Counterclaimant Maritz Inc. ("Maritz") hereby applies *ex parte* pursuant to Civil Local Rules 6-3 and 7-10 and Federal Rule of Civil Procedure 26(d) for an Order continuing the hearing date on the January 4, 2008 motion of Plaintiff and Counterclaim Defendant Visa USA Inc. ("Visa") in which Visa seeks, among other things, to compel Maritz to arbitrate (the "Motion"). Maritz also seeks leave to take discovery in accordance with its right to a jury trial under Section 4 of the Federal Arbitration Act. Maritz has unsuccessfully met and conferred with Visa concerning the requests in this application.

## I.   INTRODUCTION

This Application arises as a direct result of Visa's January 4, 2008 Motion to have this Court compel Maritz to arbitrate. Maritz claims that it was fraudulently induced to agree to arbitrate. Visa's motion to compel arbitration is premature in that it asks this Court to proceed to determine arbitrability before Maritz has had an opportunity to conduct discovery on this highly factual issue. In a situation such as this, Section 4 of the Federal Arbitration Act ("FAA") provides that a party like Maritz is entitled to a jury trial on the validity of its agreement to arbitrate. 9 U.S.C. § 4. At a minimum, Maritz is entitled to conduct discovery and "submit evidentiary facts showing that there is a dispute of fact to be tried" as if it were opposing a motion for summary judgment. *See Doctor's Associates, Inc. v. Distajo*, 107 F.3d 126, 129-30 (2nd Cir. 1997), *cert. denied*, 522 U.S. 948 (1997). Only after the parties have engaged in this process can this Court properly adjudicate Visa's Motion and Maritz's claim under Section 4 of the FAA.

Maritz has filed a pending Motion to Stay Arbitration, which does not require discovery because Maritz is not asking the Court to issue a final ruling on arbitrability. Nor is discovery necessary for this Court to determine that it, and not the AAA, must eventually determine arbitrability. *See Santana Row Hotel Partners, LP v. Zurich Am. Ins. Co.*, 2007 WL 914464 (N.D. Cal. 2007) (Judge Ware of the Northern District determining that separate agreements to arbitrate like the one at issue here must be adjudicated by the courts, not an arbitrator). In contrast, Visa's pending Motion requires that Maritz obtain discovery so that Maritz can show, at a minimum, why it is entitled to a Section 4 jury trial on the enforceability of the arbitration provision.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

1

*EX PARTE* APPLICATION FOR
EXPEDITED DISCOVERY
CASE NO. C07-5585 JSW

## II. RELEVANT BACKGROUND

Visa commenced this action on November 2, 2007 seeking tens of millions of dollars in damages as a result of Maritz's alleged breach of the parties' April 2006 Master Services Agreement ("MSA"), and related claims. That same day, Visa filed a demand for arbitration with the AAA seeking only a determination of arbitrability, not an adjudication of the parties' respective rights under the MSA.

Even though Visa sued Maritz, Visa has taken virtually no affirmative action in this case to date, aside from a motion to compel arbitration that was subsequently vacated on December 5, 2007, and not re-filed until January 4, 2008. Instead, Visa has been focusing its efforts on proceeding with the arbitration as soon as possible.[1]

The basis for Visa's insistence that the parties arbitrate comes from a short letter signed by the parties on July 9, 2007 that contains a provision regarding arbitration. It is this "letter agreement" – and, more specifically, the arbitration provision included therein – that Maritz can and will show was the product of Visa's fraudulent inducement.

Many of the relevant facts underlying Maritz's claim are explained in the Motion to Stay Arbitration that Maritz filed on December 20, 2007. In brief, Maritz alleges that Visa knew that it would be seeking tens of millions of dollars of damages from Maritz as a result of Maritz's alleged breaches of the MSA, but intentionally withheld this information from Maritz because, among other reasons, Visa did not want to disrupt its transition from Maritz to a new rewards program provider, Counterclaim Defendant Carlson Marketing Group ("Carlson"), and Visa wanted to induce Maritz into agreeing to arbitrate. It was not until July 23, 2007 – two weeks after the letter agreement was executed, and after the transition from Maritz to Carlson had been completed – that Visa finally disclosed the true nature and amount of its claims.

