# Exhibit A
## to the
## Declaration Of Ryan S. Hilbert In Support Of Maritz Inc.'S Miscellaneous Administrative Request To Continue The Hearing Date On Visa U.S.A. Inc's Motion To Compel Arbitration And *Ex Parte* Application For Discovery

## Hilbert, Ryan

**From:** Hilbert, Ryan
**Sent:** Friday, January 11, 2008 3:47 PM
**To:** 'RThompson@fbm.com'; BHoltzapple@fbm.com
**Cc:** Katz, Ron; caweiss@BryanCave.com; msdeiermann@BryanCave.com; HDutton@fbm.com; DAcevedo@fbm.com
**Subject:** RE: Visa v. Maritz

Rod:

This responds to that portion of your email below addressing our request for a continuance and for expedited discovery.

We agree that discovery is not necessary for the Court to rule that it, and not the AAA, must determine arbitrability. However, we disagree that Visa's Motion -- which necessarily requires consideration of the highly factual issue of whether Maritz's claim of fraudulent inducement, and which seeks to deprive Maritz of its right to a jury trial on that issue -- can be adjudicated absent discovery.

Both Section 4 of the Federal Arbitration Act, and the cases interpreting Section 4, make clear that Maritz is entitled to a jury trial on the enforceability of the parties' arbitration agreement, especially when, as here, a party invokes (or, in our case, will invoke) Section 4 in opposition to a motion to compel. At a minimum, Maritz is entitled to show that there are genuine issues of material fact warranting a jury trial as though it were opposing a motion for summary judgment. Until the Court has a full record of the facts before it, it simply cannot rule as a matter of law that Maritz has not raised a genuine issue of material fact. To do so would be the equivalent of granting a motion for summary judgment notwithstanding a valid claim under Federal Rule of Civil Procedure 56(f).

We also disagree with your mischaracterization about Maritz's alleged delay in taking discovery. We once again remind you that it was Visa, and not Maritz, that waited for one month before re-filing its motion to compel arbitration. As stated below, Maritz did not know for certain that Visa would be re-filing its motion to compel arbitration, especially in light of Section 4 and the fact that Visa took no affirmative action in this case since November 2007 (when it filed its subsequently vacated petition to compel) while repeatedly urging the AAA to move forward as quickly as possible. Until Visa re-filed its Motion on January 4, 2008, there was simply no need for Maritz to engage in premature discovery until the Court determined the threshold issue of whether it, and not the AAA, would determine arbitrability. Maritz's need for a continuance and for expedited discovery is a direct result of Visa's January 4 Motion, not a situation of Maritz's own making. Indeed, your attempt to use Visa's decision to inexplicably delay re-filing its Motion for a month to suggest that Maritz has somehow also engaged in delay is misplaced.

As explained above and below, Maritz needs a continuance and expedited discovery so that it can properly oppose Visa's motion to compel arbitration and, at a minimum, show that it is entitled to a jury trial under Section 4 of the FAA. We have already told you that the individuals Maritz seeks to depose are Tad Fordyce, Elizabeth Buse, John McCarthy of Inovant (and perhaps Tim Attinger). Each of these witnesses possesses crucial information relating to, among other things, (1) when Visa knew it had claims, including for "cover", and damages; (2) how Visa arrived at that amount, and how that amount would be calculated, notwithstanding a November 8-9, 2006 e-mail exchange in which Tad Fordyce of Visa waived liquidated damages; (3) why Elizabeth Buse of Visa chose to terminate Visa's relationship with Maritz on April 20, 2007 for "convenience" rather than by alleging that Maritz was in breach of the MSA; (4) whether Visa had a proper basis to allege breach of contract in Ms. Buse's April 20 letter in light of John McCarthy's contemporaneous statements to Maritz that technology did not play a role in Visa's decision to terminate; and (5) why Visa failed to disclose the nature and amount of its claims until July 23, 2007. Maritz also needs documents related to these issues. (Incidentally, while we agree that you will likely need to be deposed, Rod, we believe that it is equally important to depose those Visa personnel with knowledge of this issue.)

