Roderick M. Thompson (State Bar No. 96192)
  rthompson@fbm.com
Robert C. Holtzapple (State Bar No. 145954)
  bholtzapple@fbm.com
Helen Dutton (State Bar No. 235558)
  hdutton@fbm.com
Diego F. Acevedo (State Bar No. 244693)
  dacevedo@fbm.com
Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
Telephone:  (415) 954-4400
Facsimile:  (415) 954-4480

Attorneys for Plaintiff
VISA U.S.A. INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISA U.S.A. INC.,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>MARITZ INC., d/b/a MARITZ LOYALTY MARKETING,<br><br>　　　　　Defendant. | Case No. CV-07-5585 JSW<br><br>**[PROPOSED] ORDER DENYING MARITZ INC.'S MOTION TO STAY ARBITRATION**<br><br>Date: February 8, 2008<br>Time: 9:00 a.m.<br>Courtroom: 2 (17th Floor)<br>Hon. Jeffrey S. White |

　　　　Now before the Court is Defendant, Maritz Inc. d/b/a Maritz Loyalty Marketing ("Maritz's") motion to stay the pending arbitration between the parties in the above-captioned case. Having carefully reviewed the submissions of the Parties, and considered the arguments of counsel, and the relevant legal authority, and good cause appearing, Defendant's motion is hereby DENIED.

**BACKGROUND**

　　　　The Parties entered into a software-related agreement in April 2006, under which Maritz was obligated to provide a software product to Visa. Certain disputes arose between the parties regarding their respective performance of the April 2006 agreement. In April 2007, Visa

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

[PROPOSED] ORDER DENYING MARITZ INC.'S
MOTION TO STAY ARBITRATION CV-07-5585 JSW

21823\1424063.1

1  terminated Maritz. The Parties entered into a Letter Agreement in July 2007, in which they
2  agreed to engage in a three-tiered dispute resolution process consisting of negotiation, mediation,
3  and binding arbitration. After the parties signed the dispute resolution agreement, however,
4  Maritz claimed that the Letter Agreement was invalid and unenforceable, because Visa did not
5  disclose the magnitude of its claims prior to the execution of the Letter Agreement.

6  On November 2, 2007, Visa filed a demand for arbitration with the American Arbitration
7  Association ("AAA"). That same day Visa filed the present action requesting the Court to
8  compel Maritz to arbitrate or, in the alternative, to issue a ruling on the merits of its underlying
9  breach of contract claims. In response, Maritz filed an answer and counterclaims against Visa.
10 Maritz also filed this motion requesting that the Court stay the pending arbitration until such time
11 as the Court had ruled on whether the arbitration agreement was enforceable in light of Maritz's
12 claim that it had been fraudulently induced it into signing the agreement. For the reasons stated
13 below, Maritz's motion to stay the pending arbitration is DENIED.

**ANALYSIS**

15  Maritz has asked this Court to stay an arbitration currently proceeding before the AAA.
16 The relief requested extends beyond the discretionary authority conveyed on this Court to control
17 litigation before it and instead requires this Court to exercise its equitable powers to affirmatively
18 halt proceedings in another forum. *Camping Const. Co. v. Dist. Council of Iron Workers*, 915
19 F.2d 1333, 1343 (9th Cir. 1999). The import of such an order renders the relief requested in the
20 nature of injunctive relief, and as such Defendant had the burden of establishing that it may suffer
21 irreparable harm if such an order is not granted, as well as probable success on the merits of its
22 claims or in the alternative the existence of serious questions going to the merits, the balance of
23 which are sharply in its favor and at least a fair chance of succeeding on the merits of its claims.
24 *Owner Operator Indep. Drivers Ass'n v. Swift Transp. Co.,* 367 F.3d 1108, 1111 (9th Cir. 2004).
25 Defendant has failed to allege that it will suffer irreparable injury or the existence of serious
26 questions which go to the merits and has presented no evidence that would allow this Court to
27 issue findings of fact or conclusions of law supporting the issuance of the injunctive relief Maritz
28 now seeks.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

[PROPOSED] ORDER DENYING MARITZ INC.'S
MOTION TO STAY ARBITRATION CV-07-5585 JSW    2    21823\1424063.1

1    The Court further finds that even if Defendant Maritz had complied with the substantive

2 requirements for a temporary restraining order, its motion for a stay of arbitration would

3 nevertheless fail. The Court need not issue an order staying the arbitration because the evidence

4 clearly demonstrates that the threshold issue which Defendant asks this Court to rule upon is

5 properly reserved for arbitration.

6    When a party challenges the validity of an underlying contract as a basis for refusing to

7 arbitrate, that challenge must go to the arbitrator. *Buckeye Check Cashing, Inc. v. Cardegna*, 546

8 U.S. 440, 449 (2006). Here the undisputed facts establish that Maritz's invalidity challenge is

9 directed to the Letter Agreement in its entirety. For this reason, this Court finds that pursuant to

10 *Buckeye Check Cashing,* the determination as to the Letter Agreement's validity is a question for

11 the arbitrator.

12    The Court further finds there is clear and convincing evidence that the parties intended for

13 the arbitrator to rule on the threshold issue now raised by the Defendant. The parties twice

14 incorporated the rule of the American Arbitration Association into the agreement now in

15 question. The weight of authority in both this district and our sister Circuits hold that

16 incorporation of the AAA Commercial Rules into an agreement constitutes clear and

17 unmistakable evidence that the parties intended to submit arbitrability issues, including invalidity

18 challenges, to the arbitrator. *See Contec Corp. v. Remote Solution Co., Ltd.*, 398 F.3d 205, 207

19 (2d Cir. 2005). *See also Packeteer Inc. v. Valencia Sys. Inc.*, 2007 WL 707501 at *2 (N.D. Cal.

20 March 2007) (Whyte, J.) (finding "that because it incorporates the rules of the American

21 Arbitration Association, the agreement to arbitrate is sufficiently broad as to give the arbitrator

22 the authority to determine arbitrability of issues"). The Court is persuaded by the prevailing rule

23 and accordingly finds the incorporation of the AAA rules constitutes clear and unmistakable

24 evidence of the Parties' intent to submit arbitrability issues to the arbitrator.

25    Since the threshold issue of whether Defendant was fraudulently induced into an

26 agreement to arbitrate must be decided by the arbitrator in the first instance, this Court finds no

27 basis for enjoining the Plaintiff from seeking a determination of this issue in the appropriate

28 forum.

235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

[PROPOSED] ORDER DENYING MARITZ INC.'S
MOTION TO STAY ARBITRATION CV-07-5585 JSW     3     21823\1424063.1

Accordingly, the Court Orders as follows:

1. Defendant Maritz's motion to stay arbitration is hereby DENIED.

IT IS SO ORDERED.

DATED: _____

Honorable Jeffrey S. White
UNITED STATES JUDGE FOR THE NORTHERN DISTRICT OF CALIFORNIA

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

[PROPOSED] ORDER DENYING MARITZ INC.'S
MOTION TO STAY ARBITRATION CV-07-5585 JSW

4

21823\1424063.1