# Exhibit A

**DECLARATION OF RODERICK M. THOMPSON IN SUPPORT OF
VISA USA  INC.'S OPPOSITION TO
MARITZ INC.'S MOTION TO STAY ARBITRATION**

## FARELLA BRAUN + MARTEL LLP
Attorneys At Law

Russ Building / 235 Montgomery Street
San Francisco / CA 94104

RODERICK M. THOMPSON
rthompson@fbm.com
D 415.954.4445

T 415.954.4400 / F 415.954.4480
www.fbm.com

July 9, 2007

*Via Fax and U.S. Mail*
Fax: 636-827-5485

Steven M. Gallant
Associate General Counsel
Maritz Inc.
1375 N. Highway Dr.
Fenton, MO 63099

Re:    **Master Services Agreement dated April 17, 2006 (the "Agreement") between
Visa U.S.A. Inc. and Maritz Inc., d/b/a Maritz Loyalty Marketing**

Dear Steve:

This follows up on our telephone conversation of July 5, 2007. We agreed that our clients' respective claims for damages resulting from alleged breaches of the Agreement and related claims will all be resolved outside of court. In particular, we agreed to the dispute resolution framework set out below.[1]

First Stage:  Direct negotiations for a period of 30 days. For example, assuming that negotiations begin by July 30, 2007, we agreed that they would conclude on August 30, 2007. As to the tentatively scheduled July 12 meeting, Visa prefers to have counsel attend and, therefore, the meeting must be rescheduled since you cannot attend. Visa's business representatives will be in touch with their Maritz counterparts to reschedule.

Second Stage:  Mediation, before a mutually acceptable mediator at a location to be agreed and to be conducted within 60 days thereafter.

Third Stage:  Binding arbitration pursuant to the AAA Commercial Rules. Subject only to the schedules of the arbitrators, the hearing must be commenced within 90 days after the conclusion of the mediation process. The arbitration will allow for only limited discovery and a

---

[1] While we both understand that further details on the dispute resolution process will need to be worked out between us if the dispute is not resolved in the first stage, our clients intend to be bound by this agreement to resolve all disputes outside of court. To the extent they are unable to agree on any aspect of the procedure, such disagreement will be resolved by the applicable rules and procedures of the American Arbitration Association ("AAA").

 Steven M. Gallant
July 9, 2007
Page 2

streamlined schedule. (Although we did not discuss these details, Visa would prefer three neutral arbitrators and baseball or high-low arbitration; I will send you a draft agreement for review under separate cover.)

Please confirm Maritz' agreement to the foregoing by countersigning in the space provided below. We appreciate your courtesy and cooperation.

Very truly yours,

Roderick M. Thompson

SO AGREED.

By:

On behalf of Maritz, Inc.

Dated: July 10 , 2007

RMT:avd

21823\1291499.1

# Exhibit B

**DECLARATION OF RODERICK M. THOMPSON IN SUPPORT OF
VISA USA  INC.'S OPPOSITION TO
MARITZ INC.'S MOTION TO STAY ARBITRATION**

[EXECUTION COPY]

# MASTER SERVICES AGREEMENT

between

**VISA U.S.A. INC.,**
**a Delaware corporation**

and

**MARITZ INC.**
**d/b/a Maritz Loyalty Marketing,**
**a Missouri corporation**

**Dated April 17, 2006**

**Milestone** has the meaning given in the Development Agreement.

**Milestone Schedule** means the Milestone Schedule set forth as Exhibit B to this Agreement.

**Personnel** means a Party's employees, agents, consultants, contractors and subcontractors, together with the personnel of any of the foregoing.

**Phase I-A Launch Date** means September 30, 2006, or such later date as (i) Visa may approve in its sole discretion or (ii) shall occur as a result of a Change Request.

**Phase I-A Software** means the release of the Software for the Rewards Program which shall have all of the functionality required by the Business Requirements other than the Phase I-B Functionalities and the Phase I-C Administrative Tools.

**Phase I-B Functionalities** means merchant bonusing, transaction archiving and E-fulfillment.

**Phase I-B Launch Date** means December 15, 2006, or such later date as (i) Visa may approve in its sole discretion or (ii) shall occur as a result of a Change Request.

**Phase I-B Software** means the release of Software for the Rewards Program which shall have all of the functionality required by the Business Requirements, including the Phase I-B Functionalities, but not including the Phase I-C Administrative Tools.

**Phase I-C Launch Date** means February 21, 2007, or such later date as (i) Visa may approve in its sole discretion or (ii) shall occur as a result of a Change Request.

**Phase I-C Software** means the release of Software for the Rewards Program which shall have all of the functionality required by the Business Requirements, including the Phase I-B Functionalities and the Phase I-C Administrative Tools.

**Phase I-C Administrative Tools** means Software that allows Visa and participating Members to, among other things, set up parameters for each participating Member's customized rewards program, add and remove rewards from each participating Member's catalog, set up security authorization roles and research issues within the system.

**Pricing Schedule** means the Pricing Schedule set forth as Exhibit E to this Agreement.

**Program Manager** has the meaning set forth in Section VI.J below.

**Program Services** means the Development Services (as defined in the Development Agreement), and all other services to be provided by Maritz to Visa, its Members and Cardholders in the development of the Rewards Platform and implementation, maintenance, administration and operation of the Rewards Program under this Agreement and the Related Agreements.

**Related Agreements** means the Development Agreement, the Service Level Agreement, the Hosting and Maintenance Agreement, the Transition Services Agreement, the Disaster Recovery Plan, and the Escrow Agreement.

shall be deemed to have been work undertaken pursuant to this Agreement. This Agreement may only be changed or altered by a written instrument signed by the Party or Parties against which enforcement of any waiver, change, modification, extension or discharge is sought, and such written instrument must expressly reference this Agreement and state that it is a waiver, change, modification, extension or discharge of rights or obligations under this Agreement. In the case of any conflict between the terms of this Agreement and any duly incorporated Exhibit, the terms of the Agreement will prevail.

P.      **Further Assurances.** The Parties agree that each will, from time to time, execute, acknowledge, and deliver, or cause to be executed, acknowledged, and delivered, such amendments and supplements hereto and such further instruments as the Parties mutually agree are reasonably required or appropriate to further express the intention of the Parties or to facilitate the performance of this Agreement.

Q.      **Binding Effect; Members as Beneficiaries.** This Agreement shall be binding upon and inure to the benefit of Visa and Maritz and their respective successors and permitted assigns and, to the extent set forth in Section XVII, to Members participating in the Rewards Program.

