1  Roderick M. Thompson (State Bar No. 96192)
   rthompson@fbm.com
2  Robert C. Holtzapple (State Bar No. 145954)
   bholtzapple@fbm.com
3  Helen Dutton (State Bar No. 235558)
   hdutton@fbm.com
4  Diego F. Acevedo (State Bar No. 244693)
   dacevedo@fbm.com
5  Farella Braun & Martel LLP
   235 Montgomery Street, 17th Floor
6  San Francisco, CA  94104
   Telephone:  (415) 954-4400
7  Facsimile:  (415) 954-4480

8  Attorneys for Plaintiff
   VISA U.S.A. INC.

9

10              IN THE UNITED STATES DISTRICT COURT

11           FOR THE NORTHERN DISTRICT OF CALIFORNIA

12

13  VISA U.S.A. INC.,                    Case No. CV-07-5585 JSW

14              Plaintiff,               **PLAINTIFF VISA U.S.A. INC.'S
                                         OPPOSITION TO DEFENDANT MARITZ
15       vs.                             INC.'S ADMINISTRATIVE REQUEST TO
                                         CONTINUE THE HEARING DATE ON
16  MARITZ INC., d/b/a MARITZ            VISA U.S.A. INC.'S MOTION TO COMPEL
    LOYALTY MARKETING,                   ARBITRATION; AND *EX PARTE*
17                                       APPLICATION FOR DISCOVERY**
                Defendant.
18

19

20

21

22

23

24

25

26

27

28

Visa's Opp. to Maritz's Admin. Request to Continue Hearing
Date on MTC ARB & *Ex Parte* App. for Discovery
Case No. CV-07-5585 JSW                                    21823\1426928.1

In July 2007, defendant Maritz Inc. ("Maritz") and plaintiff Visa USA Inc. ("Visa") entered a Letter Agreement that established a procedure for resolving all disputes that existed between them "outside of court." Pursuant to that agreement, on November 2, 2007, Visa filed an arbitration demand with the AAA. Maritz's request for *ex parte* relief is just the latest in a series of tactics designed to delay the dispute resolution process to which it agreed.

Maritz's second *ex parte* application asks both that Visa's pending motion to stay be continued 60 days and that Visa be ordered to provide broad and far reaching expedited discovery. Maritz's *ex parte* application fails for at least two independent reasons. First, whatever urgency Maritz claims justifies its application is entirely of its own making – in early December, Visa informed Maritz of the February 8 hearing date and invited Maritz to identify whatever discovery it believed was necessary regarding its claim the Letter Agreement was invalid. Although on December 7 Maritz pledged to respond to Visa's "questions about discovery as soon as [Maritz] can," Maritz waited until January 10, 2008 to specify its requested discovery. Second, Maritz has not shown that there is any genuine issue of material fact that demonstrates a need for the requested discovery. There can be no real dispute as to what transpired between the parties in the negotiations leading up to the execution of the Letter Agreement and thus there is no need for any discovery in connection with Visa's motion.

## I.   SUMMARY OF FACTS

Maritz failed to honor its contractual obligation to develop and deliver a time-critical rewards program to Visa. After the underlying contract was terminated and after disputes arose between the parties, in July 2007, Visa and Maritz entered the Letter Agreement which required that all of the parties' claims would be resolved "outside of court."

On November 2, 2007, Visa filed a Complaint to compel arbitration pursuant to the Letter Agreement. (D.E. # 1.) Visa then filed a petition to compel arbitration. (D.E. # 4.) On November 30, Maritz declined to proceed before Magistrate Judge Zimmerman, an act that automatically vacated Visa's then pending motion. After the case was reassigned to this Court, on December 7, Visa informed Maritz that Visa would reset its motion for the first available hearing date (February 8). At that time Visa asked Maritz to identify whatever discovery Maritz

Farella Braun & Martel LLP
Russ Building, 17th Floor
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

Visa's Opp. to Maritz's Admin. Request to Continue Hearing
Date on MTC ARB & *Ex Parte* App. for Discovery       - 1 -
Case No. CV-07-5585 JSW

21823\1426928.1

1  felt was necessary regarding Visa's request to enforce the Letter Agreement:

2      Although, . . . , Visa does not believe any discovery is necessary for a
       determination of that Petition, the February 8 date will allow Maritz ample
3      opportunity to pursue whatever discover[y] it believes is needed.  Please [l]et us
       know promptly if Maritz in fact wishes to pursue discovery. . . . .  To try to make
4      this clearer: we need to know what discovery (if any) Maritz believes is needed so
       that we can both (a) determine whether Visa will also seek discovery responsive to
5      Maritz's requests and (b) get the discovery scheduled.

