# Exhibit A

**DECLARATION OF RODERICK M. THOMPSON IN SUPPORT OF
VISA USA  INC.'S OPPOSITION TO MARITZ INC.'S MOTION TO COMPEL
ARBITRATION; AND *EX PARTE* APPLICATION FOR DISCOVERY**

**From:**   Hilbert, Ryan [RHilbert@manatt.com]
**Sent:**   Friday, December 07, 2007 12:30 PM
**To:**     Holtzapple, Bob (31) x4939
**Cc:**     Katz, Ron
**Subject:** RE: Visa U.S.A. INC v. Maritz Inc., d/b/a Maritz Loyalty Marketing/CV-07-5585 BZ/Please see attached letter

Thank you for the signed stipulation, Bob.  We will get back to you on your questions about discovery as soon as we can.

Ryan

**From:** BHoltzapple@fbm.com [mailto:BHoltzapple@fbm.com]
**Sent:** Friday, December 07, 2007 12:18 PM
**To:** Hilbert, Ryan
**Cc:** Katz, Ron
**Subject:** RE: Visa U.S.A. INC v. Maritz Inc., d/b/a Maritz Loyalty Marketing/CV-07-5585 BZ/Please see attached letter

Ryan -- enclosed is a pdf of the signed Stipulation.  Note that I changed the date of service to be November 16, 2007, rather than November 19, 2007.

With respect to the Petition to Compel Arbitration, we plan to notice that for hearing on February 8, 2008.  Although, as we have mentioned to both Ron and Charlie Weiss, Visa does not believe any discovery is necessary for a determination of that Petition, the February 8 date will allow Maritz ample opportunity to pursue whatever discover it believes is needed.  Please Let us know promptly if Maritz in fact wishes to pursue discovery.  Depending upon what Martiz requests, Visa reserves the option to request its own discovery.  To try to make this clearer: we need to know what discovery (if any) Maritz believes is needed so that we can both (a) determine whether Visa will also seek discovery responsive to Maritz's requests and (b) get the discovery scheduled.

Thanks Ryan.  Please call with any questions, Bob

> -----Original Message-----
> **From:** Hilbert, Ryan [mailto:RHilbert@manatt.com]
> **Sent:** Friday, December 07, 2007 10:52 AM
> **To:** Holtzapple, Bob (31) x4939
> **Cc:** Katz, Ron
> **Subject:** RE: Visa U.S.A. INC v. Maritz Inc., d/b/a Maritz Loyalty Marketing/CV-07-5585 BZ/Please see attached letter
>
> Bob:
>
> Further to your agreement with Ron as memorialized below, please find attached a draft stipulation to extend the time for Maritz's response to Visa's complaint.  Provided everything is accurate, please sign and return it to me via fax or as a pdf as soon as possible.  We will take care of e-filing this document with the Court.

Very truly yours,
Ryan

Ryan S. Hilbert
Manatt, Phelps & Phillips, LLP
1001 Page Mill Road, Building 2
Palo Alto, CA 94304
Tel: (650) 812-1347
Fax: (650) 213-0260

---

**From:** Katz, Ron
**Sent:** Monday, December 03, 2007 12:09 PM
**To:** 'BHoltzapple@fbm.com'
**Cc:** Hilbert, Ryan; Charles A. Weiss (caweiss@bryancave.com); Mark S. Deiermann (msdeiermann@bryancave.com)
**Subject:** RE: Visa U.S.A. INC v. Maritz Inc., d/b/a Maritz Loyalty Marketing/CV-07-5585 BZ/Please see attached letter

Bob--

This will confirm the telephone conversation we had a few minutes ago:

--You have graciously agreed to give Maritz until January 7, 2007 to answer or otherwise respond to Visa's Complaint. We will prepare a stipulation to this effect as soon as we have a new judge.

--Maritz will not use the fact that you gave that extension as an argument why the motion to compel arbitration should be continued if Maritz makes such a motion.  Both Maritz and Visa reserve all their other rights regarding the date of that motion, including but not limited to the rights to move to continue it and to move for discovery in relation to it.

