1  MANATT, PHELPS & PHILLIPS, LLP
   RONALD S. KATZ (California Bar No. 085713)
2  E-mail: rkatz@manatt.com
   RYAN S. HILBERT (California Bar No. 210549)
3  E-mail: rhilbert@manatt.com
   1001 Page Mill Road, Building 2
4  Palo Alto, CA 94304-1006
   Telephone: (650) 812-1300
5  Facsimile: (650) 213-0260

6  Attorneys for Defendant/Counterclaim and
   Third-Party Plaintiff Maritz Inc.
7

8
                    UNITED STATES DISTRICT COURT
9
                        NORTHERN DISTRICT
10
                     SAN FRANCISCO DIVISION
11

12
   VISA U.S.A. INC.,                    CIVIL ACTION NO. C 07-5585 JSW
13
              Plaintiff/Counterclaim    DECLARATION OF DORIS LYONS
14            Defendant,

15        v.

16 MARITZ INC., d/b/a MARITZ
   LOYALTY MARKETING,
17
              Defendant/Counterclaim
18            and Third-Party Plaintiff,

19        v.

20 CARLSON MARKETING GROUP, INC.

21            Third-Party Defendant.
22

23
24
25
26
27
28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

2778346

DECLARATION OF DORIS LYONS
CASE NO. C07-5585 JSW

I, Doris Lyons, do hereby declare under penalty of perjury as follows:

1. I am the Chief Operating Officer of the Maritz Loyalty Marketing Division of Maritz Inc. ("Maritz"). I have held this position since approximately February 1, 2006.

2. In the Fall of 2006, both I and others at Maritz had various discussions and communications with Visa relating to the Visa Extras Rewards Program project. One topic discussed was what the parties (i.e., Maritz and Visa) should do in light of the many difficulties, problems, and delays in connection with the project, including difficulties caused by Visa and its then-current vendor, Carlson Marketing ("Carlson").

3. In light of these problems, difficulties and delays, Maritz recommended that Visa postpone the launch date until January 2007. Visa, instead, decided to push ahead for a Fall 2006 launch, moving the launch date back incrementally from September 30 until, eventually, mid-November 2006.

4. Maritz was concerned because of the many problems, delays and difficulties being encountered and made clear to Visa that Maritz would need assurances that Visa would not hold Maritz accountable if Maritz was going to continue to proceed under Visa's tight timeframe. Both I and others at Maritz conveyed our concerns to (among others) Mr. Edward "Tad" Fordyce of Visa. Mr. Fordyce was a management-level Visa employee who was operating as a program manager for Visa with respect to Visa's Rewards Program project. As set forth in Section VI.J. of the Master Services Agreement dated April 17, 2006 (the "Agreement"), Maritz was entitled to rely on communications from Mr. Fordyce with respect to the project, as well as from any of his superior officers (one of whom was Visa's Tim Attinger). A copy of Section VI.J. of the Agreement is attached to my Declaration as Exhibit 1.

5. As a result of Maritz's concerns and the delays, problems and difficulties encountered in connection with the project, Maritz and Visa agreed on November 8-9, 2006, that the parties would proceed on a best efforts basis and that the penalty clause (i.e., the "liquidated damages" provision) of the parties' Agreement would not be imposed. A true and accurate copy of the emails exchanged between Mr. Fordyce and me dated November 8 and 9, 2006 are attached hereto as Exhibit 2. These emails reflect the parties' agreement to proceed on a best

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
PALO ALTO

2778346

2

DECLARATION OF DORIS LYONS
CASE NO. C07-5585 JSW

1  efforts basis and that Visa waived its right to liquidated damages in connection with the parties'
2  Agreement.
3      I declare under penalty of perjury under the laws of the United States of America that the
4  foregoing is true and correct and that this declaration was executed on January 17, 2008.

_____
Doris Lyons