1  Roderick M. Thompson (State Bar No. 96192)
    rthompson@fbm.com
2  Robert C. Holtzapple (State Bar No. 145954)
    bholtzapple@fbm.com
3  Helen Dutton (State Bar No. 235558)
    hdutton@fbm.com
4  Diego F. Acevedo (State Bar No. 244693)
    dacevedo@fbm.com
5  Farella Braun & Martel LLP
   235 Montgomery Street, 17th Floor
6  San Francisco, CA 94104
   Telephone: (415) 954-4400
7  Facsimile: (415) 954-4480

8  Attorneys for Plaintiff
   VISA U.S.A. INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| VISA U.S.A. INC., | Case No. CV-07-5585 JSW |
|---|---|
| Plaintiff, | **PLAINTIFF VISA U.S.A. INC.'S EVIDENTIARY OBJECTIONS TO THE DECLARATIONS OF MARK PETERMAN, KELVIN TAYLOR, AND DORIS LYONS FILED IN SUPPORT OF MARITZ INC.'S OPPOSITION TO VISA'S MOTION TO STAY ACTION AND TO COMPEL ARBITRATION** |
| vs. | |
| MARITZ INC., d/b/a MARITZ LOYALTY MARKETING, | |
| Defendant. | |

Plaintiff Visa U.S.A. Inc. ("Visa") objects to, and requests that this Court strike portions of the declarations of Mark Peterman, Kelvin Taylor and Doris Lyons submitted by Defendant Maritz Inc. in support of Defendant's Opposition to Visa's Motion To Stay Action and To Compel Arbitration.

**DECLARATION OF MARK PETERMAN:**

EVIDENCE:

Paragraph 5 (2:24-3:5): "More specifically, when I called Mr. Fordyce on July 20, 2007, I told him that we (Maritz) wanted to make sure that our expectations were set correctly for the

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

VISA'S EVIDENTIARY OBJECTIONS TO
DECLARATIONS ISO OPP. TO MOTION TO
STAY / Case No. CV-07-5585 JSW

21823\1433648.1

1  meeting on July 24, that I wanted to confirm that he had our invoices and the detailed back-up to
2  our invoices (relating to the approximately $5.2 million that Maritz was owed), and to let him
3  know that we would be prepared to discuss the invoices. He confirmed that he had our invoices
4  and the back-up, and that was what they were coming to discuss. He indicated that Visa did not
5  share our perspective as to the amount owed on the invoices, but never said anything indicating
6  that Visa believed that Maritz should pay anything or that Maritz owed tens of millions of dollars.
7  My clear understanding based on my conversation with Mr. Fordyce was that Visa was willing to
8  pay Maritz something, but not the full amount that Maritz believed Visa owed."

9  OBJECTION:

10  1.   Relevance; FRE 402. Maritz appears to offer this testimony to establish that Visa
11 "concealed" the amount of its damages claim prior to the execution of the Letter Agreement. The
12 communication described by Mr. Peterman, however, occurred *after* the Letter Agreement was
13 executed by Maritz and thus is irrelevant.

14  EVIDENCE:

15  Paragraph 7 (3:9-15): "I had had numerous discussions with Tad Fordyce and other Visa
16 personnel in late 2006 through Visa's termination of the Agreement in the Spring of 2007. At no
17 time had anyone from Visa told me that Visa believed or was claiming that Maritz owed Visa tens
18 of millions of dollars or that liquidated damages were accruing. In fact, I knew in the first part of
19 November 2006 that Visa had agreed to waive liquidated damages and that the parties had agreed,
20 in light of the numerous problems, difficulties and delays encountered in connection with the Visa
21 project, that Maritz was proceeding on a 'best efforts' basis."

22  OBJECTIONS:

23  1.   Relevance; FRE 402. Nowhere does Mr. Peterman testify that he informed Mr.
24 Gallant, who negotiated and executed the Letter Agreement on Maritz's behalf, of these
25 "numerous discussions" prior to the execution of the Letter Agreement. This testimony is
26 therefore irrelevant to Maritz's claim of fraud in the inducement

27  2.   Lacks foundation; conclusory testimony without supporting facts; FRE 104(b).
28 Improper opinion testimony; legal conclusion; FRE 702. Mr. Peterman fails to explain how he

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

VISA'S EVIDENTIARY OBJECTIONS TO
DECLARATIONS ISO OPP TO MOTION TO
STAY/ Case No. CV-07-5585 JSW

2

21823\1433648.1

purportedly "knew" as described above. Moreover, by stating what the "parties had agreed" Mr. Peterman purports to testify as to the terms of a contract between the parties (the existence of which is disputed). Whether there is such a contract and what such a contract provides are questions of law.

**DECLARATION OF KELVIN TAYLOR:**

EVIDENCE:

Paragraph 5 (2:17-20): "In addition, such a claim seemed inconsistent with the facts that (a) Visa and Maritz had been proceeding on a best efforts basis since at least the Fall of 2006 and (b) I understood in November of 2006 that Visa had agreed to waive liquidated damages under the Agreement."

