Roderick M. Thompson (State Bar No. 96192)
  rthompson@fbm.com
Robert C. Holtzapple (State Bar No. 145954)
  bholtzapple@fbm.com
Helen Dutton (State Bar No. 235558)
  hdutton@fbm.com
Diego F. Acevedo (State Bar No. 244693)
  dacevedo@fbm.com
Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Plaintiff
VISA U.S.A. INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISA U.S.A. INC.,<br><br>Plaintiff,<br><br>vs.<br><br>MARITZ INC., d/b/a MARITZ LOYALTY MARKETING,<br><br>Defendant. | Case No. CV-07-5585 JSW<br><br>**PLAINTIFF VISA U.S.A. INC.'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF STEVE GALLANT FILED IN SUPPORT OF MARITZ INC.'S OPPOSITION TO VISA'S MOTION TO STAY ACTION AND TO COMPEL ARBITRATION** |

Plaintiff Visa U.S.A. Inc. ("Visa") objects to, and requests that this Court strike portions of the Declaration of Steve Gallant ("Gallant Declaration") submitted by Maritz Inc. in support of Defendant's Opposition to Visa's Motion To Stay Action and To Compel Arbitration.

**DECLARATION OF STEVE GALLANT:**

EVIDENCE:

Paragraph 4 (2:17-19): "Since Visa was not terminating the Agreement based upon any alleged default or material breach but instead under Section XII.A.2(b), I considered Visa's termination to be a termination for convenience."

VISA U.S.A. INC.'S EVIDENTIARY OBJECTIONS TO DECL. OF S. GALLANT / Case No. CV-07-5585 JSW

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

21823\1430904.1

OBJECTION:

1.     Relevance; FRE 402. What Mr. Gallant now claims his subjective, unexpressed belief regarding what he "considered" Visa's termination to be is irrelevant to the issues raised by Maritz's claim that the Letter Agreement was induced by fraud. There is no evidence or allegation that anyone at Maritz ever communicated what Mr. Gallant purportedly "considered" the termination to be to anyone at Visa prior to the execution of the Letter Agreement.

EVIDENCE:

Paragraph 6 (2:24-26): "I considered Ms. Buse's "reservation of rights" language in her April 20 letter to be simply standard language to preserve Visa's ability to object to the amount that Visa would have to pay to Maritz in light of Visa's "for convenience" termination."

OBJECTION:

1.     Best evidence; FRE 1002. To the extent this passage is intended to summarize the April 20 letter to which it refers, it violates the "best evidence" rule. The "reservation of rights" language from Visa's April 20, 2007 states: "We reserve all rights relating to or arising out of the Agreement and any Related Agreement, including, without limitation, claims Visa has against Maritz for Maritz's breaches of the Agreement (including any Related Agreement), Maritz's non performance or delay in performing any obligations due under the Agreement (including any Related Agreement), and Visa's right to liquidated damages."

2.     Relevance; FRE 402. What Mr. Gallant now claims his subjective, unexpressed belief regarding what he "considered" the "'reservation of rights' language" to be is irrelevant to the issues raised by Maritz's claim that the Letter Agreement was induced by fraud. There is no evidence or allegation that anyone at Maritz ever communicated what Mr. Gallant purportedly "considered" the "reservation of rights" language to mean to anyone at Visa prior to the execution of the Letter Agreement.

EVIDENCE:

Paragraph 8 (3:3-8): "Maritz's May 7 letter contains a very brief reservation of rights sentence. Maritz anticipated, quite simply, that Visa might attempt to pare down the $5.2 million that Visa owed, and Maritz therefore was simply reciprocally reserving its rights to the extent it

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

VISA U.S.A. INC.'S EVIDENTIARY
OBJECTIONS TO DECL. OF S. GALLANT. /
Case No. CV-07-5585 JSW

2

21823\1430904.1

1 might be relevant to do so. I thought that Visa might disagree, for example, with Maritz's
2 percentage completion estimates for partially completed Milestones and thus attempt to reduce
3 the amount that Visa would have to pay Maritz."

4 OBJECTION:

5     1.    Relevance; FRE 402. Best Evidence; FRE 1002. The May 7, 2007 letter speaks
6 for itself. What Mr. Gallant claims Maritz "anticipated" or what Mr. Gallant now claims he
7 "thought" is irrelevant to the issues raised by Maritz's claim that the Letter Agreement was
8 induced by fraud. There is no evidence or allegation that anyone at Maritz ever communicated
9 what Mr. Gallant purportedly "anticipated" or "thought" to anyone at Visa prior to the execution
10 of the Letter Agreement.

