Roderick M. Thompson (State Bar No. 96192)
rthompson@fbm.com
Robert C. Holtzapple (State Bar No. 145954)
bholtzapple@fbm.com
Helen Dutton (State Bar No. 235558)
hdutton@fbm.com
Diego F. Acevedo (State Bar No. 244693)
dacevedo@fbm.com
Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Plaintiff
VISA U.S.A. INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISA U.S.A. INC., <br><br> Plaintiff, <br><br> vs. <br><br> MARITZ INC., d/b/a MARITZ LOYALTY MARKETING, <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIMS | Case No. CV-07-5585 JSW <br><br> **PLAINTIFF VISA U.S.A. INC.'S OBJECTION TO MARITZ INC.'S ADMINISTRATIVE REQUEST TO CONTINUE THE HEARINGS ON VISA'S MOTION TO STAY LITIGATION AND MARITZ'S MOTIONS TO STAY ARBITRATION AND FOR DISCOVERY** |

Plaintiff Visa U.S.A. Inc. ("Visa") hereby objects in part to Defendant Maritz Inc.'s ("Maritz's") administrative request to continue Visa's motion to stay this litigation and Maritz's motions to stay the arbitration and for discovery, from February 29, 2008 to March 7, 2008. Visa has no objection to Maritz's alternative request to reset the hearing on the motions to the afternoon of February 22, 2008 or on any earlier date that may be convenient for the Court. As another alternative, the Court might wait until briefing is completed (February 11 at the latest) to evaluate whether all the motions are suitable for determination without oral argument before rescheduling the February 29 hearing.

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA 94104
Telephone: (415) 954-4400

VISA'S OBJECTION TO MARITZ'S ADMINISTRATIVE
REQUEST TO CONTINUE HEARINGS/ CV-07-5585 JSW

21823\1434749.1

## I. FACTUAL BACKGROUND

Visa filed this lawsuit on November 2, 2007 seeking to compel Maritz to participate in the arbitration filed that same day. On November 28, Visa filed a petition to compel arbitration, noticed for hearing before Magistrate Judge Zimmerman on January 2, 2008. Maritz responded by declining to proceed before Judge Zimmerman. By order dated December 5, that hearing date was vacated and the action was reassigned to this Court. On December 8, Visa notified Maritz that Visa would notice a motion to compel arbitration for hearing on February 8.

After the American Arbitration Association (the "AAA") denied Maritz's request to move the arbitration to St. Louis, Maritz filed its motion to stay the arbitration, noticed for hearing on February 8. Maritz then sought the same relief—the stay of arbitration—by *ex parte* motion. The Court denied that request, ruling that Maritz's motion would be heard "as duly noticed, on February 8." (D.E. #31, January 8, 2008 Order.)

Maritz next filed another *ex parte* request, this time asking the Court to delay the February 8 hearing on Visa's motion by six weeks. On January 18, the Court denied Maritz's request, noting that any professed urgency was entirely of Maritz's own making but continued the hearing by two weeks until February 22 to allow for briefing on Maritz's request for discovery.

Counsel for Maritz advised counsel for Visa of a scheduling conflict, a hearing in Alameda Superior Court also set for 9 a.m. on February 22. As a courtesy, Visa joined in a letter to the Court, advising of Maritz's counsel's conflict and requesting that the hearing be moved to the afternoon of February 22. The Court responded to the letter request by postponing the hearing another week until February 29. It turns out that counsel for Maritz also has a conflict with February 29 (a long planned vacation) and requested that Visa agree to reschedule the hearing. Although Visa has no objection to resetting the hearing to any earlier date and time convenient to the Court to accommodate counsel's request, under the circumstances Visa must object to any further delay of the hearing on these motions.

## II. ARGUMENT

Visa brought this action to compel Maritz to participate in the streamlined arbitration procedure to which it agreed. That was on November 2, almost three months ago. Since that

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA 94104
Telephone: (415) 954-4400

VISA'S OBJECTION TO MARITZ'S ADMINISTRATIVE
REQUEST TO CONTINUE HEARINGS/ CV-07-5585 JSW    - 2 -    21823\1434749.1

time, Maritz has engaged in a series of tactics designed to delay the arbitration, both before the AAA and in this action. After the AAA and this Court both rejected Maritz's repeated attempts to stay the arbitration, the parties stipulated to a mutually-acceptable arbitrator on January 14. The AAA has appointed the parties' selected arbitrator and Visa expects that the arbitrator will set a prehearing conference within the next few weeks, some three months after Visa initiated what was intended to be an efficient and expedited procedure.

The parties have almost completed briefing on the three motions now scheduled for hearing with this Court on February 29. In accordance with the Court's January 18 Order, Visa will file its brief on the discovery issue on February 4 and Maritz may file a reply on February 11. (*See* D.E. #44, at p. 2, January 18, 2008 Amended Order). In that order, the Court indicated that it is "particularly concerned with whether there was any duty to exercise reasonable care to disclose the matter(s) potentially in question." *Id*. After it has received all of the briefing on that legal issue, which should be no later than February 11, the Court may conclude that some or all of motions are suitable for determination without oral argument. (*See* e.g., D.E. #22, December 21 2007 Order (If the Court determines that Maritz's motion to stay arbitration "is suitable for resolution without oral argument, it will so advise the parties in advance of the hearing date."))

If oral argument is necessary, the hearing could be reset at the Court's convenience before February 29. Both parties have at least four lawyers working on the motions, and should be able to cover a hearing at any time and date convenient for the Court. If it is not convenient for the Court to reset the hearings before February 29, one of the other capable attorneys representing Maritz can attend the hearing on the 29th. Maritz is represented by two large law firms actively involved in this action. (Though the Bryan Cave firm has not formally appeared, by agreement of counsel two of its lawyers have been served with all substantive correspondence.) There is no reason to further delay resolution of these motions.

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA 94104
Telephone: (415) 954-4400

VISA'S OBJECTION TO MARITZ'S ADMINISTRATIVE
REQUEST TO CONTINUE HEARINGS/ CV-07-5585 JSW      - 3 -      21823\1434749.1

### III. CONCLUSION

Visa respectfully requests that the Court keep the current briefing and hearing schedule. In the alternative, these motions could be heard on the afternoon of February 22, 2008 or at any earlier date that is convenient for the Court.

DATED: January 28, 2008

FARELLA BRAUN & MARTEL LLP

By: /s/ Roderick M. Thompson
Roderick M. Thompson

Attorneys for Plaintiff
VISA U.S.A. INC.

Farella Braun & Martel LLP
Russ Building, 30th Floor
235 Montgomery Street
San Francisco, CA 94104
Telephone: (415) 954-4400

VISA'S OBJECTION TO MARITZ'S ADMINISTRATIVE
REQUEST TO CONTINUE HEARINGS/ CV-07-5585 JSW     - 4 -     21823\1434749.1