IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VISA USA, INC.,

    Plaintiff,

v.

MARITZ INC,

    Defendant.

No. C 07-05585 JSW

**NOTICE OF TENTATIVE RULING AND QUESTIONS**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON FEBRUARY 22, 2008 AT 1:30 P.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court **tentatively DENIES** Defendant's motion to stay arbitration pending determination of arbitrability; **tentatively GRANTS** Plaintiff's motion to stay action and compel arbitration; and **tentatively DENIES** Plaintiff's motion for discovery.

The parties shall each have 20 minutes to address the following questions:

1. What is the current status of the arbitration proceedings?

2. If Visa failed to mention anything at all with regard to its potential damages, how is that a "partial, misleading and ambiguous" statement or conduct relating to their disclosures prior to the July 9 Agreement? (*See* Plaintiff's motion for discovery at 7.) Are Plaintiff's in-house attorney's subjective, unexpressed, and mistaken impressions probative as to whether Visa made any misrepresentation?

3. Maritz repeatedly contends that Visa told them nothing at all about its own claim for damages prior to the signing of the Agreement. Under what theory did such a duty arise? How can a claim for fraudulent inducement lie where there was no specific disclosure (except a reservation of rights as to damages) as opposed to partial disclosure? Does the parties' agreement to act in good faith implicate a duty to disclose a specific damages amount as opposed to a general reservation of rights?

4. Are Maritz's initial challenges to the whole Agreement, and not only to the arbitration provision, binding as representations that Maritz intended to challenge the whole Agreement? Do the subsequent letters indicating a challenge only to the arbitration provision change the analysis?

5. Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: February 21, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE