1  Roderick M. Thompson (State Bar No. 96192)
      rthompson@fbm.com
2  Robert C. Holtzapple (State Bar No. 145954)
      bholtzapple@fbm.com
3  Helen Dutton (State Bar No. 235558)
      hdutton@fbm.com
4  Diego F. Acevedo (State Bar No. 244693)
      dacevedo@fbm.com
5  Farella Braun & Martel LLP
   235 Montgomery Street, 17th Floor
6  San Francisco, CA  94104
   Telephone:  (415) 954-4400
7  Facsimile:  (415) 954-4480

8  Attorneys for Plaintiff and
   Counterclaim Respondent
9  VISA U.S.A. INC.

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12               SAN FRANCISCO DIVISION

13

14  VISA U.S.A. INC.,                    Case No. CV-07-5585 JSW

15              Plaintiff,               **NOTICE OF MOTION AND MOTION TO
                                         DISMISS MARITZ'S FRAUD
16       vs.                             COUNTERCLAIMS; MEMORANDUM OF
                                         POINTS AND AUTHORITIES IN
17  MARITZ INC., d/b/a MARITZ            SUPPORT THEREOF**
    LOYALTY MARKETING,
18                                       Date:        April 18, 2008
              Defendant.                 Time:        9:00 a.m.
19                                       Courtroom:   2 (17th Floor)
                                                      Hon. Jeffrey S. White
20  MARITZ INC., d/b/a MARITZ
    LOYALTY MARKETING,
21
              Counterclaimant,
22
         vs.
23
    VISA U.S.A. INC. and CARLSON
24  MARKETING GROUP, INC.,

25            Counterclaim Respondents.

26

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

NOTICE OF MOT. TO DISMISS MARITZ's
FRAUD COUNTERCLAIMS; MPA IN SUPPORT
THEREOF / Case No. CV-07-5585 JSW                    21823\1456283.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION**

On April 18, 2008, at 9:00 a.m., or as soon thereafter as the matter may be heard, at 450 Golden Gate Avenue, San Francisco, California, in Courtroom 2, 17th Floor, before the Honorable Jeffrey S. White, Plaintiff Visa U.S.A. Inc. ("Visa") shall and hereby does move the Court, pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(e) and 9(b), for an Order dismissing Defendant and Counterclaimant Maritz Loyalty Marketing's ("Maritz") Counterclaim Counts III (Fraud), IV (Negligent Misrepresentation), Count V (Fraud Related to Arbitration) and Count VI (Unfair Competition Under Business & Professions Code Section 17200). This Motion is based upon this Notice of Motion and Motion, the following Memorandum of Points and Authorities, all files and records in this action and such additional matters as may be judicially noticed or may come before the Court prior to or at the hearing on this matter.

Dated: February 21, 2008          FARELLA BRAUN & MARTEL LLP


By: /s/ Roderick M. Thompson
    Roderick M. Thompson

Attorneys for Plaintiff and Counterclaim
Respondent VISA U.S.A. INC.

NOTICE OF MOT. TO DISMISS MARITZ's
FRAUD COUNTERCLAIMS; MPA IN SUPPORT
THEREOF / Case No. CV-07-5585 JSW

21823\1456283.1

1

## SUMMARY OF ARGUMENT

2          In its December 20, 2007 Answer and Counterclaim ("Counterclaim"), Maritz Inc. d/b/a

3   Maritz Loyalty Marketing ("Maritz") purports to assert four fraud-based claims against Visa

4   U.S.A., Inc. ("Visa"):  Count III (Fraud), Count IV (Negligent Misrepresentation), Count V

5   (Fraud Related to Arbitration) and Count VI (Unfair Competition Under Business & Professions

6   Code Section 17200).  Each of these counts is defective and must be dismissed.

7          Counts III and IV are based on nearly-identical general and conclusory allegations that

8   "Visa fraudulently misled Maritz in connection with the Rewards Program and/or the MSA."

