UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VISA U.S.A. INC.,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>MARITZ INC., d/b/a MARITZ LOYALTY MARKETING,<br><br>　　　　Defendant.<br><br>MARITZ INC., d/b/a MARITZ LOYALTY MARKETING,<br><br>　　　　Counterclaimant,<br><br>　vs.<br><br>VISA U.S.A. INC. and CARLSON MARKETING GROUP, INC.,<br><br>　　　　Counterclaim Respondents. | Case No. CV-07-5585 JSW<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF VISA U.S.A. INC.'S MOTION TO DISMISS**<br><br>Date:　April 18, 2008<br>Time:　9:00 a.m.<br>Dept:　Courtroom 2 (17th Floor)<br>Judge:　Hon. Jeffrey S. White |

Now before the Court is Plaintiff Visa U.S.A. Inc.'s ("Visa's") motion to dismiss Counts III-VI of Defendant Maritz Inc., d/b/a Maritz Loyalty Marketing's ("Maritz's") counterclaims. Having carefully reviewed the submissions of the Parties, and considered the arguments of counsel, and the relevant legal authority, and good cause appearing, Plaintiff's motion is hereby

[PROPOSED] ORDER GRANTING VISA'S
MOTION TO DISMISS / Case No. CV-07-5585 JSW

21823\1457354.1

GRANTED.

Maritz's Third and Fourth Counts for fraud and negligent misrepresentation do not contain factual allegations which reasonably apprise the Defendant or this Court of the time, place, and specific content of the alleged misrepresentations or non disclosures giving rise to these causes of action. The vague and conclusory allegations on which these claims are based do not meet the heightened pleading requirements set forth under Rule 9(b) of the Federal Rules of Civil Procedure. *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1106 (9th Cir. 2003). Counts III and IV are hereby dismissed without prejudice.

Maritz's Fifth Count is similarly deficient. It is well established under the laws of this state that a party alleging fraud based on the non disclosure of information must establish that the party charged was under a duty to disclose the information before he or she can prevail. *People v. Highland Fed. Sav. & Loan*, 14 Cal. App. 1692, 1718-19 (1993). The allegations of a duty and subsequent breach must be supported by factual allegations which allow the Court to find such a duty or at least hypothesize that such a duty may have existed. *See Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). Maritz's Fifth Count contains no facts which establish or even seek to establish that Visa was under any duty to disclose the information allegedly withheld. Since Maritz has alleged no facts giving rise to a duty to disclose, its Fifth Count fails to state a claim upon which this Court could grant relief.

Maritz's Sixth Count is also deficiently pled. This claim does not contain sufficient information to permit Visa to ascertain the nature of the claim Maritz is asserting against it. Maritz's attempt to base this claim on sixty-eight (68) incorporated paragraphs without more detail as to the exact basis for this cause of action, does not comport with the pleading requirements set forth in the Federal Rules of Civil Procedure. Maritz must provide Visa with a more definite statement as to this count before Visa will be required to respond.

Accordingly, the Court orders as follows:

1. Defendant's Counts III and IV for Fraud and Negligent Misrepresentation, respectively, are DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 9(b);

2.   Defendant's Count V for Fraud Related to Arbitration is hereby DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 12(b)(6);

3.   Defendant shall amend Count VI within ten (10) days of the date of this order to provide a more definite statement as to this claim under Federal Rule of Civil Procedure 12(e). Failure to amend this Count within the prescribed time period will result in a dismissal of this cause of action without prejudice.

IT IS SO ORDERED.

DATED: _____

Honorable Jeffrey S. White
UNITED STATES JUDGE FOR THE
NORTHERN DISTRICT OF CALIFORNIA