United States District Court<br>For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARITZ INC. d/b/a MARITZ LOYALTY MARKETING,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CARLSON MARKETING GROUP, INC.,<br><br>　　　　Defendant.<br>_____/ | No. C 07-05585 JSW<br><br>**ORDER GRANTING CARLSON'S MOTION FOR JUDGMENT ON THE PLEADINGS** |

　　　　Now before the Court is the motion of Carlson Marketing Worldwide, Inc. D/b/a Carlson Marketing Group, Inc. ("Carlson") for judgment on the pleadings. Having carefully considered the motions and the relevant legal authority, the Court hereby GRANTS Carlson's motion for judgment on the pleadings.

**BACKGROUND**

　　　　In April 2006, Maritz and Visa entered into a Master Services Agreement ("MSA") pursuant to which Maritz was obligated to develop, deploy, operate and maintain for Visa and its member banks a points-based software rewards program for use by Visa's cardholders. (Complaint of Maritz at ¶ 10.) Visa's existing rewards program had been developed and maintained by Carlson, but Visa decided to switch the existing rewards program from Carlson to Maritz and improve its capabilities. (*Id.* at ¶¶ 11-12.) The MSA set forth critical milestones and "extremely tight" deadlines for meeting certain requirements. (*Id.* at ¶ 13.) One such

requirement was that "Visa obtain from Carlson and give to Maritz timely, detailed and accurate information" describing the existing rewards program. (*Id.*) Maritz alleges that Carlson, "in an effort to sabotage Maritz's relationship with Visa and regain Visa's business for itself, ... deliberately failed to provide that which it was supposed to provide when it was supposed to provide it. Carlson also provided incomplete information, corrupt files and/or files that contained 'bugs.'" (*Id.* at ¶ 14.)

On April 20, 2007, Visa terminated the MSA. (*Id.* at ¶ 4.) In November 2007, Visa filed a complaint against Maritz seeking to compel arbitration. In December 2007, Maritz answered and counterclaimed against Visa and Carlson. Carlson filed an answer to Maritz's counterclaims on February 19, 2008. On March 18, 2008, the Court stayed the entire action and ordered Visa and Maritz to arbitration. In mid-April 2009, Visa and Maritz settled. Thereafter, Maritz filed a motion to lift the stay and, pursuant to stipulation, filed its current pleading, restyled as a complaint by Maritz against Carlson with one count for intentional interference with contract.

The Court addresses additional facts as necessary in the remainder of this Order.

**ANALYSIS**

**A.     Legal Standards Applicable to Motion for Judgment on the Pleading.**

Motions for judgment on the pleadings challenge the legal sufficiency of the claims asserted in the complaint. "For purposes of the motion, the allegations of the non-moving party must be accepted as true .... Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990). However, "[t]he court need not ... accept as true allegations that contradict matters properly subject to judicial notice...." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

While, as a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(c) motion, a "court may consider facts that are contained in materials of which the court may take judicial notice." *Heliotrope General, Inc. v. Ford Motor*

2

1 *Co.*, 189 F.3d 971, 981 (9th Cir. 1999) (internal quotations and citation omitted). A court may
2 also consider documents attached to the complaint or "documents whose contents are alleged in
3 a complaint and whose authenticity no party questions, but which are not physically attached to
4 the [plaintiff's] pleading." *In re Silicon Graphics Inc. Securities Litigation*, 183 F.3d 970, 986
5 (9th Cir. 1999) (internal quotations and citation omitted).

**B.     Maritz's Claims Are Time Barred.**

By filing an original complaint as a party plaintiff against Carlson, Maritz has essentially initiated a new claim against Carlson more than two years after the events at issue transpired. Therefore, the claim for tortious interference with contract is barred by the applicable statute of limitations. *See* Cal. Code Civ. P. § 339. Under California law, the two-year statute of limitations begins to run no later than the date of the breach or termination of the underlying contract. *See Forcier v. Microsoft Corp.*, 123 F. Supp. 2d 520, 530 (N.D. Cal. 2000) (citing *Trembath v. Digardi*, 43 Cal. App. 3d 834, 836 (1974)) (holding that statute of limitations barred tortious interference with contract claim when it was filed more than two years after defendants allegedly caused the breach of the underlying contract). Maritz alleges that Visa terminated the underlying MSA on April 20, 2007 and Maritz initiated this new claim against Carlson on June 15, 2009. Therefore, the claim is barred by the applicable statute of limitations.

In opposition to this claim, Maritz contends that the new claim against Carlson "relates back" to the original complaint between Visa and Maritz and therefore falls within the two year statute of limitations. The Court finds this argument unpersuasive. The complaint is not an amended counterclaim as it was never before asserted against Carlson and there is no antecedent, original complaint to relate back to. *See McAuley v. United States*, 525 F.2d 1108, 1110 n.1 (9th Cir. 1975) (citing ruling that an amended counterclaim is controlled by Federal Rule of Civil Procedure 13(f), not Rule 15, and does not relate back) (citing *Stoner v. Terranella*, 372 F.2d 89, 91 (6th Cir. 1967) (finding that amendments made pursuant to Rule 13(f) for counterclaims do not relate back to the original pleadings)). Maritz's new complaint stands alone as an original action, and does not relate back to the original complaint between

3

Visa and Maritz. The Court finds that the new claims against Carlson could have been filed earlier as an original action, but could not have been filed in this action as an amended counterclaim. Therefore, Maritz cannot persuasively claim that this action relates back to the original Visa action and falls within the statute of limitations.