---

[1] Visa has repeatedly informed the AAA (incorrectly) that the AAA, and not this Court, must determine the validity of Maritz's agreement to arbitrate. Based on this erroneous premise – which Visa now seems to concede by virtue of having filed a Motion asking the Court to decide the same thing – Visa has been urging the AAA to move forward as quickly as possible so that Maritz has to participate in the arbitration before this Court can issue a contrary ruling.

## III. ARGUMENT

### A. The Standard For Determining Arbitrability.

Section 4 of the FAA provides that a party resisting arbitration may demand a jury trial on the validity of an arbitration provision. 9 U.S.C. § 4.[2] Courts have employed a summary judgment approach to Section 4, with the party resisting arbitration bearing the burden in this regard. 9 U.S.C. § 4; *Doctor's Associates, Inc. v. Distajo*, 107 F.3d 126, 129-30 (2nd Cir. 1997), *cert. denied*, 522 U.S. 948 (1997) (under § 4 of the FAA, a party resisting arbitration and requesting a trial must submit evidence demonstrating a genuine issue of fact, as when opposing a motion for summary judgment). Before this Court can properly adjudicate Visa's motion to compel arbitration, Maritz must be allowed an opportunity to conduct discovery so that it can submit evidentiary facts in support of its claim for a jury trial. *See Interbras Cayman Co. v. Orient Victory Shipping Co., S.A.*, 663 F.2d 4, 7 (2nd Cir. 1990) (suggesting that the threshold for creating a "disputed issue of fact" warranting a jury trial is low). If this Court were to allow Visa's Motion to proceed in the absence of discovery, it would be the equivalent of hearing and deciding a motion for summary judgment notwithstanding a valid claim under Federal Rule of Civil Procedure 56(f).[3]

### B. The Court Should Continue The Hearing Date For Visa's Motion to Compel Arbitration.

The hearing for Visa's Motion is scheduled for February 8, 2008. In order for Maritz to conduct the discovery to which it is entitled in connection with Section 4 of the FAA, Maritz respectfully requests that the Court continue the date of Visa's hearing for a period of at least sixty (60) days. Included within this request is the time Maritz will need to review and evaluate

---

[2] Section 4 states in relevant part: "If the making of the arbitration agreement . . . be in issue, the court shall proceed summarily to the trial thereof. . . . Where such an issue is raised, the party alleged to be in default may . . . demand a jury trial of such issue, and upon such demand the court shall make an order referring the issue or issues to a jury in the manner provided by the Federal Rules of Civil Procedure, or may specially call a jury for that purpose . . . ."

[3] Visa may claim that Maritz is not entitled to discovery because this Court can determine as a matter of law that Visa did not have a duty to disclose the size of its claim to Maritz. This is untrue. Not only is Maritz's fraudulent inducement claim highly fact-specific, but as Maritz informed the AAA and Visa's counsel on November 26, 2007, and as will be explained in more detail in Maritz's eventual opposition to Maritz's Motion, "the law is clear that a duty is owed by an attorney not to defraud another, even if that other is an attorney negotiating at arm's length." *See Cicone v. URS Corporation*, 183 Cal. App. 3d 194, 202 (1986); ABA Model Rule 4.1.

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

3

*EX PARTE* APPLICATION FOR
EXPEDITED DISCOVERY
CASE NO. C07-5585 JSW

any documents responsive to a narrow production request, and to depose those individuals identified below. Visa's current 35-day schedule does not account for such discovery.[4]

### C. The Court Should Grant Maritz's Request for Discovery.

This Court has the authority to authorize discovery before the parties' Rule 26(f) conference for "good cause." *See* Local Rule 7-10 and Fed. R. Civ. P. 26(d). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electronics America, Inc.*, 208 F.R.D. 273, 275 (N.D. Cal. 2002)

Good cause exists for Maritz to immediately begin conducting discovery related to its claim of fraudulent inducement. As Maritz informed Visa in a pair of e-mails dated January 10-11, 2008, and in a phone call on the afternoon of January 11, 2008, Maritz seeks leave to propound a document production request and to take the depositions of Tad Fordyce and Elizabeth Buse (and perhaps Tim Attinger) of Visa, John McCarthy of Inovant (a Visa subsidiary), and Rule 30(b)(6) corporate representatives of Visa (though Maritz suspects these to be the same witnesses).[5] In exchange, and in the spirit of good faith, Maritz offered to produce witnesses for Visa to depose. *See* Declaration of Ryan S. Hilbert ("Hilbert Decl.") Exh. A.