1/11/2008

You indicate in your e-mail below that Visa will not continue the hearing date for its Motion. We do not see how the discovery described above can be completed in only five (5) business days. Keep in mind that Maritz also needs time to incorporate the results of its discovery into its Opposition, and for it to show why it is entitled to a jury trial under Section 4.

For the reasons given above, we urge you to re-consider Maritz's request, and its request for expedited discovery. **In the spirit of cooperation, we will also call you later this afternoon to see if any agreement on these issues can be reached so as to avoid intervention by the Court.**

Please note that in the event Maritz has no choice but to seek relief from the Court, Maritz will include your e-mail and attachment below as requested. Maritz does not intend to include any additional e-mails, however, given its impending filing deadline.

Ryan

---

**From:** RThompson@fbm.com [mailto:RThompson@fbm.com]
**Sent:** Friday, January 11, 2008 11:47 AM
**To:** Hilbert, Ryan; BHoltzapple@fbm.com
**Cc:** Katz, Ron; caweiss@BryanCave.com; msdeiermann@BryanCave.com; HDutton@fbm.com; DAcevedo@fbm.com
**Subject:** RE: Visa v. Maritz

Ron and Ryan: As you know today is the (extended) deadline for submission of arbitrator lists. The AAA has several times encouraged the parties to attempt to agree on an arbitrator. To date, you have not responded to our several invitations to discuss the subject. We continue to be willing to discuss arbitrator selection and believe that the parties are better off in trying to agree on a mutually acceptable arbitrator. Unless we hear from you by 3 p.m., however, we must assume that Maritz continues to decline any discussion of the subject and we will submit our selections.

This responds to Ryan's email request of yesterday afternoon (appended below), which requested our response by noon today.

1. The request for discovery: Visa believes that no discovery is necessary. First, the arbitrability issue raised by Maritz is properly for the arbitrator, for the reasons set forth in our motion. Second, even if arbitrability is properly addressed by the Court, there is no basis to go beyond the Letter Agreement and related contemporaneous correspondence. Despite Maritz's allegations, no genuine issue is raised regarding "the making of the arbitration agreement [the Letter Agreement]" and the "failure, neglect, or refusal [be Maritz] to perform" under the Agreement. See 4 U.S.C. section 4. Nonetheless, (as you note) Bob informed you in earlier December, Visa is willing to consider discovery limited to the narrow issue raised by Maritz--alleged fraudulent inducement into the letter agreement. See attached 12/7/07 email. Although we do not understand what documents other than those already exchanged between the parties are relevant to that narrow issue, if

Maritz believes it needs additional documents please describe them with particularity and we will respond promptly to that request. With respect to depositions, we candidly do not understand how depositions of anyone other than possibly Steve and me could be relevant to that narrow issue. There is no reason for the discovery on the underlying merits of the parties claims, and no even colorable justification for imposing on Elizabeth Buse, Tim Attinger, Tad Fordyce or John McCarthy. If Maritz for some reason believes that any of these individuals has discoverable information regarding Maritz's narrow claim of fraud in the inducement of the Letter Agreement, please explain that in detail.

2. There is no reason to delay the hearing. On December 7 Bob wrote the attached email informing Maritz that Visa's motion would be noticed for hearing more than two months later and, specifically that "the February 8 date will allow Maritz ample opportunity to pursue whatever discover it believes is needed." Assuming Maritz appropriately limits its discovery to that which is necessary for the narrow issue presented, Maritz should still be able to conduct whatever discovery it believes it needs and comply with the normal briefing schedule. Although you stated in your December 7 response to Bob's December 7 email that Maritz would get back to us "about discovery as soon as [Maritz] can" Maritz did not respond until yesterday, more than a month later. That delay is solely of Maritz's own making, and cannot be used as a pretext to delay the hearing date on Visa's motion.

In sum, Visa is willing to work with Maritz to expedite limited and targeted discovery; but there is no basis for delaying the hearing or for making another ex parte motion. Bob and I are available this afternoon if you'd like to discuss any of the foregoing.