R.      **Time of the Essence; Liquidated Damages.** Time is of the essence of this Agreement. The Parties agree that failure by Maritz to release the Phase I-A Software, to migrate existing Cardholder accounts from the existing Visa rewards program to the Rewards Platform and to commence commercial operations of the Rewards Program on or before the Phase I-A Launch Date will result in damages to Visa and/or Visa Members participating in the Rewards Program or the existing rewards program, which damages are difficult to quantify. The Parties agree that $70,000 is a good faith estimate of the damages likely to be suffered by Visa in the event of a delay in commencement of commercial operations. However, as an accommodation to Maritz, the Parties agree that Maritz shall pay liquidated damages in the amount of $10,000 per day for each day that the Launch is delayed beyond the Phase I-A Launch Date up to a maximum of fourteen (14) days after the Phase I-A Launch Date, in the amount of $35,000 per day for each day that the Launch is delayed beyond the end of such fourteen day period up to a maximum of seven (7) days after the end of such fourteen day period,and thereafter in the amount of $70,000 per day until the Launch takes place. Such amounts may be deducted from and set off against any amounts retained by Visa from payments for Deliverables pursuant to the Pricing Schedule for payment after the Phase I-A Launch Date, the Phase I-B Launch Date or the Phase I-C Launch Date, as the case may be. Notwithstanding anything to the contrary, no liquidated damages payments shall be owed by Maritz in the event the Launch is delayed beyond the Phase I-A Launch Date solely as a result of non-compliance with the Security Procedures; provided, however, that Maritz is not in material breach of Section VI.C above. In addition, the dates for calculating liquidated damages hereunder shall be suspended on a day for day basis (i) to the extent that Maritz's performance is delayed for reasons described in Section XXIII.I, or (ii) to the extent agreed upon by the Parties through the Change Control Process. With respect to any day from and after the Phase I-A Launch Date for which a delay in the Phase I-A Launch Date is caused in whole or in part by a failure by Visa, a third party with respect to which Visa exercises control, or Visa's existing service provider (collectively, the "Visa Related Parties") to

34

perform its obligations under this Agreement or the Related Agreements, the amount of liquidated damages payable for such date shall be apportioned between Visa and Maritz in accordance with their respective fault with respect to such delay, provided that such apportionment shall only be made in the event that the Visa Related Parties are more than 50% at fault for such delay.  Maritz shall have the burden of proving that any delay has been caused in whole or in part by the Visa Related Parties and the degree of fault of such parties for such delay.  The Parties agree that the amounts set forth in this Section XXIII.R are good faith estimates of the damages likely to be suffered by Visa in the event of such delays (subject to the accommodation set forth above) and not a penalty.  Visa shall be available during each day subsequent to the Phase I-A Launch Date until Launch of the Phase I-A Software has occurred to assist Maritz in reducing any delay.  Visa shall also use reasonable commercial efforts to cause any third party over whom it exercises control as well as its current service provider to also be available during each day subsequent to the Phase I-A Launch Date until Launch of the Phase I-A Software has occurred in order to assist Maritz in reducing any delay.  If further delays are caused solely by the failure of Visa, such third parties or Visa's current service provider to be available on any particular day, liquidated damages shall not accrue for such day.

**ACCEPTED AND AGREED:**

**MARITZ INC., d/b/a Maritz**
**Loyalty Marketing ("Maritz")**

**VISA U.S.A. INC.**
("Visa")

By    _____

By    _____

Name _____

Name _____

Title _____

Title _____

Date _____

Date _____

17529\895193.18

**3.8    Error Correction.**

Maritz will document any and all known material Program Errors with the submission of each Deliverable. Maritz shall promptly investigate and correct, free of charge, any Program Errors, whether discovered by Visa or Maritz, during the Term of the Master Services Agreement.

**3.9    Changes.**

Visa may request a modification to the Specifications and/or the Milestone Schedules at any time by communicating such request to Maritz in writing, in the form of a Change Request specifying the changes desired (a "**Change Request**"). The Parties will proceed to process the Change Request in accordance with the Change Control Procedures set out in Schedule H - Change Control Process. Maritz and Visa shall negotiate in good faith with respect to adjusting the Milestone Schedule and corresponding Milestone payments, if any, to the extent required to reflect the change in Maritz's charges or costs and/or change in Maritz's time of performance, as required by the Change Request; however, Maritz shall make a reasonable, good faith attempt to accommodate the requested modification at no additional cost or delay to Visa.

**3.10    Delays.**

Maritz acknowledges that the successful completion of each Deliverable in accordance with the Milestone Schedule is critical to the commercial viability of the Rewards Program. Maritz shall mitigate any potential damages to Visa by notifying Visa as soon as it is aware of any potential or anticipated delay. For delays caused by Visa, Maritz shall be entitled to a day-for-day extension as its sole and exclusive remedy, unless, however, it would be manifestly unreasonable for such delay caused by Visa to be limited to only a day to day extension in which event such extension will be the minimum extension feasible, using Maritz's best commercial efforts, which will, in all events, be subject to Visa's reasonable agreement. Any such extension shall be reflected in a formal amendment to the Milestone Schedule. If Maritz is late with the delivery of any Milestone, Visa shall reduce the payment due for that Milestone as provided in Section XXIII.R of the Master Services Agreement, except to the extent, and only to the extent, Maritz is late with the delivery because of Visa's delay in performing its obligations; directions from Visa outside the contemplated scope of the project such as material changes in the scope of the development project beyond that set forth in the Specifications or Design Documents; or the excuse conditions set forth in Section XXIII.I of the Master Services Agreement. Furthermore, if any Milestone delivery is more than two (2) weeks overdue (other than for delays caused by Visa), Visa may terminate this Development Agreement immediately pursuant to Section XII of the Master Services Agreement. Visa's continued performance hereunder shall not waive any of Visa's legal rights or claims with respect to any delay, including any applicable reductions in the purchase price or the accrual of liquidated damages as set forth in the Pricing Schedule and the Master Services Agreement.

**3.11    Customizations; Agreement on Rates.**

Any customizations requested by Visa after acceptance and Launch of the Phase I-A Software for the Rewards Program, or by participating Members with respect to the implementation of the Rewards Program for such Member's Cardholders, shall be administered

# Exhibit C

**DECLARATION OF RODERICK M. THOMPSON IN SUPPORT OF
VISA USA  INC.'S OPPOSITION TO
MARITZ INC.'S MOTION TO STAY ARBITRATION**

OCT.31.2007  12:08PM    VISA EXEC US                    NO.070   P.1

**VISA**

April 20, 2007

*Via Fax & Certified Mail—Return Receipt Requested*

Kelvin Taylor
Maritz Inc.
Attention: President Maritz Loyalty Marketing
1375 N. Highway Dr.
Fenton, MO 63099
Fax: (636) 827-5485

Re:   Notice of Termination of Master Services Agreement dated April 17, 2006
(the "Agreement") between Visa U.S.A. Inc. and Maritz Inc., d/b/a Maritz
Loyalty Marketing

Dear Mr. Taylor:

Visa has determined to implement the Visa Extras Rewards Program through a different outside vendor. We therefore hereby terminate the Agreement pursuant to section XII.A.2(b), effective thirty (30) days from the date of this notice. We reserve all rights relating to or arising out of the Agreement and any Related Agreement, including, without limitation, claims Visa has against Maritz for Maritz's breaches of the Agreement (including any Related Agreement), Maritz's non performance or delay in performing any obligations due under the Agreement (including any Related Agreement), and Visa's right to liquidated damages pursuant to section XXIII.R of the Agreement.

The terms of the Transition Services Agreement become effective upon the termination of the Agreement. Until then, Maritz shall continue to provide Program Services pursuant to the terms of the Agreement. Thereafter, Maritz has a continuing obligation under the Transition Services Agreement to provide ongoing Program Services for up to six months, as determined by Visa, and to assist Visa and/or a designated vendor in replacing Maritz by providing services, support and data necessary to transition the Rewards Platform.