6  (*See* Declaration of Roderick M. Thompson In Support of Visa's Opposition to Maritz's *Ex Parte*

7  Application ("Thompson Decl."), Ex. A.)  Maritz immediately acknowledged receipt of that

8  email, stating that  "We will get back to you on your questions about discovery as soon as we

9  can."  (*Id.*)  Thereafter, however, Maritz did not ask for any discovery from Visa.

10         On January 4, Visa filed its Motion to Stay Action and Compel Arbitration setting that

11  motion for hearing on February 8.  (D.E. # 26.)  Not until January 10, however, did Maritz

12  request any discovery; on that date, Maritz demanded up to 5 depositions (4 individuals and a

13  Rule 30(b)(6) deposition on unspecified topics) and the production of unidentified documents.[1]

14  Visa responded by offering to consider limited discovery targeted to that narrow issue raised by

15  Maritz – "alleged fraudulent inducement into the Letter Agreement."  Maritz, however, rejected

16  that overture and instead filed the instant *ex parte* application.  In a further attempt to avoid

17  burdening the Court with this *ex parte* application, Visa sent a letter offering again to participate

18  in narrow, targeted discovery; Maritz rejected that offer.  (*See* Thompson Decl., Ex. B and C.)

19  **II.    ARGUMENT**

20      **A.    Maritz's *Ex Parte* Application Should Be Denied Both Because Any Alleged
              Crisis Justifying The Request Was Caused By Maritz And Because Maritz
21            Has Not Demonstrated There is Any Genuine Issue Of Material Fact That
              Requires Discovery.**

22      *Ex parte* applications are extraordinary requests that "are nearly always improper."  *In re*

23  *Antimagnetic Am. Inc.,* 101 B.R. 191, 192 (C.D. Cal. 1989).  Indeed, Maritz fails to establish

24

25  _____

26  [1] The breadth of Maritz's requested discovery also requires that the application be denied.  S*ee*
    *Qwest Commc'ns Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 421 n.1 (D. Colo.
27  2003) ("the breadth of the[] discovery requests ha[d] a significant bearing on the court's decision
    to deny the motion for expedited discovery").  Moreover, nowhere in either its Application or the
28  correspondence between the parties does Maritz identify either the topics for the requested
    30(b)(6) deposition or the categories of documents it now seeks.

Farella Braun & Martel LLP
Russ Building, 17th Floor
235 Montgomery Street
San Francisco, CA  94104
(415) 954-4400

Visa's Opp. to Maritz's Admin. Request to Continue Hearing
Date on MTC ARB & *Ex Parte* App. for Discovery        - 2 -
Case No. CV-07-5585 JSW                                              21823\1426928.1

1   either of the required elements for obtaining *ex parte* relief:  (1) that Maritz is "without fault in

2   creating the crisis that requires *ex parte* relief"; or (2) produce evidence showing that it "will be

3   irreparably prejudiced" if the relief is not granted.  *Mission Power Eng'g Co. v. Continental Cas.*

4   *Co.*, 883 F.Supp.2d. 488, 492 (C.D. Cal. 1995).

5           1.      To The Extent There Is Any "Crisis" Supporting Maritz's Request,
                    Maritz's Own Conduct Has Caused That "Crisis."
6

7           Any claimed "crisis" justifying Maritz's extraordinary request for expedited discovery is

8   entirely of Maritz's own making.  As discussed above, in early December Visa informed Maritz

9   that its motion would be heard on February 8 and invited Maritz to describe whatever discovery

10  Maritz felt was needed to respond to that motion.  Although Maritz pledged to get back to Visa

11  "about discovery as soon as [Maritz] can," in fact Maritz did not do so.[2]  (Thompson Decl., Ex.