--You said that Visa did not think that any discovery would be necessary for the motion to compel arbitration but that you would consider Maritz's requests in this regard.  I will endeavor to get you those once we have a new judge and you have re-filed your papers.

--You had a question about the mediation and about the arbitration.  I referred you to counsel from Bryan Cave for those questions.

If I have not stated our conversation accurately above, please let me know at your earliest convenience.

Thanks again for your courtesy.

Ron

---

**From:** Katz, Ron
**Sent:** Mon 12/3/2007 10:23 AM
**To:** 'BHoltzapple@fbm.com'; 'RThompson@fbm.com'; 'ADugan@fbm.com'
**Cc:** Hilbert, Ryan
**Subject:** RE: Visa U.S.A. INC v. Maritz Inc., d/b/a Maritz Loyalty Marketing/CV-07-5585 BZ/Please see attached letter

Mr Holtzapple:

I just left you a voicemail in response to your email below.  Today I can be reached on my cell phone (650 520 3660) or by email.

Very truly yours,

Ronald S. Katz

---------------------
Ron Katz 650-812-1346
Sent from my Wireless
Handheld

-----Original Message-----
From:  BHoltzapple@fbm.com [mailto:BHoltzapple@fbm.com]
Sent:  Sunday, December 02, 2007 11:17 PM Pacific Standard Time
To:    Katz, Ron; RThompson@fbm.com; ADugan@fbm.com
Cc:    Hilbert, Ryan
Subject:    RE: Visa U.S.A. INC v. Maritz Inc., d/b/a Maritz Loyalty Marketing/CV-07-5585 BZ/Please see
attached letter

Dear Mr. Katz:

Please excuse the delay in responding to your email.  As I told
your colleague, Ryan Hilbert, when we spoke on Thursday, I was in
deposition Friday.  Although I had hoped the deposition would conclude
by early Friday afternoon, unfortunately it went until almost 7 that
evening and thus I did not receive your voicemail or see this email
until late Friday.

With respect to Maritz's request for an extension of time to
respond, please call me; I am confident that we likely will be able to
work something out.  Please also understand, however, that our client is
anxious to get this matter resolved as expeditiously as possible and, we
are candidly concerned that, given Maritz's recent conduct, Maritz is
attempting to delay this matter.  As you may not be aware of the recent
events to which I am referring, I summarize them briefly.

In July, shortly after signing the Letter Agreement, Martiz
claimed it was not binding.  At that time, however, Maritz said that it
was not rejecting arbitration, and that it would make that decision
"later."

On November 2, Visa filed its AAA arbitration demand and the
complaint.  On that date, we both provided the AAA demand to Maritz and
sent a letter to Maritz's outside counsel, Charlie Weiss, notifying
Maritz of the federal action.  During the second day of mediation, Rod
Thompson and I met with Charlie Weiss and Steve Gallant to discuss
whether the parties could resolve their dispute over arbitration
amicably.  Shortly after that meeting, I sent Mr. Weiss a draft
arbitration agreement for his consideration.  To date, no one from
Maritz has acknowledged receipt of that document, much less provided any
comments on it.  In fact, although it has now been almost 5 months since
Maritz said it would not honor the Letter Agreement, Maritz still has
not indicated whether it would refuse to arbitrate under any
circumstances.

On November 15, I emailed Mr. Weiss regarding the draft
arbitration agreement, the hearing date for the petition to compel, and
whether he would accept service of the complaint, since we needed to be
serve it before we could move forward with our petition to compel
arbitration.  I received no substantive response.  Thus, on November
16, 2007, two weeks after we had notified Maritz of the filing and 10
days after the meeting in Chicago, we caused the complaint to be served
on Maritz's registered agent for service of process.

On November 20, I sent Mr. Weiss another email, enclosing a courtesy copy of Visa's Certificate of Interested Parties, and asking whether there was another attorney in his office I could speak to about the petition to compel or the draft arbitration agreement. Again, no response from Maritz.