OBJECTIONS:

Argumentative. Improper opinion testimony; legal conclusions; FRE 702. Lacks foundation; FRE 104(b). Best Evidence; FRE 1002. This portion of Mr. Taylor's declaration is really just disguised legal argument from Maritz. That Mr. Taylor believes "such a claim seemed inconsistent" with other "facts" is a conclusion based upon argument; it is not a fact of which Mr. Taylor has personal knowledge. Moreover, the "facts" Mr. Taylor identifies are without any support or explanation. He fails to explain upon what facts he bases his statement that Visa and Maritz had been "proceeding on a best efforts basis" (a statement that is a legal conclusion in any event). Similarly, he fails to explain upon what facts he bases his "understanding" that Visa agreed to waive liquidated damages (another statement that is a legal conclusion in that it appears to purport to testify as to what a contract provided). To the extent this portion of Mr. Taylor's declaration is intended to summarize unidentified (and unattached) documents, it also violates the "best evidence" rule.

**DECLARATION OF DORIS LYONS:**

EVIDENCE:

Paragraph 2 (2:4-8): "In the Fall of 2006, both I and others at Maritz had various discussions and communications with Visa relating to the Visa Extras Rewards Program project. One topic discussed was what the parties (i.e., Maritz and Visa) should do in light of the many

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

VISA'S EVIDENTIARY OBJECTIONS TO
DECLARATIONS ISO OPP TO MOTION TO
STAY/ Case No. CV-07-5585 JSW

3

21823\1433648.1

1  difficulties, problems, and delays in connection with the project, including difficulties caused by
2  Visa and its then-current vendor, Carlson Marketing ("Carlson")."
3  OBJECTIONS:
4  Lacks Foundation; FRE 104(b). Impermissibly vague and conclusory. Hearsay; FRE
5  802. Nothing in the Lyons declaration explains how she knows that "others at Maritz had
6  various discussions and communications with Visa." Moreover, it is impossible to tell whether
7  she is testifying that she was present when the "one topic [was] discussed" or whether she is
8  repeating what she heard from others (which would be inadmissible hearsay). Her statements that
9  there were "difficulties, problems and delays in connection with the project" and that these
10 included "difficulties caused by Visa and its then-current vendor" are also unsupported by any
11 facts describing how she knows this (and thus lack foundation). Nor is there any explanation as
12 to what the purported "difficulties, problems and delays" were or on what she bases the allegation
13 that some of these undescribed "difficulties" were "caused by Visa and its then-current vendor,"
14 which renders this testimony impermissibly vague and thus inadmissible.
15 EVIDENCE:
16 Paragraph 4 (2:13-22): "Maritz was concerned because of the many problems, delays and
17 difficulties being encountered and made clear to Visa that Maritz would need assurances that Visa
18 would not hold Maritz accountable if Maritz was going to continue to proceed under Visa's tight
19 timeframe. Both I and others at Maritz conveyed our concerns to (among others) Mr. Edward
20 "Tad" Fordyce of Visa."
21 OBJECTIONS:
22 Lacks Foundation; FRE 104(b). Impermissibly vague and conclusory. Hearsay; FRE
23 802. Best evidence; FRE 1002. Ms. Lyons use of the term "Maritz" renders the passage
24 impermissibly vague and lacking in foundation. For example, Ms. Lyons states that Maritz
25 "made clear to Visa that Maritz would need assurances . . . " but she fails to explain how she
26 knows this, how the concerns were "made clear" or that she has personal knowledge of those
27 communications. Her statement that "others at Maritz conveyed our concerns to (among others)"
28 Mr. Fordyce is inadmissible for the same reasons. Finally, her statement that she "conveyed our

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

VISA'S EVIDENTIARY OBJECTIONS TO
DECLARATIONS ISO OPP TO MOTION TO
STAY/ Case No. CV-07-5585 JSW

4

21823\1433648.1

concerns to" Mr. Fordyce is impermissibly vague in that she does not describe how she did so, or what she said in those conversations. To the extent this passage is intended to summarize any documents, it violates the "best evidence" rule.

EVIDENCE:

Paragraph 5 (2:23-3:2): "As a result of Maritz's concerns and the delays, problems and difficulties encountered in connection with the project, Maritz and Visa agreed on November 8-9, 2006, that the parties would proceed on a best efforts basis and that the penalty clause (i.e., the "liquidated damages" provision) of the parties' Agreement would not be imposed. . . . These emails reflect the parties' agreement to proceed on a best efforts basis and that Visa waived its right to liquidated damages in connection with the parties' Agreement."

OBJECTIONS:

Lacks Foundation; FRE 104(b). Impermissibly vague and conclusory. Hearsay; FRE 802. Best evidence; FRE 1002. Impermissible opinion testimony from a lay witness/legal conclusion; FRE 702. Ms. Lyons statements that something happened "as a result of Maritz's concerns" lacks foundation and is impermissibly vague and conclusory – Ms. Lyons does not explain how she purportedly knows this "fact," that she has personal knowledge of it, or what the undescribed "delays, problems and difficulties" were. To the extent she is repeating that which she learned from some unnamed individual at Maritz, it is inadmissible hearsay. Ms. Lyons attempt to characterize the attached email both violates the "best evidence" rule and constitutes inadmissible testimony regarding the purported legal effect of the email.

Respectfully submitted,

Dated: January 25, 2008

/s/ Roderick M. Thompson
Roderick M. Thompson

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

VISA'S EVIDENTIARY OBJECTIONS TO
DECLARATIONS ISO OPP TO MOTION TO
STAY/ Case No. CV-07-5585 JSW

5

21823\1433648.1