11 EVIDENCE:

12 Paragraph 9 (3:9-17): "Ms. Buse subsequently sent letters to Mr. Taylor dated June 5 and
13 July 2, 2007 in which Ms. Buse again mentioned Visa's reservation of rights. As of those dates, I
14 had no reason to believe that Visa was claiming that Maritz should pay it any money, much less
15 the tens of millions of dollars that Mr. Thompson subsequently revealed on July 23, 2007. To my
16 knowledge, no one from Visa had made any such claims to Maritz, and I am confident I would
17 have been told had such claims been made. Such claims would also have been completely
18 inconsistent with Visa's termination of the Agreement which was based on convenience rather
19 than default and as such I considered the "reservation of rights" language to be redundant to that
20 of the April 20 letter."

21 OBJECTIONS: There is no objection to the first sentence of this passage. The remainder
22 of the paragraph, however, is inadmissible.

23     1.    Relevance; FRE 402. Improper opinion testimony; FRE 701. Mr. Gallant's
24 testimony that he "had no reason to believe that Visa was claiming that Maritz should pay it any
25 money" is his unexpressed, subjective opinion as to what was reasonable in the circumstances.
26 Similarly, Mr. Gallant's testimony that claims by Visa "would also have been completely
27 inconsistent with Visa's termination of the Agreement" is also improper opinion testimony and/or
28 testimony regarding a legal conclusion.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

VISA U.S.A. INC.'S EVIDENTIARY
OBJECTIONS TO DECL. OF S. GALLANT. /
Case No. CV-07-5585 JSW

3

21823\1430904.1

2.  Best evidence; FRE 1002. In the last phrase of this passage, Mr. Gallant states that he considered the "reservation of rights" language of Visa's June 5 and July 2 letters "to be redundant to that of the April 20 letter." To the extent this is intended to summarize the June 5 and July 2 letters it violates the "best evidence" rule. The June 5 letter states: "As I mentioned in my letter to you of April 20, Visa has reserved all rights relating to or arising out of the Agreement and any Related Agreement (as defined in the Agreement) and anticipates providing additional information to Maritz as to the nature and extent of Visa's claims at the appropriate time." The July 2 letter states: "Most recently in my letter of June 8 [sic], 2007, I suggested that Visa would discuss Maritz's claims, as well as the nature and amount of Visa's claims, when all services had been transitioned back to a new vendor. It is now timely to establish a procedure for efficiently documenting, discussing and resolving all remaining claims."

3.  Relevance; FRE 402. What Mr. Gallant now claims he thought was inconsistent with Visa's April 20 termination letter or what he now claims he "considered" the reservation of rights language to be is irrelevant to the issues raised by Maritz's claim that the Letter Agreement was induced by fraud. There is no evidence or allegation that anyone at Maritz ever communicated what Mr. Gallant purportedly thought or considered to anyone at Visa prior to the execution of the Letter Agreement.

EVIDENCE:

Paragraph 10 (3:18-27): "On Monday, June 18, 2007, Mark Peterman of Maritz told me that he had spoken with David Shepard of Visa on Friday, June 15, 2007. According to Mr. Peterman, Mr. Shepard, Tad Fordyce and Tim Attinger of Visa were available to meet with Maritz in mid-July 2007 to discuss Maritz's invoices, which was consistent with what I believed we were going to discuss with Visa. (I understood that Mssrs. [sic] Fordyce, Attinger and Shepard all had leading roles for Visa in connection with the Rewards Program project, as did Mr. Peterman for Maritz.) To my knowledge no one from Visa told Mr. Peterman that Visa considered Maritz to be in default, or that Visa was looking for any payment from Maritz, much less that Visa believed that Maritz owed Visa tens of millions of dollars. If Visa had so informed Mr. Peterman, I would have been informed."