9   (D.E. #19, Counterclaim ¶ 81; *see also* ¶ 99.)  These vague and conclusory allegations are

10  insufficient for three separate reasons.  First, although it appears that Maritz contends that Visa

11  made a number of fraudulent statements, it only identifies two "examples."  Fraud cannot be pled

12  through "examples," however.  Second, even for the limited "examples" Maritz provides, Maritz

13  has failed to allege "'the who, what, when, where, and how' of the misconduct charged."  *Vess v.*

14  *Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted).  Third, although

15  Maritz bases part of these claims on Visa's purported "fraudulent concealment," Maritz has

16  alleged no facts that give rise to a duty to disclose, a necessary predicate of any such fraud claim.

17         Count V purports to state a claim based upon the allegation that Visa failed "to disclose

18  the nature and magnitude of its alleged claims in order to try and deceive Maritz into agreeing to

19  an arbitration."  (D.E. #19, Counterclaim ¶ 118.)  As with Counts III and IV, however, Maritz's

20  attempt to state a claim predicated on Visa's alleged failure to disclose is legally deficient because

21  Maritz has failed to allege any facts that would create a duty for Visa to disclose the purportedly

22  concealed facts.

23         Count VI, like the other fraud based counts, fails to identify with the requisite particularity

24  the purported fraud that underlies the claim.  In the alternative, the claim is too ambiguous or

25  vague to respond to and a more definite statement is required.

26

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

NOTICE OF MOT. TO DISMISS MARITZ's
FRAUD COUNTERCLAIMS; MPA IN SUPPORT          - i -
THEREOF / Case No. CV-07-5585 JSW

21823\1456283.1

1

# TABLE OF CONTENTS

2

Page

3

I.      INTRODUCTION ............................................................................................. 1

4

II.     ARGUMENT .................................................................................................... 2

5

A.    Count III (Fraud) and Count IV (Negligent Misrepresentation) Are
      Inadequately Pled. ................................................................................... 2

6

7

1.    Fraud Cannot Be Pled By "Example."  To Satisfy Rule 9(b)'s
      Requirement That Fraud Be Pled "With Particularity," the Who,
      What, When, Where and How As To Each Allegedly Fraudulent
      Statement Must Be Pled. ............................................................... 3

8

9

2.    Maritz's Allegations of Non-Disclosure Fail To State A Claim For
      Fraud Both Because Maritz Has Failed to Plead Facts That Would
      Give Rise To A Duty To Disclose And Because The Alleged
      Omissions Are Not Pled With Sufficient Particularity. .............. 4

10

11

12

3.    The Alleged Fraud With Respect To The Continuation Of The
      Program Is Insufficiently Pled .................................................... 5

13

B.    Count V (Fraud Related to Arbitration) Fails to State A Claim Because
      Maritz Alleges No Facts That Would Give Rise To A Duty To Disclose By
      Visa ......................................................................................................... 6

14

15

C.    Count VI (Unfair Competition Under Business & Professions Code Section
      17200) Should Be Dismissed Because Maritz Fails To Allege The
      Underlying "Bad Acts" With Particularity ............................................. 8

16

17

III.    CONCLUSION ................................................................................................. 8

18

19

20

21

22

23

24

25

26

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

NOTICE OF MOT. TO DISMISS MARITZ'S
FRAUD COUNTERCLAIMS; MPA IN SUPPORT        - ii -
THEREOF / Case No. CV-07-5585 JSW

1

# TABLE OF AUTHORITIES

2

**Page**

3

## FEDERAL CASES

4

*Apte v. Japra,*
    96 F.3d 1319 (9th Cir. 1996)..............................................................................7

5

*Arena v. Wal-Mart Stores, Inc.,*
    221 F.R.D. 569 (D. Kan. 2004)..........................................................................5

6

*Balistreri v. Pacifica Police Dep't,*
    901 F.2d 696 (9th Cir. 1988)..............................................................................4

7

8

*In re Daou System, Inc. Sec. Litig.,*
    411 F.3d 1006 (9th Cir. 2005)........................................................................2, 8

9

*Epstein v. Wash. Energy Co.,*
    83 F.3d 1136 (9th Cir. 1996)..............................................................................7

10

11

*Fecht v. Price Co.,*
    70 F.3d 1078 (9th Cir. 1995)...........................................................................3, 6

12

*In re GlenFed, Inc. Sec. Litig.,*
    42 F.3d 1541 (9th Cir. 1994)..............................................................................2