Second, Maritz contends that regardless whether this action relates back to the original, the statute of limitations should be tolled under the discovery rule. Under California law, the statute of limitations can be tolled by the discovery rule which delays the accrual of the date of a cause of action until the plaintiff is aware the injury. *Hopkins v. Dow Corning Corp.,* 33 F.3d 1116, 1120 (9th Cir. 1994) (citing *Jolly v. Eli Lilly & Co.,* 44 Cal. 3d 1103, 1109 (1988)). Under the discovery rule, the statute of limitations begins to run when the plaintiff suspects or should suspect that its injury was caused by wrongdoing. *Jolly,* 44 Cal. 3d at 1110. "A plaintiff need not be aware of the specific 'facts' necessary to establish the claim; that is a process contemplated by pretrial discovery. Once the plaintiff has a *suspicion* of wrongdoing, and therefore an incentive to sue, she must decide whether to file suit or sit on her rights." *Id.* at 1111 (emphasis added). Here, Maritz was aware of Carlson's alleged delays and missed deadlines at the time performance was allegedly required in 2007. Maritz contends that at the time of the termination of its contract with Visa, it "knew that Carlson had failed timely to provide information and strongly suspected that Carlson may have played a role in the termination of the MSA." (Opp. Br. at 1.) Maritz's claims that the discovery in the underlying arbitration with Visa confirmed those suspicions does not work to toll the statute of limitations. Maritz admits that it knew of the alleged conduct underlying its claim for tortious interference against Carlson more than two years prior to filing this action. Therefore, the Court is not persuaded that it should toll the statute of limitations period under the discovery rule.

Third, Maritz contends that its claim is not barred by the statute of limitations because this Court stayed the underlying action. However, given that Maritz could not have asserted this new claim as an amended counterclaim in the Visa action and only as a separate cause of action against Carlson, the Court finds that its stay of the underlying action pending arbitration did not toll the statute of limitations for any direct action by Maritz.

4

1   Accordingly, the Court finds that Maritz's claim against Carlson for tortious interference
2   with contract is barred by the applicable two year statute of limitations.

### C.  Maritz Cannot State a Claim for Tortious Interference.

Regardless whether the new action for tortious interference with contract against Carlson is barred by the statute of limitations, the Court finds that Maritz cannot make out the claim on the merits. A "stranger to a contract may be liable for intentionally interfering with the performance of the contract." *Pacific Gas & Electric Co. v. Bears Stearns & Co.*, 50 Cal. 3d 1118, 1126 (1990). "The elements necessary to state a cause of action for intentional interference with contractual relations are '(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage.'" *Mintz v. Blue Cross of California*, 172 Cal. App. 4th 1594, 1603 (2009) (citing *Bears Stearns*, 50 Cal. 3d at 1126).

Only a stranger to the contract may be liable for interfering with it. *See Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 513 (1994) (holding that a contracting party cannot be held liable in tort for conspiracy to interfere with its own contract; "[t]he tort duty not to interfere with the contract falls only on strangers-interlopers who have no legitimate interest in the scope or course of the contract's performance"). As a matter of law, Carlson was an interested party whose performance was, according to Maritz's own allegations, required under the MSA. Because the contractual obligations at issue here provided for Carlson's performance, it cannot be found to be a stranger to the contract. *See PM Group, Inc. v. Stewart*, 154 Cal. App. 4th 55, 57-58 (2007) (holding that because the subcontracts at issue required the performance by the singer Rod Stewart, who was not a party to the contract sued upon, neither Stewart nor his agents could be found liable for the tort of interference with contract).

Secondly, regardless of Carlson's position as an interested party under obligation to perform under the MSA, Maritz may not maintain a cause of action for intentional interference with a terminable at-will contract. There is no dispute that the MSA was terminable at Visa's

5

sole discretion. (*See* MSA § XII.A.2(b).) California law provides that "if a party to a contract is free to terminate the contractual relation when he chooses, 'there is still a subsisting contract relation; but any interference with it that induces termination is primarily an interference with the future relation between the parties, and the plaintiff has no legal assurance of them.'" *Reeves v. Hanlon*, 33 Cal. 4th 1140, 1151 (2004) (citing Restatement (Second) of Torts). Contrary to Maritz's contention, several courts including this district have held that one cannot maintain a claim for intentional interference with an at-will contract, even in the non-employment context. *See Lovesy v. Armed Forces Benefit Ass'n*, 2008 WL 696991, *11 (N.D. Cal. Mar. 13, 2008) ("[A]s a matter of law, a claim for interference with contract is improper if the contract is 'at-will'"); *see also Transcription Communications Corp. v. John Muir Health*, 2009 WL 666943, *8 (N.D. Cal. Mar. 13, 2009) (same).

Accordingly, the Court finds that regardless whether the complaint against Carlson is time-barred, Maritz also fails to state a claim upon which relief may be granted based both on Carlson's status as a non-stranger to the contractual obligations under the MSA and because a claim for intentional interference with contract is improper under California law for an at-will contract.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Carlson's motion for judgment on the pleadings without leave to amend. A separate judgment shall issue and the Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October 30, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

6