As Maritz has informed Visa, each of the foregoing witnesses possesses crucial knowledge relating to, among other things, (1) when Visa knew it had claims, including for "cover" damages; (2) when Visa determined the amount it was allegedly owed and how that amount would be calculated, notwithstanding a November 8-9, 2006 e-mail exchange in which Tad Fordyce of Visa waived liquidated damages; (3) why Elizabeth Buse of Visa chose to terminate Visa's relationship with Maritz in a letter dated April 20, 2007 for "convenience" rather than by alleging that Maritz was in breach of the MSA; (4) whether Visa knew that it intended to assert claims for tens of millions of dollars when Ms. Buse sent her April 20, 2007 letter

---

[4] Visa filed its Motion after 10:00 p.m. on January 4, 2008, which is exactly 35 days before February 8, 2008.
[5] Depending on what evidence the depositions listed above produce, Maritz may also need to take the deposition of Visa's outside counsel, Rod Thompson, because he was the one who expressly withheld such information when fraudulently inducing Maritz to agree to arbitrate. *See generally Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986). Mr. Thompson recognized the possibility that he would be deposed in an e-mail dated January 11, 2008. *See* Hilbert Decl. Exh. B.

1  terminating the contract and at the time of John McCarthy's contemporaneous statements to
2  Maritz that technology did not play a role in Visa's decision to terminate; and (5) why Visa failed
3  to disclose the nature and amount of its claims until July 23-24, 2007. These witnesses also
4  possess knowledge about whether Visa had internal communications and discussions regarding
5  not telling Maritz of its claim for millions of dollars, and about what role, if any, Visa's transition
6  from Maritz to Carlson played in its decision to withhold such material information from Maritz.

This information is directly related to, among other things, Visa's claim in its January 4 Motion that Maritz cannot show justifiable reliance in support of its fraudulent inducement claim.

Maritz will suffer severe prejudice if it is not allowed to conduct discovery. Without the ability to receive and share the results of its discovery with the Court, Maritz risks being denied its right to a jury trial under Section 4, and ultimately being forced to participate in a highly prejudicial arbitration proceeding into which it was fraudulently induced. If Maritz was to seek expedited discovery in a regularly-noticed motion, the soonest such a motion could be heard on a standard 35-day track would be February 15, 2008, which is one week *after* the hearing on Visa's Motion and almost one month *after* Maritz's Opposition to Visa's Motion is due. This is too late.

Unlike Maritz, Visa will not be prejudiced should the Court grant Maritz's request for discovery. Visa has known about Maritz's need for discovery for some time. On December 3, 2007, Maritz informed Visa that it would need expedited discovery in order to properly oppose Visa's then-pending motion to compel arbitration. *See* Hilbert Decl. Exh. B. In response, Visa agreed to consider Maritz's request and reserved its right to conduct discovery of its own. *See id.*. The only reason Maritz did not follow up on its request until recently was that Visa's then-pending motion to compel arbitration was vacated on December 5, and Visa did not re-file its Motion until almost one month later on January 4, 2008. Maritz did not know for certain that Visa would be re-filing its Motion, especially in light of Section 4 and the fact that, unlike in the arbitration, Visa took no affirmative action in this case after December 5. Indeed, until Visa re-filed its Motion, any request for discovery prior to that time would have been premature.

### IV.  CONCLUSION

For the reasons given above, Maritz respectfully requests that the Court grant its motion.

1  Dated: January 11, 2008         MANATT, PHELPS & PHILLIPS, LLP

2

3                                  By:  /s/ Ryan S. Hilbert
                                        Ronald S. Katz (SBN 085713)
4                                       Ryan S. Hilbert (SBN 210549)
                                        MANATT, PHELPS & PHILLIPS, LLP
5                                       1001 Page Mill Road, Building 2
                                        Palo Alto, CA  94304-1006
6                                       Telephone:      (650) 812-1300
                                        Facsimile:      (650) 213-0260
7                                       *Attorneys for Defendant and Counter-Claimant*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

6

*EX PARTE* APPLICATION FOR
EXPEDITED DISCOVERY
CASE NO. C07-5585 JSW