Please include this email (and its attachment) in any ex parte application.

Rod

> -----Original Message-----
> **From:** Hilbert, Ryan [mailto:RHilbert@manatt.com]
> **Sent:** Thursday, January 10, 2008 2:36 PM
> **To:** Thompson, Rod (27) x4445; Holtzapple, Bob (31) x4939
> **Cc:** Katz, Ron; caweiss@BryanCave.com; msdeiermann@BryanCave.com; Dutton, Helen (19) x4431; Acevedo, Diego (21) x4401
> **Subject:** Visa v. Maritz
>
> Bob and Rod:
>
> I write to request expedited discovery in connection with Visa's January 4, 2008 motion in which it seeks, among other things, a determination of arbitrability (the "Motion"). We also ask that you continue the hearing date for Visa's Motion for a period of at least sixty (60) days so that such discovery can be conducted. This request arises out of Section 4 of the Federal Arbitration Act (9 U.S.C. Sec. 4), which

provides that Maritz has the right to a jury trial on the issue of arbitrability.

As an initial matter, Maritz seeks to propound a document request and to depose the following individuals for information related to its fraud in the inducement claim: Tad Fordyce and Elizabeth Buse (and perhaps Tim Attinger) of Visa, John McCarthy of Inovant (a Visa subsidiary), and Rule 30(b)(6) corporate representatives of Visa (though we suspect these to be the same witnesses). Depending on what evidence those depositions produce, Maritz may also need to take your deposition, Rod, especially in light of your direct involvement in the circumstances underlying Maritz's claim. Of course, Maritz would also be willing to produce witnesses for Visa to depose.

Maritz's request is similar to, but separate from, its December 3, 2007 request. Even though Bob said on December 7, 2007 that Visa "planned" on re-filing its petition to compel arbitration, Visa did not do so until almost one month later on January 4, 2008. Until January 4, Maritz did not know for certain whether Visa would be re-filing its motion, and assumed that it had not done so in light of the Federal Arbitration Act section cited above and your increased focus on moving forward before the AAA instead of this Court.

Visa's Motion is premature in that it asks the Court to determine arbitrability before the parties have had an opportunity to conduct discovery on Maritz's highly factual claim of fraud in the inducement. Unlike Maritz's Motion to Stay Arbitrability, which does not require discovery because Maritz is not asking for a final determination of arbitrability, Maritz needs discovery, at a minimum, to properly oppose Visa's Motion. Maritz also is entitled to such discovery so that it can develop and submit evidentiary facts in support of a claim that it is entitled to a jury trial under Section 4 of the FAA. Only after this process has been completed can the Court rule whether there is fraud in the inducement that invalidates the arbitration provision. Rather than force both parties -- and, more importantly, the Court -- to prematurely consider this issue before a full factual record is available, Maritz also asks that you continue the hearing date on Visa's Motion for a period of at least sixty (60) days.

Please let us know by no later than noon tomorrow whether Visa will agree to Maritz's request. In the event Visa does not agree by that time, we will be filing an *ex parte* motion with the Court tomorrow requesting such relief.

Very truly yours,

Ryan S. Hilbert
Manatt, Phelps & Phillips, LLP
1001 Page Mill Road, Building 2
Palo Alto, CA 94304
Tel: (650) 812-1347
Fax: (650) 213-0260

CONFIDENTIALITY NOTICE: This e-mail transmission, and any documents, files or previous e-mail messages attached to it, may contain confidential information that is legally privileged. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of any of the information contained in or attached to this message is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify us by reply e-mail at rhilbert@manatt.com <mailto:rhilbert@manatt.com> or by telephone at (650) 812-1347, and destroy the original transmission and its attachments without reading them or saving them to disk. Thank you.

IRS CIRCULAR 230 DISCLOSURE: To comply with requirements imposed by recently issued treasury regulations, we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written by us, and cannot be used by you, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another person any transaction or matter addressed herein. For information about this legend, go to http://www.manatt.com/circ230

This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

Farella Braun + Martel LLP