Please direct any inquiries regarding the termination of the Agreement to me at the address below.

Visa U.S.A. Inc.
P.O. Box 8999
San Francisco, CA 94128-8999
U.S.A.

Capitalized terms are used in this letter as defined in the Agreement.

Sincerely,

Elizabeth L. Buse
Executive Vice President
Product Development and Management

cc:     Maritz Inc.
        1375 N. Highway Dr.
        Fenton, MO 63099
        Attention: Law Department
        Fax: (636) 827-3708

2

# Exhibit D

**DECLARATION OF RODERICK M. THOMPSON IN SUPPORT OF
VISA USA  INC.'S OPPOSITION TO
MARITZ INC.'S MOTION TO STAY ARBITRATION**

**Maritz**

Maritz Loyalty Marketing
1400 South Highway Drive
Fenton, Missouri  63099
Office 636.827.1234
Fax 636.827.5485
www.maritz.com

*[handwritten: cc: Tad
Tim
EC]*

May 7, 2007

Elizabeth L. Buse
Executive Vice President
Product Development and Management
Visa U.S.A. Inc.
P.O. Box 8999
San Francisco, CA 94128-8999

Re: Notice of Termination of Master Services Agreement dated April 17, 2006 (the "Agreement") between Visa U.S.A. Inc. ("Visa") and Maritz Inc., d/b/a Maritz Loyalty Marketing ("Maritz")

Dear Ms. Buse:

We are in receipt of your letter dated April 20, 2007 pursuant to which Visa has elected to terminate the Agreement in accordance with Section XII.A.2(b) thereof (the "Termination Notice"). Although we are disappointed with Visa's determination to terminate the Agreement, we want to assure you that we will continue to fulfill our obligations pursuant to the Agreement both during the notice period as well as under the Transition Services Agreement.

In addition to any issued but unpaid invoices existing as of the date hereof, please be advised that at as of the date hereof we estimate the amount due and owing to Maritz by Visa is $5,228,136. This amount consists of (i) the provision of Program Services since the completion of the last Milestone, (ii) the provision of completed Program Services with respect to which Maritz has not yet issued an invoice, (iii) costs incurred by Maritz, with the knowledge and consent of Visa, based on the understanding that such amounts would be recouped over the course of the term of the Agreement, (iv) certificates purchased at Visa's direction specifically for the Rewards Program and (v) equipment acquired by Maritz specifically for the Rewards Program.

The foregoing estimated amount is exclusive of any amounts that may become due and owing to Maritz for services performed by Maritz, at Visa's request, subsequent to the date of the Termination Notice and/or services performed by Maritz pursuant to the Transition Services Agreement. Specific invoices for the services and expenditures enumerated alone will be issued in due course, accompanied by appropriate supporting documentation.

As Visa has reserved all of its rights relating to or arising out of the Agreement or any Related Agreement, Maritz does the same without reference to any particular section or sections of the Agreement or any Related Agreement. Capitalized terms used herein and not otherwise defined shall have the meaning given to such terms in the Agreement.

Sincerely yours,
Maritz Inc.
d/b/a Maritz Loyalty Marketing

By: _____
Kelvin Taylor, President

cc: General Counsel

# Exhibit E

**DECLARATION OF RODERICK M. THOMPSON IN SUPPORT OF
VISA USA  INC.'S OPPOSITION TO
MARITZ INC.'S MOTION TO STAY ARBITRATION**

*Maritz File*

**VISA**

June 5, 2007

*Via Fax and Certified Mail—Return Receipt Requested*

Kelvin Taylor
Maritz Inc.
Attention: President Maritz Loyalty Marketing
1375 N. Highway Dr.
Fenton, MO 63099
Fax: (636) 827-5485

     Re:    **Notice of Termination of Master Services Agreement dated April 17, 2006
            (the "Agreement") between Visa U.S.A. Inc. and Maritz Inc., d/b/a Maritz
            Loyalty Marketing**

Dear Mr. Taylor:

    I have received your letter dated May 7, 2007. As I mentioned in my letter to you of
April 20, Visa has reserved all rights relating to or arising out of the Agreement and any Related
Agreement (as defined in the Agreement) and anticipates providing additional information to
Maritz as to the nature and amount of Visa's claims at the appropriate time. Once all functions
of the Visa Extras Rewards Program have been transitioned to the new vendor we will be
prepared to discuss your letter as part of the process for resolving our claims. We will contact
you at that time to work out suitable procedures for those discussions.

                        Sincerely,

                        Elizabeth L. Buse
                        Executive Vice President
                        Product Development and Management

cc:    Maritz Inc.
        1375 N. Highway Dr.
        Fenton, MO 63099
        Attention: Law Department
        Fax: (636) 827-3708

Visa U.S.A. Inc.
P.O. Box 8999
San Francisco, CA 94128-8999
U.S.A.

# Exhibit F

**DECLARATION OF RODERICK M. THOMPSON IN SUPPORT OF
VISA USA INC.'S OPPOSITION TO
MARITZ INC.'S MOTION TO STAY ARBITRATION**

**VISA**

July 2, 2007

*Via fax and U.S. Mail*

Kelvin Taylor
Maritz Inc.
Attention: President Maritz Loyalty Marketing
1375 N. Highway Dr.
Fenton, MO 63099
Fax:  (636) 827-5485

> Re:   **Master Services Agreement dated April 17, 2006 (the "Agreement") between
> Visa U.S.A. Inc. and Maritz Inc., d/b/a Maritz Loyalty Marketing**

Dear Mr. Taylor:

   This follows up on our previous exchange of letters regarding resolution of all claims
arising from performance under the Agreement and any Related Agreement (as defined in the
Agreement).  Most recently in my letter of June 8, 2007, I suggested that Visa would discuss
Maritz's claims, as well as the nature and amount of Visa's claims, when all services had been
transitioned back to the new vendor.  It is now timely to establish a procedure for efficiently
documenting, discussing and resolving all remaining claims.

   We hope that we can reach a fair resolution by negotiation between Visa and Maritz.
Before starting that discussion, and to protect both parties, we believe that we should reach an
understanding as to the process for resolving all claims in the event that something more than
direct negotiation is required.  We propose a staged process.  The first stage would be direct
negotiations.  If the parties are unable to reach a mutually agreeable resolution through
negotiation, the second stage would be non-binding mediation.  Finally, if the claims are not
resolved in mediation, the parties will submit the matter to confidential and binding arbitration.
It is important to have this agreement on process in place before we commence negotiations so
that both sides will know the alternative to a negotiated resolution.

   Please have your legal counsel get in touch with Visa's legal counsel to establish a
mutually acceptable procedure.  Visa's outside counsel are:

      Roderick M. Thompson and Jonathan H. Lemberg
      Farella Braun + Martel LLP
      Russ Building
      235 Montgomery
      San Francisco, CA 94104
      Phone:  (415) 954-4400
      Fax:     (415) 954-4480

We are confident that this process will lead to a fair resolution and allow us to put this situation behind us.