12  A.)  Maritz's decision to delay its request for discovery is plainly the sole cause of the supposed

13  "crisis" it now faces.  For this reason alone, Maritz's *ex parte* application should be denied.

14          2.      Maritz Has Not – And Cannot – Demonstrate That It Has Good Cause to
                    Seek Expedited Discovery
15

16          Maritz's application rests entirely on its erroneous contention that it "is entitled to a jury

17  trial."[3]  (D.E. #33, Application, 1:14.)  Maritz is wrong.  A party is not entitled to a jury trial

18  under 9 U.S.C. § 4 as a matter of right.  *See Dillard v. Merrill Lynch, Pierce, Fenner & Smith,*

19  *Inc.,* 961 F.2d 1148, 1154 (5th Cir. 1992) ("party to an arbitration agreement cannot obtain a jury

20  trial merely by demanding one") (citations omitted).  Section 4 provides for a jury trial **only** if

21  there is a **genuine** issue of **material** fact concerning the defenses of the party resisting arbitration.

22  9 U.S.C. § 4.  Indeed, Maritz's own authority, *Doctor's Assocs., Inc. v. Distajo*, 107 F.3d 126,

23
24  [2] Maritz's claim that it did not seek discovery earlier because it was waiting until Visa refiled its
    motion is not well taken for at least three reasons.  (D.E. # 33, Application, 5:21-22.)  First,
25  Visa's original motion was only vacated as a result of Maritz's declination of Magistrate
    Zimmerman.  Second, *nothing* Visa has done created any reasonable  expectation on Maritz's part
26  that the motion would not be refiled.  Third, it was *after* Visa's original motion had been vacated
    that Maritz said it would respond to Visa's questions regarding discovery "as soon as [it] can."

27  [3] Moreover, discovery, even where not expedited, is not favored in threshold arbitrability court
    proceedings.  *See Sankey v. Sears, Roebuck & Co.*, 100 F. Supp. 2d 1290, 1296 (M.D. Ala. 2000)
28  (denying discovery request because "[a]rbitration proceedings are meant to be summary in nature
    and normally involve little discovery").

Farella Braun & Martel LLP
Russ Building, 17th Floor
235 Montgomery Street
San Francisco, CA  94104
(415) 954-4400

Visa's Opp. to Maritz's Admin. Request to Continue Hearing
Date on MTC ARB & *Ex Parte* App. for Discovery          - 3 -
Case No. CV-07-5585 JSW

21823\1426928.1

129-130 (2d Cir. 1997), instructs that "the party requesting a jury trial must 'submit' evidentiary facts showing that there is a dispute of fact to be tried." Here, Maritz has provided no evidentiary facts supporting its request, much less any facts demonstrating that there is a genuine issue of material fact. Maritz's failure to do so dooms its *ex parte* request.

Maritz has failed to do so because it cannot. Simply put, no discovery is required, expedited or otherwise, because Visa had no duty to disclose the purportedly material "fact" – the amount of Visa's damages. The following **undisputed** facts demonstrate the point:

- Visa's April 20 termination letter states that Visa reserves all rights relating to any "claims Visa has against Maritz for Maritz's breaches of the Agreement . . . and Visa's rights to liquidated damages." (Thompson Decl., Ex.. D.)

- Visa's June 5 letter states that Visa will provide "information to Maritz as to the nature and amount of Visa's claims at the appropriate time." (Thompson Decl., Ex.. E.)

- Visa's July 2 letter states that it is now time to "discuss Maritz's claims, as well as the nature and amount of Visa's claims," but "[*b]efore* starting that discussion, and to protect both parties, [Visa] believe[s] we should reach an understanding as to the process for resolving all claims in the event that something more than direct negotiation is required." That letter reiterates: "It is important to have this agreement on process in place *before* we commence negotiations so that both sides will know the alternative to a negotiated resolution." (Thompson Decl., Ex. F; emphasis added.)