Thereafter I called both Mr. Weiss and his partner, Mark Deiermann, to see if Maritz would respond to my earlier communications. Again, no response from Maritz.

Indeed, until I received your letter the day after we filed the petition to compel arbitration, I heard nothing from Maritz in response to either my emails or my telephone calls (other than one non-substantive voicemail Charlie Weiss left me).

In any event, I am reasonably confident we can reach an agreement regarding Maritz's request for an extension of time to respond to the Complaint. Please call me tomorrow morning.

-----Original Message-----
From: Katz, Ron [mailto:RKatz@manatt.com]
Sent: Friday, November 30, 2007 4:49 PM
To: Thompson, Rod (27) x4445; Holtzapple, Bob (31) x4939; Dugan, Angelica (27) x3503
Cc: Hilbert, Ryan
Subject: RE: Visa U.S.A. INC v. Maritz Inc., d/b/a Maritz Loyalty Marketing/CV-07-5585 BZ/Please see attached letter

Mr. Holtzapple:

I left you a voicemail at about 4:20 p.m. your time today. In it I informed you that Maritz has declined Magistrate-Judge Zimmerman & again respectfully asked for an extension until January 5, 2008 to answer or otherwise respond to the Complaint.

Very truly yours,

Ronald S. Katz

_____

From: Katz, Ron
Sent: Fri 11/30/2007 10:14 AM
To: 'rthompson@fbm.com'; 'bholtzapple@fbm.com'; adugan@fbm.com
Cc: Hilbert, Ryan
Subject: RE: Visa U.S.A. INC v. Maritz Inc., d/b/a Maritz Loyalty Marketing/CV-07-5585 BZ/Please see attached letter

Mr. Holtzapple:

I was travelling yesterday and just got your voicemail and a report from Ryan Hilbert on your conversation with him yesterday.  I am concerned that you are attempting to attach conditions to a simple request for a standard courtesy in a what appears to be a standard commercial matter.

I will try to call you at 4:15 your time today.

Very truly yours,

Ronald S. Katz

From: Katz, Ron
Sent: Wed 11/28/2007 5:35 PM
To: 'rthompson@fbm.com'; 'bholtzapple@fbm.com'
Cc: Hilbert, Ryan
Subject: Visa U.S.A. INC v. Maritz Inc., d/b/a Maritz Loyalty
Marketing/CV-07-5585 BZ/Please see attached letter


####################################################################
############
IRS CIRCULAR 230 DISCLOSURE: To comply with requirements imposed by
recently issued treasury regulations, we inform you that any U.S. tax
advice contained in this communication (including any attachments) is
not intended or written by us, and cannot be used by you, for the
purpose of (i) avoiding penalties under the Internal Revenue Code or
(ii) promoting, marketing or recommending to another person any
transaction or matter addressed herein. For information about this
legend, go to http://www.manatt.com/circ230
####################################################################
############

This e-mail message is for the sole use of the intended recipient(s)
and may contain confidential and privileged information. Any unauthorized
review, use, disclosure or distribution is prohibited.  If you are not the
intended recipient, please contact the sender by reply e-mail and destroy
all copies of the original message. Thank you. Farella Braun + Martel LLP

IRS CIRCULAR 230 DISCLOSURE: To comply with requirements imposed by recently issued treasury regulations,
we inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended
or written by us, and cannot be used by you, for the purpose of (i) avoiding penalties under the Internal Revenue Code
or (ii) promoting, marketing or recommending to another person any transaction or matter addressed herein. For
information about this legend, go to http://www.manatt.com/circ230

IRS CIRCULAR 230 DISCLOSURE: To comply with requirements imposed by recently issued treasury regulations, we
inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written
by us, and cannot be used by you, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting,
marketing or recommending to another person any transaction or matter addressed herein. For information about this legend,
go to http://www.manatt.com/circ230