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

VISA U.S.A. INC.'S EVIDENTIARY
OBJECTIONS TO DECL. OF S. GALLANT. /
Case No. CV-07-5585 JSW

4

21823\1430904.1

OBJECTIONS:

1.  Hearsay; FRE 802. Lacks foundation and calls for speculation; FRE 104(b). Mr. Gallant's testimony regarding what Mr. Peterman purportedly said that Mr. Shepard is hearsay. Mr. Gallant's testimony that "to my knowledge no one from Visa told Mr. Peterman that Visa considered Maritz to be in default" is impermissible speculation. There is no evidence that, prior to executing the Letter Agreement, Mr. Gallant asked Mr. Peterman (or anyone else) whether Visa had informed anyone that Visa considered Maritz to be in default. (The April 20 letter states, in relevant part, that Visa has reserved all rights relating to "claims Visa has against Maritz for breaches of the Agreement.") Similarly, Mr. Gallant's statement that "If Visa had so informed Mr. Peterman, I would have been informed" is inadmissible speculation.

EVIDENCE:

Paragraph 13 (4:9-14): "As of July 2, 2007, my belief and understanding was that we were going to negotiate how much of the $5.2 million referenced in Mr. Taylor's May 7 letter Maritz was entitled to receive from Visa pursuant to the termination for convenience portion of the Agreement. To my knowledge, as of July 2, 2007, Visa had not told Maritz that Visa considered Maritz to be in default, or that Visa expected Maritz to pay anything, much less that Visa would claim that Maritz owed tens of millions of dollars."

OBJECTIONS:

1.  Relevance; FRE 402. Lacks Foundation. Argumentative. What Mr. Gallant now claims was his "belief and understanding" regarding the scope of the dispute is irrelevant to the issues raised by Maritz's claim that the Letter Agreement was induced by fraud. There is no evidence or allegation that anyone at Maritz ever communicated what Mr. Gallant's purported "belief and understanding" was to anyone at Visa prior to the execution of the Letter Agreement.

EVIDENCE:

Paragraph 15 (4:16-23): Nothing that Mr. Thompson said to me suggested that Visa had or was making any claim for money from Maritz. Based on our conversations, I was led to believe that we were trying to devise a process for determining the amount of compensation that Maritz was owed by Visa under the Agreement in light of Visa's termination for convenience."

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

VISA U.S.A. INC.'S EVIDENTIARY
OBJECTIONS TO DECL. OF S. GALLANT. /
Case No. CV-07-5585 JSW

5

21823\1430904.1

OBJECTIONS:

1.   Relevance; FRE 402. Lacks foundation and/or improper conclusory testimony; FRE 104(b). What Mr. Gallant now claims he thought was "suggested" is irrelevant during the conversations with Mr. Thompson is irrelevant. Similarly, what Mr. Gallant now claims he was "led to believe" is an inadmissible conclusion. Nowhere has Mr. Gallant explained what Mr. Thompson or Visa said that caused him to form this purported belief.

EVIDENCE:

Paragraph 16 (4:24-27): "I believe it was reasonable for me to expect that, if Visa intended to make a default claim exceeding the amount of Maritz's invoices by ten times or more and to resolve that claim in binding arbitration, Mr. Thompson would tell me. He did not, nor to my knowledge did Visa convey any such information to anyone else at Maritz."

OBJECTION:

1.   Relevance; FRE 402. Improper opinion testimony from a lay witness; FRE 702. Mr. Gallant's testimony as to what he "believe[s] to be reasonable" is his unexpressed, subjective opinion as to what was reasonable in the circumstances. There is no evidence that Mr. Gallant ever communicated this unexpressed, subjective belief to anyone at Visa or Mr. Thompson at any time prior to the execution of the Letter Agreement.

EVIDENCE:

Paragraph 17 (5:1-9): "I also knew that under Section XXII.A. of the Agreement, the parties were obligated to act in good faith and reasonably in resolving any disputes that arose under the Agreement (See Exhibit 2). More specifically, Section XXII.A. of the Agreement provides:

"DISPUTE RESOLUTION.

A.   **Good Faith.** The Parties shall act in good faith and reasonably in interpreting this Agreement and the Related Agreements and resolving any disputes that arise thereunder."

If Visa was claiming that Maritz owed it tens of millions of dollars, then Visa/Mr. Thompson should have disclosed this information before inducing me to agree to an arbitration."

VISA U.S.A. INC.'S EVIDENTIARY
OBJECTIONS TO DECL. OF S. GALLANT. /
Case No. CV-07-5585 JSW

6

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

21823\1430904.1

OBJECTIONS: There is no objection to the first two sentences of this passage. The third sentence, however, is inadmissible.