13

*Glen Holly Entm't, Inc. v. Tektronix,*
    343 F.3d 1000 (9th Cir. 2003)............................................................................2

14

15

*Gottstein v. Nat'l Ass'n for the Self Employed,*
    53 F. Supp. 2d 1212 (D. Kan. 1999) ..................................................................5

16

*In re Gupta Corp. Sec. Litig.,*
    900 F. Supp. 1217 (N.D. Cal. 1994) ..................................................................6

17

18

*In re Herbalife Securities Litigation,*
    1996 U.S. Dist. LEXIS 11484 (C.D. Cal. 1996)........................................1, 4, 6

19

*Kriendler v. Chem. Waste Mgmt.,*
    877 F. Supp. 1140 (N.D. Ill. 1995) ....................................................................5

20

21

*Moore v. Kayport Package Express, Inc.,*
    885 F.2d 531 (9th Cir. 1989)...........................................................................3, 6

22

*Neilson v. Union Bank of Cal., N.A.,*
    290 F. Supp. 2d 1101 (C.D. Cal. 2003) .............................................................2

23

24

*Optovue Corp. v. Carl Zeiss Meditec, Inc.,*
    2007 WL 2406885 (N.D. Cal. Aug. 20, 2007)...................................................8

25

26

*Semegen v. Weidner,*
    780 F.2d 727 (9th Cir. 1985)..............................................................................3

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

NOTICE OF MOT. TO DISMISS MARITZ'S
FRAUD COUNTERCLAIMS; MPA IN SUPPORT    - iii -
THEREOF / Case No. CV-07-5585 JSW

**TABLE OF AUTHORITIES**
(continued)

Page

*U.S.A. Nutrasource, Inc. v. CNA Ins. Co.*,
    140 F. Supp. 2d 1049 (N.D. Cal. 2001) .............................................................. 4

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003)................................................................... 1, 2, 5

*Wagner v. First Horizon Pharm. Corp.*,
    464 F.3d 1273 (11th Cir. 2006)....................................................................... 3

**STATE CASES**

*Brownlee v. Vang*,
    235 Cal. App. 2d 465 (1965)........................................................................... 6

*Moe v. Transamerica Title Ins. Co.*,
    21 Cal. App. 3d 289 (1971)............................................................................. 6

*People v. Highland Fed. Sav. & Loan*,
    14 Cal. App. 1692 (1993)............................................................................... 6

**FEDERAL RULES**

Federal Rules of Civil Procedure
    Rule 9(b) ................................................................................... 2, 3, 6, 8
    Rule 12(b)(6)................................................................................... 4
    Rule 12(e).................................................................................. 3, 8

**STATE STATUTES**

California Business & Professions Code
    § 17200.................................................................................. 2, 8

**OTHER AUTHORITY**

Restatement of Torts
    § 551.......................................................................................... 7

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.    INTRODUCTION

3

On November 2, 2007, Visa filed a Complaint against Maritz, seeking to compel

4
arbitration of its underlying breach of contract or, in the alternative, seeking judicial resolution of

5
the merits of its breach of contract claim.  (D.E. # 1.)  In response, on December 20, 2007, Maritz

6
filed an answer and six counterclaims against Visa, alleging, *inter alia*, fraud and negligent

7
misrepresentation.  (D.E. #19.)  This motion addresses Counts III, IV, V and VI.

8
Counts III (Fraud) and IV (Negligent Misrepresentation) are predicated on Maritz's claims

9
that Visa "fraudulently misled [or made negligent misrepresentations to] Maritz in connection

10
with the Rewards Program and/or the MSA."  (D.E. #19, Counterclaim ¶¶ 81 and 99.)  Maritz

11
purports to state both counts by citing two "examples" of Visa's alleged bad acts:

12
(1)    "Visa fraudulently failed to disclose to Maritz the full scope of what would be

13
involved with respect to the Rewards Plan project" (D.E. #19, Counterclaim ¶¶ 83, 101); and

14
(2)    "Visa further misled Maritz with respect to whether Visa was going to continue the