Sincerely,

Elizabeth L. Buse
Executive Vice President
Product Development and Management

cc:    Maritz Inc.
1375 N. Highway Dr.
Fenton, MO 63099
Attention: Law Department
Fax: (636) 827-3708

# Exhibit G

**DECLARATION OF RODERICK M. THOMPSON IN SUPPORT OF
VISA USA  INC.'S OPPOSITION TO
MARITZ INC.'S MOTION TO STAY ARBITRATION**

21823\1423293.1

**From:**        Steve.Gallant@maritz.com
**Sent:**        Tuesday, July 10, 2007 1:18 PM
**To:**          Thompson, Rod (27) x4445
**Cc:**          Kelvin.Taylor@maritz.com; Mark.Peterman@maritz.com
**Subject:**     RE: ltr to gallant



Document.pdf (563
KB)

        Rod – attached is an executed agreement outlining the procedures for resolving
any differences that may exist between Visa and Maritz. It is my understanding that the
first direct negotiation meeting will take place on or about July 24, 2007 and there will
then be 30 days to reach a resolution. In the event we are unable to reach agreement, we
will then escalate to mediation and arbitration as set forth in the letter. Please call me
should you have any questions.

Steve

Steven M. Gallant
Vice President, Associate General Counsel
Maritz Inc.
1375 N. Highway Drive
Fenton, MO 63099
636.827.4290 (office)
314.614.2656 (mobile)
636.827.3708 (fax)


From: RThompson@fbm.com [mailto:RThompson@fbm.com]
Sent: Tuesday, July 10, 2007 11:55 AM
To: Gallant, Steve
Subject: FW: ltr to gallant


Steve, resending to be sure you have this.
Roderick M. Thompson
Attorney at Law


Farella Braun + Martel LLP
RUSS BUILDING
235 MONTGOMERY STREET
SAN FRANCISCO / CA 94104


T 415.954.4400
D 415.954.4445
F 415.954.4480
www.fbm.com <http://www.fbm.com>

# Exhibit H

**DECLARATION OF RODERICK M. THOMPSON IN SUPPORT OF
VISA USA  INC.'S OPPOSITION TO
MARITZ INC.'S MOTION TO STAY ARBITRATION**

-----Original Message-----
**From:** Gallant, Steve [mailto:Steve.Gallant@maritz.com]
**Sent:** Monday, July 23, 2007 11:37 AM
**To:** Thompson, Rod (27) x4445
**Subject:** RE: Mediation Confidentiality

Rod - a couple things:  I assume California law allows us to deem this to be a mediation such that it is
subject to Section 1115, et seq and I would like to make reference in here that our previous agreement is
null an void but that the parties will endeavor to reach resolution on ADR procedures it in the next ten or
so days.

Steve

---

**From:** RThompson@fbm.com [mailto:RThompson@fbm.com]
**Sent:** Monday, July 23, 2007 12:20 PM
**To:** Gallant, Steve
**Subject:** Mediation Confidentiality

Steve, as discussed.

<<1303103_1.DOC>>
**Roderick M. Thompson**
Attorney at Law

---

**Farella Braun + Martel LLP**
RUSS BUILDING
235 MONTGOMERY STREET
SAN FRANCISCO / CA 94104

---

T 415.954.4400
D 415.954.4445
F 415.954.4480
www.fbm.com

---

This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged
information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended
recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

Farella Braun + Martel LLP

Confidentiality Warning: This e-mail contains information intended only for the use of the individual or entity named above. If the

reader of this e-mail is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, any dissemination, publication or copying of this e-mail is strictly prohibited. The sender does not accept any responsibility for any loss, disruption or damage to your data or computer system that may occur while using data contained in, or transmitted with, this e-mail.

If you have received this e-mail in error, please immediately notify us by return e-mail. Thank you.

# Exhibit I

**DECLARATION OF RODERICK M. THOMPSON IN SUPPORT OF
VISA USA INC.'S OPPOSITION TO
MARITZ INC.'S MOTION TO STAY ARBITRATION**

21823\1423293.1

-----Original Message-----
**From:** Gallant, Steve [mailto:Steve.Gallant@maritz.com]
**Sent:** Wednesday, August 08, 2007 9:53 AM
**To:** Thompson, Rod (27) x4445
**Cc:** caweiss@bryancave.com; Lemberg, Jonathan (28) x4452
**Subject:** RE: ADR Protocol

Charlie is on a plane now so I do not know his availability for either of those times but I can tell you that 4 will be better for me and as such will pencil it into my calendar.

As to the attorneys eyes only designation I will let Charlie weigh in.

As to comments to the ADR Protocol, I will remind you that Maritz originally agreed to arbitrate without **ANY** understanding of the magnitude of Visa's purported claims and as I have said to you repeatedly there was no meeting of the minds between Maritz and Visa with respect to the circumstances surrounding Maritz' agreement to mediate. What we are committed to is seeking to determine if there is a business resolution to this matter that might include arbitration and will be more than happy to discuss that on the 16th.

I recognize that there have been some unavoidable delays due to the various twists of this matter; however, I am hopeful that we will be able to find a swift resolution once everyone is back in town next week.

Steve

---

**From:** RThompson@fbm.com [mailto:RThompson@fbm.com]
**Sent:** Wednesday, August 08, 2007 11:36 AM
**To:** Gallant, Steve
**Cc:** caweiss@bryancave.com; jlemberg@fbm.com
**Subject:** ADR Protocol

Steve, Jonathan and I cold do a call at 1 or 4 CDT on the 16th. We will get you the additional information shortly. To speed things along, it would be helpful if you and Charlie could provide some response to the attached draft in advance of that call.

As to the Attorneys' Eyes only procedure, we will need your agreement to limit disclosure until Visa consents to allow others to see specific information. The idea is to get something to you and Charlie now so that we can agree on the process. We realize additional disclosure may well be needed later.

Rod

-----Original Message-----
**From:** Gallant, Steve [mailto:Steve.Gallant@maritz.com]
**Sent:** Wednesday, August 08, 2007 9:18 AM
**To:** Thompson, Rod (27) x4445
**Cc:** caweiss@bryancave.com

**Subject:** ltr to gallant

Rod - I just spoke with my counsel and he will be in meetings all week at the ABA and will be unable to meet with you. I would like to propose that we set up at least a conference call among you, Jonathan, Charlie and me for the 16th. At present I am available all afternoon that day. I am willing to designate the info attorney's eyes only; however, there will be a point that I may need to share the information with my business people so if you have a suggestion as to how to do it "at the outset" I am happy to listen.

Steve

---

**From:** RThompson@fbm.com [mailto:RThompson@fbm.com]
**Sent:** Tuesday, August 07, 2007 7:34 PM
**To:** Gallant, Steve
**Subject:** RE: ltr to gallant

Steve, as you and I discussed last week, my firm is preparing a spreadsheet summary showing more detail that lies behind the Visa damages numbers included in the PowerPoint presented to Maritz. I hope to have that finalized in the next day or two. To expedite the process, because there will be some confidential numbers (e.g., the difference between the Maritz and Carlson pricing), I would like your commitment that the spreadsheet will be treated as "Attorneys' Eyes Only" at least at the outset. This should allow you and outside counsel to have ample information about Visa's claims to complete our negotiations over the ADR process. If, at some later point, you believe that it is necessary to share the document with others, you agree to seek Visa's consent. (If the dispute proceeds to arbitration, we will need to agree on a suitable protective order.)