- Following Maritz's receipt of the July 2 letter – which for the first time proposes arbitration – the only contact between parties that in any way related to the Letter Agreement[4] prior to its execution on July 10 were between Visa's outside counsel, Rod Thompson, and Maritz's Associate General Counsel, Steve Gallant. (Thompson Decl., ¶ 8, Ex. G.)

---

[4] Visa believes there is no dispute regarding what Mr. Thompson and Mr. Gallant said to one another during these discussions. Indeed, Mr. Thompson has already described those discussions in a sworn declaration in this matter. (D.E. #27.) To the extent there was any issue here, however, Visa's offer that each be deposed for two hours would have allowed Maritz to conduct discovery on this point if it so desired. (Thompson Decl., Ex. B.)

Farella Braun & Martel LLP
Russ Building, 17th Floor
235 Montgomery Street
San Francisco, CA 94104
(415) 954-4400

Visa's Opp. to Maritz's Admin. Request to Continue Hearing
Date on MTC ARB & *Ex Parte* App. for Discovery
Case No. CV-07-5585 JSW                     - 4 -                     21823\1426928.1

1    These undisputed facts establish that Visa had no duty to disclose the "nature and amount"

2  of its claims.[5] *See People v. Highland Fed. Sav. & Loan*, 14 Cal. App. 1692, 1718-19 (1993)

3  (concealment not actionable absent duty to disclose).  A duty to disclose arises where the party

4  charged with fraud has volunteered information on a subject but withholds information that would

5  materially qualify the information disclosed.  *Brownlee v. Vang*, 235 Cal. App. 2d 465, 477

6  (1965).  Here, there is no allegation that Visa volunteered any such information (and thus no such

7  duty could have arisen); indeed, Visa expressly told Maritz that it would discuss the "nature and

8  amount of Visa's claims" only ***after*** the parties had agreed to a procedure for resolving their

9  disputes.[6]

10    Maritz attempts to justify its request by arguing that it needs to establish when Visa knew

11  it had substantial claims against Maritz.  (D.E. #33, Application, 4:17-5:3.)  But Maritz fails to

12  explain why whether Visa knew of the nature and amount of its damages in July 2007, the Fall of

13  2006 or any other time before the Letter Agreement was signed matters.  This is because it does

14  not – Maritz simply has no need for any such discovery.

15  **III.    CONCLUSION**

16    Maritz has not established either any crisis justifying its request or that discovery will aid

17  it in identifying a genuine issue of material fact.  Accordingly, Visa respectfully requests that

18  Maritz's *ex parte* application be denied.

19  DATED:  January 16, 2008                    FARELLA BRAUN & MARTEL LLP

20                                             By:  /s/ Roderick M. Thompson
                                                    Roderick M. Thompson
21                                                  Attorneys for Plaintiff VISA U.S.A. INC.

22

---

23  [5] There can be no doubt that this is the crux of Maritz's claim.  (*See* D.E. #19, Counterclaim, ¶118 (alleging that Visa failed to disclose "the nature and magnitude of its alleged claims."))

24  [6] Maritz's reliance on C*icone v. URS Corp*., 183 Cal. App. 3d 194 (1986) is misplaced.  (D.E.
25  #33, Application, 3:25-28).  In *Cicone*, opposing counsel was alleged to have made a knowing affirmative misrepresentation to induce the other side to enter a contract.  The case, therefore,
26  stands for the unremarkable proposition that "[a]lthough a duty to disclose a material fact normally arises only where there exists a confidential relation between the parties or other special
27  circumstances require disclosure, where one does speak he must speak the whole truth to the end that he does not conceal any facts which materially qualify those stated."  *Id.* at 201.  Here, by
28  contrast, there is no allegation that Visa made any representation whatsoever regarding the scope of its damages claim.

Farella Braun & Martel LLP
Russ Building, 17th Floor
235 Montgomery Street
San Francisco, CA  94104
(415) 954-4400

Visa's Opp. to Maritz's Admin. Request to Continue Hearing
Date on MTC ARB & *Ex Parte* App. for Discovery       - 5 -
Case No. CV-07-5585 JSW

21823\1426928.1