# Exhibit B

**DECLARATION OF RODERICK M. THOMPSON IN SUPPORT OF
VISA USA INC.'S OPPOSITION TO MARITZ INC.'S MOTION TO COMPEL
ARBITRATION; AND *EX PARTE* APPLICATION FOR DISCOVERY**

# FARELLA BRAUN + MARTEL LLP

Attorneys At Law

Russ Building / 235 Montgomery Street
San Francisco / CA 94104

**RODERICK M. THOMPSON**
rthompson@fbm.com
D 415.954.4445

T 415.954.4400 / F 415.954.4480
www.fbm.com

January 14, 2008

*Via E-Mail*

Charles A. Weiss
Bryan Cave LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102-2750

Re:    <u>Visa v. Maritz</u>

Dear Charlie:

To follow up on our discussion on Friday afternoon, this sets forth Visa's position on Maritz's request for discovery addressed to its allegation that it was induced by fraud into entering the arbitration provisions in the July 9 Letter Agreement.

As Visa has maintained from the outset, we believe that no discovery is necessary or appropriate because the alleged fraud in the inducement issue is for the arbitrator and, in any event, Maritz's allegations do not raise a genuine issue of material fact. I need not repeat those positions here as they are set forth in the briefing. Another reason Visa contends discovery is unnecessary is that we believe Maritz already has all discoverable information regarding the negotiation and execution of the Letter Agreement.

As I explained in our call, since Maritz's claim is that it was induced by fraud to agree to the arbitration provisions (and not the remainder of the Letter Agreement), there is no basis for any discovery into events or documents before arbitration was first proposed. It makes no difference what Visa (or Maritz) knew or did before there was any communication about arbitration. Similarly, since Maritz admits that when asked, Visa responded forthrightly to Maritz's request for an estimate of the amount of Visa's damages (the information allegedly withheld before then), no discovery is relevant thereafter. These events provide a bracket for any conceivably relevant discovery.

On July 2, 2007, Visa sent Maritz a letter proposing a three-step dispute resolution procedure: negotiation, mediation and, if needed, "confidential and binding arbitration." This, to the best of our knowledge, is the first communication of any kind about arbitration. That letter



Charles A. Weiss
January 14, 2008
Page 2

also repeated Visa's commitment to discuss with Maritz "the nature and amount of Visa's claims." It suggested that the parties "establish a procedure for efficiently documenting, discussing and resolving all remaining claims." Visa explained that it was important to have an agreement on process in place before beginning the negotiations "so that both sides will know the alternative to a negotiated resolution." Visa therefore requested that Maritz's legal counsel get in touch with me to establish a mutually acceptable procedure. This led to Steve Gallant's call to me on July 9, the Letter Agreement and related correspondence, and ultimately our call of July 23 where Steve asked about Visa's damages, expressed concern about arbitration and took the position that the agreement was not valid.

Therefore, if any discovery is needed (and again, Visa does not agree that it is), the communications of the parties in this short period between July 2-23 would be the only possibly relevant facts. Frankly, we don't understand what Maritz expects to learn from discovery that it doesn't already know. Nevertheless, since Visa would rather resolve this issue than fight about it, if Maritz would withdraw its ex parte application and agree to reciprocate regarding the discovery, we would agree to the focused discovery described in this letter:

- Immediate exchange of any additional non-privileged documents reflecting communications during the period of July 2-23, 2007. In particular, Visa will produce whatever nonprivileged documentation it has that relates to the negotiation and execution of the arbitration provision of the Letter Agreement (provided of course that Maritz would do the same.) Although we would do a search to confirm that this is true, we believe Maritz already has all non-privileged documents related to the arbitration provisions of the Letter Agreement.

- One Deposition of each side of no more than two hours taken by telephone or video conference. As we believe that the only conversations about arbitration between Visa and Maritz during the July 2-23 time period were between me and Steve Gallant, we are the only ones with first had knowledge of what was said. While I have provided a declaration with my recollections of these conversations and we do not believe that there is any real dispute about their substance, if Maritz insists on deposition discovery, we propose:

    o My deposition on or before this Friday, January 18

    o Steve's deposition on or before Friday, January 25

Both depositions would be optional after review of the documents (Visa may well not need Steve's deposition) and would be taken with the express reservation that allowing the attorneys to testify would not be a waiver of any applicable privilege.