1.  Argumentative; Legal Conclusion; Improper opinion testimony from a lay witness. Mr. Gallant's statement as to what "Visa/Mr. Thompson should have disclosed" is really just argument from Maritz. Moreover, to the extent Mr. Gallant is trying to say either that Visa had a contractual obligation to make such a disclosure or that Visa had a duty to make such a disclosure, the statement is an attempt by a lay witness to testify as to what the law requires and thus inadmissible.

EVIDENCE:

Paragraph 20 (5:20-26): "The agreement to arbitrate in the July 9 letter provides that the arbitration "will allow for only limited discovery" and that the hearing must be commenced within 90 days after the mediation process ends. I would never have agreed to such an expedited schedule or to limited discovery had Visa revealed that it would be seeking tens of millions of dollars from Maritz. I would not have been willing to arbitrate under these conditions a default claim against Maritz for tens of millions of dollars (which is a vastly different claim than one in which Maritz was seeking to recover $5 million in termination for convenience compensation)."

OBJECTIONS:

1.  Speculation. What Mr. Gallant now claims he "would" or "would not" have done is inadmissible speculation.

EVIDENCE:

Paragraph 21 (6:1-8): "My objection all along has been only with the agreement to arbitrate. Although Visa and Mr. Thompson had misled Maritz and me, and their conduct raised serious questions in mind as to whether either negotiations or mediation would be successful, Maritz and I nonetheless were still willing to meet with Visa and also to attempt to mediate our differences, and Maritz in fact did meet with Visa and did participate in the mediation. However, we were not and are not willing to give up (among other things) Maritz's right to a jury trial, Maritz's right to conduct discovery that is critical to getting to the bottom of Visa's belatedly-revealed claims for tens of millions of dollars, or to limit Maritz's possible rights on appeal."

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

VISA U.S.A. INC.'S EVIDENTIARY
OBJECTIONS TO DECL. OF S. GALLANT. /
Case No. CV-07-5585 JSW

7

21823\1430904.1

OBJECTIONS:

1.  Relevance; FRE 402. Argumentative. Improper conclusory statements; FRE 104(b). Mr. Gallant's statement as to what he claims his objection has been all along is irrelevant. His statement that "Visa and Mr. Thompson had misled Maritz and me" is both argumentative and an improper conclusory statement. Nowhere does Mr. Gallant describe any statement by either Mr. Thompson or Visa that was inaccurate (and he conveniently misreads the April 20 letter stating that Visa was reserving its rights relating to "claims Visa has against Maritz for Maritz's breaches of the Agreement"). The sentence in which Mr. Gallant states what Maritz was and was not "willing to give up" is also irrelevant and argumentative.

EVIDENCE:

Paragraph 23 (6:11-28): "More specifically, on Monday, July 23, 2007, I returned to the office after having been on vacation. That morning, I read the proposed "Alternative Dispute Resolution Protocol" that Mr. Thompson had sent me by letter dated July 19, 2007. The proposed Protocol stated that "Each Party claims the other should make a payment to resolve the dispute." My immediate reaction was that the sentence was probably a mistake that resulted from a carry-over from a "form" protocol that Mr. Thompson or Visa had used in the past. Shortly thereafter, I met with Mark Peterman and Stu Vincent of Maritz, both of whom had been intimately involved in the Visa project. The purpose of the meeting with Mr. Peterman and Mr. Vincent (which had been previously scheduled) was to prepare for a meeting that had been scheduled in St. Louis with Visa or the next day, July 24, 2007, at which we were going to discuss the $5.2 million that Visa owed as referenced in the May 7 letter. I showed Mssrs. Peterman and Vincent the sentence in the proposed Protocol and asked them if they knew of any claim by Visa that Maritz should pay Visa money to resolve the dispute. They told me that they did not. In fact, they told me that Mr. Peterman had spoken with Mr. Fordyce the previous Friday, July 20, 2007, and had discussed with him how the negotiations on July 24 would proceed, and that Fordyce had confirmed Peterman's understanding and expectation that the purpose of the July 24 meeting was to cover Maritz's invoices. Mr. Fordyce had said nothing, according to Mr. Peterman, about Visa having any claim that Maritz should pay money."