15
Rewards Program project with Maritz or whether Visa instead was going to continue using

16
Carlson." (D.E. #19, Counterclaim ¶ 90; *see also* ¶ 106).

17
As is explained in detail below, these vague, general allegations are insufficient to support

18
fraud claims.  Preliminarily, fraud cannot be pled by "example;" a party stating a claim for fraud

19
must specifically identify each allegedly fraudulent statement by pleading "'the who, what, when,

20
where, and how' of the misconduct charged."  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097,

21
1106 (9th Cir. 2003) (citation omitted).  Moreover, to state a claim for fraud by omission, plaintiff

22
must allege facts sufficient to give rise to a duty to disclose.  *See In re Herbalife Secs. Litig.*, 1996

23
U.S. Dist. LEXIS 11484 *10 (C.D. Cal. 1996) (granting defendant's motion to dismiss because

24
the plaintiff did not allege facts sufficient to prove that the defendant had a duty to disclose).

25
Here, Maritz has alleged no such facts.

26

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

NOTICE OF MOT. TO DISMISS MARITZ'S
FRAUD COUNTERCLAIMS; MPA IN SUPPORT
THEREOF / Case No. CV-07-5585 JSW          - 1 -

21823\1456283.1

1    Count V (Fraud Related to Arbitration) arises from Maritz's claim that Visa's "failure to

2    disclose the nature and magnitude of its alleged claims" induced Maritz to enter an agreement to

3    arbitrate.  (D.E. #19, Counterclaim, ¶ 118.)  Again, however, Maritz has failed to allege any facts

4    that, if true, would give rise to a duty on Visa's part to disclose such information to Maritz.

5    Finally, Count VI (Unfair Competition Under Business & Professions Code Section

6    17200) must be dismissed.  In it, Maritz alleges only that "Visa's acts and omissions alleged

7    above constitute unlawful business practices."  To the extent this claim is intended to be

8    predicated on the fraud counts, it fails for the same reasons as the fraud claims.  Moreover,

9    because the allegations are so general, it is impossible for Visa to determine what conduct Maritz

10   claims constitute the purported unlawful business practices.

11   **II.    ARGUMENT**

12       **A.    Count III (Fraud) and Count IV (Negligent Misrepresentation) Are**
13       **Inadequately Pled.**

14   Rule 9(b) requires that plaintiff "state with particularity" the "circumstances constituting

15   fraud."  Federal Rule of Civil Procedure 9(b); *In re Daou Sys., Inc. Sec. Litig.*, 411 F.3d 1006,

16   1027-28 (9th Cir. 2005) (Rule 9(b) applied to plaintiffs' fraud claims).  Rule 9(b) applies with

17   equal force to claims for negligent misrepresentation.  *Neilson v. Union Bank of Cal., N.A.*, 290 F.

18   Supp. 2d 1101, 1141 (C.D. Cal. 2003) ("It is well-established in the Ninth Circuit that both claims

19   for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements.");

20   *Glen Holly Entm't, Inc. v. Tektronix*, 343 F.3d 1000, 1005 (9th Cir. 2003) (same).

21   The Ninth Circuit has recognized that because of the damage to a defendant's reputation

22   caused by allegations of fraud in a federal complaint, regardless of the cause of action in which

23   they appear, all averments of fraud are subject to the heightened pleading standard of Rule 9(b).

24   *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d at 1104.  This stringent standard requires that

25   "[a]verments of fraud [] be accompanied by 'the who, what, when, where, and how' of the

26   misconduct charged."  *Id.* at 1106 (citation omitted).  Additionally, "to allege fraud with

27   particularity," plaintiff "must set forth what is false or misleading about a statement, and why it is

28   false."  *In re GlenFed, Inc. Secs. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (*en banc*).  When a

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

NOTICE OF MOT. TO DISMISS MARITZ'S
FRAUD COUNTERCLAIMS; MPA IN SUPPORT          - 2 -                              21823\1456283.1
THEREOF / Case No. CV-07-5585 JSW

1   fraudulent statement is alleged, plaintiff must also set forth why it was false when made. *Fecht v.*

2   *Price Co.*, 70 F.3d 1078, 1082 (9th Cir. 1995). In particular, vague, generalized, and/or

3   conclusory allegations are insufficient to satisfy Rule 9(b)'s "particularity" standard. *See Moore*