We also discussed setting up a conference call (or perhaps even an in person meeting) this week to discuss the further details of our agreed process for resolving our clients respective claims. Let me know what works for you and your outside counsel. I am out of the office from August 12-14 and would like to have the discussion this week if at all possible. Thanks.

**Roderick M. Thompson**
Attorney at Law

---

**Farella Braun + Martel LLP**
RUSS BUILDING
235 MONTGOMERY STREET
SAN FRANCISCO / CA 94104

T 415.954.4400
D 415.954.4445
F 415.954.4480
www.fbm.com

-----Original Message-----
**From:** Gallant, Steve [mailto:Steve.Gallant@maritz.com]
**Sent:** Tuesday, July 10, 2007 1:18 PM
**To:** Thompson, Rod (27) x4445
**Cc:** Taylor, Kelvin; Peterman, Mark
**Subject:** RE: ltr to gallant

Rod - attached is an executed agreement outlining the procedures for resolving any differences that may exist between Visa and Maritz.  It is my understanding that the first direct negotiation meeting will take place on or about July 24, 2007 and there will then be 30 days to reach a resolution.  In the event we are unable to reach agreement, we will then escalate to mediation and arbitration as set forth in the letter.  Please call me should you have any questions.

Steve

Steven M. Gallant
Vice President, Associate General Counsel
Maritz Inc.
1375 N. Highway Drive
Fenton, MO 63099
636.827.4290 (office)
314.614.2656 (mobile)
636.827.3708 (fax)

**From:** RThompson@fbm.com [mailto:RThompson@fbm.com]
**Sent:** Tuesday, July 10, 2007 11:55 AM
**To:** Gallant, Steve
**Subject:** FW: ltr to gallant

**Steve, resending to be sure you have this.**
**Roderick M. Thompson**
Attorney at Law

**Farella Braun + Martel LLP**
RUSS BUILDING
235 MONTGOMERY STREET
SAN FRANCISCO / CA 94104

T 415.954.4400
D 415.954.4445

F 415.954.4480
www.fbm.com

-----Original Message-----
**From:** Dugan, Angelica (27) x3503
**Sent:** Monday, July 09, 2007 5:42 PM
**To:** Thompson, Rod (27) x4445
**Subject:** ltr to gallant

<<2752_001.pdf>>

---

This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and
privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you
are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the
original message. Thank you.

### Farella Braun + Martel LLP

Confidentiality Warning: This e-mail contains information intended only for the use of the individual or entity named
above. If the reader of this e-mail is not the intended recipient or the employee or agent responsible for delivering it
to the intended recipient, any dissemination, publication or copying of this e-mail is strictly prohibited. The sender
does not accept any responsibility for any loss, disruption or damage to your data or computer system that may
occur while using data contained in, or transmitted with, this e-mail.

If you have received this e-mail in error, please immediately notify us by return e-mail. Thank you.

# Exhibit J

**DECLARATION OF RODERICK M. THOMPSON IN SUPPORT OF
VISA USA INC.'S OPPOSITION TO
MARITZ INC.'S MOTION TO STAY ARBITRATION**

| | |
|---|---|
| **From:** | Gallant, Steve [Steve.Gallant@maritz.com] |
| **Sent:** | Wednesday, August 22, 2007 10:06 AM |
| **To:** | Thompson, Rod (27) x4445; caweiss@bryancave.com |
| **Cc:** | Lemberg, Jonathan (28) x4452 |
| **Subject:** | RE: Visa--Maritz disupute |

we will do that.  415.954.4445??

Charlie - i will call you first and then we will loop Rod in.

Steve

**From:** RThompson@fbm.com [mailto:RThompson@fbm.com]
**Sent:** Wednesday, August 22, 2007 12:04 PM
**To:** Gallant, Steve; caweiss@bryancave.com
**Cc:** jlemberg@fbm.com
**Subject:** RE: Visa--Maritz disupute

**Steve, lets talk @ 2:00 PDT (4:00 CDT) today.  Jonathan and I will be in my office if you
want to call us (as opposed to setting up a call in #).**

**Roderick M. Thompson**
Attorney at Law

_____

**Farella Braun + Martel LLP**
RUSS BUILDING
235 MONTGOMERY STREET
SAN FRANCISCO / CA 94104

_____

T 415.954.4400
D 415.954.4445
F 415.954.4480
www.fbm.com

    -----Original Message-----
    **From:** Gallant, Steve [mailto:Steve.Gallant@maritz.com]
    **Sent:** Wednesday, August 22, 2007 9:17 AM
    **To:** Thompson, Rod (27) x4445; caweiss@bryancave.com
    **Cc:** Lemberg, Jonathan (28) x4452
    **Subject:** RE: Visa--Maritz disupute

    Gentlemen - Charlie and I are available from 2:00 on today EXCEPT 2:30 - 3:30 and tomorrow from 2:00
    on (all times being CDT).  Our assumption is that the purpose of the call is to discuss logistics of the
    meeting and mediation.  In order to make the call a bit more productive, we would like to propose the

following for your consideration. We would first have a meeting with all relevant business people plus one previously uninvolved senior member of each entity (in our case, possibly our CFO). The meeting would be structured in some fashion such that each side would be able to present their facts and there would then be opportunity for discussion. The purpose of the senior person would be several fold. As "disinterested" persons they would act as facilitators for the meeting, they would be free to ask questions and of course they might then be able to have an intelligent conversation between themselves in order to find a resolution to our dispute. In the event the meeting did not result in resolution, we would then proceed to mediation. We would further propose that the meeting be held in either St. Louis or San Francisco and that the mediation be held in the other city, obviously subject to figuring out how to agree. Although I suppose it goes without saying, we do disagree with your view of the binding effect of the letter you-attached. I have typed these thoughts quickly so I apologize if they are incomplete but they are merely meant to be a thought starter for our conversation.

thanks, and I look forward to hearing back from you.

Steve

---

**From:** RThompson@fbm.com [mailto:RThompson@fbm.com]
**Sent:** Tuesday, August 21, 2007 8:14 PM
**To:** Gallant, Steve; cawelss@bryancave.com
**Cc:** jlemberg@fbm.com
**Subject:** Visa--Maritz disupute

Steve and Charlie:

We have discussed with Visa the proposal you made in our call last week. Visa disagrees with Maritz' position that the attached July 9, 2007 letter agreement is not enforceable. Visa is willing, however, to accept Maritz' proposal that the parties proceed with the first two stages of the dispute resolution process as outlined in the letter agreement, negotiation and mediation, while reserving their respective positions on the third stage, arbitration. This will require cooperation and coordination to stay on the agreed schedule.