Charles A. Weiss
January 14, 2008
Page 3

We can discuss this in more detail during our call at 1:30 p.m. later today.

Very truly yours,

Roderick M. Thompson

RMT:avd

21823\1424453.1

# Exhibit C

**DECLARATION OF RODERICK M. THOMPSON IN SUPPORT OF VISA USA INC.'S OPPOSITION TO MARITZ INC.'S MOTION TO COMPEL ARBITRATION; AND *EX PARTE* APPLICATION FOR DISCOVERY**



Charles A. Weiss
Direct: (314) 259-2215
casweiss@bryancave.com

January 14, 2008

Roderick M. Thompson
Farella Braun & Martel LLP
Russ Building                            **REDACTED**
235 Montgomery Street
San Francisco, CA 94104

Re:    **Visa v. Maritz**

Dear Rod:

We received your letter this afternoon regarding the discovery issue. As we discussed Friday afternoon, Visa and Maritz disagree over this discovery issue. Maritz needs the discovery it is seeking.

Limiting discovery to what took place between July 2 and July 23 between yourself and Steve Gallant would essentially preclude us from the effective discovery to which we are entitled. When you suggested that you may be willing to stipulate that prior to July 9, 2007 Visa knew the nature and amount of its damages that Visa later disclosed for the first time on July 24, 2007 in the PowerPoint presentation it sent to Maritz, I explained that such a stipulation would not negate our need for discovery.

As I said, Maritz believes that Visa engaged in conduct that lulled Maritz into believing that Visa had no significant claims, and certainly not the type of claims for default in which Visa now is claiming "cover" damages of nearly            or a total damages of            and it was in this context that Steve Gallant had no reason to think that Visa would claim tens of millions of dollars from Maritz.

Visa's current claims, as they are presently understood by Maritz, suggests Visa is claiming default-type damages back to the fall of 2006. However, the parties had agreed to proceed on a "best efforts" basis and Visa agreed to waive liquidated damages as reflected in the parties' email agreement on November 8-9, 2006. Visa did not thereafter say anything about a claim for default damages, and did not say anything, in particular, when Kelvin Taylor met with Tad Fordyce in Denver in December 2006 to discuss Visa's intention of continuing with Maritz after Visa decided to restart the Carlson website. Subsequently, in January and February 2007 the parties agreed on a revised specification and a new target launch date of July 2, 2007. There was no indication that Maritz would be held liable to Visa for default or liquidated damages. Maritz agreed to this new target launch date and agreed to other

Bryan Cave LLP

One Metropolitan Square

211 North Broadway

Suite 3600

St. Louis, MO 63102-2750

Tel (314) 259-2000

Fax (314) 259-2020

www.bryancave.com

Chicago

Hamburg

Hong Kong

Irvine

Jefferson City

Kansas City

Kuwait

London

Los Angeles

Milan

New York

Phoenix

Shanghai

St. Louis

Washington, DC

**Bryan Cave International Trade**
*A TRADE CONSULTING SUBSIDIARY
OF NON-LAWYER PROFESSIONALS*

www.bryancavetrade.com

Bangkok

Jakarta

Kuala Lumpur

Manila

Shanghai

Singapore

Tokyo

**Bryan Cave Strategies**
*A GOVERNMENT RELATIONS AND
POLITICAL AFFAIRS SUBSIDIARY*

www.bryancavestrategies.com

Washington, DC

St. Louis

Roderick M. Thompson                                              **Bryan Cave LLP**
January 14, 2008
Page 2

milestones to meet that target launch date based on its belief, caused by Visa's conduct, that Visa was
not going to claim default damages or liquidated damages. Visa never told Maritz while discussing the
new timeline with the new target launch date of July 2, 2007 that the "liquidated damages clock" was
ticking and that Maritz would be subjected to millions of dollars in liquidated damages by virtue of
agreeing to Visa's extended new launch date.