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

VISA U.S.A. INC.'S EVIDENTIARY
OBJECTIONS TO DECL. OF S. GALLANT. /
Case No. CV-07-5585 JSW

8

21823\1430904.1

OBJECTIONS:

1. Relevance; FRE 402. The events described in this paragraph occurred *after* the Letter Agreement was executed. They are irrelevant, therefore, to Maritz's claim of fraud in the inducement of the Letter Agreement.

2. Hearsay; FRE 802. Mr. Gallant's repetition of what Mr. Peterman purportedly said to Mr. Gallant that Mr. Fordyce said is inadmissible double hearsay.

EVIDENCE:

Paragraph 25 (7:6-10): "I essentially told him that this was news to me and that I was very surprised. Mr. Thompson then claimed that our business people had known about this for many months. I knew his statement was untrue, since Mr. Peterman and Mr. Vincent of Maritz had told me less than two hours earlier that they did not know that Visa was claiming that Maritz should pay Visa anything, much less that Maritz supposedly owed Visa tens of millions of dollars."

OBJECTIONS: No objection to the first two sentences. The third sentence, however, is inadmissible

1. Relevance; FRE 402. Argumentative. It is unclear for what purpose Maritz offers Mr. Gallant's testimony that he "knew" Mr. Thompson's statement was "untrue." Not only is it argument, but it also has nothing to do with Maritz's claim that it was fraudulently induced into the Letter Agreement.

EVIDENCE:

Paragraph 26 (7:11-19): "When Mr. Thompson revealed that Visa was claiming that Maritz owed Visa tens of millions of dollars, I was incensed and immediately felt as if we (i.e., Maritz and I) had been duped, deceived and lied to. Although I may have indicated at the time that I was not "accusing" Mr. Thompson of certain things, that was largely because accusing him at that point of fraud and improper conduct would not have accomplished anything and probably would have led to some very harsh and uncomplimentary things being said. Moreover, I wanted to try to keep the discussion on a professional level and did not want my emotions to get the better of me. He had clearly deceived me, but I did not want his deceitful conduct to result in my stooping to a similar level."

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

VISA U.S.A. INC.'S EVIDENTIARY
OBJECTIONS TO DECL. OF S. GALLANT. /
Case No. CV-07-5585 JSW

9

21823\1430904.1

OBJECTIONS:

1. Relevance FRE 402. Argumentative. Improper conclusory testimony; FRE 104(b). Mr. Gallant's claims that he was "incensed" and "immediately felt as if we (i.e., Maritz and I) had been duped, deceived and lied to" are argumentative and irrelevant. Similarly Mr. Gallant's "explanation" for why he "may have said that he was not accusing" Mr. Thompson of wrongdoing is irrelevant and argumentative.

EVIDENCE:

Paragraph 29 (p. 8:1-10): "I believe I had a right to expect that Mr. Thompson and Visa were acting in good faith; indeed, Visa was obligated to do so under Section XXILA of the Agreement (See paragraph 17 above). It is now apparent they were not doing so. With the benefit of 20/20 hindsight, I can see how Mr. Thompson and Visa set things up. Visa indicated both to Maritz's business people and me that, upon the completion of the transition from Maritz to Carlson, we would meet to discuss Maritz's invoices containing the amounts that Visa owed to Maritz. Visa never indicated in connection with these conversations or communications that it was claiming that Maritz was in default, or that Visa was entitled to any payment from Maritz, much less a payment of tens of millions of dollars. Nor did Mr. Thompson say anything to me about it, until two weeks after I had signed the July 9 letter containing the agreement to arbitrate."

OBJECTIONS:

1. Relevance; FRE 402. Argumentative. Legal conclusion/improper opinion from lay witness; FRE 702. Lacks foundation; FRE 104(b). What Mr. Gallant "believe[s] [he had a right to expect" or what he contends constitutes "good faith" is irrelevant, argumentative and, to the extent he purports to be explaining a legal right, improper opinion testimony. Similarly, his conclusory statements about what Visa was "obligated" to do and what he now sees "with 20/20 hindsight" are inadmissible argument that is irrelevant to the issues raised by Maritz's claim of fraud in the inducement. Moreover, his conclusory statements as to what Visa "indicated to Maritz's business people" lacks foundation in that Mr. Gallant does not explain to what he is referring or that he has personal knowledge of those "facts." Finally, although not an objection, Mr. Gallant's claim that Visa "never indicated in connection with these conversations or

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

VISA U.S.A. INC.'S EVIDENTIARY
OBJECTIONS TO DECL. OF S. GALLANT. /
Case No. CV-07-5585 JSW

10

21823\1430904.1

1  communications that it was claiming Maritz was in default" is simply wrong – in the April 20
2  letter, which he admits he read before the Letter Agreement was executed, Visa unambiguously
3  stated that it was reserving all rights relating to "claims Visa has against Maritz for Maritz's
4  breaches of the Agreement."