4   *v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

5   Here, both Count III and Count IV fail to plead the requisite level of particularity under

6   Rule 9(b). Because the alleged facts are nearly identical for both Counts (*compare* D.E. #19,

7   Counterclaim ¶¶ 80-97 *with* ¶¶ 99-112), the insufficiency of the facts apply to both Counts.

8       **1.   Fraud Cannot Be Pled By "Example." To Satisfy Rule 9(b)'s**
9            **Requirement That Fraud Be Pled "With Particularity," the Who,**
            **What, When, Where and How As To Each Allegedly Fraudulent**
10           **Statement Must Be Pled.**

11  Both Count III and IV contain only "examples" of Visa's alleged fraud. (*See, e.g.*, D.E.

12  #19, Counterclaim ¶¶ 82, 83, 91, 100, 101.) Maritz's admission that it alleges only "examples,"

13  however, is a clear indication that it fails to plead with particularity; a claimant simply cannot

14  meet the heightened pleading standard by providing only "examples" of the purported fraud.

15  Simply put, allegations of fraud where the fraud is described "for example" are not alleged "with

16  particularity." Moreover, because Maritz has identified only two "examples" of Visa's alleged

17  fraud, Visa cannot reasonably investigate and prepare an answer to Maritz's fraud claims.[1]

18  Indeed, that Maritz appears to be attempting to assert broad fraud claims against Visa

19  while providing only limited "examples" of the purported fraud raises the suspicion that Maritz is

20  attempting to use its counterclaim as a pretext for conducting discovery to unearth bases for

21  additional claims. Rule 9(b)'s heightened pleading requirements are intended to prevent exactly

22  that. *See Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985) (Rule 9(b) is intended to

23  "prevent[] the filing of a complaint as a pretext for the discovery of unknown wrongs").

24

25  _____
    [1]    In the alternative, Visa moves under Rule 12(e) for a more definite statement of Maritz's
26  fraud claims. Whether required by Rule 9(b) or Rule 12(e) (or both), Maritz must allege with
    particularity each purported statement and omission that it claims was wrongful to enable Visa to
27  respond adequately. *See Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1280 (11th Cir.
    2006) (recognizing "the utility of employing Rule 12(e) repleadings to clarify fraud claims in
28  order to obtain the required degree of factual particularity").

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

NOTICE OF MOT. TO DISMISS MARITZ'S
FRAUD COUNTERCLAIMS; MPA IN SUPPORT          - 3 -                                    21823\1456283.1
THEREOF / Case No. CV-07-5585 JSW

1
2
3

**2.**    **Maritz's Allegations of Non-Disclosure Fail To State A Claim For Fraud Both Because Maritz Has Failed to Plead Facts That Would Give Rise To A Duty To Disclose And Because The Alleged Omissions Are Not Pled With Sufficient Particularity.**

4    With respect to the two alleged "examples" Maritz cites, the fraud claims are still

5    defective.  Both Count III and Count IV are based, in part, on allegations that Visa fraudulently

6    "failed to disclose to Maritz the full scope of what would be involved with respect to the Rewards

7    Plan project." (D.E. #19, Counterclaim ¶¶ 83, 101.)  These allegations suffer from two flaws:

8    first, there are no facts alleged that would support a finding that Visa had any duty to disclose to

9    Maritz.  Second, Maritz fails to provide specific details of the scope of the Rewards Plan project

10    Visa allegedly concealed.

11    Under Rule 12(b)(6) a motion to dismiss should be granted either if there is a lack of a

12    cognizable legal theory or if there are insufficient facts to state a claim under a cognizable legal

13    theory.  *See Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir. 1988); *U.S.A.*

14    *Nutrasource, Inc. v. CNA Ins. Co.*, 140 F.Supp.2d 1049, 1053 (N.D. Cal. 2001).  To survive a

15    Rule 12(b)(6) challenge, plaintiff's claim of fraudulent inducement must allege some set of facts

16    which establish the elements of a fraud claim, including in a case of non disclosure, a legal duty

17    to disclose.  *See In re Herbalife*, 1996 U.S. Dist. LEXIS 11484 at *10 (granting defendant's

18    motion to dismiss because plaintiff failed to allege facts sufficient to establish defendant had duty

19    to disclose).