Jonathan and I are generally available Wednesday through Friday of this week to discuss next steps during a conference call. Why don't you suggest two slots that work for both of you and we will make one of them work for us. Thanks.
Rod

-----Original Message-----
**From:** Gallant, Steve [mailto:Steve.Gallant@maritz.com]
**Sent:** Tuesday, July 10, 2007 1:18 PM
**To:** Thompson, Rod (27) x4445
**Cc:** Taylor, Kelvin; Peterman, Mark
**Subject:** RE: ltr to gallant

Rod - attached is an executed agreement outlining the procedures for resolving any differences that may exist between Visa and Maritz. It is my understanding that the first direct negotiation meeting will take place on or about July 24, 2007 and there will then be 30 days to reach a resolution. In the event we are unable to reach agreement, we will then escalate to mediation and arbitration as set forth in the letter.

Please call me should you have any questions.

Steve

Steven M. Gallant
Vice President, Associate General Counsel
Maritz Inc.
1375 N. Highway Drive
Fenton, MO 63099
636.827.4290 (office)
314.614.2656 (mobile)
636.827.3708 (fax)

---

**From:** RThompson@fbm.com [mailto:RThompson@fbm.com]
**Sent:** Tuesday, July 10, 2007 11:55 AM
**To:** Gallant, Steve
**Subject:** FW: ltr to gallant

**Steve, resending to be sure you have this.**
**Roderick M. Thompson**
Attorney at Law

---

**Farella Braun + Martel LLP**
RUSS BUILDING
235 MONTGOMERY STREET
SAN FRANCISCO / CA 94104

---

T 415.954.4400
D 415.954.4445
F 415.954.4480
www.fbm.com

-----Original Message-----
**From:** Dugan, Angelica (27) x3503
**Sent:** Monday, July 09, 2007 5:42 PM
**To:** Thompson, Rod (27) x4445
**Subject:** ltr to gallant

<<2752_001.pdf>>

---

This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

Farella Braun + Martel LLP

Confidentiality Warning: This e-mail contains information intended only for the use of the individual or entity named above. If the reader of this e-mail is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, any dissemination, publication or copying of this e-mail is strictly prohibited. The sender does not accept any responsibility for any loss, disruption or damage to your data or computer system that may occur while using data contained in, or transmitted with, this e-mail.

If you have received this e-mail in error, please immediately notify us by return e-mail. Thank you.

# Exhibit K

**DECLARATION OF RODERICK M. THOMPSON IN SUPPORT OF
VISA USA INC.'S OPPOSITION TO
MARITZ INC.'S MOTION TO STAY ARBITRATION**



Charles A. Weiss
Direct: (314) 259-2215
cweiss@bryancave.com

November 16, 2007

Bryan Cave LLP
One Metropolitan Square
211 North Broadway
Suite 3600
St. Louis, MO 63102-2750
Tel (314) 259-2000
Fax (314) 259-2020
www.bryancave.com

Norma Cantu
American Arbitration Association
6795 North Palm Ave., 2nd Floor
Fresno, CA  93704

Re:    Your Letter dated November 9, 2007; Visa/Maritz matter

Dear Ms. Cantu:

This is in response to your letter dated November 9, 2007 which I received on November 15 by Fax.  It is Maritz's position that there is no valid and enforceable arbitration agreement between Visa and Maritz, and that the AAA has no jurisdiction in this matter.

Further, there is no arbitration agreement that would empower arbitrators to determine the validity or enforceability of any arbitration agreement.

For your information, Visa has filed suit in federal district court San Francisco to compel arbitration and thus has elected to have the federal district court determine the arbitrability issue.

In short, Maritz's position is there is no enforceable arbitration agreement between the Visa, and Maritz objects to any arbitration occurring and also to the locale requested by Visa.

Chicago
Hong Kong
Irvine
Jefferson City
Kansas City
Kuwait
Los Angeles
New York
Phoenix
Shanghai
St. Louis
Washington, DC

*And Bryan Cave,
A Multinational Partnership,*

London

Sincerely,

Charles A. Weiss

CAW/sms

cc:    Roderick Thompson

# Exhibit L

**DECLARATION OF RODERICK M. THOMPSON IN SUPPORT OF
VISA USA  INC.'S OPPOSITION TO
MARITZ INC.'S MOTION TO STAY ARBITRATION**

# FARELLA BRAUN + MARTEL LLP

Attorneys At Law

Russ Building / 235 Montgomery Street
San Francisco / CA 94104

**RODERICK M. THOMPSON**
rthompson@fbm.com
D 415.954.4445

T 415.954.4400 / F 415.954.4480
www.fbm.com

November 20, 2007

*Via E-mail and Facsimile*
*cantun@adr.org; (559-490-1919)*

Norma Cantu
American Arbitration Association
6795 North Palm Ave., 2ⁿᵈ Floor
Fresno, CA 93704

    Re: <u>74 117 01325 07 NOCA *Visa USA v. Maritz*</u>

Dear Ms. Cantu:

    This responds to Mr. Weiss' letter to you of November 16, 2007 (sent by U.S. mail) responding to your letter to the parties dated November 9, 2007 (posted on the AAA Webfile and available to the parties on that date, and apparently faxed to Mr. Weiss at his request on November 15) concerning the captioned arbitration.

    Mr. Weiss is mistaken in asserting that by filing a lawsuit to compel arbitration in U.S. district court in San Francisco that Visa "has elected" to have the Court determine arbitrability. Visa's complaint requests the Court to compel respondent Maritz Inc. to participate in the arbitration. While Mr. Weiss' client, respondent Maritz Inc., has taken the "position that there is no valid and enforceable" agreement, that issue is subject to arbitration by the appointed panel. *See Buckeye Check Cashing Inc. v. Cardegna* (2006), 546 U.S. 440, 449. Further, because the parties agreed to resolve their disputes under the "applicable rules and procedures of the American Arbitration Association," they agreed that the arbitrator would determine all questions of arbitrability. *See e.g., Contec Corp. v. Remote Solution Co., Ltd.,* 398 F.3d 205, 208 (2d Cir. 2005) (finding that incorporation of the American Arbitration Association Rules "serves as clear and unmistakable evidence of the parties' intent to delegate such issues to an arbitrator").

    Visa will shortly ask the Court to compel arbitration and to allow the arbitrator to rule on Maritz jurisdiction challenge.

    In any event, we are aware of no authority by which Maritz may unilaterally stop the arbitration process. We therefore respectfully request that the American Arbitration Association proceed with the process of appointing a panel in accordance with its rules, with or without the participation of respondent Maritz.



Norma Cantu
November 20, 2007
Page 2

      We appreciate your courtesy and attention.  Please let me know should you have any questions.

Very truly yours,

Roderick M. Thompson

RMT:avd

cc:    Charles A. Weiss

21823\1388734.1

# Exhibit M

**DECLARATION OF RODERICK M. THOMPSON IN SUPPORT OF
VISA USA INC.'S OPPOSITION TO
MARITZ INC.'S MOTION TO STAY ARBITRATION**

Charles A. Weiss
Direct: 314-259-2215
cweiss@bryancave.com

November 26, 2007

Ms. Norma Cantu
American Arbitration Association
6795 North Palm Ave., 2nd Floor
Fresno, CA 93704

Re:    Visa USA/Maritz

Dear Ms. Cantu:

This is to respond to Mr. Thompson's November 20, 2007 letter to you and to again
advise you that it is Maritz's position that the American Arbitration Association has
no jurisdiction over this dispute.