Visa has made the facts above an issue in this case by arguing first on page 4 of its motion to compel
arbitration, and then later on page 15 of its opposition to Maritz's motion to stay, that Maritz could
not have justifiably relied on Visa's silence concerning its damages because Maritz was aware of the
liquidated damages provision in the Master Services Agreement ("MSA"). Visa cannot have it both
ways, i.e., Visa cannot tell the Court that Maritz could not have justifiably relied on Visa's silence
because of Maritz's knowledge of the liquidated damages provision in the MSA and then seek to deny
Maritz the precise discovery Maritz needs regarding Visa's waiver of the liquidated damages provision
back in November 2006.

I explained to you that we need discovery as to when Visa discussed and decided it was going to claim
default and/or liquidated damages against Maritz, whether Visa internally discussed whether and when
it should advise Maritz of the nature and amount of such claims, and whether Visa deliberately
determined not to disclose such information to Maritz until after an arbitration agreement was
obtained by Visa from Maritz.

We believe that Maritz is entitled to discover the facts concerning any discussions or decisions by Visa
to claim such damages and deliberations resulting in an intentional decision not to disclose such
damages to Maritz. These facts certainly would be relevant to Maritz's claim that it was fraudulently
induced into entering into the arbitration agreement, particularly if Visa had determined the nature of
its claims and damages and made a decision not do disclose them to Maritz. Maritz, of course, is not
privy, without discovery, to the discussions of Visa regarding its damages against Maritz or any
deliberations within Visa to withhold the nature and amount of such damages from Maritz.

I also explained to you that Maritz believes that it is entitled to obtain this information from the
sources of the information which would include the people we have identified for depositions. We
also indicated that we have the right to obtain documents relating to these issues. Limiting Maritz is
discovery of documents exchanged between the parties between July 2-23, 2007 and to your
deposition is, in effect, no meaningful discovery at all, especially since you have indicated you will
claim privilege as to any communications you had with Visa.

We hope that you would be amenable to allowing us the narrow discovery on this issue to which we
are entitled. We also request that you include this letter in your reply to our ex parte motion if you
include your letter of today.

2775997.2

Roderick M. Thompson
January 14, 2008
Page 3

**Bryan Cave LLP**

Very truly,

Charles A. Weiss

CAW/as

2775997.2

# Exhibit D

**DECLARATION OF RODERICK M. THOMPSON IN SUPPORT OF VISA USA INC.'S OPPOSITION TO MARITZ INC.'S MOTION TO COMPEL ARBITRATION; AND *EX PARTE* APPLICATION FOR DISCOVERY**

**VISA**

April 20, 2007

*Via Fax & Certified Mail—Return Receipt Requested*

Kelvin Taylor
Maritz Inc.
Attention: President Maritz Loyalty Marketing
1375 N. Highway Dr.
Fenton, MO 63099
Fax: (636) 827-5485

Re:  Notice of Termination of Master Services Agreement dated April 17, 2006
(the "Agreement") between Visa U.S.A. Inc. and Maritz Inc., d/b/a Maritz
Loyalty Marketing

Dear Mr. Taylor:

Visa has determined to implement the Visa Extras Rewards Program through a different outside vendor. We therefore hereby terminate the Agreement pursuant to section XII.A.2(b), effective thirty (30) days from the date of this notice. We reserve all rights relating to or arising out of the Agreement and any Related Agreement, including, without limitation, claims Visa has against Maritz for Maritz's breaches of the Agreement (including any Related Agreement), Maritz's non-performance or delay in performing any obligations due under the Agreement (including any Related Agreement), and Visa's right to liquidated damages pursuant to section XXIII.R of the Agreement.