5  EVIDENCE:

6  Paragraph 31 (p. 8:25-9:10): "On August 16, Mr. Weiss and I had a telephone call with
7  Mr. Thompson wherein we discussed proceeding with negotiation and mediation.
8  Mr. Thompson, as he had in several other telephone conversations with me, began to discuss the
9  dispute over the arbitration issue, but since I had made it clear in several telephone conversations
10 that Maritz objected to the arbitration, I told Mr. Thompson that since both of us recognize that
11 we have a disagreement over the arbitration, let us agree to disagree on this issue and use our time
12 to plan the negotiation and mediation. We then discussed proceeding with the negotiation and
13 possible dates and places and also proceeding with a mediation if the negotiation was not
14 successful. Mr. Thompson expressed some reluctance in going forward, noting that he had
15 engaged in such negotiations in the past only to learn that during the negotiation process the other
16 party surprised him by filing suit. We discussed whether the parties could resolve that concern by
17 simply agreeing to some type of agreement wherein the parties would agree not to file suit while
18 the negotiation and mediation were going on. He said he would think about it. Maritz made it
19 clear that it was willing to proceed with the negotiation and mediation but not the arbitration."

20 OBJECTIONS:

21 1.    Vague. The entire paragraph is impermissibly vague. Mr. Gallant fails to identify
22 any of the "other several telephone conversations" or to provide any detail as to who purportedly
23 said what.

24 2.    Relevance; FRE 402. Mr. Gallant's comments about the purported discussion
25 regarding filing suit are irrelevant to the issues raised by Maritz's claim of fraud in the
26 inducement of the Letter Agreement.

27 / / / / /

28 / / / / /

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

VISA U.S.A. INC.'S EVIDENTIARY
OBJECTIONS TO DECL. OF S. GALLANT. /
Case No. CV-07-5585 JSW

11

21823\1430904.1

EVIDENCE:

Paragraph 33 (9:16-24): "The attached e-mail from Mr. Thompson to Mr. Weiss and me dated August 21, 2007 (attached hereto as Exhibit 6) makes it clear that Maritz agreed that it was willing to proceed with the first two stages of the dispute resolution process outlined in the July 9 letter agreement, namely negotiation and mediation, but reserved its position on arbitration. Contrary to what Mr. Thompson described in the first sentence of the e-mail, it was not Maritz's position that the July 9, 2000 letter agreement as a whole was unenforceable, but only that the arbitration provision in the letter was unenforceable. As acknowledged by Mr. Thompson in the following sentences of his e-mail, Maritz had said it was willing to proceed with negotiation and mediation but not with arbitration."

OBJECTIONS:

1. Best evidence; FRE 1002. Improper opinion testimony; FRE 702. The attached emails speak for themselves. Mr. Gallant's statements as to what the emails "make clear" or "acknowledge" are inadmissible both because they violate the "best evidence" rule and because they constitute Mr. Gallant's opinions.

EVIDENCE

Paragraph 35 (10:3-7): "Thus, contrary to the assertions of Visa's response to Martz's motion to stay arbitration, I consistently and continually, from the first time that Mr. Thompson disclosed to me that Visa had claims of tens of millions of dollars and sought money from Maritz, made it clear to Mr. Thompson that Maritz had no issue with the negotiation and mediation steps outlined in the July 9 letter, but Maritz objected to and did not believe that the arbitration provision was valid."