20    Here, Maritz's fraud claims based on Visa's alleged non-disclosures must be dismissed:

21    Maritz has not alleged any facts that would give rise to a duty to disclose by Visa.  Indeed, Maritz

22    claims that the alleged omissions damaged it in that if the concealed facts had been disclosed,

23    "Maritz would not have agreed to the terms in the MSA."  (D.E. #19, Counterclaim ¶ 86; *see also*

24    ¶ 101 ("Visa negligently failed to disclose to Maritz the full scope of what would be involved

25    with respect to the Rewards Plan project . . . [which] induced Maritz to enter into the MSA.")  Yet

26    there is no allegation at all regarding the nature of the parties' relationship before the MSA was

27    executed (*see* D.E. #19, Counterclaim ¶ 11 ("In April 2006, Visa entered the MSA with

28    Maritz")), much less anything supporting an argument that the relationship was such that Visa

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

NOTICE OF MOT. TO DISMISS MARITZ'S
FRAUD COUNTERCLAIMS; MPA IN SUPPORT    - 4 -
THEREOF / Case No. CV-07-5585 JSW

21823\1456283.1

1  owed Maritz a duty to disclose.

2         Even assuming, however, that there were some factual allegations that would give rise to

3  such a duty, Maritz's fraudulent concealment allegations are still deficient.  Noticeably absent in

4  Maritz's generalized pleading are any of the following:

5         (1)     ***Who***:  which individuals within Visa are purportedly responsible for the

6  concealment of the "full scope" of the Rewards Program;

7         (2)     ***What*** specifically regarding the Rewards Program was concealed; and

8         (3)     ***When*** the alleged concealment happened.

9  *See Vess v. Ciba-Geigy Corp. USA.*, 317 F.3d at 1106 (9th Cir. 2003) (the specific "[a]verments

10  of fraud [] be accompanied by 'the who, what, when, where, and how' of the misconduct

11  charged") (citation omitted).

12        The only "example" Maritz provides for its non-disclosure claim is that Visa purportedly

13  failed to disclose "that Maritz was going to have to comply with Visa's Key Controls security

14  requirements."  (D.E. #19, Counterclaim ¶ 83.)  But even this "example" does not provide the

15  requisite specificity; Maritz fails to plead the requisite "who" and "when" of this alleged non-

16  disclosure.  *Id.*  More specifically, because "[a]n entity speaks through its agents[,]" Maritz is

17  required to identify the particular individuals at Visa; "[a]llegations that fail to identify the agents

18  who speak for the entity do not satisfy Rule 9(b)."  *Kriendler v. Chem. Waste Mgmt.,* 877 F.

19  Supp. 1140, 1155 (N.D. Ill. 1995); *see also Arena v. Wal-Mart Stores, Inc.,* 221 F.R.D. 569, 572

20  (D. Kan. 2004) ("Plaintiffs' general references to 'Wal-Mart and CMN' are insufficient to

21  identify the speaker of these statements."); *Gottstein v. Nat'l Ass'n for the Self Employed,* 53 F.

22  Supp. 2d 1212, 1218 (D. Kan. 1999) (in context of corporate defendants, plaintiffs must identify

23  specific individuals who made alleged misrepresentations).

24              **3.      The Alleged Fraud With Respect To The Continuation Of The**
                          **Program Is Insufficiently Pled**
25

26        Maritz's second "example" relates to alleged Visa representations of whether "Visa was

27  going to continue the Rewards Program project with Maritz or whether Visa instead was going to

28  continue using Carlson."  (D.E. #19, Counterclaim ¶ 90.)  Although Maritz addresses the who and

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

NOTICE OF MOT. TO DISMISS MARITZ'S
FRAUD COUNTERCLAIMS; MPA IN SUPPORT          - 5 -                                21823\1456283.1
THEREOF / Case No. CV-07-5585 JSW

1    when elements of this allegation, it fails to allege why the representations in December 2006 were

2    false at that time.  *Fecht*, 70 F.3d at 1082; *see also In re Gupta Corp. Sec. Litig.*, 900 F. Supp.