As we previously informed you, Visa has elected to have the determination of
whether or not the parties agreed to arbitrate Visa's claim to be determined by the
Federal District Court in San Francisco. For your information, I am enclosing a copy
of the lawsuit filed by Visa. While Maritz has not yet filed an answer or counter-claim
in that suit, Maritz intends to do so.

It is Maritz's position that the arbitration clause in the July 9 letter is invalid and
unenforceable in that it was induced by Mr. Thompson and Visa's fraudulent conduct
and deceit. Visa intentionally failed to disclose its $66 million-plus claim against
Maritz (a material fact) prior to the time that Mr. Gallant signed the letter of July 9,
2007. In April 2007, Visa, for its own convenience, terminated its contract with
Maritz but did not at that time advise Maritz that it had a $66 million claim against
Maritz. There was no reason for Maritz to know that Visa had such a claim against
Maritz. When Visa terminated its contract with Maritz, it did not terminate the
contract for material breach or for default. Under the contract, Maritz was then
entitled to submit its bill for all unpaid work. Maritz then submitted its claim for
unpaid compensation in excess of $5 million. Although Visa now claims it had a
claim against Maritz going as far back as the fall of 2006, at no time in September,
October, November or December 2006 or January, February, March, April, May or
June 2007, did Visa ever assert that it had a $66 million claim against Maritz. Indeed,
it was not until two weeks after the July 9, 2007 letter that Mr. Thompson first
disclosed to Maritz that Visa was going to assert a $66 million claim against Maritz. It
is obvious that Visa and its attorney, Mr. Thompson, intentionally and deliberately
withheld this material fact from Maritz until they were able to get Mr. Gallant to agree
to the arbitration clause in the July 9, 2007 letter. Such conduct does not meet the
standards of ABA Model Rule 4.1 and does not comply with the law of the

2741659.3

Ms. Norma Cantu
November 26, 2007
Page 2

jurisdiction in which Ms. Thompson practices: "the law is clear that a duty is owed by an attorney not to defraud another even if that other is an attorney negotiating at arm's length." _Cicone v. URS Corporation et. al_, 183 Cal. App. 3d 194, 202 (1986).

Upon being advised of the $66 million claim, Mr. Gallant immediately informed Mr. Thompson that Maritz had not agreed to arbitrate that claim. I have also personally told Mr. Thompson that it is Maritz's position that Maritz did not agree to arbitrate the claim by Visa first presented to Maritz after the July 9, 2007 letter; and that we believe that Mr. Thompson and Visa was deceitful in intentionally concealing Visa's $66 million claim from Maritz. As you will see in the enclosed Visa's complaint, Visa misleadingly alleges that "Maritz contends that the letter agreement is somehow invalid," feigning ignorance of the reason Maritz says the arbitration clause is unenforceable. Maritz has repeatedly advised Visa the reasons why the arbitration provisions of the letter agreement are invalid and unenforceable.

This matter is now before the Federal District Court in San Francisco, and Visa and Mr. Thompson's deceitful conduct and the consequences of such conduct will be determined by that court. Mr. Thompson has cited no case which holds that Visa has "not elected" to have the court determine arbitrability by filing suit in Federal District Court.

It is up to the Federal District Court, not the American Arbitration Association at this point, to determine the facts and the law in this dispute. As our Supreme Court has instructed, a "court should not assume that the parties agreed to arbitrate arbitrability unless there is 'clea[r] and unmistakeabl[e]' evidence that they did so." _First Options of Chicago, Inc. v. Kaplan_, 514 U.S. 938 (1995). The _Buckeye_ case referenced in Mr. Thompson's letter is not applicable here. The Supreme Court in that case reaffirmed its decision in _Prima Paint Corp. v. Flood & Clonklin Mfg. Co._, 388 U.S. 395, 402 (1967), in which it held that "if the claim is fraud in the inducement of the arbitration clause itself – an issue that goes to the making of the agreement to arbitrate – the federal court may proceed to adjudicate it." Here, it is Maritz's position that the arbitration provision in the letter agreement itself was induced by Mr. Thompson and Visa's fraudulent conduct, and thus, as our Supreme Court said in both the _Buckeye_ and the _Prima Paint Corporation_ cases, it is up to the federal court to adjudicate the issue.

We also point out that although Visa is requesting arbitration of its claim of some $66 million-plus, Visa has paid the AAA an initial filing fee of only $3,250.00. Based upon its claim of $66 million-plus, Visa is required to pay the AAA an initial filing fee of $65,000 plus a case service fee of $6,000 according to the AAA's fee schedule. Thus, we do not believe that Visa has properly complied with AAA's rules concerning payment of a required initial fee, and for this additional reason, the AAA does not properly have jurisdiction over Visa's claims.

22741659.3

Ms. Norma Cantu
November 26, 2007
Page 3

If you need any additional information, please let me know.

Very truly yours,


Charles A. Weiss

CAW

cc:  Roderick A. Thompson

# Exhibit N

**DECLARATION OF RODERICK M. THOMPSON IN SUPPORT OF
VISA USA  INC.'S OPPOSITION TO
MARITZ INC.'S MOTION TO STAY ARBITRATION**

 **American Arbitration Association**
*Dispute Resolution Services Worldwide*

*Western Case Management Center*
John M. Bishop
Vice President
Jeffrey Garcia
Assistant Vice President

6795 North Palm Ave, 2nd Floor, Fresno, CA 93704
telephone: 877-528-0880 facsimile: 559-490-1919
internet: http://www.adr.org/

November 30, 2007

**AAAWEBFILE & FACSIMILE**

Roderick M. Thompson
235 Montgomery Street
17th Floor
San Francisco, CA 94104

Charles A. Weiss, Esq.
Bryan Cave, LLP
One Metropolitan Square
211 N. Broadway, Suite 3300
St. Louis, MO 63102-2750

Re: 74 117 01325 07 NOCA
    VISA U.S.A. Inc.
    VS
    Maritz, Inc. dba Maritz Loyalty Marketing

Dear Parties:

This will acknowledge receipt of a letter dated November 20, 2007, from Roderick M. Thompson, a copy of which has been exchanged with the other party.

The Association has carefully reviewed the positions and contentions of the parties as set forth in their correspondence. The claimant has met the filing requirements of the rules by filing a demand for arbitration providing for administration by the American Arbitration Association under its rules.

Accordingly, in the absence of an agreement by the parties or a court order staying this matter, the Association will proceed with administration pursuant to the Rules. **The parties may wish to raise this issue, upon appointment of the arbitrator.**

The AAA serves as a neutral administrative agency and does not generally appear or participate in judicial proceedings relating to arbitration. The AAA should not be named as a party-defendant. The Rules state that the AAA is not a "necessary party". The AAA will abide by an order issued by the courts and the parties are requested to keep us informed as to the outcome.

Inasmuch as the Association did not receive an objection to the locale requested by the Claimant, the locale is San Francisco, California.

In accordance with the Rules, the Association encloses a list of names selected from our roster from which one arbitrator is to be appointed. The list of neutrals is also available via *AAAWebFile*. The parties are encouraged to agree on an arbitrator and advise the Association of their agreement. Each party shall confirm their list of neutrals, in order of preference on or before December 17, 2007. If the list of arbitrators is not confirmed by the date specified, the arbitrator will be appointed as authorized in the rules. The parties' lists are held confidential and not shared with opposing counsel.