The terms of the Transition Services Agreement become effective upon the termination of the Agreement. Until then, Maritz shall continue to provide Program Services pursuant to the terms of the Agreement. Thereafter, Maritz has a continuing obligation under the Transition Services Agreement to provide ongoing Program Services for up to six months, as determined by Visa, and to assist Visa and/or a designated vendor in replacing Maritz by providing services, support and data necessary to transition the Rewards Platform.

Please direct any inquiries regarding the termination of the Agreement to me at the address below.

Visa U.S.A. Inc.
P.O. Box 8999
San Francisco, CA 94128-8999
U.S.A.

Capitalized terms are used in this letter as defined in the Agreement.

Sincerely,

Elizabeth L. Buse
Executive Vice President
Product Development and Management

cc:    Maritz Inc.
       1375 N. Highway Dr.
       Fenton, MO 63099
       Attention: Law Department
       Fax: (636) 827-3708

2

# Exhibit E

**DECLARATION OF RODERICK M. THOMPSON IN SUPPORT OF
VISA USA  INC.'S OPPOSITION TO MARITZ INC.'S MOTION TO COMPEL
ARBITRATION; AND *EX PARTE* APPLICATION FOR DISCOVERY**

OCT.31.2007  12:09PM  VISA EXEC US                    NO.070   P.3

Maritz
File

**VISA**

June 5, 2007

*Via Fax and Certified Mail—Return Receipt Requested*

Kelvin Taylor
Maritz Inc.
Attention: President Maritz Loyalty Marketing
1375 N. Highway Dr.
Fenton, MO 63099
Fax: (636) 827-5485

> Re:  **Notice of Termination of Master Services Agreement dated April 17, 2006
> (the "Agreement") between Visa U.S.A. Inc. and Maritz Inc., d/b/a Maritz
> Loyalty Marketing**

Dear Mr. Taylor:

I have received your letter dated May 7, 2007. As I mentioned in my letter to you of April 20, Visa has reserved all rights relating to or arising out of the Agreement and any Related Agreement (as defined in the Agreement) and anticipates providing additional information to Maritz as to the nature and amount of Visa's claims at the appropriate time. Once all functions of the Visa Extras Rewards Program have been transitioned to the new vendor we will be prepared to discuss your letter as part of the process for resolving our claims. We will contact you at that time to work out suitable procedures for those discussions.

Sincerely,

Elizabeth L. Buse
Executive Vice President
Product Development and Management

cc:   Maritz Inc.
      1375 N. Highway Dr.
      Fenton, MO 63099
      Attention: Law Department
      Fax: (636) 827-3708

Visa U.S.A. Inc.
P.O. Box 8999
San Francisco, CA 94128-8999
U.S.A.

# Exhibit F

**DECLARATION OF RODERICK M. THOMPSON IN SUPPORT OF
VISA USA  INC.'S OPPOSITION TO MARITZ INC.'S MOTION TO COMPEL
ARBITRATION; AND *EX PARTE* APPLICATION FOR DISCOVERY**



July 2, 2007

*Via fax and U.S. Mail*

Kelvin Taylor
Maritz Inc.
Attention: President Maritz Loyalty Marketing
1375 N. Highway Dr.
Fenton, MO 63099
Fax:  (636) 827-5485

     Re:    **Master Services Agreement dated April 17, 2006 (the "Agreement") between
              Visa U.S.A. Inc. and Maritz Inc., d/b/a Maritz Loyalty Marketing**

Dear Mr. Taylor:

       This follows up on our previous exchange of letters regarding resolution of all claims arising from performance under the Agreement and any Related Agreement (as defined in the Agreement).  Most recently in my letter of June 8, 2007, I suggested that Visa would discuss Maritz's claims, as well as the nature and amount of Visa's claims, when all services had been transitioned back to the new vendor.  It is now timely to establish a procedure for efficiently documenting, discussing and resolving all remaining claims.