OBJECTIONS

1. Argumentative. Improper opinion testimony; FRE 702. Mr. Gallant's attempt to "sum up" is improper argument. Alternatively, Mr. Gallant's statements as to what he "consistently and continually" "made clear" are improper opinion testimony. Mr. Gallant may only testify as to the facts; he cannot characterize or argue what those facts mean in a declaration.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

VISA U.S.A. INC.'S EVIDENTIARY
OBJECTIONS TO DECL. OF S. GALLANT. /
Case No. CV-07-5585 JSW

12

21823\1430904.1

EVIDENCE:

Paragraph 36 (10:8-12:18): "At least several other background facts are important in attempting to put things into perspective.

    a.    I knew that Maritz and Visa had agreed in January or February of 2007 to a new target launch date of early July 2007. No one had ever told or indicated to me that liquidated damages of any amount were or somehow would be accruing during that timeframe and I am confident I would have been told if a claim for liquidated damages had been made against Maritz. In addition, if Maritz had known that Visa would be claiming that liquidated damages were accruing, it is inconceivable to me that Maritz would have agreed to postpone the launch date for such a lengthy period of time without first reaching agreement with respect to the liquidated damages. The first time that I heard that Visa was claiming that liquidated damages had been accruing for many months was on July 23 or 24, 2007, when Mr. Thompson said it.

OBJECTIONS

Relevance; FRE 402. Lacks Foundation; FRE 104(b). Impermissible opinion testimony; FRE 702. Mr. Gallant fails to explain how he "knew" of a new target launch date or that there was such an agreement (thus this lacks foundation). (Although not an objection, his statement that no one ever told him about a claim for liquidated damages prior to July 23 or 24 is belied by the April 20 letter itself which states that Visa is reserving its rights relating to "Visa's right to liquidated damages.") Mr. Gallant's testimony as to what is "inconceivable" to him is inadmissible opinion testimony. Moreover, there is no indication that any of this was ever told to Visa prior to the execution of the Letter Agreement. Thus, this subparagraph is irrelevant to the issues raised by Maritz's claim of fraud in the inducement.

EVIDENCE

    b.    I understood in approximately March or April 2007 (prior to Visa's April 20, 2007 termination notice) that Maritz and Visa had been discussing one or more other possible joint business opportunities. Such discussions would have been

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

VISA U.S.A. INC.'S EVIDENTIARY
OBJECTIONS TO DECL. OF S. GALLANT. /
Case No. CV-07-5585 JSW

13

21823\1430904.1

inconsistent with the notion that Visa was seeking tens of millions of dollars in damages from Maritz.

OBJECTIONS

Lacks foundation; FRE 102(b). Impermissibly vague and conclusory. Impermissible opinion testimony; FRE 702. Mr. Gallant fails to explain how he "understood" that there had been discussions of "other possible joint business opportunities"; thus, the passage lacks foundation or a demonstration that Mr. Gallant is testifying as to his personal knowledge. Moreover the unidentified and undescribed "possible joint business opportunities" is testimony so vague as to be useless. Finally, Mr. Gallant's statement that such discussions "would have been inconsistent with the notion that Visa was seeking" damages from Maritz is merely Mr. Gallant's inadmissible (and unexplained) opinion.

EVIDENCE

c. Visa was terminating the Agreement for convenience rather than based upon any alleged default or material breach. Had Visa been seeking to terminate due to an alleged material breach, Visa would have been obligated to give Maritz notice and an opportunity to cure, which Visa had not done. Therefore, it did not occur to me that Visa would be seeking damages as if it were terminating for a default or material breach since that was not the basis for the termination.

OBJECTIONS

Impermissible opinion testimony; FRE 702. Relevance; FRE 402. Mr. Gallant's statements about how the contract was terminated and what effect that has are legal conclusions and thus inadmissible. Moreover, what did or did not "occur" to Mr. Gallant is irrelevant to the issues raised by Maritz's claim of fraud in the inducement of the Letter Agreement. There is no evidence that Mr. Gallant ever communicated his purported "belief" to anyone at Visa.

EVIDENCE

d. As Mr. Thompson is well aware, my objection has always been that he misled me into agreeing to arbitrate. . . . My complaint is and has been that we (Maritz) were fraudulently induced into agreeing to arbitrate.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

VISA U.S.A. INC.'S EVIDENTIARY
OBJECTIONS TO DECL. OF S. GALLANT. /
Case No. CV-07-5585 JSW

14

21823\1430904.1

OBJECTIONS

Argumentative. Lacks Foundation; FRE 102(b). Relevance; FRE 402. This passage of Mr. Gallant's declaration is merely disguised argument. Moreover, Mr. Gallant cannot testify as to what "Mr. Thompson is [or is not] well aware" of.