3    1217, 1228 (N.D. Cal. 1994) (citation omitted).  Moreover, Maritz cannot meet the Rule 9(b)

4    particularity standard by conclusorily alleging "[o]n information and belief" that "Visa was not as

5    committed to Maritz as Visa led Maritz to believe."  (D.E. #19, Counterclaim ¶¶ 96, 111.)  *See*

6    *Moore*, 885 F.2d at 540.

7        **B.**    **Count V (Fraud Related to Arbitration) Fails to State A Claim Because**
          **Maritz Alleges No Facts That Would Give Rise To A Duty To Disclose By**

8              **Visa.**

9          Maritz has alleged that Visa attempted to deceive Maritz into agreeing to an arbitration of

10   Visa's claims.  (D.E. #19, Counterclaim ¶ 116.)  Maritz claims that Visa failed to disclose to

11   Maritz that Visa was planning to assert a claim of tens of millions of dollars from Maritz for

12   Maritz's alleged breaches of the MSA.  (*Id.*, ¶ 117.)  This is the full extent of Maritz's factual

13   allegations as to Claim V and in fact, there is no discussion of the events given rise to this

14   purported fraud in Maritz's Background.

15         As discussed above, to state a claim of fraud based on a nondisclosure of a purportedly

16   material fact, the charging party must first plead facts that establish that the party that withheld

17   the information had a duty at law to disclose. *People v. Highland Fed. Sav. & Loan*, 14 Cal. App.

18   1692, 1718-19 (1993); *see also In re Herbalife*, 1996 U.S. Dist. LEXIS 11484 at *10 (granting

19   defendant's motion to dismiss because plaintiff failed to allege facts sufficient to establish

20   defendant had duty to disclose). Here, no such facts have been alleged.

21         A duty to disclose arises only in a limited set of circumstances.  A duty to disclose

22   typically arises where the party charged with fraud has volunteered information on a subject but

23   withholds information that would materially qualify the information disclosed.  *Brownlee v.*

24   *Vang*, 235 Cal. App. 2d 465, 477 (1965).  A duty to disclose may also arise where the parties

25   stand in the position of fiduciaries or share a similar relationship of trust and confidence.  *Moe v.*

26   *Transamerica Title Ins. Co.*, 21 Cal. App. 3d 289, 306 (1971).  Finally, a party also has to

27   exercise reasonable care to disclose facts basic to the transaction in question, if he knows that the

28   other party is about to enter into it under a mistake as to that fact, and the other party, because of

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

NOTICE OF MOT. TO DISMISS MARITZ'S
FRAUD COUNTERCLAIMS; MPA IN SUPPORT     - 6 -
THEREOF / Case No. CV-07-5585 JSW

21823\1456283.1

the relationship between them, the customs of the trade or other objective circumstances, would reasonably expect a disclosure of those facts. *Apte v. Japra (in Re Apte)*, 96 F.3d 1319, 1324 (9th Cir. 1996).[2]

Maritz has failed to allege any facts that would support a finding of duty. Maritz makes no allegations which show that Visa made any statement as to the nature of its claims or damages at all, or even a partial, incomplete or ambiguous statement on these topics that required a further disclosure. Nor does Maritz allege any facts which would establish that the parties stood in a position of confidence or trust.[3]

Maritz also fails to allege any facts which show that 1) Visa knew that Maritz was mistaken as to the nature or amount of the size of its damages; or 2) that because of the relationship between the parties, the customs of the trade, or other objective circumstances that Maritz would have expected Visa to disclose this information. As to the first element Maritz simply asserts in conclusory fashion that "Visa's failure to disclose the nature and magnitude of its alleged claims in order to try to deceive Maritz into agreeing to an arbitration was intentional, deceitful, misleading, in bad faith, and also in breach of Visa's obligations under Section XII of the MSA." (D.E. #19, Counterclaim ¶ 118.) Conclusory contentions, however, are insufficient; Maritz must allege *facts* that support its conclusions. *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).