Immediately upon appointment of the arbitrator, a preliminary telephone conference will be held. We will contact you by telephone as soon as the arbitrator has set this conference.

Should you have any questions or concerns please feel free to contact me.

Sincerely,

/s/
Norma Cantu
Case Manager
559-490-1896
cantun@adr.org

*Supervisor Information: Lupe Gonzalez-Baca, 559 650 8019, Gonzalezl@adr.org*

Enclosures:

# Exhibit O

**DECLARATION OF RODERICK M. THOMPSON IN SUPPORT OF
VISA USA  INC.'S OPPOSITION TO
MARITZ INC.'S MOTION TO STAY ARBITRATION**

**Thompson, Rod (27) x4445**

| | |
|---|---|
| **From:** | Weiss, Charles [caweiss@BryanCave.com] |
| **Sent:** | Monday, December 03, 2007 4:22 PM |
| **To:** | cantun@adr.org |
| **Cc:** | Thompson, Rod (27) x4445 |
| **Subject:** | FW: Visa/Maritz Matter |

---

**From:** Weiss, Charles
**Sent:** Monday, December 03, 2007 5:11 PM
**To:** 'cantun@adr.com'
**Cc:** 'Katz, Ron'; Steve.Gallant@maritz.com; Deiermann, Mark
**Subject:** Visa/Maritz Matter

Dear Ms. Cantu,

I received your phone message inquiring about the location where Maritz desired to have an arbitration conducted.  As you know it is Maritz's position that there is no valid arbitration provision obligating Maritz to arbitrate. Please see my letter to you dated Nov. 26 explaining Maritz's position in more detail and enclosing a copy of Visa's complaint filed in federal court. This matter is now before a federal judge and at Visa's request the judge will determine the issue of whether the parties are required to arbitrate.  In the meantime, we request that AAA not proceed until the judge determines the issue of whether the parties are required to arbitrate. If the court should determine that Maritz is required to arbitrate Visa's claims, then Maritz desires and requests that the arbitration occur in St. Louis where Maritz is located and where Maritz's performance of the contract occurred.

You will also note that in my letter of Nov. 26, we point out that Visa has failed to pay the required amount of the initial filing fee of $65,000 and the case service fee of $6,000. and thus Visa has failed to comply with the AAA rules for initiating an arbitration demand.

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

# Exhibit P

**DECLARATION OF RODERICK M. THOMPSON IN SUPPORT OF
VISA USA INC.'S OPPOSITION TO
MARITZ INC.'S MOTION TO STAY ARBITRATION**

 **American Arbitration Association**
*Dispute Resolution Services Worldwide*

*Western Case Management Center*
John M. Bishop
Vice President
Jeffrey Garcia
Assistant Vice President

6795 North Palm Ave, 2nd Floor, Fresno, CA 93704
telephone: 877-528-0880 facsimile: 559-490-1919
internet: http://www.adr.org/

December 3, 2007

**AAAWEBFILE & FACSIMILE**

Roderick M. Thompson
235 Montgomery Street
17th Floor
San Francisco, CA  94104

Charles A. Weiss, Esq.
Bryan Cave, LLP
One Metropolitan Square
211 N. Broadway, Suite 3300
St. Louis, MO  63102-2750

Re: 74 117 01325 07 NOCA
    VISA U.S.A. Inc.
    VS
    Maritz, Inc. dba Maritz Loyalty Marketing

Dear Parties:

Respondent has notified the Association of its objection to the locale requested by Claimant by letter dated November 16, 2007, a copy of which has been exchanged with the other party.  This document is available via *AAAWebFile*.

In accordance with the Rules, the Association is authorized to fix the locale if the parties are unable to agree.  A brief explanation regarding the Association's locale determination process can be found on our web site at www.adr.org.

In order for the Association to make its locale determination as soon as possible, we request that each party fax their locale contentions, no longer than five (5) pages in length, to the undersigned's attention on or before **December 10, 2007**, copying the other side.  For your information and guidance, the Association considers the following factors, among any others the parties may wish to raise, as significant in determining locale:

        1)  Location of parties
        2)  Location of witnesses and documents
        3)  Location of site or place or materials
        4)  Consideration of relative cost to the parties
        5)  Place of performance of contract
        6)  Laws applicable to the contract
        7)  Place of previous court actions
        8)  Necessity of an on-site inspection of the project
        9) Any other reasonable arguments that might affect the locale
        determination.

Please make sure that your locale contentions are complete as possible since the Association's locale determination is final and binding.

Case 3:07-cv-05585-JSW    Document 37-2    Filed 01/11/2008    Page 52 of 54

You may also share and manage correspondence through AAA's WebFile.  The Case Manager will determine who should receive viewing privileges and grant access accordingly.

This will acknowledge receipt of a letter dated November 26, 2007, from Respondent.  This document is also available via *AAAWebFile.*

Please do not hesitate to contact me should you have a question.

Sincerely,


/s/
Norma Cantu
Case Manager
559-490-1896
cantun@adr.org

*Supervisor Information: Lupe Gonzalez-Baca, 559 650 8019, Gonzalezl@adr.org*

# Exhibit Q

**DECLARATION OF RODERICK M. THOMPSON IN SUPPORT OF
VISA USA  INC.'S OPPOSITION TO
MARITZ INC.'S MOTION TO STAY ARBITRATION**

 **American Arbitration Association**
*Dispute Resolution Services Worldwide*

*Western Case Management Center*
John M. Bishop
Vice President
Jeffrey Garcia
Assistant Vice President

6795 North Palm Ave, 2nd Floor, Fresno, CA 93704
telephone: 877-528-0880 facsimile: 559-490-1919
internet: http://www.adr.org/

December 20, 2007

**VIA AAAWEBFILE & FACSIMILE**

Roderick M. Thompson
235 Montgomery Street
17th Floor
San Francisco, CA 94104

Charles A. Weiss, Esq.
Bryan Cave, LLP
One Metropolitan Square
211 N. Broadway, Suite 3300
St. Louis, MO 63102-2750

Re: 74 117 01325 07 NOCA
    VISA U.S.A. Inc.
    VS
    Maritz, Inc. dba Maritz Loyalty Marketing

Dear Parties:

After careful consideration of the parties' contentions, the Association has determined the administration of this matter shall be conducted by the Western Case Management Center and hearings will be held in **San Francisco, California.**

As stated in our previous letter dated November 30, 2007, which included the arbitrator list, we encourage the parties to agree on one (1) arbitrator. If you are unable to reach an agreement, please advise the Association on or before **January 4, 2008.** Absent agreement of the parties, we ask each party to strike the names objected to, number the remaining names in order of preference and return the list on or before **January 4, 2008.** The parties are reminded to exchange copies of all correspondence except the checklist for conflicts and this arbitrator list.

The list for selection of arbitrators is also available on-line. The parties may strike and rank their preferences, which will be kept confidential.

If you have any questions, please do not hesitate to contact me.

Sincerely,

/s/
Norma Cantu
Case Manager
559-490-1896
cantun@adr.org

*Supervisor Information: Lupe Gonzalez-Baca, 559 650 8019, Gonzalezl@adr.org*