       We hope that we can reach a fair resolution by negotiation between Visa and Maritz. Before starting that discussion, and to protect both parties, we believe that we should reach an understanding as to the process for resolving all claims in the event that something more than direct negotiation is required.  We propose a staged process.  The first stage would be direct negotiations.  If the parties are unable to reach a mutually agreeable resolution through negotiation, the second stage would be non-binding mediation.  Finally, if the claims are not resolved in mediation, the parties will submit the matter to confidential and binding arbitration. It is important to have this agreement on process in place before we commence negotiations so that both sides will know the alternative to a negotiated resolution.

       Please have your legal counsel get in touch with Visa's legal counsel to establish a mutually acceptable procedure.  Visa's outside counsel are:

            Roderick M. Thompson and Jonathan H. Lemberg
            Farella Braun + Martel LLP
            Russ Building
            235 Montgomery
            San Francisco, CA 94104
            Phone:  (415) 954-4400
            Fax:    (415) 954-4480

We are confident that this process will lead to a fair resolution and allow us to put this situation behind us.

Sincerely,

Elizabeth L. Buse
Executive Vice President
Product Development and Management

cc:    Maritz Inc.
       1375 N. Highway Dr.
       Fenton, MO 63099
       Attention: Law Department
       Fax: (636) 827-3708

# Exhibit G

**DECLARATION OF RODERICK M. THOMPSON IN SUPPORT OF
VISA USA  INC.'S OPPOSITION TO MARITZ INC.'S MOTION TO COMPEL
ARBITRATION; AND *EX PARTE* APPLICATION FOR DISCOVERY**

**FARELLA BRAUN + MARTEL** LLP

Attorneys At Law

Russ Building / 235 Montgomery Street
San Francisco / CA 94104

RODERICK M. THOMPSON
rthompson@fbm.com
D 415.954.4445

T 415.954.4400 / F 415.954.4480
www.fbm.com

July 9, 2007

*Via Fax and U.S. Mail*
Fax: 636-827-5485

Steven M. Gallant
Associate General Counsel
Maritz Inc.
1375 N. Highway Dr.
Fenton, MO 63099

Re:    **Master Services Agreement dated April 17, 2006 (the "Agreement") between Visa U.S.A. Inc. and Maritz Inc., d/b/a Maritz Loyalty Marketing**

Dear Steve:

This follows up on our telephone conversation of July 5, 2007. We agreed that our clients' respective claims for damages resulting from alleged breaches of the Agreement and related claims will all be resolved outside of court. In particular, we agreed to the dispute resolution framework set out below.[1]

First Stage: Direct negotiations for a period of 30 days. For example, assuming that negotiations begin by July 30, 2007, we agreed that they would conclude on August 30, 2007. As to the tentatively scheduled July 12 meeting, Visa prefers to have counsel attend and, therefore, the meeting must be rescheduled since you cannot attend. Visa's business representatives will be in touch with their Maritz counterparts to reschedule.

Second Stage: Mediation, before a mutually acceptable mediator at a location to be agreed and to be conducted within 60 days thereafter.

Third Stage: Binding arbitration pursuant to the AAA Commercial Rules. Subject only to the schedules of the arbitrators, the hearing must be commenced within 90 days after the conclusion of the mediation process. The arbitration will allow for only limited discovery and a

---

[1] While we both understand that further details on the dispute resolution process will need to be worked out between us if the dispute is not resolved in the first stage, our clients intend to be bound by this agreement to resolve all disputes outside of court. To the extent they are unable to agree on any aspect of the procedure, such disagreement will be resolved by the applicable rules and procedures of the American Arbitration Association ("AAA").



Steven M. Gallant
July 9, 2007
Page 2

streamlined schedule. (Although we did not discuss these details, Visa would prefer three neutral arbitrators and baseball or high-low arbitration; I will send you a draft agreement for review under separate cover.)

Please confirm Maritz' agreement to the foregoing by countersigning in the space provided below. We appreciate your courtesy and cooperation.

Very truly yours,

Roderick M. Thompson

SO AGREED.
By:
On behalf of Maritz, Inc.

Dated: July 10, 2007

RMT:avd

21823\1291499.1