EVIDENCE

    e.    Indeed, both Maritz and I were still willing to meet on July 24, 2007 – the day after Mr. Thompson revealed his multi-million dollar surprise. Both I and Charlie Weiss (Maritz's outside counsel who became involved after Mr. Thompson revealed Visa's claims) repeatedly made clear to Mr. Thompson in August 2007 that Maritz was willing to meet and also to mediate, but that Maritz was not obligated to arbitrate.

    f.    Although my July 23, 2007 email to Mr. Thompson is not worded as artfully as in retrospect I would have preferred, my reference to "our previous agreement" was directed to the agreement to arbitrate.

    g.    Similarly, my August 8, 2007 email to Mr. Thompson focuses on the agreement "to arbitrate." The last sentence in the third paragraph of that email again reflects that the arbitration aspect was the issue in dispute. My reference to the "agreement to mediate" in the previous sentence of the email merely reflects somewhat loose language on my part. As previously stated, both I and Maritz's outside counsel, Charlie Weiss, made very clear to Mr. Thompson in August 2007 that Maritz was willing to mediate and that Maritz's concerns tied to the arbitration agreement.

    h.    In my email to Mr. Thompson dated August 22, 2007 at 9:17 a.m., I state at the end of the email that "[a]lthough I suppose it goes without saying, we do disagree with your view of the binding effect of the letter you attached. I have typed these thoughts quickly so I apologize if they are incomplete but there are merely meant to be a thought starter for our conversation." As indicated, I had typed my thoughts quickly and therefore noted specifically that they might be incomplete. The "binding effect of the letter" mentioned in my August 22 email pertains only to the arbitration. As the rest of my email reflects, and as Mr. Thompson was told a number of times by Mr. Weiss and me, Maritz

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

VISA U.S.A. INC.'S EVIDENTIARY
OBJECTIONS TO DECL. OF S. GALLANT. /
Case No. CV-07-5585 JSW

15

21823\1430904.1

was willing to participate in the business meeting/negotiations and the mediation as set forth in the July 9 letter. In fact, by early September of 2007, the parties had agreed that the business meeting and mediation would take place and were working to secure dates, locations and a mediator.

   i.   In my mind there was a clear distinction between the business negotiations and the mediation on the one hand, and the arbitration on the other. Only the arbitration could result in a unilaterally-imposed binding decision. The other two required a mutual agreement between the parties. Despite Visa's duplicity, we were willing to proceed with the informal efforts to resolve the parties' disputes. We were not willing, however, to give up our rights to a jury trial, to conduct full discovery, etc., in connection with an arbitration.

   j.   I never agreed that any claim as to whether Visa had fraudulently induced Maritz into arbitrating could be decided by an arbitrator. I had no idea that Maritz had such a claim, since I also had no idea that Mr. Thompson and Visa had been concealing that it planned to seek tens of millions of dollars from Maritz."

OBJECTIONS

Argumentative. In each of these subparagraphs, Mr. Gallant really just argues as to what the words used in assorted documents mean. Not only do the documents speak for themselves, but these passages contain no admissible evidence.

EVIDENCE

Paragraph 37 (12:19-24): "Notwithstanding the discussion with Mr. Thompson in mid-August of 2007 that the parties could enter into an agreement in which the parties would agree not to file suit, Visa unexpectedly filed suit against Maritz in federal court in California on Friday, November 2, 2007 and commenced arbitration proceedings against Maritz in California that same day, just five days before the parties' mediation was scheduled to commence the following Wednesday, November 7, 2007."

/////

/////

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

VISA U.S.A. INC.'S EVIDENTIARY
OBJECTIONS TO DECL. OF S. GALLANT. /
Case No. CV-07-5585 JSW

16

21823\1430904.1

```
```

OBJECTIONS

Relevance; FRE 402. When Visa filed suit – and whether that was unexpected by Maritz – is irrelevant to the issues raised by Maritz's claim of fraud in the inducement of the Letter Agreement.

Respectfully submitted,

Dated: January 25, 2008

/s/ Roderick M. Thompson
Roderick M. Thompson

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

VISA U.S.A. INC.'S EVIDENTIARY
OBJECTIONS TO DECL. OF S. GALLANT. /
Case No. CV-07-5585 JSW

17

21823\1430904.1