Maritz has alleged no facts which, if true, would give rise to a duty on Visa's behalf to disclose the information which forms that basis of Count V of Maritz's Counterclaim. Count V,

---

[2]     The Second Restatement of Torts § 551 also imposes a duty to disclose where the party charged with fraud subsequently acquires information which he knows will make a previous statement untrue. This section also imposes liability on a party if they have made a false misrepresentation but did not intend that the other party rely upon it and he subsequently learns that the other is about to act in reliance upon the misrepresentation. Like the other elements necessary to establish a duty, there is simply no actual or even hypothetical scenario that the Court may assume based on the currently pled facts that would give rise to a duty under these additional tests.

[3]     As to this point the only reference which Maritz makes is that the parties were obligated to act in good faith in resolving any disputes arising under the MSA. (D.E. #19, Counterclaim ¶ 114.) Yet, that the parties had a contractual obligation to work to resolve disputes in good faith does not create an independent duty to disclose in Visa. Importantly, Maritz alleges no facts that show how this contractual obligation could have created such a duty, allegations that are essential to its claim.

1   therefore, must be dismissed.

2   **C.    Count VI (Unfair Competition Under Business & Professions Code Section**
    **17200) Should Be Dismissed Because Maritz Fails To Allege The Underlying**
3   **"Bad Acts" With Particularity**

4        In what appears to have been a catch-all afterthought, Maritz also purports to assert a

5   claim against Visa for Unfair Competition under Section 17200 of California's Business and

6   Professions Code.  The claim, however, is so general and vague as to be unintelligible.

7        After incorporating 68 other paragraphs of its Counterclaim, Maritz alleges only "Visa's

8   acts and omissions alleged above constitute unlawful business practices in violation of Section

9   17200, et. seq., of the California Business and Professions Code."  (D.E. #19, Counterclaim

10  ¶ 130.)  It is impossible to know what Maritz claims the unfair business practices were.  To the

11  extent they are based on the alleged fraud discussed above, therefore "sounding in fraud"), this

12  count is defective for the reasons discussed above and should be dismissed for the same reasons.

13  *See In re Daou*, 411 F.3d at 1027-28 (claim was governed by Rule 9(b) where plaintiffs alleged

14  fraud and "fully incorporate[d] all allegations previously averred in the complaint for purposes of

15  all their claims").  In any event, Maritz should be required to provide a more definite statement

16  under Rule 12(e) resolving all ambiguity by specifying each of the purported unfair business

17  practices that underlie this claim.  *See Optovue Corp. v. Carl Zeiss Meditec, Inc.*, 2007 WL

18  2406885 at * 3 (N.D. Cal. Aug. 20, 2007) (granting Rule 12(e) motion for a more definite

19  statement of Section 17200 declaratory claim "where the complaint is so general that ambiguity

20  arises in determining the nature of the claim or the parties against whom it is being made")

21  (quotation omitted).

22  **III.    <u>CONCLUSION</u>**

23       Maritz has asserted serious claims of fraud and deceit against Visa.  To charge Visa with

24  fraud, however, Maritz must plead "with particularity" the facts underlying its allegations:  the

25  who, what, where, when and how of each purported fraudulent statement.  Maritz has failed to do

26  so.  Indeed, nowhere in Maritz's 141-paragraph Counterclaim are there any factual allegations

27  either describing the purported fraud "with particularity" as required by Rule 9(b) or that support

28  Maritz's implicit allegation that Visa owed Maritz a duty to disclose.

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

NOTICE OF MOT. TO DISMISS MARITZ'S
FRAUD COUNTERCLAIMS; MPA IN SUPPORT          - 8 -
THEREOF / Case No. CV-07-5585 JSW                                          21823\1456283.1

1    For the foregoing reasons, Counts III (Fraud), IV (Negligent Misrepresentation), V (Fraud

2  Related to Arbitration) and VI (Unfair Competition Under Business & Professions Code Section

3  17200) should be dismissed.

4  Dated: February 21, 2008                    FARELLA BRAUN & MARTEL LLP

5

6                                      By: /s/ Roderick M. Thompson
                                          Roderick M. Thompson
7
                                          Attorneys for Plaintiff and
8                                         Counterclaim Respondent
                                          VISA U.S.A. INC.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Farella Braun & Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

NOTICE OF MOT. TO DISMISS MARITZ'S
FRAUD COUNTERCLAIMS; MPA IN SUPPORT          - 9 -
THEREOF / Case No. CV-07-5585 JSW                                    21823\1456283.1